Case 1:02-cv-00040   Document 1   Filed in TXSD on 03/17/2000   Page 1 of 38



THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 17 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC. | § | |
| Plaintiff, | § | |
| | § | **H   00   0943** |
| vs. | § | **B-02-040** |
| | § | |
| COHYCO , INC., "F" STREET | § | CIVIL ACTION NO. _____ |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | ***JURY DEMANDED*** |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Quality Chekd Dairies Inc. ("Quality Chekd") complains of Cohyco, Inc. ("Cohyco"), "F"
Street Investments, Inc.,  d/b/a Southwest Ice Cream Specialties (f/k/a Hygeia Dairy Company)
("Hygeia"), and H. Lee Richards ("Richards"). For its causes of action Quality Chekd alleges:

### Parties

1.      Quality Chekd is a for profit cooperative corporation organized and existing under
the laws of Wisconsin and maintains its principal place of business at 1733 Park Street, Naperville,
Illinois 60563.

2.      Cohyco is a corporation which is organized under the laws of the state of Texas.  It
maintains its principal offices in Harlingen, Texas, and through its subsidiary Hygeia, did business
in the dairy industry throughout the state and had business establishments or property in Houston,
San Antonio, Harlingen, Brownsville, Corpus Christi, McAllen, Laredo, McKinney, and other parts
of Texas.  Cohyco may be served with summons through its registered agent for service of process,
H. Lee Richards, 700 S. "F" Street, Harlingen, Texas 78550.

3.     Hygeia is a corporation which is organized under the laws of the state of Texas. It maintains its principal offices in Harlingen, Texas, did business throughout the state in the dairy industry and has business establishments or property in Harlingen, Corpus Christi, Houston, McKinney, and other parts of Texas. Hygeia may be served with summons through its registered agent for service of process, H. Lee Richards, 700 S. "F" Street, Harlingen, Texas 78550.

4.     Richards is a citizen and resident of the state of Texas who resides in Harlingen, Texas and maintains an office at 700 S. "F" Street, Harlingen, Texas 78550, where he may be served with summons.

## Jurisdiction and Venue

5.     This Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332 on the basis of diversity of citizenship because Quality Chekd is a corporation formed under the laws of Wisconsin and maintains its principal place of business at 1733 Park Street, Naperville, Illinois 60563, and is thus a corporate citizen of Illinois. Cohyco, Hygeia, and Richards are citizens of the state of Texas within the meaning of §1332 and this controversy involves an amount in excess of $75,000 exclusive of interest and costs. Venue is proper in this district and in this division of the Court because Hygeia, of which Richards is Chairman of the Board, does business throughout Texas and has places of business or property in the Southern District of Texas, including in Houston, Texas.

## Nature of the Case

6.     This is a civil action to recover approximately $1.6 million dollars, plus interest and attorneys' fees, owed to Quality Chekd by Cohyco and Hygeia for certain supplies and materials which Hygeia purchased pursuant to Hygeia's membership in the Quality Chekd cooperative

2

organization and its participation in Quality Chekd's purchasing program.

7.     Richards is sued personally because of his wrongful conduct as a director of Quality Chekd in connection with the transactions between Hygeia on one hand, and Quality Chekd on the other. While a director of Quality Chekd, Richards breached his fiduciary duty as a director by failing to reveal and concealing material facts about Cohyco and Hygeia, and acting against the best interests of Quality Chekd, committing acts of fraud, constructive fraud, and misrepresentation. This conduct, more fully described below, consisted of, at least, failing to disclose the financial condition of Hygeia and Cohyco while at the same time accelerating Hygeia's purchases through Quality Chekd, and not paying for the purchases as agreed while negotiating the sale of Hygeia to Southern Foods Group ("Southern"). As Richards well knew, the sale of Hygeia's assets would take Cohyco and Hygeia out of the dairy business, eliminate their ability to generate revenue, and not leave sufficient assets to pay their debt. Hygeia's condition and the plans described above were not disclosed to Quality Chekd when Hygeia was creating additional accounts receivable balances with Quality Chekd, and increasing its own asset base. Since December 1, 1999, Southern operates an entity doing business as the new "Hygeia Dairy"; the entity known as Hygeia Dairy that dealt with Quality Chekd is now named "'F' Street Investments," and Lee Richards is now employed by Southern.

8.     Lee Richards, Cohyco, and Hygeia have essentially done this: they have bought materials through Quality Chekd over nine months in anticipation of an asset sale without paying Quality Chekd; they then sold some or all of those materials to Southern as part of an asset sale without paying Quality Chekd; and then they refused to pay Quality Chekd the full amount of the debt.

3

## Facts

9.     Quality Chekd is a corporate, cooperative organization which serves a large segment of the United States' dairy industry and is owned by its respective members during their membership.  At all relevant times, numerous major  dairy companies, in all parts of the United States, including Hygeia, belonged to and supported the Quality Chekd cooperative organization. The members elect Quality Chekd's board of directors, pay certain fees and assessments to Quality Chekd, perform certain other duties, and receive the benefits of membership, including shares of any profits generated.

10.     One of the several services which Quality Chekd furnishes its members is a voluntary purchasing program which arranges for the participating members to purchase materials, equipment, services and supplies needed in their dairy businesses through a high volume purchasing program. The participating members achieve  cost savings part of which is rebated to them in addition to a percentage of any annual profits. The program operates by the members ordering what they need through participating vendors.  The vendors ship directly to the members, but bill Quality Chekd. Quality Chekd pays the vendors and then invoices the respective members for the amount of their orders.  The purchasing program agreement requires the participating members to pay Quality Chekd within twenty-one days from the date of Quality Chekd's invoices.  If this is not done, under the purchasing program agreement the unpaid balances are considered "over terms," and by agreement delinquent members are assessed interest on  the amounts not paid within the twenty-one day period. Continued delinquency can lead to suspension or termination of purchasing privileges. The charge continues until the respective "over term" amounts are paid.  This interest is not included in the current invoices, but is accumulated through the year and is deducted from the profits and purchase

4

savings "dividends" distributed to Coop members after the end of each fiscal year.

11.     Quality Chekd is governed by a board of directors which elects a president of the board and employs a paid Managing Director, who in turn manages the day-to-day operations. The Managing Director, the President, and the directors deal with members' account problems and related issues. From time to time, some members of Quality Chekd have had difficulty meeting their financial obligations to Quality Chekd and were given opportunities to extend payments or other relief to enable them to bring the accounts current. To date, it has been many years since any members' account balances have not been ultimately collected.

12.     From January 28, 1981 until December 1, 1992, Richards was a director of Quality Chekd. This included serving as President of the Board from December 1, 1987 until December 1, 1992. After coming off the board for a period as required by Quality Chekd's bylaws, he was re-elected to the board on December 6, 1994, and served until his term expired on December 5, 1999. During all of his board membership with Quality Chekd from 1994 through December 5, 1999, on information and belief, Richards was the Chairman and President of Hygeia, and Chairman of Cohyco.

13.     While serving as a director and officer of the Plaintiff, Richards participated in approving payout programs for delinquent members and was personally familiar with any leniency shown by the Coop to its members. Indeed, Hygeia needed and received this type of assistance during the early- to mid-1990s. In the course of Richards' participation in the management of Quality Chekd's operations, he developed close personal and business relationships with the other directors, executives, and staff.

14.     Since becoming a member of the Quality Chekd, Hygeia participated in the

5

purchasing program and over the years carried an account balance with Quality Chekd. During 1998. The billings were divided between Hygeia Dairy Company, and Hygeia/Southwest Ice Cream Specialities, although the latter name is actually a "d/b/a" for Hygeia Dairy Company. Therefore, although the addressees of the respective invoices were different, all of the bills were to Hygeia. Hygeia's balance averaged approximately $700,000 per month, ranging from approximately $485,000 to $1,100,000. In 1999, Hygeia's account balance averaged about $700,000 per month for the first four months, but rose from approximately $800,000 on March 31 to $1,140,000 on April 30. Its balance "over terms" rose from approximately $300,000 to $413,000 at the same time. This trend continued until early December 1999, and generally reflected increasing purchases through the program, larger accounts payable to Quality Chekd and a continual increase in the total amount of Hygeia's combined accounts which were "over terms." The three largest increases were from March 31 to April 30 ($341,000); May 31 to June 30 ($497,000) and August 31 to September 30 ($556,000). As of December 31, 1999, Hygeia's account with Quality Chekd was a total of approximately $1,801,000 of which approximately $1,625,000 was "over terms." In other words, for the nine months preceding December 1, 1999, Hygeia increased its average balance of debt to Quality Chekd by approximately $1,000,000, all the while knowing that it would sell its assets and attempt to avoid paying its debt to Quality Chekd.

15.    Quality Chekd has been informed and believes, and therefore alleges that Hygeia and its parent Cohyco have had financial difficulties for some time. It now understands that during the Spring of 1999, the Defendants lost the ability to secure bank or other commercial financing for some or all of their operating capital needs, were seeking new banking relationships, were and had been operating at a loss and apparently had other financial problems. This has now been confirmed

6

by financial information by Hygeia in late February, 2000. Copies of parts of its audited financial statements for 1996, 1997 and 1998 were finally furnished in connection with Hygeia attempting to settle with its unsecured creditors for between ten and fifteen cents on the dollar. This financial information reflected mounting losses, an increasing negative net worth and, in the 1998 statements, a liquidity warning from the auditors Deloitte & Touche, L.L.P. Although these problems were well-known to Richards and the other defendants, Richards deliberately concealed this financial information until it was too late, and never disclosed the nature and extent of these problems to Quality Chekd. As its losses mounted, Hygeia continued to increase its purchases and run up its account with Plaintiff. Had the true condition and plans of Hygeia and Cohyco been known to Quality Chekd, these extensions of credit would never have been allowed and earlier action would have been taken. Richards was only able to operate in this manner by using the relationship of trust and confidence that he had built up as an officer and director of Quality Chekd and deliberately violating his fiduciary duties in Quality Chekd.

16.     On December 1, 1999, Southern purchased all of Hygeia's assets and Hygeia and Cohyco closed the dairy business it was in when Hygeia increased its account receivable balance at Quality Chekd. After Southern purchased Hygeia's assets, an employee of Southern advised Quality Chekd that during the late Spring or early Summer of 1999, Richards had requested Southern to make an offer for Hygeia's assets. This fact was, of course, known to Richards but, again in violation of his fiduciary duties, he never disclosed this information to Plaintiff or any of its officers until late October of 1999, by which time Hygeia's account was almost $1,945,000.

17.     In early Summer of 1999, the senior management of Quality Chekd began attempts to get Hygeia to reduce the total amount of its account, the increasingly larger proportion of the

7

obligation which was "over terms." Numerous attempts were made to resolve this problem with Richards, who at all times acted and spoke for Hygeia. This resulted in an extended business conference between Richards and Quality Chekd's management on or about June 23, 1999, and an agreement that Hygeia was to make certain scheduled payments in order to bring the total amount owed to specified levels within a given time period, an agreement that the total credit would not exceed $496,296.97, and that the amount of the account "over terms" would be $200,000 or less, on or before July 14, 1999. The agreement is summarized in the copy of Quality Chekd's letter of June 23, 1999, which is attached as Exhibit "A." The parties all understood that failure to meet the payment and reduction obligations summarized in the June 23, 1999 letter would result in Hygeia's suspension or termination from the purchasing program and possible expulsion from membership in Quality Chekd. During these negotiations, Richards kept the true financial condition of Hygeia secret, in violation of his fiduciary duties.

18.     Hygeia's payments on its account did not conform to the agreed schedule and both the total amount of the balance and the amount "over terms" continued to grow. In fact the debt reached a maximum of approximately $2,228,000 by the end of September 1999, with approximately $1,426,000 "over terms." Small reductions, achieved by making payments greater than the amounts purchased, resulted in an account balance of approximately $1,801,000 at the end of December 1999. These payments were made to lull Quality Chekd and to keep its management at bay until its asset sale could be completed. A summary of the account balances and amounts "over terms," is attached as Exhibit "B."

19.     Despite its failure to comply with the June 23, 1999 agreement, Hygeia continued to increase purchases through the program. This resulted in a buildup in Hygeia's inventories of

supplies, products and material needed to continue its business. This use of credit from Quality Chekd also enabled Hygeia to pay its milk suppliers (who traditionally were dealt with on essentially a cash basis throughout the industry) and avoid a virtual shut-down of its operations . The result of this mode of operation of Hygeia was to increase its assets during the time that it was negotiating a sale of its assets to Southern.

20.     At all material times during the course of events leading to this civil action, Richards served as a director of Quality Chekd. He also had been an active participant in the management of the Plaintiff and was trusted and respected by the other directors and the management. Richards' long tenure and participation in Quality Chekd's affairs and his position as Director at all relevant times created a legal fiduciary responsibility on Richards to act in the best interests of Quality Chekd, to avoid conduct harmful to Quality Chekd, and to disclose all material information to Quality Chekd bearing on its decisions concerning the extension of credit to Hygeia.

21.     From July 1, 1999 through early November 1999, Richards and Quality Chekd's management continued to discuss the reduction and status of Hygeia's account. On or about October 28, 1999, Doug Purl, a Hygeia employee, told Quality Chekd that a sale of Hygeia's business was pending, would be completed in "the next few days" and that if Quality Chekd cut off credit, that act could result in the sale not being completed. This information was conveyed in response to Quality Chekd's advice, in the face of continued failures by Hygeia to live up to its agreements, that its participation in the purchasing program would be suspended unless the account was brought current. Purl implied that patience would be rewarded upon completion of the sale by payment of the account. Neither Purl nor Richards in any way indicated that less than the full

9

amount due would be paid. Purl did not reveal the terms, structure or status of the sale. Richards

insisted that Hygeia was under confidentiality restrictions. He led Quality Chekd's management to

believe that the account would be paid when accounts receivable were collected. Based on these

representations, Hygeia was allowed to continue in the program and no collection activities were

undertaken. In late November 1999, Richards, for the first time, indicated that he did not know if

there would be enough money to pay the account in full. Richards stated shortly before December

1, 1999, that no payments would be made to creditors until all of Hygeia's receivables were

collected. On January 25, 2000, Hygeia management advised Quality Chekd for the first time that

perhaps less than fifty percent of its balance would be paid. Not once during the preceding nine

months of Hygeia's build-up of its account at Quality Chekd, or during any discussion regarding

payment of the account, did Hygeia or Richards dispute the balance until January 25, 2000 when

Hygeia personnel first questioned the balance due. Prior to the sale of its assets, Hygeia never raised

any question about the amount of its account or indicated its debt would not be paid in full.

22.     On or about December 1, 1999, Hygeia sold its principal assets to Southern, which

notified Quality Chekd of this event by its letter of December 20, 1999, after having announced the

purchase of Hygeia in an earlier press release. Although the complete terms of the sale are not

known at this time, the December 20, 1999 letter advised that the transaction was a sale of assets and

that there was no assumption by Southern of any Hygeia liability incurred before December 1, 1999.

County public records, UCC filings with the Secretary of State and statements by Richards and

others indicate that a substantial part of Hygeia's assets were encumbered by liens given to secure

obligations due other creditors, that some of the real estate and possibly other assets were retained,

10

and some of the liens were released around December 3, 1999.

23.     Quality Chekd has not received any payment on Hygeia's account since December 13, 1999.  Quality Chekd declared the entire debt due and has continued to demand payment in full of all amounts due to it by its letter of December 7, 1999, a copy of which is attached as Exhibit "C."  Quality Chekd since then has continued to demand payment  and defendants have failed and refused to pay.

24.     The invoices from Quality Chekd to Hygeia that were due and unpaid as of January 31, 2000 are described in the attached Exhibit "D."  Since that date, after allowing and charging offsets, payments and charges, there is now due and payable by Hygeia to Quality Chekd the total amount of such invoices, plus interest, through March 14, 2000 of $1,602,045.45, plus future interest as allowed by law on current balances and interest at the rate of at least twelve percent per annum on all amounts that are due as detailed by the voluntary purchases program agreement, and other charges due under Hygeia's agreements with Quality Chekd. All of these amounts are just, due and unpaid, and arise from transactions of which systematic and accurate records have been kept. The account is verified and sworn to by Mel W. Rapp, Managing Director of Quality Chekd.

25.     Because of Hygeia's refusal and failure to pay the account described above, it has become necessary for Quality Chekd to retain attorneys to collect such amount and to pay them a reasonable and necessary fee.

26.     The allegations in this paragraph are made on information and belief.  At all relevant times, Cohyco owned and controlled Hygeia.  It used this control to aid, abet, encourage and cause Hygeia and its officers, directors, agents, and employees to commit the wrongful acts alleged herein.

11

Further, at all relevant times, Richards was Chairman of the Board of Cohyco, and Cohyco had full knowledge of Richards' conduct alleged herein. As owner of Hygeia, Cohyco, knowingly and intentionally benefitted from all of the wrongful conduct alleged herein. Further, the management of Cohyco and Hygeia were substantially the same, and Cohyco through its management controlled Hygeia and structured its relationships with Hygeia to benefit Cohyco at the expense of creditors of Hygeia.

### First Cause of Action
### <u>Suit on a Sworn Account</u>

27.    The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this Cause of Action for all purposes.

28.    Pursuant to the substantive provisions of TEX. R. CIV. P. 185, under the laws of the state of Texas, this is an action by Quality Chekd against Hygeia and Cohyco on an open account, for the payment for goods, wares, and merchandise, or in the alternative for a liquidated amount of money due under a written contract or other business dealings between Quality Chekd, Hygeia, and Cohyco, as to which a systematic record has been kept. Such account is shown in Exhibit D which reflects all unpaid invoices. The account has been sworn to as being within the knowledge of the Plaintiff as just, true, and due, and Plaintiff has sworn that all lawful offsets, payments, and credits have been allowed against it.

29.    Accordingly, Quality Chekd is entitled to judgment in the amount of $1,602,045.45 plus interest against Hygeia and Cohyco for its costs of court and under the provisions of TEX. CIV. PRAC. & REM. CODE § 37.001, its attorneys' fees, and costs of litigation for which it sues.

## Second Cause of Action
## Breach of Contract

30.     The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this Cause of Action for all purposes.

31.     Under the agreement with respect to Hygeia's participation in the Quality Chekd purchasing program, and the failure of Hygeia to pay its accounts under the terms of the contract, Hygeia has breached such contract and has proximately caused damage to Quality Chekd in the amount of $1,602,045.45 in direct and consequential damages.

32.     Accordingly, Quality Chekd is entitled to judgment in the amount of $1,602,045.45 against Hygeia and Cohyco, for interest allowed by law, its costs of court and under the provisions of TEX. CIV. PRAC. & REM. CODE § 37.001, its attorneys fees, and costs of litigation for which it sues.

## Third Cause of Action
## Breach of Fiduciary Duty By Richards

33.     The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this Cause of Action for all purposes.

34.     The service by Richards as a director of Quality Chekd until December 5, 1999, imposed a fiduciary duty on him with respect to Quality Chekd. During 1999, before his term expired, when Hygeia and Cohyco were in financial difficulty, running up their accounts with Quality Chekd and applying for special financial considerations, Richards had a duty of full disclosure and an obligation to act only in the best interests Quality Chekd. Instead of disclosing Hygeia's precarious financial condition and using his position to assure payment of Hygeia's

obligations to Quality Chekd, he deliberately concealed relevant financial information and that he was engaged in negotiations to consummate the sale of Hygeia's assets; he concealed the details of such sale; and he knowingly and intentionally caused and permitted Hygeia to run up its accounts with Quality Chekd. He increased Hygeia's purchases through Quality Chekd's purchasing program, used his relationships and position of trust with Quality Chekd management for the benefit of Hygeia, and otherwise engaged in intentionally wrongful, reckless, grossly negligent, and negligent conduct with respect to his principal, Quality Chekd. Further, on information and belief, Richards served his own interests because he is or was a personal guarantor of other obligations of Hygeia and Cohyco, is a principal stockholder in Hygeia's parent Cohyco, and thus was personally motivated to so act. In all of his wrongful conduct Richards employed, whenever possible, the relationships of trust and confidence that he had developed over the years with the management and personnel of Quality Chekd.

35.     Richards' breach of his director's fiduciary duty to Quality Chekd as alleged in the preceding paragraphs had a direct and causal relationship to the increasing purchases of Hygeia and the continued extension of credit to Hygeia by Quality Chekd, and has proximately caused damage to Quality Chekd in an amount of at least $1,602,045.45 for which Plaintiff sues. Further, Richards engaged in such breach of his fiduciary knowingly, wilfully or in the alternative in reckless disregard or with gross negligence as to Quality Chekd. Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting. Accordingly, Quality Chekd also sues for punitive or exemplary damages.

36.     Cohyco, Hygeia, and Richards are all liable for the damages claimed under this cause

14

of action because Richards' wrongful conduct was committed in the course and scope of his employment with Hygeia and Cohyco, was done on Cohyco and Hygeia's behalf, and Cohyco has aided, abetted, encouraged and counseled the wrongful conduct alleged. Cohyco and Hygeia have accepted and have retained benefits from such wrongful conduct.

### Fourth Cause of Action
### Fraud or in the Alternative Constructive Fraud

37.     The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this Cause of Action for all purposes.

38.     Richards' conduct including but not limited to, withholding information about Hygeia's financial condition, the existence and terms of the sale of Hygeia's assets, the fact that there would not be sufficient funds to pay Hygeia's obligations to Quality Chekd and other material information while at the same time running up Hygeia's accounts with Quality Chekd to improve the asset base of Hygeia and Cohyco; obtaining financing through Quality Chekd for Hygeia's operations; and making repeated false representations with respect to the payment of the account constituted fraud. Because of the close and inside relationship that Richards had with Quality Chekd and its management, this fraudulent conduct was reasonably relied on the Quality Chekd and proximately caused damage to Quality Chekd in the amount of at least $1,602,045.45 for which Quality Chekd sues. Further, Richards engaged in such fraudulent conduct knowingly, wilfully or in the alternative in reckless disregard or with gross negligence as to Quality Chekd. Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting. Accordingly, Quality Chekd also sues for punitive or exemplary

damages

39.     In the alternative, Richards' conduct is a constructive fraud because the relationships between Richards and the management of Quality Chekd was one of trust and confidence, including without limitation, one of a fiduciary nature which under all the circumstances of this case, gave rise to a duty of disclosure and a duty to refrain from the wrongful conduct alleged above.  Such constructive fraud has proximately caused damage to Quality Chekd in an amount of at least $1,602,045.45 for which Plaintiff sues.  Further, Richards engaged in such breach of his fiduciary duty knowingly, wilfully or in the alternative in reckless disregard or with gross negligence as to Quality Chekd.  Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting.  Accordingly, Quality Chekd also sues for punitive or exemplary damages.

40.     Cohyco, Hygeia, and Richards are all liable for the damages and punitive damages claimed under this cause of action because Richards' wrongful conduct was engaged in the course and scope of his employment with Hygeia and Cohyco, was done on Cohyco and Hygeia's behalf, Cohyco and Hygeia accepted and have retained benefits from such wrongful conduct and Cohyco has aided, abetted, encouraged and counseled the wrongful conduct alleged.

### Fifth Cause of Action
### Application for an Accounting and
### Imposition of a Constructive Trust or an Equitable Lien

41.     The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this Cause of Action for all purposes.

42.     The conduct of Richards in increasing the assets of Hygeia through his breach of

16

fiduciary duty, fraud or constructive fraud has, in the good faith belief of Plaintiff, caused Hygeia and Cohyco to acquire certain assets which they either currently possesses or have sold for a valuable consideration and which in turn, they either have in their possession, or have distributed to its shareholders or paid to other creditors. Because of Richards' failure to disclose information which his position as a director of Quality Chekd obligated him to divulge, Plaintiff cannot allege the amount and nature of such assets or proceeds. Under the laws of the state of Texas and the practices of equity, Quality Chekd is entitled to have a complete accounting for all assets and or their proceeds which Hygeia acquired through Richards' breach of fiduciary duty, fraud or constructive fraud. Such assets include, without limitation, all of the material, supplies, equipment or other things acquired through the Quality Chekd purchasing program and to the extent that such assets have been sold, the proceeds or such assets as have been substituted for them, for which relief Quality Chekd sues.

43.   Under the laws of the state of Texas, Quality Chekd is entitled to have a constructive trust imposed on such assets as Richards, Hygeia or Cohyco acquired through Richards' breach of fiduciary duty, fraud or constructive fraud or the proceeds or assets substituted for such wrongfully acquired assets. In the alternative, Quality Chekd is entitled to the imposition of an equitable lien on all such assets, for which relief Quality Chekd sues.

WHEREFORE, Quality Chekd prays that summons be issued according to the law and that on final hearing hereof, Quality Chekd be awarded actual and punitive damages against Richards, Hygeia, and Cohyco as shown by the evidence; that Richards, Hygeia, and Cohyco be ordered to make an accounting of these wrongfully acquired assets; and that a constructive trust or equitable

17

lien be imposed on all such assets, attorneys' fees, and such other general or special relief in law or

equity to which Quality Chekd may be entitled. Quality Chekd demands a trial by jury.

Respectfully submitted,

Lee Hamel
SBN: 08818000
Fed. ID: 2872
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 659-2000
Fax:    (713) 659-3809
ATTORNEY FOR COMPLAINANT
QUALITY CHEKD DAIRIES, INC.

OF COUNSEL:
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 650-1004
Fax:    (713) 659-3809

STATE OF ILLINOIS          §
                             §

COUNTY OF COOK       §

## AFFIDAVIT OF MEL W. RAPP

BEFORE ME, the undersigned authority personally appeared Mel W. Rapp, who, first being duly sworn, did depose and swear on oath:

I am employed by Quality Chekd Dairies, Inc. as its Managing Director and am authorized to make this affidavit. I have read the foregoing Complaint and the facts set out therein are within my personal knowledge and they are true and correct to the best of my knowledge and belief; and, with respect to the account of Hygeia Dairy Company, such facts are true and correct:

1.     I have the care, custody and control of the records of the account of Hygeia Dairy Company.

2.     These records show the total principal balance payable by Hygeia Dairy Company to Quality Chekd Dairies, Inc. which, with interest, is $1,602,045.45 as of March 14, 2000.

3.     Hygeia Dairy Company's account, marked Exhibit "D" and attached to the Complaint, is within my personal knowledge just and true. The true amount of the account is due Quality Chekd Dairies, Inc. from Hygeia Dairy Company and all just and lawful offsets, payments and credits have been allowed.

4.     Demand for payment of the just amount owing by Hygeia Dairy Company to Quality Chekd Dairies, Inc. has been made more than thirty days prior hereto and payment for the just amount owing has not been tendered.

Further, Affiant sayeth naught.

_____
MEL W. RAPP

SIGNED AND SWORN TO before me on _March 14_____, 2000.

Raymond Bikulcius
Notary Public, State of Illinois
No. 364920
Commission Expires Sept. 10, 2001
_____
Notary Public for the State of Illinois

**SENT VIA FAX**

June 23, 1999

Mr. Lee Richards
Hygeia Dairy Company
720 South "F" Street
P. O. Box 751
Harlingen, TX 78550

Dear Lee:

First, let me thank you for your cooperation in helping provide an arrangement whereby we can work together in reducing Hygeia's overdue balances to Quality Chekd.

Today, you and I discussed the following and agreed to such subject to approvals of Quality Chekd's president and treasurer, who have done so.

The balances due shown on our books as of June 23, 1999, were as follows:

| The amount due over Quality Chekd's 21-day terms: | | Total Owed: |
|---|---|---|
| Harlingen | $ 16,722.61 | $107,892.57 |
| Corpus Christi | 374,409.48 | 419,729.96 |
| Southwest Ice Cream Specialties | 280,763.98 | 968,674.44 |
| Total | $671,896.07 | $1,496,296.97 |

With the last payment posted (received) on June 14, the overall balances are as show above.

Lee, you and I have agreed on the following as a basis to avoid suspension of Hygeia's access to the Quality Chekd purchasing program:

1.  By July 14 you expect to have the amount over 21-days to not more than $200,000.
2.  The amount over 21-days will rise to not more than $460,000 as of July 21-23.
3.  From July 23 it is your intention to work the over 21-day balance down to under $200,000 by mid-August.

# EXHIBIT "A"

4.  The Oak Brook Ba...k can receive, and you are planning to se..., all checks by U. S. Mail second-day delivery to avoid delays in the mail system.

5.  It is your expectation of having new banking relations established within 90 days, at which time the Quality Chekd balance will be current.

These conditions were approved by Quality Chekd's president and treasurer with the caveat that the total due from the three locations mentioned above would not exceed the total now due of $1,496,296.97.

It is our desire and intention to work through this matter with you, but should Hygeia or Southwest Ice Cream Specialties be unable to comply with the above, it will be necessary to promptly reinstate the steps outlined in our letter of June 15, 1999.

Yours truly,

Mel Rapp

/nmd

## HYGEIA DAIRY COMPANY
### Harlingen, Texas

| Date | Purchasing | | | | | Regular | | | | | Dues & Fees | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Current | Over 21 | Over 60 | Over 90 | Sub-total | Current | Over 21 | Over 60 | Over 90 | Sub-total | Current | Over 21 | Over 60 | Over 90 | Sub-total | |
| 1/31/97 | 193,433.42 | 25,534.46 | | | 218,967.88 | 595.63 | 1,200.00 | | | 1,835.63 | 9,111.00 | | | | 9,111.00 | 229,964.51 |
| 2/28/97 | 302,859.03 | 52,850.83 | | | 355,509.86 | 1,200.00 | | | | 1,200.00 | | | | | 0.00 | 366,709.86 |
| 3/31/97 | 336,215.46 | 466.35 | 906.63 | | 337,608.44 | 2,700.00 | | | | 2,700.00 | | | | | 0.00 | 340,308.44 |
| 4/30/97 | 406,189.61 | 21,724.63 | | | 427,914.14 | 593.97 | 1,380.00 | | | 1,973.97 | 9,111.00 | | | | 9,111.00 | 438,999.11 |
| 5/31/97 | 231,930.24 | 113,276.39 | | | 345,206.83 | 1,380.00 | | | | 1,380.00 | 9,111.00 | | | | 9,111.00 | 355,597.63 |
| 6/30/97 | 196,446.22 | 124.74 | 5,023.75 | | 201,594.71 | 662.76 | | | | 2,042.76 | | | | | 0.00 | 203,837.17 |
| 7/31/97 | 183,089.20 | 25,705.49 | | 30,092.12 | 238,886.91 | 514.26 | 1,380.00 | | | 1,894.26 | 9,111.00 | | | | 9,111.00 | 249,892.17 |
| 8/31/97 | 321,149.75 | 16,793.85 | | | 338,933.60 | 600.00 | | 1,380.00 | | 1,980.00 | 9,111.00 | | | | 9,111.00 | 350,024.60 |
| 9/30/97 | 321,899.40 | 43,668.86 | | | 365,568.26 | 4,057.48 | | 1,380.00 | | 5,437.48 | 9,111.00 | | | | 9,111.00 | 410,116.74 |
| 10/31/97 | 299,723.24 | 4,137.96 | | | 303,866.20 | 1,055.76 | | | | 1,055.76 | 7,542.81 | | | | 7,542.81 | 312,464.77 |
| 11/30/97 | 292,987.79 | 6,010.86 | | | 289,360.68 | 6,296.73 | | | | 6,296.73 | 7,535.00 | | | | 7,535.00 | 303,182.31 |
| 12/31/97 | 282,042.72 | 19,215.49 | | 712.16 | 313,335.28 | 813.50 | | | | 813.50 | 7,535.00 | | | | 7,535.00 | 321,706.78 |
| 1/31/98 | 297,244.14 | 5,827.49 | 1,297.00 | 1,155.00 | 307,838.79 | | | | | 0.00 | 7,535.00 | | | | 7,535.00 | 315,207.29 |
| 2/28/98 | 352,295.74 | 55,027.81 | | 1,155.00 | 324,485.83 | 1,200.00 | 33.50 | | | 33.50 | 7,535.00 | | | | 7,535.00 | 333,220.63 |
| 3/31/98 | 407,659.24 | 120.88 | -1,330.20 | | 351,086.42 | 750.00 | | | | 750.00 | 7,535.00 | | | | 7,535.00 | 351,836.42 |
| 4/30/98 | 309,288.99 | 8,571.49 | | | 416,230.73 | 2,842.00 | | | | 2,842.00 | 7,535.00 | | | | 7,535.00 | 426,607.72 |
| 5/31/98 | 165,446.19 | 12,370.43 | 869.05 | 162,001.19 | 322,568.47 | | | | | 0.00 | 7,535.00 | | | | 7,535.00 | 331,343.47 |
| 6/30/98 | 173,776.71 | 3,934.86 | | 162,001.19 | 177,360.62 | 252.50 | | | | 252.50 | | | | | 0.00 | 177,613.12 |
| 7/31/98 | 314,675.74 | 17,351.70 | 2,660.36 | -350.95 | 334,236.85 | | | 252.50 | | 252.50 | 7,535.00 | | | | 7,535.00 | 342,024.35 |
| 8/31/98 | 361,023.46 | 17,534.81 | -16.00 | 1,310.36 | 379,852.63 | 920.38 | 252.50 | | | 1,172.88 | 7,482.78 | | | | 7,482.78 | 388,580.57 |
| 10/31/98 | 222,150.89 | -2,257.80 | -27.00 | 1,428.16 | 221,294.25 | 1,325.16 | | | | 1,577.66 | 7,535.00 | | | | 7,535.00 | 230,356.67 |
| 11/30/98 | 460,737.97 | 36,479.55 | -2,073.17 | 1,444.16 | 496,588.51 | 5,803.78 | | | | 6,056.28 | 7,483.00 | | | | 7,483.00 | 504,324.01 |
| 12/31/98 | 221,072.17 | 57,671.87 | 468.74 | -1,189.00 | 273,023.69 | 1,018.16 | | | | 1,268.66 | 7,483.00 | | | | 7,483.00 | 291,566.97 |
| 1/31/99 | 340,158.95 | 12,612.88 | 42,201.82 | -1,111.95 | 399,861.70 | | 21.65 | | | 274.15 | 14,966.00 | | | | 14,966.00 | 408,613.15 |
| 2/28/99 | 294,586.69 | 64,956.18 | 238.31 | -1,111.95 | 358,669.23 | | | | | 0.00 | 14,966.00 | | | | 14,966.00 | 373,909.93 |
| 3/31/99 | 311,587.38 | 12,375.67 | 12,874.52 | -330.75 | 336,506.82 | | | | | 252.50 | 14,966.00 | | | | 14,966.00 | 351,725.33 |
| 4/30/99 | 318,796.53 | 184,782.36 | -50.76 | 12,543.77 | 496,073.88 | 2,041.00 | | 252.50 | | 2,293.50 | 7,483.00 | 7,483.00 | | | | 535,028.03 |
| 5/31/99 | 317,547.09 | 196,186.87 | | -330.75 | 496,073.88 | | | 252.50 | | 252.50 | 7,483.00 | | | | 7,483.00 | 535,028.03 |
| 6/30/99 | 132,091.56 | 238,593.83 | 57,892.19 | 4,532.57 | 433,110.18 | | 376.00 | 252.50 | | 627.50 | 7,483.00 | 7,483.00 | | | 14,966.00 | 448,703.68 |
| 7/31/99 | 146,506.70 | 116,808.71 | -538.85 | 6,073.74 | 270,026.74 | 123.56 | | 252.50 | | 376.06 | 7,483.00 | 7,483.00 | | | 14,966.00 | 285,584.80 |
| 8/31/99 | 149,455.72 | 164,374.58 | 1,680.42 | 6,989.33 | 342,500.05 | 123.56 | | 252.50 | | 376.06 | 7,483.00 | 7,483.00 | | | 14,966.00 | 365,325.11 |
| 9/30/99 | 323,249.62 | 271,737.95 | 97,222.41 | 8,720.53 | 700,980.71 | 1,250.00 | 123.56 | | | 1,373.55 | 14,996.00 | | | | 22,449.00 | 448,703.68 |
| 10/31/99 | 151,182.85 | 417,087.60 | 85,447.35 | 16,581.44 | 670,319.44 | | | | | 1,250.00 | 14,996.00 | | | | 14,996.00 | 685,527.20 |
| 11/30/99 | 157,512.01 | 199,914.02 | 332,929.91 | 22,262.39 | 709,612.33 | 1,250.00 | | | | 1,384.50 | 7,475.36 | 7,483.00 | | | 14,947.36 | 725,941.19 |
| 12/31/99 | 83,033.02 | 221,898.20 | 146,202.60 | 297,154.91 | 746,088.73 | 134.50 | 134.50 | 1,250.00 | | 1,384.50 | 7,472.00 | 7,475.36 | | | 14,947.36 | 784,420.59 |

**EXHIBIT "B"**

## SOUTHWEST ICE CREAM SPECIALTIES
### McKinney, Texas

| Purchasing | | | | | Regular | | | | | Dues & Fees | | | | | Total | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Current | Over 21 | Over 60 | Over 90 | Sub-total | Current | Over 21 | Over 60 | Over 90 | Sub-total | Current | Over 21 | Over 60 | Over 90 | Sub-total | Total | Grand Total |
| 266,092.70 | -67.30 | | | 266,025.40 | | | | | 0.00 | 1,428.00 | | | | 1,428.00 | 267,453.40 | 497,417.91 |
| 324,990.02 | 1,526.87 | | | 326,516.89 | | | | | 0.00 | 0.00 | | | | 0.00 | 326,516.89 | 683,226.75 |
| 4-4,264.23 | 2,320.00 | | | 406,584.23 | | | | | 0.00 | 0.00 | | | | 0.00 | 406,584.23 | 746,892.67 |
| 330,858.43 | 175.00 | | | 331,033.43 | | | | | 0.00 | 1,428.00 | | | | 1,428.00 | 332,461.43 | 771,460.54 |
| 311,887.78 | 184,839.26 | | | 496,727.03 | | | | | 0.00 | 1,428.00 | | | | 1,428.00 | 498,155.03 | 853,852.66 |
| 532,943.11 | 34,833.39 | | | 567,776.50 | | | | | 0.00 | 0.00 | | | | 0.00 | 567,776.50 | 771,413.97 |
| 347,971.11 | 38,874.71 | | | 386,271.74 | | | | | 0.00 | 1,428.00 | | | | 1,428.00 | 387,449.74 | 637,341.91 |
| 376,799.90 | 99,356.35 | -1,574.08 | | 476,156.25 | 750.00 | | | | 750.00 | 1,428.00 | | | | 1,428.00 | 478,184.25 | 828,208.85 |
| 376,161.28 | 68,126.73 | | 6,071.06 | 350,358.07 | 600.00 | | | | 600.00 | 1,428.00 | | | | 1,428.00 | 352,461.07 | 762,577.81 |
| 230,049.91 | 1,927.98 | | 6,071.06 | 238,048.95 | 875.00 | | | | 875.00 | 1,428.00 | | | | 1,428.00 | 238,048.95 | 560,513.72 |
| 219,289.60 | 31,161.28 | | 6,071.06 | 256,521.82 | | | | | 0.00 | 0.00 | | | | 0.00 | 256,521.82 | 559,704.13 |
| 157,037.67 | 15,368.74 | | | 172,406.31 | | | | | 0.00 | 0.00 | | | | 0.00 | 172,406.31 | 494,113.09 |
| 279,878.62 | 30,980.55 | | | 310,372.25 | | | | | 0.00 | 0.00 | | | | 0.00 | 310,372.25 | 625,579.54 |
| 307,876.80 | 53,308.82 | | | 361,185.64 | | | | | 0.00 | 0.00 | | | | 0.00 | 361,185.64 | 694,406.47 |
| 323,231.13 | | | | 323,231.13 | | | | | 0.00 | 0.00 | | | | 0.00 | 323,231.13 | 675,067.55 |
| 323,067.46 | 19,039.28 | | | 339,106.74 | | | | | 0.00 | 0.00 | | | | 0.00 | 339,106.74 | 765,714.47 |
| 279,500.22 | 57,142.22 | | | 336,642.45 | | | | | 0.00 | 0.00 | | | | 0.00 | 336,642.45 | 667,985.92 |
| 869,689.12 | 1,446.92 | | | 871,138.04 | | | | | 0.00 | 0.00 | | | | 0.00 | 871,138.04 | 1,033,189.23 |
| 924,908.48 | 326.20 | | | 925,233.68 | | | | | 0.00 | 0.00 | | | | 0.00 | 925,233.68 | 1,102,644.80 |
| 254,323.15 | 14,833.09 | 111.85 | | 279,288.09 | | | | | 0.00 | 0.00 | | | | 0.00 | 279,288.09 | 621,292.44 |
| 170,507.62 | -13,792.56 | | | 158,715.06 | 375.00 | | | | 375.00 | 0.00 | | | | 0.00 | 157,090.05 | 545,665.57 |
| 230,927.38 | 37,186.67 | | | 254,323.49 | | | | | 0.00 | 0.00 | | | | 0.00 | 254,323.49 | 484,678.46 |
| 257,846.33 | 43,455.48 | 420.04 | | 311,721.85 | 375.00 | | | | 375.00 | 0.00 | | | | 0.00 | 311,721.85 | 816,045.86 |
| 135,827.85 | 37,438.90 | 455.00 | | 174,161.79 | | | | | 0.00 | 0.00 | | | | 0.00 | 174,161.79 | 455,714.76 |
| 225,118.81 | 108,049.64 | 885.04 | 3,300.00 | 337,353.49 | | | | | 0.00 | 0.00 | | | | 0.00 | 337,353.49 | 455,966.85 |
| 299,061.94 | 94,391.45 | | 3,766.00 | 397,213.39 | | | | | 0.00 | 0.00 | | | | 0.00 | 397,213.39 | 771,127.77 |
| 376,010.70 | 71,290.49 | 459.58 | | 447,760.83 | | | | | 0.00 | 0.00 | | | | 0.00 | 447,760.83 | 799,446.95 |
| 358,087.95 | 221,082.81 | | | 627,114.82 | 375.00 | | | 375.00 | 375.00 | 0.00 | | | | 0.00 | 627,114.82 | 1,140,441.20 |
| 455,677.01 | 325,547.84 | 975.00 | | 684,610.49 | 375.02 | 375.00 | | 725.02 | | 0.00 | | | | 0.00 | 665,335.51 | 1,220,351.71 |
| 673,686.68 | 386,906.58 | 5,703.18 | | 1,295,303.44 | 350.02 | 375.00 | | 725.02 | | 1,500.00 | | | | 1,500.00 | 1,287,903.46 | 1,716,501.14 |
| 556,178.67 | 807,673.40 | | | 1,359,112.55 | 1,100.02 | | | 500.00 | | 0.00 | | | | 0.00 | 1,389,612.65 | 1,655,251.45 |
| 473,573.24 | 797,464.28 | 5,250.53 | 5,250.53 | 1,307,031.56 | 125.00 | 125.00 | | 375.00 | | 0.00 | | | | 0.00 | 1,307,031.56 | 1,307,551.56 |
| 477,336.63 | 601,214.36 | 30,733.46 | 29,395.72 | 1,510,972.42 | | | | 375.00 | | 0.00 | | | | 0.00 | 1,511,347.42 | 2,228,667.99 |
| 282,039.22 | 693,484.06 | 207,023.71 | 31,432.72 | 1,257,336.07 | | | | 375.00 | | 0.00 | | | | 0.00 | 1,287,732.07 | 1,944,256.84 |
| 125,416.41 | 550,123.81 | 280,095.57 | 31,432.22 | 1,065,457.39 | | | | 375.00 | | 0.00 | | | | 0.00 | 1,066,832.39 | 1,791,776.53 |
| 93,805.28 | 187,921.58 | 344,096.20 | 42,821.97 | 1,036,772.69 | | | | 375.00 | | 0.00 | | | | 0.00 | 1,037,147.89 | 1,801,566.28 |
| | | 263,533.33 | 491,507.50 | | | | | | | | | | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 Park Street, Naperville, Illinois 60563
(630) 717-1110 • fax (630) 717-1126 • www.qchekd.com

SENT VIA FEDEX OVERNIGHT DELIVERY

December 7, 1999

**President**
Paul Arbuthnot
Sunshine Dairy, Inc.
Portland, OR

**Vice President**
L.G. Oller
Hiland Dairy
Springfield, MO

**Treasurer**
Larry Losasso
Sinton Dairy
Colorado Springs, CO

**Secretary**
Dennis Winter
Super Store Industries
Stockton, CA

**Directors**
Randy Benson
Parmalat Canada
Toronto, Ontario

Jim Mikingen
Wendt's Dairy
Niagara Falls, NY

Doug Parr
Dean Foods
Franklin Park, IL

H. Lee Richards
Hygeia Dairy
Harlingen, TX

Ron Richardson
Hiland-Roberts Ice Cream
Norfolk, NE

Dan Schmelen
Superior Dairy Inc
Canton, OH

Jerry Teel
Vitamilk Dairy, Inc
Seattle, WA

**Director Emeritus**
Irving B. Weber
Iowa City, IA
1900-1997

**Managing Director**
Mel W. Rapp

Mr. Lee Richards
Hygeia Dairy Company
720 South "F" Street
Harlingen, TX 78550

Dear Lee:

You have exhausted completely the patience of Quality Chekd Dairies, Inc. in connection with the long overdue debt to it of Hygeia Dairy and Southwest Ice Cream Specialties.

We have, as you know, cooperated and worked with you over a long period of time You have continually promised payments and debt reduction. What we received, however, was a steady increase in the total amount of the debt. You asked for continued credit and maintenance of the license because the sale of your business would be the trigger for payment of all debt due to Quality Chekd. We requested prior to the closing of the sale for information regarding the sale and current financial statements, but you refused. You closed the sale and we received neither payments nor information. In short, we have received no money, no financial statements, no information regarding the closing, no information as to how much and when we will be paid and no realistic or near term prospects for receipt of payments and information.

You have allowed us no alternative but to make this demand for immediate payment *in full* of all amounts due to Quality Chekd by Hygeia Dairy and Southwest Ice Cream Specialties.

Failure to make immediate payment shall cause Quality Chekd to initiate all legal remedies it has available against all appropriate companies and individuals. The exercise of those rights are expected to include a detailed and involuntary legal exploration of all aspects of your companies' finances including the recent sale and any personal benefits you may have obtained.

Yours truly,

Mel Rapp
Managing Director

cc    P. Arbuthnot
      L. Losasso
      J. Moehling

# EXHIBIT "C"



# QUALITY CHEKD DAIRIES, INC.
### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110
## STATEMENT

| MEMBER NO. |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,          TX 78550

| Date | Invoice | | Amount | Balance | Vendor |
|---|---|---|---|---|---|
| 9/23/99 | 163342 | IV | 4570.63 | 4570.63 | Liquid Sugars Inc. |
| 9/30/99 | 163345 | IV | 4337.61 | 8908.24 | Liquid Sugars Inc. |
| 9/30/99 | 163347 | IV | 19949.10 | 28857.34 | PHILLIPS CHEM. |
| 9/21/99 | 163351 | IV | 47.42 | 28904.76 | ECOLAB INC -PES |
| 9/20/99 | 163354 | IV | 65.41 | 28970.17 | ECOLAB INC -PES |
| 9/20/99 | 163347 | IV | 675.87 | 29645.04 | ECOLAB INC -PES |
| 9/22/99 | 163346 | IV | 92.75 | 29738.79 | ECOLAB INC -PES |
| 9/20/99 | 163353 | IV | 92.04 | 19830.83 | ECOLAB INC -PES |
| 9/20/99 | 163370 | IV | 478.85 | 30275.68 | ECOLAB INC -PES |
| 9/20/99 | 163371 | IV | 92.78 | 30358.86 | ECOLAB INC -PES |
| 9/20/99 | 163372 | IV | 92.92 | 30452.84 | ECOLAB INC -PES |
| 9/20/99 | 163471 | IV | 9674.73 | 40137.27 | GIVAUDAN FOURE FLAVORS |
| 9/20/99 | 163346 | IV | 14718.72 | 40875.09 | ECOLAB INC |
| 9/20/99 | 163343 | IV | 4303.23 | 47179.32 | Liquid Sugars Inc |
| 9/20/99 | 163475 | IV | 316.76 | 47393.38 | GIVAUDAN FOURE FLAVORS |
| 9/20/99 | 163470 | IV | 100.00 | 51475.39 | IMPACO CORPORATION |
| 9/20/99 | 163570 | IV | 20986.70 | 50733.75 | PHILLIPS CHEM. |
| 9/20/99 | 163416 | IV | 2349.79 | 54733.94 | CONTINENTAL COLLOIDS |
| 9/20/99 | 163417 | IV | 749.00 | 55482.94 | GERMANTOWN (U.S.A.) C |
| 9/20/99 | 163711 | IV | 7186.48 | 72948.42 | REHRIG PACIFIC COMPAN |
| 9/20/99 | 163408 | IV | 675.87 | 73345.29 | ECOLAB INC -PES |
| 9/20/99 | 163412 | IV | 280.50 | 73624.79 | UNILEY MILACRON, INC |
| 9/20/99 | 163448 | IV | 9434.41 | 83049.20 | TETRA PAK INC |
| 9/20/99 | 163450 | IV | 34071.30 | 17118.50 | TETRA PAK INC |

- CONTINUE -

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | TOTAL BALANCE |
|---|---|---|---|---|---|
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |

## EXHIBIT "D"



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

| MEMBER NO |
| --- |
| 102500 |

| DATE |
| --- |
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,          TX 78550

| 9/30/99 | 164326 | IV | 34473.60 | 167587 10 | TETRA PAK INC. |
| 9/30/99 | 164336 | IV | 35197.36 | 202724 46 | TETRA PAK INC |
| 9/30/99 | 164410 | IV | 33763.84 | 235549 30 | TETRA PAK INC. |
| 9/30/99 | 164423 | IV | 34304 98 | 270063 28 | TETRA PAK INC |
| 10/10/99 | 164423 | IV | 4434 23 | 274347 51 | Liquid Sugars Inc. |
| 10/10/99 | 164553 | IV | 14737 93 | 289085 44 | TETRA PAK INC |
| 10/10/99 | 164566 | IV | 12777 41 | 302042 85 | ECOLAB INC. |
| 10/10/99 | 164577 | IV | 381 53 | 303424 38 | ECOLAB INC |
| 10/10/99 | 164577 | IV | 1292 17 | 303716 55 | ECOLAB INC |
| 10/10/99 | 164577 | IV | 753 35 | 304467 90 | ECOLAB INC |
| 10/11/99 | 164137 | IV | 19854 42 | 324323 32 | AIRLITE PLASTICS COMP. |
| 10/12/99 | 164138 | IV | 717 24 | 325045 56 | AIRLITE PLASTICS COMP. |
| 10/13/99 | 164759 | IV | 21430 50 | 346476 06 | PHILLIPS CHEM |
| 10/13/99 | 164778 | IV | 240 93 | 346189 19 | ECOLAB INC. |
| 10/15/99 | 168001 | IV | 748 61 | 346280 75 | 3M 9048726 |
| 10/15/99 | 164330 | IV | 258 40 | 347149 15 | FEDEX |
| 10/15/99 | 164351 | IV | 62 75 | 347209 90 | FEDEX |
| 10/15/99 | 164552 | IV | 92 10 | 347301 00 | FEDEX |
| 10/15/99 | 164818 | IV | 272 19 | 347573 19 | EDGAR A. WEBER & COMPA |
| 10/13/99 | 164704 | IV | 9439 72 | 357033 91 | OZ ALDAN ROURE FLAVORS |
| 10/18/99 | 165736 | IV | 84 33 | 357118 24 | ECOLAB INC. |
| 10/17/99 | 165077 | IV | 1074 52 | 353479 76 | 3M B/N8736 |
| 10/21/99 | 164747 | IV | 240 36 | 358734 12 | ECOLAB INC |
| 10/21/99 | 164817 | IV | 1025? 69 | 361036 81 | ECOLAB INC |

- CONTINUED -

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | TOTAL BALANCE |
| --- | --- | --- | --- | --- | --- |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P O BOX 751

HARLINGEN            TX 78550

| Date | Invoice | | Amount | Balance | Vendor |
|---|---|---|---|---|---|
| 10/21/99 | 165254 | IV | 128.56 | 369161.37 | WEBER SCIENTIFIC |
| 10/21/99 | 165260 | IV | 7507.24 | 376668.61 | REHRIG PACIFIC COMPANY |
| 10/21/99 | 165268 | IV | 7507.24 | 384175.85 | REHRIG PACIFIC COMPAN |
| 10/21/99 | 165312 | IV | 542.35 | 384718.20 | FEDEX |
| 10/21/99 | 165314 | IV | 109.50 | 384827.70 | FEDEX |
| 10/21/99 | 165313 | IV | 433.10 | 385260.80 | FEDEX |
| 10/21/99 | 165342 | IV | 29.90 | 385290.70 | FEDEX |
| 10/21/99 | 165348 | IV | 17.50 | 385308.20 | FEDEX |
| 10/21/99 | 165354 | IV | 19.50 | 385327.70 | FEDEX |
| 10/25/99 | 165445 | IV | 14802.24 | 400130.66 | TETRA PAK INC. |
| 10/25/99 | 165564 | IV | 273.58 | 400404.94 | WEBER SCIENTIFIC |
| 10/26/99 | 165675 | IV | 354.40 | 400758.44 | FEDEX |
| 10/26/99 | 165703 | IV | 136.10 | 400894.74 | FEDEX |
| 10/26/99 | 165716 | IV | 4568.81 | 405463.55 | Liquid Sugars Inc. |
| 10/28/99 | 165741 | IV | 3285.09 | 408748.64 | MID-AMERICA FARMS |
| 10/28/99 | 165725 | IV | 7507.24 | 416255.88 | REHRIG PACIFIC COMPAN |
| 11/00/99 | 166024 | IV | 21157.90 | 437413.38 | PHILLIPS CHEM. |
| 11/00/99 | 166003 | IV | 1868.21 | 439281.59 | ECOLAB INC |
| 11/03/99 | 166061 | IV | 360.50 | 439642.09 | FEDEX |
| 11/03/99 | 166157 | IV | 9.85 | 439651.94 | FEDEX |
| 11/03/99 | 166069 | IV | 116.20 | 439768.14 | FEDEX |
| 11/05/99 | 166137 | IV | 4360.53 | 444128.67 | Liquid Sugars Inc |
| 11/05/99 | 166184 | IV | 11005.25 | 455133.92 | ECOLAB INC. |
| 11/05/99 | 166191 | IV | 2270.99 | 457404.91 | ECOLAB INC. |

- CONTINUE -

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | TOTAL BALANCE |
|---|---|---|---|---|---|
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

| MEMBER NO |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,          TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 11/05/99 | 166256 | IV | 7431.61 | 464633 52 | REHRIG PACIFIC COMPANY |
| 11/06/99 | 166304 | IV | 1579.00 | 465418 32 | ECOLAB INC |
| 11/10/99 | 166406 | IV | 29 69 | 466442 21 | ECOLAB INC |
| 11/10/99 | 166489 | IV | 15129.24 | 481571 45 | TETRA PAK INC |
| 11/11/99 | 166513 | IV | 21212.10 | 302733 55 | PHILLIPS CHEM |
| 11/11/99 | 166520 | IV | 1292.17 | 504075 72 | ECOLAB INC |
| 11/11/99 | 166504 | IV | 753 35 | 504529 07 | ECOLAB INC |
| 11/11/99 | 166505 | CM | 1198 72- | 503630 35 | ECOLAB INC |
| 11/11/99 | 166570 | IV | 215 70 | 503846 05 | FEDEX |
| 11/11/99 | 166590 | IV | 24.00 | 503870 05 | FEDEX |
| 11/12/99 | 166595 | CM | 4056 00- | 499814 05 | EICOLAB INC |
| 11/15/99 | 166710 | IV | 2458 26 | 502272 31 | BPW BIOSYSTEMS, INC |
| 11/15/99 | 166711 | IV | 7559 29 | 511401 60 | ECOLAB INC |
| 11/15/99 | 166717 | IV | 240 85 | 512272 45 | ECOLAB INC |
| 11/15/99 | 166731 | IV | 12477.44 | 530749 90 | M. A. HANNA COLOR |
| 11/16/99 | 166737 | IV | 804.27 | 530554.17 | GIVAUDAN FOUR FLAVORS |
| 11/16/99 | 166741 | IV | 475 83 | 541130.02 | ECOLAB INC.-FES |
| 11/16/99 | 166742 | IV | 675 87 | 541605.89 | ECOLAB INC -FES |
| 11/16/99 | 166743 | IV | 72 75 | 541678.64 | ECOLAB INC.-FES |
| 11/16/99 | 166744 | IV | 72 93 | 541751 62 | ECOLAB INC.-FES |
| 11/16/99 | 166745 | IV | 82 04 | 542078 66 | ECOLAB INC.-FES |
| 11/16/99 | 166746 | IV | 92 78 | 542166 64 | ECOLAB INC.-FES |
| 11/16/99 | 166760 | IV | 308.50 | 543475 14 | FEDEX |
| 11/16/99 | 166762 | IV | 8 25 | 543624 09 | FEDEX |

- CONTINUE -

| | DAYS PAST DUE | | | | TOTAL BALANCE |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

| MEMBER NO |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,            TX 78550

| 11/22/99 | 167063 | IV | 7333.50 | 549817.89 | PARISH MANUFACTURING, |
| 11/22/99 | 167099 | IV | 5755.95 | 555573.84 | AIRLITE PLASTICS COMPAN |
| 11/23/99 | 167131 | CM | 217.31- | 555356.53 | ECOLAB INC |
| 11/25/99 | 167135 | CM | 94.85- | 555261.68 | ECOLAB INC. |
| 11/26/99 | 167169 | IV | 116.60 | 333378.28 | FEDEX |
| 11/29/99 | 167375 | IV | 164.18 | 555542.46 | CREST FOODS CO., INC. |
| 11/29/99 | 167376 | IV | 164.32 | 553706.78 | CREST FOODS CO., INC. |
| 11/29/99 | 167397 | IV | 7721.09 | 563427.30 | REHRIG PACIFIC COMPANY |
| 11/29/99 | 167398 | IV | 7721.09 | 571148.89 | REHRIG PACIFIC COMPANY |
| 11/29/99 | 167399 | IV | 7721.08 | 578369.75 | REHRIG PACIFIC COMPANY |
| 11/29/99 | 167400 | IV | 7137.03 | 586367.01 | REHRIG PACIFIC COMPANY |
| 11/29/99 | 167401 | IV | 7751.08 | 594178.09 | REHRIG PACIFIC COMPANY |
| 11/31/99 | 167151 | IV | 7492.27 | 601670.36 | ECOLAB INC |
| 11/30/99 | 167701 | IV | 21844.00 | 623516.36 | PHILLIPS CHEM |
| 11/30/99 | 167707 | IV | 914.18 | 621924.53 | 3M 5046730 |
| 11/30/99 | 167731 | IV | 575.09 | 624499.62 | GERMANTOWN (U.S.A.) CO |
| 11/30/99 | 167763 | IV | 953.75 | 625453.37 | UNION MILACRON, INC |
| 11/31/99 | 167763 | CM | 2990.86- | 622462.51 | ECOLAB INC |
| 12/01/99 | 168199 | IV | 15127.27 | 637589.78 | ECOLAB INC |
| 12/03/99 | 168969 | IV | 327.90 | 637917.68 | FEDEX |
| 12/09/99 | 169220 | IV | 8.25 | 637925.93 | FEDEX |
| 12/09/99 | 169201 | IV | 28.15 | 637954.08 | FEDEX |
| 12/10/99 | 169515 | IV | 18670.00 | 656624.08 | TETRA PAK MIDWEST INC |
| 12/13/99 | 169513 | IV | 18600.00 | 675224.03 | TETRA PAK MIDWEST INC |

- CONTINUE -

## DAYS PAST DUE

| | OVER 30 | OVER 60 | OVER 90 | TOTAL BALANCE |
|---|---|---|---|---|

URCHA

EGULA

JES &

OTAL



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

| MEMBER NO |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,        TX 78550

| INVOICE DATE | BILLING NO | | PURCHASE AMOUNT | BALANCE | SUPPLIER |
|---|---|---|---|---|---|
| 11/08/99 | 166362 | IV | 134.50 | 1384.50 | QUALITY CHEKD DAIRIES |
| 1/26/00 | 171222 | IV | 17631.56 | 19016.06 | QUALITY CHEKD DAIRIES |
| 1/27/00 | 171341 | IV | 368.66 | 19384.72 | QUALITY CHEKD DAIRIES |
| 1/28/00 | 171355 | IV | 368.66 | 19753.38 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171455 | IV | 368.66 | 20122.04 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171456 | IV | 368.66 | 20490.70 | QUALITY CHEKD DAIRIES |
| | REGULAR | | | 20490.70 | |
| | | | | | |
| 10/15/99 | 165035 | IV | 7475.36 | 7475.36 | QUALITY CHEKD DAIRIES |
| 11/03/99 | 165513 | IV | 7472.00 | 14947.36 | QUALITY CHEKD DAIRIES |
| | DUES&FEES | | | 14947.36 | |

PLEASE NOTE PAYMENT TERMS FOR PURCHASES AS ESTABLISHED BY THE BOARD OF
DIRECTORS ARE 21 DAYS FROM THE DATE OF INDIVIDUAL QUALITY CHEKD INVOICE

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | TOTAL |
|---|---|---|---|---|---|
| PURCHASES | 1244.00 | 97062.37 | 207628.65 | 416255.83 | 722231 |
| REGULAR | 19106.20 | .00 | 134.50 | 1250.00 | 20490 |
| DUES & FEES | .00 | .00 | 7472.00 | 7475.36 | 14947 |
| TOTAL | 20350.20 | 97062.37 | 215275.15 | 424981.24 | 757669 |



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO |
|---|
| 102503 |

| DATE |
|---|
| 1/31/00 |

```
HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,            TX 75069
```

| | | | | | |
|---|---|---|---|---|---|
| 9/16/99 | 162935 | IV | 9277.50 | 9277.50 | GERMANTOWN (U.S.A.) CO |
| 1/26/00 | 162935 | PA | 2076.73- | 7200.77 | GERMANTOWN (U.S.A.) CO |
| 9/16/99 | 162960 | IV | 96.60 | 7297.37 | FEDEX |
| 9/17/99 | 163013 | IV | 36703.47 | 44000.84 | CHICAGO DAIRY CORPORAT |
| 9/17/99 | 163050 | IV | 580.27 | 44581.11 | WEBER SCIENTIFIC |
| 9/20/99 | 163063 | IV | 10303.48 | 73884.59 | Fort James Corp |
| 9/21/99 | 163117 | IV | 1008.02 | 56102.61 | Liquid Sugars Inc. |
| 9/21/99 | 163103 | IV | 9075.56 | 70178.37 | Liquid Sugars Inc. |
| 9/21/99 | 163141 | IV | 27053.01 | 97231.88 | INTERBAKE FOODS INC |
| 9/21/99 | 163175 | IV | 7471.23 | 104723.11 | SEALRIGHT COMPANY, IN |
| 9/21/99 | 163174 | IV | 6564.50 | 111287.61 | SHADE FOODS INC |
| 9/21/99 | 163197 | IV | 716.00 | 111470.61 | VWR SCIENTIFIC |
| 9/21/99 | 163179 | IV | 341.12 | 111690.73 | VWR SCIENTIFIC |
| 9/21/99 | 163199 | IV | 500.62 | 112114.35 | VWR SCIENTIFIC |
| 9/21/99 | 163207 | IV | 109.48 | 112224.73 | VWR SCIENTIFIC |
| 9/22/99 | 163230 | IV | 64.23 | 112287.03 | FEDEX |
| 9/21/99 | 163285 | IV | 241.55 | 112507.65 | VWR SCIENTIFIC |
| 9/22/99 | 163270 | IV | 48.76 | 112579.35 | VWR SCIENTIFIC |
| 9/22/99 | 163298 | IV | 32211.19 | 143618.56 | CHICAGO DAIRY CORPORAT |
| 9/23/99 | 163297 | IV | 1197.45 | 145312.01 | DOT FOODS INC -OTHER |
| 9/23/99 | 163295 | IV | 1744.43 | 147936.64 | DOT FOODS INC -OTHER |
| 9/21/99 | 163404 | IV | 10252.04 | 160303.65 | Liquid Sugars Inc. |
| 9/27/99 | 163195 | IV | 3109.00 | 161406.65 | GERMANTOWN (U.S.A.) CO |
| 9/24/99 | 163403 | IV | 7299.23 | 171051.83 | UNIVERSAL FLAVORS |

**- CONTINUE -**

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
|---|---|---|---|---|---|
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |

# EXHIBIT "E"



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

### (630) 717-1110

## STATEMENT

| MEMBER NO. |
| --- |
| 102503 |

| DATE |
| --- |
| 1/31/00 |

```
HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,          TX 73069
```

COOLER

| Date | Invoice | | Amount | Balance | Vendor |
| --- | --- | --- | --- | --- | --- |
| 9/20/99 | 163435 | IV | 2649.01 | 173016 94 | UNIVERSAL FLAVORS |
| 9/24/99 | 163451 | IV | 3256.60 | 176273 54 | Liquid Sugars Inc. |
| 9.24/99 | 60488 | IV | 12415 05 | 187186 59 | BURD & FLETCHER |
| 9 24/99 | 163491 | IV | 9265 36 | 192551 95 | BURD & FLETCHER |
| 9 27 99 | 173353 | IV | 767 93 | 191341 88 | ECOLAB INC |
| 9 27/99 | 163573 | IV | 406 84 | 191746 57 | 3M 9018736 |
| 9 28/99 | 163616 | IV | 1350 84 | 192590 46 | 3M 9018736 |
| 9 30/99 | 163161 | IV | 303 87 | 194903 33 | NORTHVILLE LABORATORI |
| 9 26/99 | 163670 | IV | 1060 00 | 197563 33 | ADM COCOA PRODUCTS |
| 9 28 99 | 163681 | IV | 4722 35 | 207855 63 | DEALRIGHT COMPANY. I |
| 1 28 99 | 163721 | IV | 805 45 | 203597 50 | VWR SCIENTIFIC |
| 9 29/99 | 163746 | IV | 10065 51 | 213577 04 | Liquid Sugars Inc. |
| 9 29 99 | 16171 3 | IV | 2911 41 | 216510 45 | Liquid Sugars Inc. |
| 9 27 99 | 163734 | IV | 7190 35 | 228077 04 | ECOLAB INC |
| 9 29/99 | 163751 | IV | 191 00 | 228268 04 | FEDEX |
| 9 27/99 | 163561 | IV | 1050 73 | 247018 77 | 3M 9018736 |
| 9 27/99 | 163241 | IV | 644 45 | 235772 19 | ECOLAB INC. |
| 9 20 99 | 163349 | IV | 260 52 | 236019 71 | WEBER SCIENTIFIC |
| 9 28/99 | 164000 | IV | 1000 64 | 237019 35 | DEALRIGHT COMPANY, I |
| 9 28 99 | 164047 | IV | 12625 67 | 239635 02 | EDGAR A. WEBER & COMP |
| 9 30/99 | 164139 | IV | 8792 15 | 247922 19 | DEALRIGHT COMPANY, INC |
| 9 30/99 | 164151 | IV | 2363 34 | 250286 53 | DEALRIGHT COMPANY, I |
| 9 27 99 | 164191 | IV | 3009 15 | 254113 65 | SHADE FOODS INC |
| 9 27 99 | 163165 | IV | 13972 70 | 258093 38 | TODDS CARN INC |

*— CONTINUE —*

| | DAYS PAST DUE | | | | TOTAL |
| --- | --- | --- | --- | --- | --- |
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | BALANCE |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102503 |

| DATE |
|---|
| 1/31/00 |

HYGEIA/SOUTHWEST I C SPEC
1320 NORTH TENNESSEE

MCKINNEY,                    TX 75069

| | | | | |
|---|---|---|---|---|
| 9/30/99 | 164194 | IV | 2886.33 | 291979.71 | GIVAUDAN ROURE FLAVORS |
| 9/30/99 | 164195 | IV | 1543.24 | 283522.95 | GIVAUDAN ROURE FLAVORS |
| 9/30/99 | 164314 | IV | 147.86 | 283470.51 | SEALRIGHT COMPANY, INC |
| 9/30/99 | 164331 | IV | 546.21 | 284517.07 | VWR SCIENTIFIC |
| 9/30/99 | 164334 | IV | 2360.00 | 285597.07 | GERMANTOWN (U.S.A.) CO |
| 9/30/99 | 164335 | IV | 406.00 | 287005.07 | GERMANTOWN (U.S.A.) CO |
| 9/30/99 | 164333 | IV | 1428.00 | 288433.07 | GERMANTOWN (U.S.A.) CO |
| 9/30/99 | 164337 | IV | 11587.50 | 290270.57 | GERMANTOWN (U.S.A.) CO |
| 9/30/99 | 164338 | IV | 3967.50 | 293940.07 | GERMANTOWN (U.S.A.) CO |
| 9/30/99 | 164339 | IV | 1305.00 | 295245.07 | GERMANTOWN (U.S.A.) CO |
| 9/30/99 | 164345 | IV | 82.06 | 295327.13 | ECOLAB INC -FES |
| 9/30/99 | 164391 | IV | 137.69 | 295714.82 | ECOLAB INC -FES |
| 9/30/99 | 164480 | IV | 734.78 | 296049.60 | ECOLAB INC -FES |
| 9/30/99 | 164519 | IV | 977.03 | 297026.13 | VWR SCIENTIFIC |
| 10/12/99 | 164341 | IV | 3788.10 | 278270.23 | LIQUID Sugars Inc. |
| 10/12/99 | 164340 | IV | 2971.05 | 281241.28 | LIQUID Sugars Inc |
| 10/12/99 | 164576 | IV | 4557.82 | 307419.10 | Liquid Sugars Inc |
| 10/12/99 | 164497 | IV | 17081.63 | 307490.73 | Liquid Sugars Inc |
| 10/12/99 | 164571 | IV | 178.23 | 307668.96 | ECOLAB INC |
| 10/12/99 | 164585 | IV | 1016.67 | 308685.63 | ECOLAB INC. |
| 10/13/99 | 164638 | IV | 4191.48 | 340267.11 | SWEETHEART CUP COMPANY |
| 10/13/99 | 164657 | IV | 21295.49 | 297378.60 | SEALRIGHT COMPANY, INC |
| 10/13/99 | 164661 | IV | 7796.24 | 297378.60 | SWEETHEART CUP COMPANY |
| 10/13/99 | 164679 | IV | 2447.70 | 777376.14 | DAVID MICHAEL & CO - 1 |

- CONTINUE -

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
|---|---|---|---|---|---|
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110
## STATEMENT

| | |
|---|---|
| MEMBER NO | 102503 |
| DATE | 1/31/00 |

HYGEIA SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,            TX 75069

| Date | Invoice | IV | Amount | Balance | Vendor |
|---|---|---|---|---|---|
| 10/14/99 | 164703 | IV | 20466.68 | 395812.82 | SEALRIGHT COMPANY, INC |
| 10/14/99 | 164744 | IV | 15620.38 | 411433.20 | GIVAUDAN FOURE FLAVORS |
| 10/14/99 | 164774 | IV | 9539.45 | 420972.65 | Fort James Corp. |
| 10/15/99 | 164660 | IV | 175.55 | 421148.20 | FEDEX |
| 10/15/99 | 164690 | IV | 178.33 | 421326.53 | DANISCO INGREDIENTS USA |
| 10/15/99 | 164807 | IV | 10225.00 | 431551.53 | GERMANTOWN (U S A ) CO |
| 10/15/99 | 164865 | IV | 793.26 | 442340.79 | DOT FOODS INC.-OTHER |
| 10/18/99 | 164611 | IV | 7650.84 | 449991.63 | SEALRIGHT COMPANY, INC |
| 10/18/99 | 165201 | IV | 337.52 | 450481.15 | SWEETHEART CUP COMPANY |
| 10/18/99 | 165105 | IV | 277.62 | 451178.82 | STAR KAY WHITE, INC |
| 10/18/99 | 165118 | IV | 758.35 | 451917.17 | DAVID MICHAEL & CO |
| 10/18/99 | 165120 | IV | 4844.98 | 456780.15 | SEALRIGHT COMPANY, INC |
| 10/18/99 | 165168 | IV | 10711.80 | 467493.95 | SHACO FOODS INC |
| 10/18/99 | 164787 | IV | 5125.91 | 472619.86 | CURTI & FLETCHER |
| 10/18/99 | 164911 | IV | 77.05 | 472696.91 | FEDEX |
| 10/18/99 | 165061 | IV | 24.34 | 472721.51 | FEDEX |
| 10/24/99 | 165179 | IV | 27785.46 | 500515.67 | INTERBAKE FOODS INC |
| 10/25/99 | 63199 | IV | 1224.52 | 501810.21 | UNIVERSAL FLAVORS |
| 10/25/99 | 165200 | IV | 2751.49 | 504570.70 | UNIVERSAL FLAVORS |
| 10/25/99 | 165499 | IV | 11176.87 | 516471.57 | UNIVERSAL FLAVORS |
| 10/27/99 | 164959 | IV | 4357.03 | 520778.60 | SEALRIGHT COMPANY, INC |
| 10/28/99 | 165601 | IV | 10071.40 | 531011.43 | SEALRIGHT COMPANY, INC |
| 10/28/99 | 165301 | IV | 173.05 | 531178.48 | FEDEX |
| 10/27/99 | 161103 | IV | 7882.77 | 411186.57 | Imperial Sugars Inc |

– CONTINUE –

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | TOTAL BALANCE |
|---|---|---|---|---|---|
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO. |
| --- |
| 102503 |

| DATE |
| --- |
| 1/31/00 |

HYGEIA, SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,                    TX 75069

| DATE | | | AMT | | SUPPLIER |
| --- | --- | --- | --- | --- | --- |
| 10/26/99 | 165680 | IV | 216.60 | 541404.87 | UNIVERSAL FLAVORS |
| 10/27/99 | 165703 | IV | 7989.26 | 549294.13 | DOT FOODS INC.-OTHER |
| 10/28/99 | 165732 | IV | 680.66 | 549975.01 | ECOLAB INC. |
| 10/28/99 | 165804 | IV | 659.88 | 550633.89 | ECOLAB INC. |
| 10/28/99 | 165817 | IV | 76.15 | 550710.04 | SEALRIGHT COMPANY, INC |
| 11/29/99 | 165818 | IV | 580.39 | 551661.43 | SEALRIGHT COMPANY, IN |
| 10/31/99 | 165832 | IV | 3351.51 | 560062.94 | Fort James Corp. |
| 11/01/99 | 165819 | IV | 3155.48 | 568433.42 | ELGAR A. WEBER & COMP |
| 11/01/99 | 165903 | IV | 2575.00 | 570507.42 | GERMANTOWN (U S A.) C |
| 11/01/99 | 165966 | IV | 73.04 | 571170.46 | VWR SCIENTIFIC |
| 11/02/99 | 166010 | IV | 4427.69 | 577700.15 | Liquid Sugars Inc |
| 11/02/99 | 166062 | IV | 33.63 | 577655.00 | FEDEX |
| 11/02/99 | 86117 | IV | 7402.69 | 585011.69 | SEALRIGHT COMPANY, IN |
| 11/02/99 | 86114 | IV | 11513.75 | 591305.44 | SEALRIGHT COMPANY, IN |
| 11/02/99 | 86178 | IV | 5151.16 | 601115.60 | Liquid Sugars Inc. |
| 11/03/99 | 86173 | IV | 2587.30 | 604200.50 | ECOLAB INC |
| 11/03/99 | 84191 | IV | 5743.73 | 609377.65 | ECOLAB INC. |
| 11/03/99 | 116197 | IV | 2785.73 | 612714.40 | ECOLAB INC |
| 11/03/99 | 165614 | IV | 11930.28 | 624049.65 | GIVAUDAN ROURE FLAVOR |
| 11/03/99 | 165769 | IV | 3129.00 | 626454.58 | ADM COCOA PRODUCTS |
| 11/03/99 | 166204 | IV | 2835.65 | 629270.34 | SWEETHEART CUP COMPAN |
| 11/03/99 | 165100 | IV | 3807.10 | 632077.44 | Fort James Corp |
| 11/13/99 | 82503 | IV | 1016.67 | 634094.11 | ECOLAB INC |
| 11/13/99 | 86793 | IV | 60.80 | 634094.91 | FEDEX |

- CONTINUE -

|  | DAYS PAST DUE | | | | TOTAL BALANCE |
| --- | --- | --- | --- | --- | --- |
|  | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

| MEMBER NO. |
| --- |
| 102503 |

| DATE |
| --- |
| 1/31/00 |

```
HYGEIA SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNE,            TX 75069
```

| 11/15/99 | 166674 | IV | 17112.61 | 651467.52 | SEALRIGHT COMPANY, INC |
| 11/15/99 | 166675 | IV | 1773.46 | 653437.98 | SWEETHEART CUP COMPANY |
| 11/15/99 | 166698 | IV | 2179.51 | 655617.49 | DOT FOODS, INC.-RAM |
| 11/15/99 | 166697 | IV | 2266.40 | 657360.87 | DOT FOODS INC -OTHER |
| 11/15/99 | 166698 | IV | 1572.31 | 658932.20 | DOT FOODS INC -OTHER |
| 11/15/99 | 166705 | IV | 10393.75 | 670437.73 | SHIVE FOODS INC |
| 11/16/99 | 166734 | IV | 5725.00 | 676334.93 | GERMANTOWN (U S A ) CO |
| 11/16/99 | 166703 | IV | 1638.70 | 681073.65 | SWEETHEART CUP COMPA |
| 11/16/99 | 166708 | IV | 11253.06 | 692720.01 | TERRI LYNN INC. |
| 11/16/99 | 166740 | IV | 789.78 | 693549.79 | SOLAR INC -PRO |
| 11/18/99 | 166784 | IV | 16753.04 | 710307.83 | SEALRIGHT COMPANY, IN |
| 11/22/99 | 167041 | IV | 50.90 | 710757.75 | FEDEX |
| 11/22/99 | 167107 | IV | 705.90 | 711561.65 | SOLAR INC |
| 11/20/99 | 167016 | IV | 12903.97 | 724441.62 | SEALRIGHT COMPANY, IN |
| 11/20/99 | 167184 | IV | 7803.05 | 732244.67 | SEALRIGHT COMPANY, IN |
| 11/22/99 | 167103 | IV | 1373.11 | 733572.73 | SWEETHEART CUP COMPA |
| 11/30/99 | 167184 | IV | 342.37 | 733915.13 | VWR SCIENTIFIC |
| 11/30/99 | 167185 | IV | 249.50 | 734164.65 | VWR SCIENTIFIC |
| 11/30/99 | 167186 | IV | 303.99 | 734468.64 | VWR SCIENTIFIC |
| 11/30/99 | 167216 | CM | 1503.84- | 732964.80 | INTERPAK FOODS INC |
| 11/30/99 | 167131 | IV | 1152.94 | 734117.74 | OSCAR F WEBER & COMP |
| 11/29/99 | 167265 | IV | 16.15 | 734133.89 | FEDEX |
| 11/29/99 | 167199 | IV | 1372.63 | 735506.52 | FORD I FLETCHER |
| 11/30/99 | 167220 | IV | 7342.00 | 742870.52 | GERMANTOWN (U S A ) CO |

- CONTINUE -

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | TOTAL BALANCE |
| --- | --- | --- | --- | --- | --- |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102503 |

| DATE |
|---|
| 1/31/00 |

```
┌                                          ┐
   HYGEIA/SOUTHWEST I C SPEC
   1220 NORTH TENNESSEE

   MCKINNEY,              TX 75069

└                                          ┘
```

| | | | | |
|---|---|---|---|---|
| 11/29/99 | 167391 | IV | 368.60 | 745242 12 | UNIVERSAL FLAVORS |
| 11/29/99 | 167392 | IV | 10272.64 | 756115.76 | UNIVERSAL FLAVORS |
| 12/10 99 | 167392 | CM | 74.16- | 756041.58 | UNIVERSAL FLAVORS |
| 11/29/99 | 167391 | IV | 2929 81 | 758971 39 | EDGAR A  WEBER & COMP |
| 10/09/99 | 166303 | IV | 20.65 | 758992 04 | FEDEX |
| 12/13/99 | 166316 | CM | 273 90- | 758594.04 | GERMANTOWN (U S A ) C |
| 11/15/99 | 165101 | IV | 10497 32 | 781541.36 | LIQUID SUGARS |
| 11 15 199 | 115137 | IV | 5421 18 | 775030 54 | LIQUID SUGARS |
| 10 15 /99 | 164849 | IV | 9953 35 | 767590 89 | LIQUID SUGARS |
| 10 15/99 | 164349 | IV | 4029 52 | 781610 41 | LIQUID SUGARS |
| 10/15/99 | 161369 | IV | 10039 59 | 791610 00 | LIQUID SUGARS |
| 10/15/99 | 161750 | IV | 10775 70 | 802581 70 | LIQUID SUGARS |
| 10/15/99 | 164834 | IV | 5127 94 | 814614 54 | LIQUID SUGARS |
| 10/15/99 | 160725 | IV | 10131 65 | 821633 48 | LIQUID SUGARS |
| 10/15/99 | 161436 | IV | 5127 99 | 819773 63 | LIQUID SUGARS |
| 10 15/99 | 163457 | IV | 10171 10 | 839610 73 | LIQUID SUGARS |
| 10/12/99 | 163255 | IV | 5132 04 | 841743 77 | LIQUID SUGARS |
| 10/15/99 | 165685 | IV | 8941 44 | 848884 21 | LIQUID SUGARS |
| 10 15 /99 | 166304 | IV | 65.80 | 840950.01 | FEDEX |
| 10/21 99 | 163740 | IV | 164 09 | 847114 10 | BIOLAB INC -PES |
| 10/21/99 | 163751 | IV | 735 73 | 847503 83 | BIOLAB INC -PES |
| 10 15 /99 | 165742 | IV | 10.15 | 879619 03 | FEDEX |
| 10 /29 /99 | 163840 | IV | 9 30 | 847522 33 | FEDEX |
| 10 /21 /99 | 166721 | CM | 82 90- | 847529 23 | VWR SCIENTIFIC |

- CONTINUE -

| | DAYS PAST DUE | | | | TOTAL BALANCE |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.
### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| | |
|---|---|
| MEMBER NO. | 102503 |
| DATE | 1/31/00 |

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,          TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 12/21/99 | 168986 | IV | 2957.59 | 852797.32 | GIVAUDAN ROURE FLAVORS |
| 1/12/00 | 170396 | CM | 156.00- | 852641.32 | SHADE FOODS INC |
| 1/12/00 | 170242 | IV | 2120.00 | 854761.32 | ADM COCOA PRODUCTS |
| 1/24/00 | 171190 | CM | 62.44- | 854698.88 | GRAPHIC PACKAGING CORP |
| 1/24/00 | 171202 | CM | 233.61- | 854465.27 | VWR SCIENTIFIC |
| | | | PURCHASING | 854465.27 | |
| | | | | | |
| 1 26 00 | 171220 | IV | 27467.58 | 27467.58 | QUALITY CHEKD DAIRIES |
| 1/27/00 | 171342 | IV | 426.40 | 27893.98 | QUALITY CHEKD DAIRIES |
| 1/28/00 | 171394 | IV | 426.40 | 28320.38 | QUALITY CHEKD DAIRIES |
| 1/30/00 | 171497 | IV | 426.40 | 28746.75 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171498 | IV | 426.40 | 29173.15 | QUALITY CHEKD DAIRIES |
| | | | REGULAR | 29173.15 | |

PLEASE NOTE  PAYMENT TERMS FOR PURCHASES AS ESTABLISHED BY THE BOARD OF
DIRECTORS ARE 21 DAYS FROM THE DATE OF INDIVIDUAL QUALITY CHEKD INVOICE

| | DAYS PAST DUE | | | | TOTAL BALANCE |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | 1605.95 | 93825.93 | 187900.93 | 571070.46 | 854463.27 |
| REGULAR | 29173.15 | .00 | .00 | .00 | 29173.15 |
| DUES & FEES | .00 | .00 | .00 | .00 | .00 |
| TOTAL | 30839.10 | 93825.93 | 187900.93 | 571070.46 | 883636.40 |