THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COHYCO, INC., "F" STREET | § | CIVIL ACTION NO. H-00-0943 |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSITION TO**
***EX PARTE* MOTION FOR ORDER CONFIRMING**
**AUTOMATIC REFERENCE TO BANKRUPTCY COURT" AND**
**ALTERNATIVE MOTION TO WITHDRAW ANY**
**REFERRAL TO THE BANKRUPTCY COURT**

Quality Checkd Dairies, Inc. ("Plaintiff"), opposes the relief requested (the "Defendant's Motion") by the Defendant, "F" Street Investments' ("F Street"), and, in the alternative, asks that any referral of this civil action to the bankruptcy court be withdrawn on the following grounds:

1.  This motion cannot be considered "*ex parte*" because this is a civil action in which F Street has appeared and the names of the Plaintiff and its counsel are well known to it. Furthermore, the Defendant's Motion does not state any legal or ethical grounds why rules of this Court prohibiting *ex parte* consideration of matters such as this should apply to their motion. In fact, the Defendant's motion is not actually *ex parte* because it has been served on Plaintiff's counsel. Under the rules of this court, the Plaintiff is entitled to respond to and oppose Defendant's Motion and to present its arguments and materials in opposition to it.

2.  The following are the operative facts which are dispositive of this motion:

(a)     This is a civil action involving the rights, duties and liabilities of not only the Defendant, F Street, but the other named Defendants as well. It was filed prior to the Defendant, F Street's Chapter 11 proceedings;

(b)     All defendants have appeared and answered in this civil action.

(c)     This civil action involves no material dispute as to the liability of the Defendant F Street to Plaintiff because in the course of filing its schedules, F Street has recognized virtually all of the debt claimed against it in this civil action by the Plaintiff.

3.      Since the Defendant F Street has virtually conceded its liability for the claims asserted in this civil action, this court is now principally faced with questions of whether or not certain officers, directors and shareholders of F Street are personally liable to the Plaintiff for damages caused by their own conduct in connection with their relationship to the Plaintiff. The imposition of such liability on third parties and collection of such a judgment would actually enhance the position of F Street in the Chapter Eleven proceeding. Accordingly, this civil action will have no significant adverse impact on "F" Street's the Chapter 11 proceedings.

4.      Defendant's Motion seeks to confirm a reference to the bankruptcy court allegedly affected by the standing order of this Court which makes a blanket referral of certain proceedings to the Bankruptcy Court. A careful examination of the language of the order and an analysis of its language in view of the facts of this case, demonstrates that the Defendant F Street is mistaken in its contention that this matter either has been or should be referred to the Bankruptcy Court.

5.      In the wake of litigation which called into question certain aspects of the bankruptcy court's jurisdiction, Congress passed 28 U.S.C. § 157 in 1984. This statute permitted the District

Court to refer certain matters to the Bankruptcy Court for disposition. Shortly after the enactment of 28 U.S.C. §157, former Chief Judge John V. Singleton, acting under his authority and pursuant to § 157, entered a standing order (the "1984 Order") automatically referring " . . . any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . ." to the bankruptcy courts for the Southern District of Texas. The order's language tracks the provisions of 28 U.S.C. § 157. The 1984 Order has been in effect without change since its entry on August 9, 1984; its complete text is attached to this response as Exhibit "A."

Capitalizing on this district's use in the 1984 Order of the broad referral power of 28 U.S.C. §157, F Street attempts to lead this Court into confirming the automatic reference of this Civil Action to the United States Bankruptcy Court for the Southern District of Texas. If adopted by this Court, F Street's interpretation of the 1984 Order would cause every pending action to which a bankruptcy debtor is a party to be transferred to the Bankruptcy Court, regardless of the jurisdictional soundness of the referral. This kind of overbreadth of power is exactly what led to the invalidation of the original jurisdictional scheme for bankruptcy and the subsequent passage of 28 U.S.C. §157 and § 1334. F Street argues for an expansive interpretation of the 1984 Order whose issuance can be traced directly to the Supreme Court's limitation of Bankruptcy Court Jurisdiction in *Northern Pipeline Construction Company v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S. Ct. 2858 (1982).

6. The principal function of the 1984 Order was to permit direct filing of bankruptcy matters in the Bankruptcy Courts without their being initially routed to and referred by the District Courts. The 1984 Order does not directly refer to pre-petition litigation principally involving obligations of parties not in bankruptcy. Neither the statute nor the 1984 Order specifically deal with

3

cases in which the bankrupt was a party before the Title 11 proceedings were filed and in which the Chapter 11 proceedings with schedules resolved any issues which might be decided in the civil action in favor of the bankrupt.

7. Under the foregoing analysis, this civil action is not, obviously, a case under Title 11, a proceeding under Title 11, or a proceeding arising under Title 11. Considering it a "related" case within the meaning of the 1984 order and 28 U.S.C. § 157 does violence both to the language of the 1984 order, the statute and common sense. The 1984 Order was certainly not meant to scoop up all pending actions in the District Court in which a debtor was a party and automatically deposit them into the Bankruptcy Court. Under such an interpretation, any pending civil action in the federal district courts within this district in which a bankruptcy debtor is a party could automatically be transferred to the bankruptcy court regardless of the jurisdictional soundness of the referral. Even if the language of the 1984 order can be construed to include this case, such an interpretation is not within the spirit and intent of this Court.

8. The Plaintiff submits that this civil action is still before this court subject only to the automatic stay as to the Defendant F Street and is presently viable, pending and active with respect to the other Defendants. Unless the Plaintiff files a claim in the bankruptcy proceedings to allege vastly more than the amount recognized by the Defendant, there is no issue in this case which makes a substantial impact upon the Chapter 11 proceedings. The case as to F Street can be easily handled through proceedings in the Bankruptcy Court to lift the 11 U.S.C. § 362 stay or by severing the Defendant "F" Street and referring only its case to the Bankruptcy Court for any proceeding which may be necessary.

9. In the alternative, if this court should consider that the Defendant F Street is, in fact,

4

correct and that this Civil Action has been automatically referred to the Bankruptcy Court, the Plaintiff asks that such reference be withdrawn pursuant to the revisions of 28 U.S.C. § 157(d) because the principal issues here do not focus on the bankrupt estate and relate to the third parties and are more properly resolved in jury proceedings before this Court. .

Wherefore, Plaintiff requests that this Court deny the motion of Defendant F Street. to confirm the referral of this civil action to the Bankruptcy Court or to refer it under the Order of 1984. Alternatively, Plaintiff asks that any referral of this civil action which the 1984 order may have affected be withdrawn pursuant to 28 U.S.C. § 157(d). Plaintiff asks for an oral hearing on the Defendant's Motion and, if necessary, on its prayer that the Court withdraw any referral of this civil action. Plaintiff seeks such other and further relief as is just.

Respectfully submitted,

Lee Hamel
SBN: 08818000
Fed. ID: 2872
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 659-2000
Fax:   (713) 659-3809
ATTORNEY-IN CHARGE FOR PLAINTIFF
QUALITY CHEKD DAIRIES, INC.

OF COUNSEL:

William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 650-1004
Fax:   (713) 659-3809

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to "Suggestion of Bankruptcy, Notice of Automatic Reference of Civil Action to the Bankruptcy Court and *Ex Parte* Motion for Order Confirming Automatic Reference to Bankruptcy Court" has been served upon the following parties, by first class mail on May 12, 2000.

C. Scott Kinzel
Royston, Rayzor, Vickery & Williams
2200 Chase Tower
600 Travis Street
Houston, Texas 77002-2913
    *Attorneys for Cohyco, Inc. and H. Lee Richards*


Harlin C. Womble, Jr.
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

Paul Lee Wiley
621 East Tyler
P.O. Box 2764
Harlingen, Texas 78551-2764

    *Attorneys for F Street Investments*

                                William L. Bowers, Jr.

6

UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __TEXAS__

SOUTHERN DISTRICT OF TEXAS
FILED
AUG 9 1984
JESSE E. CLARK, CLERK
BY DEPUTY: _____

## ORDER OF REFERENCE OF BANKRUPTCY CASES AND PROCEEDINGS NUNC PRO TUNC

Pursuant to Section 104 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. Section 157, it is hereby

ORDERED nunc pro tunc as of June 27, 1984 that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 which were pending in the Bankruptcy Court of the __Southern__ District of __Texas__ on June 27, 1984, which have been filed in this district since that date and which may be filed herein hereafter (except those cases and proceedings now pending on appeal) be and they hereby are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law.

It is further ORDERED that the Bankruptcy Judges for the __Southern__ District of __Texas__ be, and they hereby are, directed to exercise the authority and responsibilities conferred upon them as Bankruptcy Judges by the Bankruptcy Amendments and Federal Judgeship Act of 1984 and this court's order of reference, as to all cases and proceedings covered by this order from and after June 27, 1984.

In accordance with 28 U.S.C. Section 157(b)(5), it is further ORDERED that all personal injury tort and wrongful death claims arising in or related to a case under Title 11 pending in this court shall be tried in, or as determined by, this court and shall not be referred by this order.

So ORDERED this the 9th day of August, 1984.

EXHIBIT "A"

_____
CHIEF UNITED STATES DISTRICT JUDGE