THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC. | § | |
| Plaintiff, | § | |
| | § | B-02- 040 |
| vs. | § | |
| | § | |
| COHYCO, INC., "F" STREET | § | CIVIL ACTION NO. H-00-0943 |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff contends that this case is not stayed as to the non-bankrupt Defendants, Cohyco, Inc. and H. Lee Richards, and that this report and the Rule 26 Disclosures should be filed by all parties except "F" Street Investments. Plaintiff further contends that this civil action should go forward as to all parties except "F" Street.

The Defendants submit their portion of this Joint Discovery and Case Management Plan subject to and without waiving their contention that this litigation is automatically stayed due to the bankruptcy filed by Defendant "F" Street Investments, and without waiving their contention that further litigation of this matter, if any, should proceed in the bankruptcy court pursuant to the Ex Parte Motion for Order Confirming Automatic Reference to Bankruptcy Court filed by "F" Street Investments.

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    Answer:  The meeting was held telephonically on Tuesday, May 23, 2000 at 9:30 a.m. Counsel present at the meeting were Lee Hamel, attorney for Plaintiff, Christopher Lowrance, attorney for Cohyco and H. Lee Richards, and Peter Holzer, attorney for "F" Street Investments.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    Answer:  Case No. 00-20953-B-11; *In Re "F" Street Investments, Inc., a Texas*

*Corporation f/k/a Hygeia Dairy Company, Debtor*; In the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division.

3. <u>Briefly</u> describe what this case is about.

   Answer: The Plaintiff's cause of action against the defendant "F" Street Investments is brought to collect on an account and under a contract for goods and services purchased from and through the plaintiff, in the amount of $1.6 million for attorney's fees, pre and post judgment interest and punitive and consequential damages. In addition, the defendants Richards and Cohyco have also been sued because of acts of fraud and breach of fiduciary duty committed by Richards in his capacity as director of the Plaintiff, done on behalf of and aided and abetted by the other defendants. "F" Street is now in a Chapter Elelven Bankruptcy proceeding, in which the Plaintiff is filing a motion to lift or modify the 22 U.S.C. 362 (a) stay.

4. Specify the allegation of federal jurisdiction.

   Answer: Diversity of citizenship under 28 U.S.C. § 1332, bankruptcy pursuant to 28 U.S.C. sec. 1334.

5. Name the parties who disagree and the reasons.

   Answer: The Plaintiff disagrees that there is jurisdiction in the bankruptcy over this civil action pursuant to 28 U.S.C. § 1334.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Answer: None anticipated at this time. If a factual basis develops during discovery, Southern Foods, the purchaser of the assets of "F" Street, will be added.

7. List anticipated interventions.

   Answer: None.

8. Describe class-action issues.

   Answer: None.

9. State whether each party represents that it has made the initial disclosures required by Rule

26(a). If not, describe the arrangements that have been made to complete the disclosures.

Answer: The non-bankrupt defendants' Initial Disclosures will be served by the time of the Initial Pre-Trial Conference on June 2, 2000. Plaintiffs filed their Initial Disclosures on May 23, 2000.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all matters raised in Rule 26(f).

   Answer: The parties are in agreement that, once the issues of automatic stay and transfer to the bankruptcy court are resolved, that discovery may go forward on all issues, and that no changes should be made in limitation of discovery proposed pursuant to the Federal Rules of Procedure.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   Answer: Plaintiff anticipates serving interrogatories, requests for production, and requests for admission after initial disclosures are exchanged.

   C. When and to whom the defendant anticipates it may send interrogatories.

   Answer: Defendants anticipate serving interrogatories, requests for production, and requests for admission after initial disclosures are exchanged.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   Answer: Plaintiff anticipates deposing Defendants' experts, and any of the persons listed by Defendants as having knowledge of relevant facts, on or before the date designated by the Court for expiration of discovery.

   E. Of whom and by when the defendant anticipates taking oral depositions.

   Answer: Defendants anticipate deposing Plaintiff's experts, and any of the persons listed by Plaintiff as having knowledge of relevant facts, on or before the date designated by the Court for expiration of discovery.

   F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

      Answer:      The Plaintiff will designate experts, provide reports and information pursuant to Rule 26(a) and dates for their experts' depositions on or before the deadline established by this Court's Scheduling Order. The Defendants will designate experts, provide reports and dates for their experts' depositions on or before the deadline established by this Court's Scheduling Order.

  G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

      Answer:      Plaintiff anticipates deposing all experts designated by the Defendants within the deadline established by this Court.

  H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

      Answer:      Defendants anticipate deposing all experts designated by the Defendants within the deadline established by this Court.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Answer:    None.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    Answer:    None.

13.    State the date the planned discovery can reasonably be completed.

    Answer:    March 1, 2001.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Answer:    Counsel for the respective parties agree that prompt settlement and resolution of this case may be possible after initial disclosures and sufficient discovery have been concluded.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

    Answer:    The parties agreed to cooperate in the exchange of information on the claims

for the purposes of completing their evaluations.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   Answer: The parties have agreed to discuss the use of mediation as an alternative dispute resolution technique after sufficient information on the claims is available.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   Answer: Plaintiff and non-bankrupt defendants do not consent to trial before a U.S. Magistrate Judge.

18. State whether a jury demand has been made and if it was made on time.

   Answer: Yes.

19. Specify the number of hours it will take to present the evidence in this case.

   Answer: 65.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   Answer: *Ex Parte* Motion for Order Confirming Automatic Reference to Bankruptcy Court; and Opposition to *Ex Parte* Motion for Order Confirming Automatic Reference to Bankruptcy Court and Alternative Motion to Withdraw any Referral to the Bankruptcy Court.

21. List other motions pending.

   Answer: None. A motion to lift stay will be filed in the bankruptcy court.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   Answer: None, other than those mentioned herein.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

      Answer:      Plaintiffs filed Disclosure of Interested Parties on March 30, 2000. Defendants Cohyco and Richards filed their Disclosure of Interested Parties on May 23, 2000.

24.    List the names, bar numbers, addresses and telephone numbers of all counsel.

      Answer:      Lee Hamel
SBN: 08818000
Fed. ID: 2872
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:  (713) 659-2000
Fax:  (713) 659-3809

OF COUNSEL:
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:  (713) 650-1004
Fax:  (713) 659-3809

*Counsel for Plaintiff*

Christopher Lowrance
SBN: 00784502
Royston, Rayzor, Vickery & Williams, L.L.P.
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 (fax)

C. Scott Kinzel
SBN: 00785499
Royston, Rayzor, Vickery & Williams, L.L.P.
2200 Chase Tower
600 Travis Street
Houston, Texas 77002-2913
(713) 224-8380
(713) 225-9945 (fax)

*Counsel for Cohyco, Inc. and H. Lee Richards*

Harlin C. Womble, Jr.
SBN: 21880300
Fed. ID: 8959
Nathaniel Peter Holzer
SBN: 00793971
Fed. ID: 21503
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
(361) 884-5678
(361) 888-5555 (fax)

Paul Lee Wiley
SBN: 21471000
Fed ID: 1502
621 East Tyler
P.O. Box 2764
Harlingen, Texas 78551-2764
(956) 425-1818
(956) 425-2849 (fax)

*Counsel for F Street Investments*

_____          5/23/00
Lee Hamel  *By Permission*           Date
Counsel for Plaintiff Quality Chekd Dairies, Inc.


_____          5/23/00
Christopher Lowrance *by Permiss*    Date
Counsel for Defendants Cohyco, Inc. and
H. Lee Richards

-7-