IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHECKD DAIRIES, INC., | § | |
| | § | |
| Plaintiff | § | |
| vs. | § | B-02- 040 |
| | § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, | § | |
| d/b/a SOUTHWEST ICE CREAM | § | |
| SPECIALTIES (f/k/a HYGEIA DAIRY | § | |
| COMPANY), and H. LEE RICHARDS | § | |
| Defendants | § | |

*(Filed stamp: UNITED STATES COURTS, SOUTHERN DISTRICT OF TEXAS, FILED MAY 26 2000, MICHAEL N. MILBY, CLERK OF COURT)*

## ANSWER OF F STREET INVESTMENTS, INC., TO THE PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, F Street Investments, Inc., a Texas Corporation, f/k/a/ Hygeia Dairy Company ("F Street"), debtor and debtor-in-possession in bankruptcy case No. 00-20953-B-11, currently pending in the Brownsville Division of the Southern District of Texas, and, subject to its Suggestion of Bankruptcy, Notice to Parties of Automatic Reference of Civil Action to the Bankruptcy Court, and *Ex Parte* Motion For Order Confirming Automatic Reference To Bankruptcy Court, and, pursuant to 11 U.S.C. §108(b)(2), timely files this its Answer to the Plaintiff's Original Complaint, showing as follows:

I.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph I of the Plaintiff's Original Complaint and therefore denies those allegations.

## II.

Defendant admits that Cohyco, Inc. ("Cohyco"), is a corporation organized under the laws of the State of Texas, and that it maintains its principal offices in Harlingen, Texas. Defendant denies the remaining allegations contained in Paragraph II of the Plaintiff's Original Complaint.

## III.

Defendant admits that it is a corporation organized under the laws of the State of Texas, that it maintains its principal offices in Harlingen, Texas, and that prior to November 30, 1999, it did business in various locations in the state of Texas in the dairy industry. Defendant denies the allegations contained in Paragraph III of the Plaintiff's Original Complaint.

## IV.

Defendant admits that H. Lee Richards is a citizen and resident of the State of Texas who resides and maintains an office in Harlingen, Texas. This Defendant denies the remaining allegations contained in Paragraph IV of the Plaintiff's Original Complaint.

## V.

Defendant admits that as of March 27, 2000, this is an action within the Court's subject matter jurisdiction under 28 U.S.C. 1334(b). This Defendant denies the remaining allegations contained in Paragraph V of the Plaintiff's Original Complaint.

## VI.

This Defendant denies the allegations contained in Paragraph VI of the Plaintiff's Original Complaint with the exception of the existence of a pre-petition debt owed by this Defendant to the Plaintiff for goods obtained on account in the amount of $1,570,336.25.

## VII.

This Defendant denies the allegations contained in Paragraph VII of the Plaintiff's Original Complaint.

## VIII.

This Defendant denies the allegations contained in Paragraph VIII of the Plaintiff's Original Complaint.

## IX.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph IX of the Plaintiff's Original Complaint and therefore denies those allegations.

## X.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph X of the Plaintiff's Original Complaint and therefore denies those allegations.

## XI.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph XI of the Plaintiff's Original Complaint and therefore denies those allegations.

## XII.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph XII of the Plaintiff's Original Complaint and therefore denies those allegations.

## XIII.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph XIII of the Plaintiff's Original Complaint and therefore denies those allegations.

## XIV.

This Defendant denies the allegations contained in Paragraph XIV of the Plaintiff's Original Complaint.

## XV.

This Defendant denies the allegations contained in Paragraph XV of the Plaintiff's Original Complaint.

## XVI.

This Defendant denies the allegations contained in Paragraph XVI of the Plaintiff's Original Complaint.

## XVII.

This Defendant denies the allegations contained in Paragraph XVII of the Plaintiff's Original Complaint.

## XVIII.

This Defendant denies the allegations contained in Paragraph XVIII of the Plaintiff's Original Complaint.

## XIX.

This Defendant denies the allegations contained in Paragraph XIX of the Plaintiff's Original Complaint.

## XX.

This Defendant denies the allegations contained in Paragraph XX of the Plaintiff's Original Complaint.

## XXI.

This Defendant denies the allegations contained in Paragraph XXI of the Plaintiff's Original Complaint.

## XXII.

This Defendant admits that it sold substantially all of its operations to Southern Foods, Inc., on or about November 30, 1999, and denies the remaining allegations contained in Paragraph XXII of the Plaintiff's Original Complaint.

### XXIII.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of Paragraph XXIII of the Plaintiff's Original Complaint and therefore denies those allegations. This Defendant admits the remaining allegations contained in Paragraph XXIII of the Plaintiff's Original Complaint.

### XXIV.

This Defendant denies the allegations contained in Paragraph XXIV of the Plaintiff's Original Complaint.

### XXV.

This Defendant denies the allegations contained in Paragraph XXV of the Plaintiff's Original Complaint.

### XXVI.

This Defendant denies the allegations contained in Paragraph XXVI of the Plaintiff's Original Complaint.

### XXVII.

This Defendant denies the allegations contained in Paragraph XXVII of the Plaintiff's Original Complaint.

### XXVIII.

This Defendant denies the allegations contained in Paragraph XXVIII of the Plaintiff's Original Complaint.

### XXIX.

This Defendant denies the allegations contained in Paragraph XXIX of the Plaintiff's Original Complaint.

### XXX.

This Defendant denies the allegations contained in Paragraph XXX of the Plaintiff's Original Complaint.

### XXXI.

This Defendant denies the allegations contained in Paragraph XXXI of the Plaintiff's Original Complaint.

### XXXII.

This Defendant denies the allegations contained in Paragraph XXXII of the Plaintiff's Original Complaint.

### XXXIII.

This Defendant denies the allegations contained in Paragraph XXXIII of the Plaintiff's Original Complaint.

### XXXIV.

This Defendant denies the allegations contained in Paragraph XXXIV of the Plaintiff's Original Complaint.

### XXXV.

This Defendant denies the allegations contained in Paragraph XXXV of the Plaintiff's Original Complaint.

### XXXVI.

This Defendant denies the allegations contained in Paragraph XXXVI of the Plaintiff's Original Complaint.

### XXXVII.

This Defendant denies the allegations contained in Paragraph XXXVII of the Plaintiff's Original Complaint.

### XXXVIII.

This Defendant denies the allegations contained in Paragraph XXXVIII of the Plaintiff's Original Complaint.

### XXXIX.

This Defendant denies the allegations contained in Paragraph XXXIX of the Plaintiff's Original Complaint.

## XXXX.

This Defendant denies the allegations contained in Paragraph XXXX of the Plaintiff's Original Complaint.

## XXXXI.

This Defendant denies the allegations contained in Paragraph XXXXI of the Plaintiff's Original Complaint.

## XXXXII.

This Defendant denies the allegations contained in Paragraph XXXXII of the Plaintiff's Original Complaint.

## XXXXIII.

This Defendant denies the allegations contained in Paragraph XXXXIII of the Plaintiff's Original Complaint.

## **AFFIRMATIVE DEFENSE**

Defendant expressly denies that the "sworn account" referenced in Paragraphs XXVII through XXIX of the Plaintiff's Original Complaint is just, true, and due.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff's Original Complaint be dismissed with costs taxed against the Plaintiff, and that Defendant receive all the relief to which it is entitled, at law or in equity.

Respectfully submitted,

_____
Nathaniel Peter Holzer, Attorney in Charge,
by Christopher Lowrance with permission

State Bar No. 00793971/Admissions No. 21503
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
ATTORNEY FOR DEBTOR/DEFENDANT F STREET INVESTMENTS, INC.

OF COUNSEL:

*Jordan, Hyden, Womble & Culbreth, P.C.*

Harlin C. Womble, Jr.
State Bar No. 21880300/Admissions No. 8959
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555

## CERTIFICATE OF SERVICE

I, Nathaniel Peter Holzer, do hereby certify that a true and correct copy of the foregoing document was served by U.S. First Class Mail on this 26 day of May, 2000 on the following:

Ms. Patricia Constant
One Shoreline Plaza
800 N. Shoreline, Suite 320
Corpus Christi, Texas 78401

Paul Lee Wiley
P. O. Box 2764
Harlingen, Texas 78551

C. Leland Hamel
William L. Bowers, Jr.
Lee Hamel & Associates
1200 Smith Street, Suite 2900
Houston, Texas 77002

Barbara Kurtz
U. S. Trustee's Office
606 N. Carancahua, Suite 1107
Corpus Christi, Texas 78476

U. S. Trustee
515 Rusk, Suite 3516
Houston, Texas 77002

Christopher Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

_____
Nathaniel Peter Holzer, by Christopher Lowrance with permission

DEFENDANT F STREET INVESTMENTS, INC.'S, ORIGINAL ANSWER        page 8