## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

| | |
|---|---|
| **QUALITY CHEKD DAIRIES, INC.,** § | JUN 2 9 2000 |
| § | |
| **Plaintiff,** § | MICHAEL N. MILBY, CLERK OF COURT |
| § | |
| **VS.** § | **CIVIL ACTION NO. H-00-0943** |
| § | |
| **COHYCO, INC., "F" STREET** § | B-02-_040 |
| **INVESTMENTS, d/b/a SOUTHWEST** § | |
| **ICE CREAM SPECIALTIES (f/k/a** § | |
| **HYGEIA DAIRY COMPANY), and** § | |
| **H. LEE RICHARDS,** § | |
| § | |
| **Defendants,** § | |

### DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS'
### MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Cohyco, Inc. and H. Lee Richards, (hereinafter collectively referred to as

"Defendants") and file this their Motion to Transfer Venue as permitted under 28 U.S.C. §1404(a).

### I.
### BACKGROUND FACTS

Plaintiff Quality Chekd Dairies, Inc. ("Quality Chekd") sued Defendants Cohyco, Inc.

("Cohyco") and "F" Street Investments, d/b/a Southwest Ice Cream Specialties (f/k/a Hygeia Dairy

Company) ("Hygeia") to recover approximately $1.6 million allegedly owed to Quality Chekd by

Hygeia for supplies and materials which Hygeia allegedly purchased through Hygeia's membership

in a cooperative organization and purchasing program administered by Quality Chekd. Quality

Chekd also has alleged that Hygeia defrauded Quality Chekd by making false representations

regarding Hygeia's ability to pay its debt to Quality Chekd. Hygeia is a wholly-owned subsidiary

of Cohyco. Quality Chekd has claimed that Cohyco "aided and abetted" Hygeia in its alleged fraud against Quality Chekd. Quality Chekd also sued Defendant H. Lee Richards ("Richards") individually for his alleged participation in the claimed fraud concerning Hygeia's debt to Quality Chekd.

## II.

## VENUE SHOULD BE TRANSFERRED TO BROWNSVILLE BECAUSE THE DEFENDANTS, WITNESSES AND DOCUMENTS ARE IN HARLINGEN

Transfer of this suit from the Houston Division to the Brownsville Division will result in a much greater convenience to the witnesses and parties because none of the parties, witnesses or evidence is located in the Houston Division. Rather, all of the Defendants, the key witnesses, and the vast majority of the relevant documents are located in or near Harlingen, which is within the Brownsville Division. 28 U.S.C. §1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

## III.

## THIS SUIT COULD HAVE BEEN BROUGHT IN BROWNSVILLE

The present matter could have been brought in the Brownsville Division because Defendants Cohyco, Hygeia, and Richards are domiciled in Harlingen, Texas. Specifically, it is undisputed that Defendants Cohyco and Hygeia are corporations organized under the laws of the State of Texas, and both corporations maintain their principal offices in Harlingen, Texas.[1] Likewise, it is undisputed

---

[1]     See Original Complaint attached as Exhibit 1 at pgs.1-2 and fully incorporated
(continued...)

that Defendant Richards is an individual who resides in Harlingen, Texas.[2]  Plaintiff Quality Chekd

was aware of these facts prior to filing suit in Houston, as it included these facts in its Original

Complaint.[3]

## IV.

## PLAINTIFF IS A RESIDENT OF ILLINOIS AND WISCONSIN, NOT HOUSTON

Plaintiff Quality Chekd filed this suit in Houston, but Quality Chekd is not a resident of

Houston or even the State of Texas.  Plaintiff Quality Chekd is a corporation organized under the

laws of Wisconsin with its principal place of business in Illinois.[4]  Therefore, little, if any, deference

is owed to Quality Chekd's choice of forum.  See Robertson v. M/V Cape Hunter, 979 F. Supp.

1105, 1108 (S.D. Tex. 1997)

## V.

## DEFENDANTS AND WITNESSES RESIDE IN THE BROWNSVILLE DIVISION

Venue is inconvenient for Defendants in the Houston Division and more convenient in the

Brownsville Division because all of the Defendants, several of the key witnesses, and virtually all

of the documents needed to disprove Plaintiff's allegations reside or are located in the Brownsville

Division. Defendant Richards has resided, for all times relevant to this lawsuit, in Harlingen, Texas,

---

[1](...continued)
   herein.

[2]    See Id. at pg. 2.

[3]    See Id. at pgs. 1-2.

[4]    See Id. at pg. 1.

a city within the Brownsville Division.[5]  The corporate offices of Defendants Cohyco and Hygeia,

for all times relevant to this lawsuit, have been located in Harlingen, Texas.[6]  As Plaintiff Quality

Chekd has alleged causes of action for fraud and breach of fiduciary duty that were claimed to have

occurred within the corporate management of Cohyco and Hygeia, many material witnesses needed

to disprove Plaintiff's allegations reside in the Brownsville Division.[7]

For example, Defendant Richards was a shareholder, officer, and director of Hygeia and

Cohyco at certain times relevant to the allegations made in the Complaint.[8]  In addition, he was a

member of the board of directors of Quality Chekd at times relevant to the allegations in the

Complaint.[9]  Richards will testify about the financial condition of Hygeia over times relevant to this

lawsuit, the status of Cohyco as parent of Hygeia, and the business dealings, including loan

transactions, between Hygeia and Cohyco.[10]  Also, Richards is expected to testify that Cohyco was

not involved in the arms-length business dealings between Hygeia and Quality Chekd, that he did

not intend for Hygeia to default on its debts to Quality Chekd, that any and all statements of present

facts he made to Quality Chekd representatives were true when made, and that he did not participate

---

[5]      See Affidavit of Lee Richards attached as Exhibit 2 and fully incorporated herein.

[6]      See Affidavits of Lee Richards, Merry Richards, and Doug Purl attached as Exhibits 2, 3, and 4, respectively, and fully incorporated herein.

[7]      See Initial Disclosures of Plaintiff Quality Chekd and of Defendants Cohyco and Richards attached as Exhibits 5 and 6, respectively, and fully incorporated herein.

[8]      See affidavit of Richards attached as Exhibit 2 and fully incorporated herein.

[9]      See Id.

[10]     See Id.

as a director of Quality Chekd in any decisions or actions by Quality Chekd to extend credit to Hygeia at any time relevant to the allegations in the Complaint.[11]

Other expected witnesses include Merry K. Richards, a resident of Harlingen, Texas, and Doug Purl, a resident of La Feria, Texas. Both Merry Richards and Doug Purl were shareholders, officers, and directors of Hygeia at times relevant to this lawsuit and, therefore, they are expected to testify about the financial condition of Hygeia over periods relevant to this lawsuit, the status of Cohyco as parent of Hygeia, and the business dealings, including loan transactions, between Hygeia and Cohyco.[12] Both of these witnesses reside in or near the Brownsville Division.[13]

On information and belief, there are no material witnesses that work or reside in the Houston Division. The rest of the potential witnesses and/or individuals who may have knowledge of the business and financial dealings of Quality Chekd, Cohyco, and/or Hygeia reside outside of the state of Texas, as is reflected in the Rule 26 Disclosures of Plaintiff Quality Chekd and Defendants Cohyco and Richards.[14]

---

[11]    See Id.

[12]    See affidavits of Merry Richards and Doug Purl attached as Exhibits 3 and 4, respectively, and fully incorporated herein.

[13]    See Id.

[14]    See Initial Disclosures of Plaintiff Quality Chekd and of Defendants Cohyco and Richards attached as Exhibits 5 and 6, respectively, and fully incorporated herein.

## VI.

## <u>MOST OF THE DOCUMENTS ARE LOCATED IN THE BROWNSVILLE DIVISION</u>

Access to sources of proof needed to disprove Plaintiff's allegations would be substantially more convenient if this case is transferred to the Brownsville Division. All important corporate documents needed to disprove Plaintiff's allegations are located in either the corporate offices of Hygeia or Cohyco, both of which are in Harlingen. These documents include all financial records of Hygeia and Cohyco, all records of the transactions between Hygeia and Quality Chekd made the subject of this lawsuit, all corporate minutes of Hygeia and Cohyco, all contracts and other agreements between Hygeia and Quality Chekd, and all the documents regarding the sale of a substantial portion of Hygeia's assets to Southern Foods, a transaction which Quality Chekd alleges operated as a fraud against it.[15]   The corporate and financial documents which are needed to disprove Plaintiff's allegations are numerous and relatively bulky, would be difficult to transport, and/or would require an unnecessarily inconvenient and sufficient amount of time and expense for copying, organization, and preparation should this case remain in the Houston Division. Moreover, upon information and belief, no documents relevant to this lawsuit are located in the Houston Division.[16]   There are no assets, facilities, records or employees of Hygeia, Cohyco, or Richards that are found or reside in Houston.[17]

---

[15]     See affidavit of Richards attached as Exhibit 2 and fully incorporated herein.

[16]     See <u>Id.</u>

[17]     See <u>Id.</u>

# VII.

## RELATED LITIGATION IS PROCEEDING IN THE BROWNSVILLE DIVISION

Hygeia has filed for bankruptcy protection in the Brownsville Division of the Bankruptcy Court.[18] Plaintiff Quality Chekd has filed a claim in the bankruptcy proceedings, it has made appearances in Bankruptcy Court in the Brownsville Division, and the same attorneys representing Quality Chekd in this suit also represent it in the bankruptcy proceedings.[19] Therefore, Quality Chekd will not be inconvenienced or prejudiced by transfer of this suit to the Brownsville Division, as they are already actively participating in related litigation in that division.

WHEREFORE, PREMISES CONSIDERED, Defendants move the Court to grant its motion and transfer this case from the Houston Division to the Brownsville Division of the Southern District of Texas. Defendants request any further relief, both special and general, at law or in equity, to which they may justly be entitled.

---

[18]    A true and correct copy of Hygeia's Suggestion of Bankruptcy is attached as Exhibit 7 and fully incorporated herein.

[19]    See a true and correct copy of Quality Chekd's Motion to Lift Stay in the Bankruptcy Court attached as Exhibit 8 and fully incorporated herein.

Respectfully submitted,


Christopher Lowrance
Attorney-in-Charge
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile

C. Scott Kinzel
State Bar No. 00785499
2200 Chase Tower
600 Travis Street
Houston, Texas 77002-2913
(713) 224-8380
(713) 225-9945 Facsimile

ATTORNEYS FOR DEFENDANTS COHYCO,
INC. AND H. LEE RICHARDS

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the means indicated to counsel of record on this the 29th day of June, 2000.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Lee Hamel
Law Office of Lee Hamel & Associates
1200 Smith, Suite 2900
Houston, Texas 77002
Attorney in Charge for Quality Chekd Dairies, Inc.

Mr. Nathaniel Peter Holzer
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Attorney in Charge for F Street Investments, Inc.

**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 17 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC. | § | |
| Plaintiff, | § | |
| | § | **H 00 0943** |
| vs. | § | |
| | § | |
| COHYCO , INC., "F" STREET | § | CIVIL ACTION NO. _____ |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | ***JURY DEMANDED*** |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Quality Chekd Dairies Inc. ("Quality Chekd") complains of Cohyco, Inc. ("Cohyco"), "F"

Street Investments, Inc.,  d/b/a Southwest Ice Cream Specialties (f/k/a Hygeia Dairy Company)

("Hygeia"), and H. Lee Richards ("Richards").  For its causes of action Quality Chekd alleges:

### Parties

1.      Quality Chekd is a for profit cooperative corporation organized and existing under

the laws of Wisconsin and maintains its principal place of business at 1733 Park Street, Naperville,

Illinois 60563.

2.      Cohyco is a corporation which is organized under the laws of the state of Texas.  It

maintains its principal offices in Harlingen, Texas, and through its subsidiary Hygeia, did business

in the dairy industry throughout the state and had business establishments or property in Houston,

San Antonio, Harlingen, Brownsville, Corpus Christi, McAllen, Laredo, McKinney, and other parts

of Texas.  Cohyco may be served with summons through its registered agent for service of process,

H. Lee Richards, 700 S. "F" Street, Harlingen, Texas 78550.



3.     Hygeia is a corporation which is organized under the laws of the state of Texas. It maintains its principal offices in Harlingen, Texas, did business throughout the state in the dairy industry and has business establishments or property in Harlingen, Corpus Christi, Houston, McKinney, and other parts of Texas. Hygeia may be served with summons through its registered agent for service of process, H. Lee Richards, 700 S. "F" Street, Harlingen, Texas 78550.

4.     Richards is a citizen and resident of the state of Texas who resides in Harlingen, Texas and maintains an office at 700 S. "F" Street, Harlingen, Texas 78550, where he may be served with summons.

### Jurisdiction and Venue

5.     This Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332 on the basis of diversity of citizenship because Quality Chekd is a corporation formed under the laws of Wisconsin and maintains its principal place of business at 1733 Park Street, Naperville, Illinois 60563, and is thus a corporate citizen of Illinois. Cohyco, Hygeia, and Richards are citizens of the state of Texas within the meaning of § 1332 and this controversy involves an amount in excess of $75,000 exclusive of interest and costs. Venue is proper in this district and in this division of the Court because Hygeia, of which Richards is Chairman of the Board, does business throughout Texas and has places of business or property in the Southern District of Texas, including in Houston, Texas.

### Nature of the Case

6.     This is a civil action to recover approximately $1.6 million dollars, plus interest and attorneys' fees, owed to Quality Chekd by Cohyco and Hygeia for certain supplies and materials which Hygeia purchased pursuant to Hygeia's membership in the Quality Chekd cooperative

2

organization and its participation in Quality Chekd's purchasing program.

7.      Richards is sued personally because of his wrongful conduct as a director of Quality Chekd in connection with the transactions between Hygeia on one hand, and Quality Chekd on the other.  While a director of Quality Chekd, Richards breached his fiduciary duty as a director by failing to reveal and concealing material facts about Cohyco and Hygeia, and acting against the best interests of Quality Chekd, committing acts of fraud, constructive fraud, and misrepresentation.  This conduct, more fully described below, consisted of, at least, failing to disclose the financial condition of Hygeia and Cohyco while at the same time accelerating Hygeia's purchases through Quality Chekd, and not paying for the purchases as agreed while negotiating the sale of Hygeia to Southern Foods Group ("Southern").  As Richards well knew, the sale of Hygeia's assets would take Cohyco and Hygeia out of the dairy business, eliminate their ability to generate revenue, and not leave sufficient assets to pay their debt.  Hygeia's condition and the plans described above were not disclosed to Quality Chekd when Hygeia was creating additional accounts receivable balances with Quality Chekd, and increasing its own asset base.  Since December 1, 1999, Southern operates an entity doing business as the new "Hygeia Dairy"; the entity known as Hygeia Dairy that dealt with Quality Chekd is now named "'F' Street Investments," and Lee Richards is now employed by Southern.

8.      Lee Richards, Cohyco, and Hygeia have essentially done this:  they have bought materials through Quality Chekd over nine months in anticipation of an asset sale  without paying Quality Chekd; they then sold some or all of those materials to Southern as part of an asset sale without paying Quality Chekd; and then they refused to pay Quality Chekd the full amount of the debt.

3

## Facts

9.     Quality Chekd is a corporate, cooperative organization which serves a large segment of the United States' dairy industry and is owned by its respective members during their membership.  At all relevant times, numerous major  dairy companies, in all parts of the United States, including Hygeia, belonged to and supported the Quality Chekd cooperative organization. The members elect Quality Chekd's board of directors, pay certain fees and assessments to Quality Chekd, perform certain other duties, and receive the benefits of membership, including shares of any profits generated.

10.     One of the several services which Quality Chekd furnishes its members is a voluntary purchasing program which arranges for the participating members to purchase materials, equipment, services and supplies needed in their dairy businesses through a high volume purchasing program. The participating members achieve  cost savings part of which is rebated to them in addition to a percentage of any annual profits. The program operates by the members ordering what they need through participating vendors.  The vendors ship directly to the members, but bill Quality Chekd. Quality Chekd pays the vendors and then invoices the respective members for the amount of their orders. The purchasing program agreement requires the participating members to pay Quality Chekd within twenty-one days from the date of Quality Chekd's invoices.  If this is not done, under the purchasing program agreement the unpaid balances are considered "over terms," and by agreement delinquent members are assessed interest on  the amounts not paid within the twenty-one day period. Continued delinquency can lead to suspension or termination of purchasing privileges. The charge continues until the respective "over term" amounts are paid.  This interest is not included in the current invoices, but is accumulated through the year and is deducted from the profits and purchase

4

savings "dividends" distributed to Coop members after the end of each fiscal year.

11.     Quality Chekd is governed by a board of directors which elects a president of the board and employs a paid Managing Director, who in turn manages the day-to-day operations. The Managing Director, the President, and the directors deal with members' account problems and related issues. From time to time, some members of Quality Chekd have had difficulty meeting their financial obligations to Quality Chekd and were given opportunities to extend payments or other relief to enable them to bring the accounts current. To date, it has been many years since any members' account balances have not been ultimately collected.

12.     From January 28, 1981 until December 1, 1992, Richards was a director of Quality Chekd. This included serving as President of the Board from December 1, 1987 until December 1, 1992. After coming off the board for a period as required by Quality Chekd's bylaws, he was re-elected to the board on December 6, 1994, and served until his term expired on December 5, 1999. During all of his board membership with Quality Chekd from 1994 through December 5, 1999, on information and belief, Richards was the Chairman and President of Hygeia, and Chairman of Cohyco.

13.     While serving as a director and officer of the Plaintiff, Richards participated in approving payout programs for delinquent members and was personally familiar with any leniency shown by the Coop to its members. Indeed, Hygeia needed and received this type of assistance during the early- to mid-1990s. In the course of Richards' participation in the management of Quality Chekd's operations, he developed close personal and business relationships with the other directors, executives, and staff.

14.     Since becoming a member of the Quality Chekd, Hygeia participated in the

5

purchasing program and over the years carried an account balance with Quality Chekd. During 1998. The billings were divided between Hygeia Dairy Company, and Hygeia/Southwest Ice Cream Specialities, although the latter name is actually a "d/b/a" for Hygeia Dairy Company. Therefore, although the addressees of the respective invoices were different, all of the bills were to Hygeia. Hygeia's balance averaged approximately $700,000 per month, ranging from approximately $485,000 to $1,100,000. In 1999, Hygeia's account balance averaged about $700,000 per month for the first four months, but rose from approximately $800,000 on March 31 to $1,140,000 on April 30. Its balance "over terms" rose from approximately $300,000 to $413,000 at the same time. This trend continued until early December 1999, and generally reflected increasing purchases through the program, larger accounts payable to Quality Chekd and a continual increase in the total amount of Hygeia's combined accounts which were "over terms." The three largest increases were from March 31 to April 30 ($341,000); May 31 to June 30 ($497,000) and August 31 to September 30 ($556,000). As of December 31, 1999, Hygeia's account with Quality Chekd was a total of approximately $1,801,000 of which approximately $1,625,000 was "over terms." In other words, for the nine months preceding December 1, 1999, Hygeia increased its average balance of debt to Quality Chekd by approximately $1,000,000, all the while knowing that it would sell its assets and attempt to avoid paying its debt to Quality Chekd.

15.     Quality Chekd has been informed and believes, and therefore alleges that Hygeia and its parent Cohyco have had financial difficulties for some time. It now understands that during the Spring of 1999, the Defendants lost the ability to secure bank or other commercial financing for some or all of their operating capital needs, were seeking new banking relationships, were and had been operating at a loss and apparently had other financial problems. This has now been confirmed

6

by financial information by Hygeia in late February, 2000. Copies of parts of its audited financial statements for 1996, 1997 and 1998 were finally furnished in connection with Hygeia attempting to settle with its unsecured creditors for between ten and fifteen cents on the dollar. This financial information reflected mounting losses, an increasing negative net worth and, in the 1998 statements, a liquidity warning from the auditors Deloitte & Touche, L.L.P. Although these problems were well-known to Richards and the other defendants, Richards deliberately concealed this financial information until it was too late, and never disclosed the nature and extent of these problems to Quality Chekd. As its losses mounted, Hygeia continued to increase its purchases and run up its account with Plaintiff. Had the true condition and plans of Hygeia and Cohyco been known to Quality Chekd, these extensions of credit would never have been allowed and earlier action would have been taken. Richards was only able to operate in this manner by using the relationship of trust and confidence that he had built up as an officer and director of Quality Chekd and deliberately violating his fiduciary duties in Quality Chekd.

16.     On December 1, 1999, Southern purchased all of Hygeia's assets and Hygeia and Cohyco closed the dairy business it was in when Hygeia increased its  account receivable balance at Quality Chekd. After Southern purchased Hygeia's assets, an employee of Southern advised Quality Chekd that during the late Spring or early Summer of 1999, Richards had requested Southern to make an offer for Hygeia's assets. This fact was, of course, known to Richards but, again in violation of his fiduciary duties, he never disclosed this information to Plaintiff or any of its officers until late October of 1999, by which time Hygeia's account was almost $1,945,000.

17.     In early Summer of 1999, the senior management of Quality Chekd began attempts to get Hygeia to reduce the total amount of  its account, the increasingly larger proportion of the

7

obligation which was "over terms." Numerous attempts were made to resolve this problem with Richards, who at all times acted and spoke for Hygeia. This resulted in an extended business conference between Richards and Quality Chekd's management on or about June 23, 1999, and an agreement that Hygeia was to make certain scheduled payments in order to bring the total amount owed to specified levels within a given time period, an agreement that the total credit would not exceed $496,296.97, and that the amount of the account "over terms" would be $200,000 or less, on or before July 14, 1999. The agreement is summarized in the copy of Quality Chekd's letter of June 23, 1999, which is attached as Exhibit "A." The parties all understood that failure to meet the payment and reduction obligations summarized in the June 23, 1999 letter would result in Hygeia's suspension or termination from the purchasing program and possible expulsion from membership in Quality Chekd. During these negotiations, Richards kept the true financial condition of Hygeia secret, in violation of his fiduciary duties.

18.     Hygeia's payments on its account did not conform to the agreed schedule and both the total amount of the balance and the amount "over terms" continued to grow. In fact the debt reached a maximum of approximately $2,228,000 by the end of September 1999, with approximately $1,426,000 "over terms." Small reductions, achieved by making payments greater than the amounts purchased, resulted in an account balance of approximately $1,801,000 at the end of December 1999. These payments were made to lull Quality Chekd and to keep its management at bay until its asset sale could be completed. A summary of the account balances and amounts "over terms," is attached as Exhibit "B."

19.     Despite its failure to comply with the June 23, 1999 agreement, Hygeia continued to increase purchases through the program. This resulted in a buildup in Hygeia's inventories of

8

supplies, products and material needed to continue its business. This use of credit from Quality Chekd also enabled Hygeia to pay its milk suppliers (who traditionally were dealt with on essentially a cash basis throughout the industry) and avoid a virtual shut-down of its operations . The result of this mode of operation of Hygeia was to increase its assets during the time that it was negotiating a sale of its assets to Southern.

20.     At all material times during the course of events leading to this civil action, Richards served as a director of Quality Chekd. He also had been an active participant in the management of the Plaintiff and was trusted and respected by the other directors and the management. Richards' long tenure and participation in Quality Chekd's affairs and his position as Director at all relevant times created a legal fiduciary responsibility on Richards to act in the best interests of Quality Chekd, to avoid conduct harmful to Quality Chekd, and to disclose all material information to Quality Chekd bearing on its decisions concerning the extension of credit to Hygeia.

21.     From July 1, 1999 through early November 1999, Richards and Quality Chekd's management continued to discuss the reduction and status of Hygeia's account. On or about October 28, 1999, Doug Purl, a Hygeia employee, told Quality Chekd that a sale of Hygeia's business was pending, would be completed in "the next few days" and that if Quality Chekd cut off credit, that act could result in the sale not being completed. This information was conveyed in response to Quality Chekd's advice, in the face of continued failures by Hygeia to live up to its agreements, that its participation in the purchasing program would be suspended unless the account was brought current. Purl implied that patience would be rewarded upon completion of the sale by payment of the account. Neither Purl nor Richards in any way indicated that less than the full

9

amount due would be paid. Purl did not reveal the terms, structure or status of the sale. Richards insisted that Hygeia was under confidentiality restrictions. He led Quality Chekd's management to believe that the account would be paid when accounts receivable were collected. Based on these representations, Hygeia was allowed to continue in the program and no collection activities were undertaken. In late November 1999, Richards, for the first time, indicated that he did not know if there would be enough money to pay the account in full. Richards stated shortly before December 1, 1999, that no payments would be made to creditors until all of Hygeia's receivables were collected. On January 25, 2000, Hygeia management advised Quality Chekd for the first time that perhaps less than fifty percent of its balance would be paid. Not once during the preceding nine months of Hygeia's build-up of its account at Quality Chekd, or during any discussion regarding payment of the account, did Hygeia or Richards dispute the balance until January 25, 2000 when Hygeia personnel first questioned the balance due. Prior to the sale of its assets, Hygeia never raised any question about the amount of its account or indicated its debt would not be paid in full.

22.    On or about December 1, 1999, Hygeia sold its principal assets to Southern, which notified Quality Chekd of this event by its letter of December 20, 1999, after having announced the purchase of Hygeia in an earlier press release. Although the complete terms of the sale are not known at this time, the December 20, 1999 letter advised that the transaction was a sale of assets and that there was no assumption by Southern of any Hygeia liability incurred before December 1, 1999. County public records, UCC filings with the Secretary of State and statements by Richards and others indicate that a substantial part of Hygeia's assets were encumbered by liens given to secure obligations due other creditors, that some of the real estate and possibly other assets were retained,

10

and some of the liens were released around December 3, 1999.

23.     Quality Chekd has not received any payment on Hygeia's account since December 13, 1999. Quality Chekd declared the entire debt due and has continued to demand payment in full of all amounts due to it by its letter of December 7, 1999, a copy of which is attached as Exhibit "C." Quality Chekd since then has continued to demand payment and defendants have failed and refused to pay.

24.     The invoices from Quality Chekd to Hygeia that were due and unpaid as of January 31, 2000 are described in the attached Exhibit "D." Since that date, after allowing and charging offsets, payments and charges, there is now due and payable by Hygeia to Quality Chekd the total amount of such invoices, plus interest, through March 14, 2000 of $1,602,045.45, plus future interest as allowed by law on current balances and interest at the rate of at least twelve percent per annum on all amounts that are due as detailed by the voluntary purchases program agreement, and other charges due under Hygeia's agreements with Quality Chekd. All of these amounts are just, due and unpaid, and arise from transactions of which systematic and accurate records have been kept. The account is verified and sworn to by Mel W. Rapp, Managing Director of Quality Chekd.

25.     Because of Hygeia's refusal and failure to pay the account described above, it has become necessary for Quality Chekd to retain attorneys to collect such amount and to pay them a reasonable and necessary fee.

26.     The allegations in this paragraph are made on information and belief. At all relevant times, Cohyco owned and controlled Hygeia. It used this control to aid, abet, encourage and cause Hygeia and its officers, directors, agents, and employees to commit the wrongful acts alleged herein.

11

Further, at all relevant times, Richards was Chairman of the Board of Cohyco, and Cohyco had full knowledge of Richards' conduct alleged herein. As owner of Hygeia, Cohyco, knowingly and intentionally benefitted from all of the wrongful conduct alleged herein. Further, the management of Cohyco and Hygeia were substantially the same, and Cohyco through its management controlled Hygeia and structured its relationships with Hygeia to benefit Cohyco at the expense of creditors of Hygeia.

<div align="center">

**First Cause of Action**
**Suit on a Sworn Account**

</div>

27.     The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this Cause of Action for all purposes.

28.     Pursuant to the substantive provisions of TEX. R. CIV. P. 185, under the laws of the state of Texas, this is an action by Quality Chekd against Hygeia and Cohyco on an open account, for the payment for goods, wares, and merchandise, or in the alternative for a liquidated amount of money due under a written contract or other business dealings between Quality Chekd, Hygeia, and Cohyco, as to which a systematic record has been kept. Such account is shown in Exhibit D which reflects all unpaid invoices. The account has been sworn to as being within the knowledge of the Plaintiff as just, true, and due, and Plaintiff has sworn that all lawful offsets, payments, and credits have been allowed against it.

29.     Accordingly, Quality Chekd is entitled to judgment in the amount of $1,602,045.45 plus interest against Hygeia and Cohyco for its costs of court and under the provisions of TEX. CIV. PRAC. & REM. CODE § 37.001, its attorneys' fees, and costs of litigation for which it sues.

**Second Cause of Action**
**Breach of Contract**

30.    The allegations made in the prior paragraphs of this Complaint are incorporated by

reference into this Cause of Action for all purposes.

31.    Under the agreement with respect to Hygeia's participation in the Quality Chekd

purchasing program, and the failure of Hygeia to pay its accounts under the terms of the contract,

Hygeia has breached such contract and has proximately caused damage to Quality Chekd in the

amount of $1,602,045.45 in direct and consequential damages.

32.    Accordingly, Quality Chekd is entitled to judgment in the amount of $1,602,045.45

against Hygeia and Cohyco, for interest allowed by law, its costs of court and under the provisions

of TEX. CIV. PRAC. & REM. CODE § 37.001, its attorneys fees, and costs of litigation for which it

sues.

**Third Cause of Action**
**Breach of Fiduciary Duty By Richards**

33.    The allegations made in the prior paragraphs of this Complaint are incorporated by

reference into this Cause of Action for all purposes.

34.    The service by Richards as a director of Quality Chekd until December 5, 1999,

imposed a fiduciary duty on him with respect to Quality Chekd.  During 1999, before his term

expired, when Hygeia and Cohyco were in financial difficulty, running up their accounts with

Quality Chekd and applying for special financial considerations, Richards had a duty of full

disclosure and an obligation to act only in the best interests Quality Chekd.  Instead of disclosing

Hygeia's precarious financial condition and using his position to assure payment of Hygeia's

13

obligations to Quality Chekd, he deliberately concealed relevant financial information and that he was engaged in negotiations to consummate the sale of Hygeia's assets; he concealed the details of such sale; and he knowingly and intentionally caused and permitted Hygeia to run up its accounts with Quality Chekd. He increased Hygeia's purchases through Quality Chekd's purchasing program, used his relationships and position of trust with Quality Chekd management for the benefit of Hygeia, and otherwise engaged in intentionally wrongful, reckless, grossly negligent, and negligent conduct with respect to his principal, Quality Chekd. Further, on information and belief, Richards served his own interests because he is or was a personal guarantor of other obligations of Hygeia and Cohyco, is a principal stockholder in Hygeia's parent Cohyco, and thus was personally motivated to so act. In all of his wrongful conduct Richards employed, whenever possible, the relationships of trust and confidence that he had developed over the years with the management and personnel of Quality Chekd.

35.     Richards' breach of his director's fiduciary duty to Quality Chekd as alleged in the preceding paragraphs had a direct and causal relationship to the increasing purchases of Hygeia and the continued extension of credit to Hygeia by Quality Chekd, and has proximately caused damage to Quality Chekd in an amount of at least $1,602,045.45 for which Plaintiff sues. Further, Richards engaged in such breach of his fiduciary knowingly, wilfully or in the alternative in reckless disregard or with gross negligence as to Quality Chekd. Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting. Accordingly, Quality Chekd also sues for punitive or exemplary damages.

36.     Cohyco, Hygeia, and Richards are all liable for the damages claimed under this cause

14

of action because Richards' wrongful conduct was committed in the course and scope of his employment with Hygeia and Cohyco, was done on Cohyco and Hygeia's behalf, and Cohyco has aided, abetted, encouraged and counseled the wrongful conduct alleged. Cohyco and Hygeia have accepted and have retained benefits from such wrongful conduct.

### Fourth Cause of Action
### Fraud or in the Alternative Constructive Fraud

37.     The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this Cause of Action for all purposes.

38.     Richards' conduct including but not limited to, withholding information about Hygeia's financial condition, the existence and terms of the sale of Hygeia's assets, the fact that there would not be sufficient funds to pay Hygeia's obligations to Quality Chekd and other material information while at the same time running up Hygeia's accounts with Quality Chekd to improve the asset base of Hygeia and Cohyco; obtaining financing through Quality Chekd for Hygeia's operations; and making repeated false representations with respect to the payment of the account constituted fraud. Because of the close and inside relationship that Richards had with Quality Chekd and its management, this fraudulent conduct was reasonably relied on the Quality Chekd and proximately caused damage to Quality Chekd in the amount of at least $1,602,045.45 for which Quality Chekd sues. Further, Richards engaged in such fraudulent conduct knowingly, wilfully or in the alternative in reckless disregard or with gross negligence as to Quality Chekd. Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting. Accordingly, Quality Chekd also sues for punitive or exemplary

15

damages

39.     In the alternative, Richards' conduct is a constructive fraud because the relationships between Richards and the management of Quality Chekd was one of trust and confidence, including without limitation, one of a fiduciary nature which under all the circumstances of this case, gave rise to a duty of disclosure and a duty to refrain from the wrongful conduct alleged above.  Such constructive fraud has proximately caused damage to Quality Chekd in an amount of at least $1,602,045.45 for which Plaintiff sues.  Further, Richards engaged in such breach of his fiduciary duty knowingly, wilfully or in the alternative in reckless disregard or with gross negligence as to Quality Chekd. Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting.  Accordingly, Quality Chekd also sues for punitive or exemplary damages.

40.     Cohyco, Hygeia, and Richards are all liable for the damages and punitive damages claimed under this cause of action because Richards' wrongful conduct was engaged in the course and scope of his employment with Hygeia and Cohyco, was done on Cohyco and Hygeia's behalf, Cohyco and Hygeia accepted and have retained benefits from such wrongful conduct and Cohyco has aided, abetted, encouraged and counseled the wrongful conduct alleged.

### Fifth Cause of Action
### Application for an Accounting and
### Imposition of a Constructive Trust or an Equitable Lien

41.     The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this Cause of Action for all purposes.

42.     The conduct of Richards in increasing the assets of Hygeia through his breach of

16

fiduciary duty, fraud or constructive fraud has, in the good faith belief of Plaintiff, caused Hygeia and Cohyco to acquire certain assets which they either currently possesses or have sold for a valuable consideration and which in turn, they either have in their possession, or have distributed to its shareholders or paid to other creditors. Because of Richards' failure to disclose information which his position as a director of Quality Chekd obligated him to divulge, Plaintiff cannot allege the amount and nature of such assets or proceeds. Under the laws of the state of Texas and the practices of equity, Quality Chekd is entitled to have a complete accounting for all assets and or their proceeds which Hygeia acquired through Richards' breach of fiduciary duty, fraud or constructive fraud. Such assets include, without limitation, all of the material, supplies, equipment or other things acquired through the Quality Chekd purchasing program and to the extent that such assets have been sold, the proceeds or such assets as have been substituted for them, for which relief Quality Chekd sues.

43.     Under the laws of the state of Texas, Quality Chekd is entitled to have a constructive trust imposed on such assets as Richards, Hygeia or Cohyco acquired through Richards' breach of fiduciary duty, fraud or constructive fraud or the proceeds or assets substituted for such wrongfully acquired assets. In the alternative, Quality Chekd is entitled to the imposition of an equitable lien on all such assets, for which relief Quality Chekd sues.

WHEREFORE, Quality Chekd prays that summons be issued according to the law and that on final hearing hereof, Quality Chekd be awarded actual and punitive damages against Richards, Hygeia, and Cohyco as shown by the evidence; that Richards, Hygeia, and Cohyco be ordered to make an accounting of these wrongfully acquired assets; and that a constructive trust or equitable

17

lien be imposed on all such assets, attorneys' fees, and such other general or special relief in law or

equity to which Quality Chekd may be entitled.   Quality Chekd demands a trial by jury.

Respectfully submitted,

Lee Hamel
SBN:  08818000
Fed. ID: 2872
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 659-2000
Fax:    (713) 659-3809
ATTORNEY FOR COMPLAINANT
QUALITY CHEKD DAIRIES, INC.

OF COUNSEL:
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 650-1004
Fax:    (713) 659-3809

18

STATE OF ILLINOIS § 
§ 
COUNTY OF COOK §

## AFFIDAVIT OF MEL W. RAPP

BEFORE ME, the undersigned authority personally appeared Mel W. Rapp, who, first being duly sworn, did depose and swear on oath:

I am employed by Quality Chekd Dairies, Inc. as its Managing Director and am authorized to make this affidavit. I have read the foregoing Complaint and the facts set out therein are within my personal knowledge and they are true and correct to the best of my knowledge and belief; and, with respect to the account of Hygeia Dairy Company, such facts are true and correct:

1. I have the care, custody and control of the records of the account of Hygeia Dairy Company.

2. These records show the total principal balance payable by Hygeia Dairy Company to Quality Chekd Dairies, Inc. which, with interest, is $1,602,045.45 as of March 14, 2000.

3. Hygeia Dairy Company's account, marked Exhibit "D" and attached to the Complaint, is within my personal knowledge just and true. The true amount of the account is due Quality Chekd Dairies, Inc. from Hygeia Dairy Company and all just and lawful offsets, payments and credits have been allowed.

4. Demand for payment of the just amount owing by Hygeia Dairy Company to Quality Chekd Dairies, Inc. has been made more than thirty days prior hereto and payment for the just amount owing has not been tendered.

Further, Affiant sayeth naught.

_____
MEL W. RAPP

SIGNED AND SWORN TO before me on _March 14_____, 2000.

Raymond Bikulcius
Notary Public, State of Illinois
No. 364920
Commission Expires Sept. 10, 2001
_____
Notary Public for the State of Illinois

Raymond Bikulcius

SENT VIA FAX

June 23, 1999

Mr. Lee Richards
Hygeia Dairy Company
720 South "F" Street
P. O. Box 751
Harlingen, TX 78550

Dear Lee:

First, let me thank you for your cooperation in helping provide an arrangement whereby we can work together in reducing Hygeia's overdue balances to Quality Chekd.

Today, you and I discussed the following and agreed to such subject to approvals of Quality Chekd's president and treasurer, who have done so.

The balances due shown on our books as of June 23, 1999, were as follows:

| The amount due over Quality Chekd's 21-day terms: | | Total Owed: |
|---|---|---|
| Harlingen | $ 16,722.61 | $107,892.57 |
| Corpus Christi | 374,409.48 | 419,729.96 |
| Southwest Ice Cream Specialties | 280,763.98 | 968,674.44 |
| Total | $671,896.07 | $1,496,296.97 |

With the last payment posted (received) on June 14, the overall balances are as show above.

Lee, you and I have agreed on the following as a basis to avoid suspension of Hygeia's access to the Quality Chekd purchasing program:

1.  By July 14 you expect to have the amount over 21-days to not more than $200,000.
2.  The amount over 21-days will rise to not more than $460,000 as of July 21-23.
3.  From July 23 it is your intention to work the over 21-day balance down to under $200,000 by mid-August.

**EXHIBIT "A**

4.  The Oak Brook B    can receive, and you are planning to s   , all checks by U. S. Mail second-day delivery to avoid delays in the mail system.

5.  It is your expectation of having new banking relations established within 90 days, at which time the Quality Chekd balance will be current.

These conditions were approved by Quality Chekd's president and treasurer with the caveat that the total due from the three locations mentioned above would not exceed the total now due of $1,496,296.97.

It is our desire and intention to work through this matter with you, but should Hygeia or Southwest Ice Cream Specialties be unable to comply with the above, it will be necessary to promptly reinstate the steps outlined in our letter of June 15, 1999.

Yours truly,

Mel Rapp

/nmd

## HYGEIA DAIRY COMPANY
### Harlingen, Texas

| Date | Purchasing Current | Over 21 | Over 60 | Over 90 | Sub-total | Regular Current | Over 21 | Over 60 | Over 90 | Sub-total | Dues & Fees Current | Over 21 | Over 60 | Over 90 | Sub-total | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/31/97 | 193,433.42 | 25,534.46 | | | 218,967.88 | 566.63 | | 1,250.00 | | 1,885.63 | | | | 9,111.00 | 9,111.00 | 229,964.51 |
| 2/28/97 | 302,859.03 | 52,650.83 | | | 355,509.98 | 1,200.00 | | | | 1,200.00 | | | | 9,111.00 | 9,111.00 | 356,709.86 |
| 3/31/97 | 336,215.46 | 486.35 | 906.63 | | 337,608.44 | 2,700.00 | 1,380.00 | | | 2,700.00 | | | | 9,111.00 | 9,111.00 | 340,308.44 |
| 4/30/97 | 408,189.51 | 21,724.63 | | | 427,914.14 | 593.97 | 1,380.00 | | 1,380.00 | 1,973.97 | | | 9,111.00 | 9,111.00 | 9,111.00 | 438,999.11 |
| 5/31/97 | 231,930.24 | 113,276.39 | | | 345,206.63 | | | | 1,380.00 | 1,380.00 | | | | 9,111.00 | 9,111.00 | 355,697.63 |
| 6/30/97 | 196,446.22 | 124.74 | 5,023.75 | 30,092.12 | 201,594.71 | 682.78 | 1,380.00 | 1,380.00 | 1,360.00 | 1,044.76 | | | | 0.00 | 0.00 | 203,637.47 |
| 7/31/97 | 183,089.30 | 25,705.49 | | | 238,886.91 | 514.26 | | 1,360.00 | 1,380.00 | 1,894.28 | 9,111.00 | | | 9,111.00 | 9,111.00 | 248,892.17 |
| 8/31/97 | 322,149.75 | 16,783.85 | | | 338,933.00 | 600.00 | | 1,380.00 | 1,380.00 | 1,980.00 | 9,111.00 | | | 9,111.00 | 9,111.00 | 350,024.60 |
| 9/30/97 | 351,899.40 | 43,668.86 | | | 395,568.26 | 4,057.48 | | 1,380.00 | 1,380.00 | 5,437.48 | 9,111.00 | | | 9,111.00 | 9,111.00 | 410,116.74 |
| 10/31/97 | 299,728.24 | 4,137.96 | | | 303,866.20 | 1,055.76 | | | | 1,055.76 | 7,542.81 | | | 7,542.81 | 7,542.81 | 312,464.77 |
| 11/30/97 | 282,042.72 | 8,010.86 | 1,297.00 | 289,350.58 | 289,350.58 | 6,296.73 | | | 6,296.73 | 6,296.73 | 7,535.00 | | | 7,535.00 | 7,535.00 | 303,182.31 |
| 12/31/97 | 292,987.79 | 19,215.49 | | 313,358.28 | 313,358.28 | 813.50 | | | 813.50 | 813.50 | 7,535.00 | | | 7,535.00 | 7,535.00 | 321,706.29 |
| 1/31/98 | 297,244.14 | 8,527.49 | 712.16 | 1,155.00 | 307,628.79 | | 33.50 | | 33.50 | 33.50 | 7,535.00 | | | 7,535.00 | 7,535.00 | 315,207.29 |
| 2/28/98 | 289,458.02 | 55,027.81 | | 1,155.00 | 324,485.83 | 1,200.00 | | | 1,200.00 | 1,200.00 | 7,535.00 | | | 7,535.00 | 7,535.00 | 333,220.60 |
| 3/31/98 | 352,295.74 | 120.88 | -1,330.20 | 351,066.42 | 351,066.42 | 750.00 | | | 750.00 | 750.00 | 0.00 | | | 0.00 | 0.00 | 351,636.42 |
| 4/30/98 | 407,659.24 | 8,571.49 | | 416,230.73 | 416,230.73 | 2,842.00 | | | 2,842.00 | 2,842.00 | 7,535.00 | | | 7,535.00 | 7,535.00 | 426,607.73 |
| 5/31/98 | 309,288.99 | 12,370.43 | 899.05 | 322,558.47 | 322,558.47 | | | | | | 8,785.00 | | | 7,535.00 | 7,535.00 | 331,343.47 |
| 6/30/98 | 165,446.19 | -1,975.40 | | 162,061.19 | 162,061.19 | | | | | | 0.00 | | | 0.00 | 0.00 | 162,061.19 |
| 7/31/98 | 173,776.71 | 3,934.66 | -2,308.65 | 177,360.62 | 177,360.62 | 252.50 | | | 252.50 | 252.50 | 7,535.00 | | | 7,535.00 | 7,535.00 | 177,613.12 |
| 8/31/98 | 314,675.74 | 17,351.70 | 2,560.36 | -350.95 | 334,238.35 | | 252.50 | 252.50 | | 252.50 | 7,535.00 | | | 7,535.00 | 7,535.00 | 342,024.35 |
| 9/30/98 | 361,053.44 | 17,534.81 | -16.00 | 1,310.38 | 379,852.63 | 920.38 | | 252.50 | | 1,172.88 | 7,482.76 | | | 7,482.76 | 7,482.76 | 388,860.51 |
| 10/31/98 | 222,150.89 | -2,257.80 | -27.00 | 1,428.16 | 221,294.25 | 1,325.16 | | 252.50 | | 1,577.66 | 7,483.00 | | | 7,483.00 | 7,483.00 | 230,354.67 |
| 11/30/98 | 222,737.97 | 36,479.55 | -2,073.17 | 1,444.16 | 496,588.51 | 5,803.78 | | 252.50 | | 6,056.28 | 7,483.00 | | | 7,483.00 | 7,483.00 | 504,324.01 |
| 12/31/98 | 221,072.17 | 468.74 | | -1,189.00 | 278,023.69 | 1,018.16 | | 252.50 | | 1,268.66 | 7,483.00 | | | 7,483.00 | 7,483.00 | 291,582.97 |
| 1/31/99 | 340,158.96 | 18,612.88 | 42,201.82 | -1,111.95 | 399,861.70 | | | 252.50 | | 274.15 | | | | 7,483.00 | 7,483.00 | 408,613.36 |
| 2/28/99 | 294,586.69 | 64,956.18 | 238.31 | -1,111.95 | 358,669.23 | | 21.65 | 252.50 | | 274.15 | 14,966.00 | | | 14,966.00 | 14,966.00 | 373,909.33 |
| 3/31/99 | 311,587.38 | 12,373.67 | -330.75 | 336,506.62 | 336,506.62 | | | 252.50 | | 252.50 | 14,966.00 | 7,483.00 | | 14,966.00 | 14,966.00 | 351,725.32 |
| 4/30/99 | 318,769.53 | 164,782.26 | -50.78 | 12,543.77 | 496,073.88 | 2,041.00 | | 252.50 | | 2,293.50 | 7,483.00 | 7,483.00 | 7,483.00 | 14,966.00 | 14,966.00 | 513,333.36 |
| 5/31/99 | 317,547.09 | 196,186.87 | | 6,073.74 | 519,807.70 | | 375.00 | 252.50 | | 627.50 | 7,483.00 | | 7,483.00 | 14,966.00 | 14,966.00 | 535,029.20 |
| 6/30/98 | 132,091.56 | 238,593.83 | 57,892.19 | 4,532.57 | 433,110.18 | 123.56 | | 252.50 | | 376.06 | 7,483.00 | | 7,483.00 | 14,966.00 | 14,966.00 | 448,703.62 |
| 7/31/98 | 148,508.70 | 116,808.71 | -538.85 | 7,528.18 | 270,306.74 | | 123.56 | 252.50 | | 376.06 | 7,483.00 | | 7,483.00 | 14,966.00 | 14,966.00 | 285,643.60 |
| 8/31/99 | 149,455.72 | 184,374.58 | 1,680.42 | 6,989.33 | 342,500.05 | 1,250.00 | | 123.56 | | 1,373.56 | 22,449.00 | | 7,483.00 | 14,966.00 | 22,449.00 | 363,030.51 |
| 9/30/99 | 149,249.82 | 271,787.95 | 97,222.41 | 8,720.53 | 700,980.71 | | | | | | 14,966.00 | | | 14,966.00 | 14,966.00 | 717,320.27 |
| 10/31/99 | 151,182.85 | 417,087.60 | 16,681.44 | 670,319.44 | 670,319.44 | 1,250.00 | 1,250.00 | 252.50 | | 1,360.00 | 7,475.36 | | 14,958.36 | 14,958.36 | 14,958.36 | 686,527.80 |
| 11/30/99 | 157,512.01 | 196,914.02 | 332,923.91 | 22,262.39 | 709,612.33 | 134.50 | 134.50 | 252.50 | | 1,384.50 | | | 14,947.35 | 14,947.35 | 14,947.35 | 725,944.19 |
| 12/3/99 | 83,033.02 | 221,698.20 | 85,467.35 | 297,154.91 | 748,086.73 | 134.50 | 1,250.00 | 1,250.00 | | 1,384.50 | | 7,472.00 | 7,475.36 | 14,947.35 | 14,947.35 | 764,420.59 |

EXHIBIT "B"

## McKinney, Texas

| | Purchasing | | | | | Regular | | | | | Dues & Fees | | | | | Total | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Current | Over 21 | Over 60 | Over 90 | Sub-total | Current | Over 21 | Over 60 | Over 90 | Sub-total | Current | Over 21 | Over 60 | Over 90 | Sub-total | | |
| | 266,092.70 | -67.30 | | | 266,025.40 | | | | | 0.00 | 1,428.00 | | | | 1,428.00 | 267,453.40 | 497,417.91 |
| | 324,990.02 | 1,526.87 | | | 326,516.89 | | | | | 0.00 | | | | | 0.00 | 326,516.89 | 683,226.75 |
| | 404,264.23 | 2,320.00 | | | 406,584.23 | | | | | 0.00 | | | | | 0.00 | 406,584.23 | 746,892.67 |
| | 330,853.43 | 175.00 | | | 331,033.43 | | | | | 0.00 | 1,428.00 | | | | 1,428.00 | 332,461.43 | 771,460.54 |
| | 311,887.78 | 184,839.25 | | | 496,727.03 | | | | | 0.00 | 1,428.00 | | | | 1,428.00 | 498,155.03 | 853,852.66 |
| | 532,943.11 | 34,633.39 | | | 567,776.50 | | | | | 0.00 | | | | | 0.00 | 567,776.50 | 771,413.97 |
| | 347,971.11 | 38,874.71 | -1,574.08 | | 385,271.74 | 750.00 | | | | 750.00 | | | 1,428.00 | | 1,428.00 | 387,449.74 | 637,341.91 |
| | 376,799.90 | 99,356.35 | | | 476,156.25 | 600.00 | | | | 600.00 | | | 1,428.00 | | 1,428.00 | 478,184.25 | 828,208.85 |
| | 275,161.28 | 68,125.73 | | 6,071.06 | 350,358.07 | 675.00 | | | | 675.00 | | | 1,428.00 | | 1,428.00 | 352,461.07 | 762,577.81 |
| | 230,049.91 | 1,927.98 | | 6,071.06 | 238,048.95 | | | | | 0.00 | | | | | 0.00 | 238,048.95 | 550,513.72 |
| | 219,289.50 | 31,161.26 | | 6,071.06 | 256,521.82 | | | | | 0.00 | | | | | 0.00 | 256,521.82 | 559,704.13 |
| | 157,037.57 | 15,368.74 | | | 172,406.31 | | | | | 0.00 | | | | | 0.00 | 172,406.31 | 494,113.09 |
| | 279,391.72 | 30,980.53 | | | 310,372.25 | | | | | 0.00 | | | | | 0.00 | 310,372.25 | 625,579.54 |
| | 307,876.82 | 53,308.82 | | | 361,185.64 | | | | | 0.00 | | | | | 0.00 | 361,185.64 | 694,406.47 |
| | 323,231.13 | | | | 323,231.13 | | | | | 0.00 | | | | | 0.00 | 323,231.13 | 675,067.55 |
| | 323,067.46 | 16,039.28 | | | 339,106.74 | | | | | 0.00 | | | | | 0.00 | 339,106.74 | 765,714.47 |
| | 279,500.23 | 57,142.22 | | | 336,642.45 | | | | | 0.00 | | | | | 0.00 | 336,642.45 | 667,965.92 |
| | 869,689.12 | 1,448.92 | | | 871,138.04 | | | | | 0.00 | | | | | 0.00 | 871,138.04 | 1,033,199.23 |
| | 924,908.48 | 325.20 | | | 925,233.68 | | | | | 0.00 | | | | | 0.00 | 925,233.68 | 1,102,546.80 |
| | 264,323.15 | 14,833.09 | 111.85 | | 279,268.09 | | | | | 0.00 | | | | | 0.00 | 279,268.09 | 621,292.44 |
| | 170,507.62 | -13,792.56 | | | 156,715.06 | 375.00 | | | | 375.00 | | | | | 0.00 | 157,090.06 | 545,650.57 |
| | 230,927.38 | 37,188.67 | -13,792.56 | | 254,323.49 | | | | | 0.00 | | | | | 0.00 | 254,323.49 | 484,678.16 |
| | 287,846.33 | 23,455.48 | 420.04 | | 311,721.85 | | | | | 0.00 | | | | | 0.00 | 311,721.85 | 810,445.86 |
| | 135,827.85 | 37,438.90 | 885.04 | | 174,151.79 | | | | | 0.00 | | | | | 0.00 | 174,151.79 | 455,714.76 |
| | 225,118.81 | 108,049.64 | 3,300.00 | 885.04 | 337,353.49 | | | | | 0.00 | | | | | 0.00 | 337,353.49 | 745,986.85 |
| | 259,061.94 | 94,391.45 | | 3,765.00 | 397,218.39 | | | | | 0.00 | | | | | 0.00 | 397,218.39 | 771,127.77 |
| | 376,010.76 | 71,290.49 | 459.58 | | 447,760.83 | | | | | 0.00 | | | | | 0.00 | 447,760.83 | 793,486.15 |
| | 425,677.01 | 221,082.81 | | | 626,739.82 | 375.00 | | | | 375.00 | | | | | 0.00 | 627,114.82 | 1,140,443.20 |
| | 358,097.65 | 325,547.84 | 975.00 | | 684,810.49 | 350.02 | 175.00 | | | 525.02 | | | | | 0.00 | 685,335.51 | 1,220,391.71 |
| | 673,886.66 | 386,903.56 | 5,708.18 | 5,260.58 | 1,296,303.44 | 1,100.02 | 500.00 | | | 1,600.02 | | | | | 0.00 | 1,297,903.46 | 1,716,607.14 |
| | 556,178.87 | 807,673.40 | 30,733.46 | 5,260.38 | 1,061,112.55 | 125.00 | | 375.00 | | 500.00 | | | | | 0.00 | 1,389,612.65 | 1,665,251.45 |
| | 473,573.24 | 797,464.28 | 207,023.71 | 26,395.72 | 1,307,031.56 | 125.00 | | 375.00 | | 500.00 | | | | | 0.00 | 1,307,531.56 | 1,872,656.67 |
| | 477,338.63 | 801,214.34 | 653,454.06 | 31,432.22 | 1,510,972.42 | | | 375.00 | | 375.00 | | | | | 0.00 | 1,511,347.42 | 2,226,667.69 |
| | 282,039.22 | 653,454.06 | 280,358.57 | 1,257,364.07 | | | | 375.00 | | 375.00 | | | | | 0.00 | 2,228,667.69 | 1,944,266.87 |
| | 128,415.41 | 341,096.20 | 550,123.81 | 42,821.97 | 1,065,457.39 | | | 375.00 | | 375.00 | | | | | 0.00 | 1,065,832.39 | 1,791,776.58 |
| | 93,805.28 | 187,921.58 | 263,533.33 | 491,507.50 | 1,036,772.69 | | | 375.00 | | 375.00 | | | | | 0.00 | 1,037,147.69 | 1,801,566.28 |



# QUALITY CHEKD DAIRIES, INC.

1733 Park Street, Naperville, Illinois 60563
(630) 717-1110 • fax (630) 717-1126 • www.qchekd.com

**SENT VIA FEDEX OVERNIGHT DELIVERY**

December 7, 1999

**President**
Paul Arbuthnot
Sunshine Dairy, Inc.
Portland, OR

**Vice President**
L.G. Oller
Hiland Dairy
Springfield, MO

**Treasurer**
Larry Losasso
Sinton Dairy
Colorado Springs, CO

**Secretary**
Dennis Winter
Super Store Industries
Stockton, CA

**Directors**
Randy Benson
Parmalat Canada
Toronto, Ontario

Jim Miklinski
Wendt's Dairy
Niagara Falls, NY

Doug Parr
Dean Foods
Franklin Park, IL

H. Lee Richards
Hygeia Dairy
Harlingen, TX

Ron Richardson
Hiland-Roberts Ice Cream
Norfolk, NE

Dan Scannlen
Superior Dairy, Inc.
Canton, OH

Jerry Teel
Vitamilk Dairy, Inc
Seattle, WA

**Director Emeritus**
Irving S. Weber
Iowa City, IA
1960-1997

**Managing Director**
Mel W. Rapp

Mr. Lee Richards
Hygeia Dairy Company
720 South "F" Street
Harlingen, TX 78550

Dear Lee:

You have exhausted completely the patience of Quality Chekd Dairies, Inc. in connection with the long overdue debt to it of Hygeia Dairy and Southwest Ice Cream Specialties.

We have, as you know, cooperated and worked with you over a long period of time. You have continually promised payments and debt reduction. What we received, however, was a steady increase in the total amount of the debt. You asked for continued credit and maintenance of the license because the sale of your business would be the trigger for payment of all debt due to Quality Chekd. We requested prior to the closing of the sale for information regarding the sale and current financial statements, but you refused. You closed the sale and we received neither payments nor information. In short, we have received no money, no financial statements, no information regarding the closing, no information as to how much and when we will be paid and no realistic or near term prospects for receipt of payments and information.

You have allowed us no alternative but to make this demand for immediate payment *in full* of all amounts due to Quality Chekd by Hygeia Dairy and Southwest Ice Cream Specialties.

Failure to make immediate payment shall cause Quality Chekd to initiate all legal remedies it has available against all appropriate companies and individuals. The exercise of those rights are expected to include a detailed and involuntary legal exploration of all aspects of your companies' finances including the recent sale and any personal benefits you may have obtained.

Yours truly,

Mel Rapp
Managing Director

cc:   P. Arbuthnot
      L. Losasso
      J. Moehling

**EXHIBIT "C"**

Case 1:02-cv-00040   Document 22   Filed in TXSD on 06/29/2000   Page 34 of 81



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN          TX 78550

| 9/23/99 | 163342 | IV | 4570.63 | 4570.63 | Liquid Sugars Inc. |
|---|---|---|---|---|---|
| 9/20/99 | 163345 | IV | 4337.61 | 8908.24 | Liquid Sugars Inc. |
| 9/20/99 | 163347 | IV | 19947.10 | 28857.34 | PHILLIPS CHEM. |
| 9/20/99 | 163351 | IV | 47.42 | 29904.76 | ECOLAB INC. -PES |
| 9/20/99 | 163366 | IV | 65.41 | 29970.17 | ECOLAB INC. -PES |
| 9/20/99 | 163367 | IV | 675.87 | 29646.04 | ECOLAB INC. -PES |
| 9/20/99 | 163368 | IV | 92.75 | 29728.79 | ECOLAB INC. -PES |
| 9/20/99 | 163369 | IV | 92.04 | 29820.83 | ECOLAB INC. -PES |
| 9/20/99 | 163370 | IV | 475.85 | 30296.68 | ECOLAB INC. -PES |
| 9/20/99 | 163371 | IV | 92.98 | 30389.66 | ECOLAB INC. -PES |
| 9/20/99 | 163372 | IV | 92.98 | 30482.64 | ECOLAB INC. -PES |
| 9/20/99 | 163401 | IV | 9674.73 | 40157.37 | GIVAUDAN ROURE FLAVO |
| 9/24/99 | 163462 | IV | 16718.72 | 56875.09 | ECOLAB INC. |
| 9/27/99 | 163544 | IV | 4303.23 | 61179.32 | Liquid Sugars Inc |
| 9/27/99 | 163635 | IV | 215.96 | 61395.28 | GIVAUDAN ROURE FLAVO |
| 9/30/99 | 163656 | IV | 100.00 | 61495.28 | INPACO CORPORATION |
| 9/30/99 | 163890 | IV | 20888.70 | 82383.98 | PHILLIPS CHEM. |
| 9/30/99 | 163915 | IV | 2349.96 | 84733.94 | CONTINENTAL COLLOIDS |
| 9/30/99 | 164253 | IV | 749.00 | 85482.94 | GERMANTOWN (U S A ) |
| 9/30/99 | 164290 | IV | 7186.48 | 92669.42 | REHRIG PACIFIC COMPAN |
| 9/30/99 | 164284 | IV | 675.87 | 93345.29 | ECOLAB INC -PES |
| 9/30/99 | 164315 | IV | 260.50 | 93605.79 | UNILOY MILACRON, INC |
| 9/30/99 | 164323 | IV | 8436.41 | 102042.20 | TETRA PAK INC. |
| 9/30/99 | 164324 | IV | 21071.90 | 123113.50 | TETRA PAK INC |

-- CONTINUE --

## DAYS PAST DUE

|  | CURRENT | OVER 30 | OVER 60 | OVER 90 |  |
|---|---|---|---|---|---|
| PURCHASES |  |  |  |  |  |
| REGULAR |  |  |  |  |  |
| DUES & FEES |  |  |  |  |  |
| TOTAL |  |  |  |  |  |

EXHIBIT "D



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,                TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 9/30/99 | 164326 | IV | 34473.60 | 167587.10 | TETRA PAK INC. |
| 9/30/99 | 164356 | IV | 35197.36 | 202784.46 | TETRA PAK INC. |
| 9/30/99 | 164413 | IV | 32763.84 | 235548.30 | TETRA PAK INC. |
| 9/30/99 | 164422 | IV | 34504.98 | 270053.28 | TETRA PAK INC. |
| 10/12/99 | 164439 | IV | 4494.23 | 274547.51 | Liquid Sugars Inc. |
| 10/12/99 | 164525 | IV | 14787.93 | 289335.44 | TETRA PAK INC. |
| 10/12/99 | 164562 | IV | 12707.41 | 302042.85 | ECOLAB INC. |
| 10/12/99 | 164577 | IV | 381.53 | 302424.38 | ECOLAB INC. |
| 10/12/99 | 164592 | IV | 1292.17 | 303716.55 | ECOLAB INC. |
| 10/12/99 | 164594 | IV | 753.35 | 304469.90 | ECOLAB INC. |
| 10/14/99 | 164657 | IV | 19856.42 | 324326.32 | AIRLITE PLASTICS COM |
| 10/14/99 | 164658 | IV | 719.24 | 325045.56 | AIRLITE PLASTICS COM |
| 10/14/99 | 164769 | IV | 21430.50 | 346476.06 | PHILLIPS CHEM. |
| 10/14/99 | 164785 | CM | 340.73- | 346135.13 | ECOLAB INC |
| 10/15/99 | 164804 | IV | 748.62 | 346883.75 | 3M SCW8736 |
| 10/15/99 | 164850 | IV | 262.40 | 347146.15 | FEDEX |
| 10/15/99 | 164851 | IV | 62.75 | 347208.90 | FEDEX |
| 10/15/99 | 164852 | IV | 92.10 | 347301.00 | FEDEX |
| 10/15/99 | 164872 | IV | 273.19 | 347574.19 | EDGAR A. WEBER & COM |
| 10/19/99 | 164924 | IV | 9459.72 | 357033.91 | GIVAUDAN ROURE FLAVO |
| 10/19/99 | 165036 | IV | 84.33 | 357118.24 | ECOLAB INC. |
| 10/19/99 | 165077 | IV | 1374.52 | 358492.76 | 3M SCW8736 |
| 10/21/99 | 165244 | IV | 243.36 | 358736.12 | ECOLAB INC. |
| 10/21/99 | 165247 | IV | 10296.69 | 369032.81 | ECOLAB INC. |

– CONTINUE –

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 |
|---|---|---|---|---|
| PURCHASES | | | | |
| REGULAR | | | | |
| DUES & FEES | | | | |
| TOTAL | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

| MEMBER NO |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,            TX 78550

| 10/21/99 | 165254 | IV | 128.56 | 369161.37 | WEBER SCIENTIFIC |
| 10/21/99 | 165280 | IV | 7507.24 | 376668.61 | REHRIG PACIFIC COMPA |
| 10/21/99 | 165288 | IV | 7507.24 | 384175.85 | REHRIG PACIFIC COMPA |
| 10/21/99 | 165313 | IV | 542.35 | 384718.20 | FEDEX |
| 10/21/99 | 165314 | IV | 109.50 | 384827.70 | FEDEX |
| 10/21/99 | 165315 | IV | 433.10 | 385260.80 | FEDEX |
| 10/21/99 | 165342 | IV | 29.90 | 385290.70 | FEDEX |
| 10/21/99 | 165347 | IV | 17.50 | 385308.20 | FEDEX |
| 10/21/99 | 165350 | IV | 19.50 | 385327.70 | FEDEX |
| 10/25/99 | 165448 | IV | 14802.76 | 400130.66 | TETRA PAK INC. |
| 10/25/99 | 165504 | IV | 273.58 | 400404.24 | WEBER SCIENTIFIC |
| 10/26/99 | 165635 | IV | 354.40 | 400758.64 | FEDEX |
| 10/26/99 | 165636 | IV | 138.10 | 400896.74 | FEDEX |
| 10/28/99 | 165706 | IV | 4566.61 | 405463.35 | Liquid Sugars Inc. |
| 10/28/99 | 165741 | IV | 3285.09 | 408748.64 | MID-AMERICA FARMS |
| 10/31/99 | 165726 | IV | 7507.24 | 416255.88 | REHRIG PACIFIC COMPA |
| 11/03/99 | 166024 | IV | 21157.50 | 437413.38 | PHILLIPS CHEM. |
| 11/03/99 | 166032 | IV | 1868.21 | 439281.59 | ECOLAB INC. |
| 11/03/99 | 166066 | IV | 360.50 | 439642.09 | FEDEX |
| 11/03/99 | 166067 | IV | 9.85 | 439651.94 | FEDEX |
| 11/03/99 | 166068 | IV | 116.20 | 439768.14 | FEDEX |
| 11/04/99 | 166137 | IV | 4360.53 | 444128.67 | Liquid Sugars Inc |
| 11/05/99 | 166184 | IV | 11002.25 | 455130.92 | ECOLAB INC. |
| 11/05/99 | 166186 | IV | 2270.99 | 457401.91 | ECOLAB INC. |

– CONTINUE –

## DAYS PAST DUE

|  | CURRENT | OVER 30 | OVER 60 | OVER 90 |
|---|---|---|---|---|
| PURCHASES |  |  |  |  |
| REGULAR |  |  |  |  |
| DUES & FEES |  |  |  |  |
| TOTAL |  |  |  |  |

Case 1:02-cv-00040   Document 22   Filed in TXSD on 06/29/2000   Page 37 of 81



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO. |
| --- |
| 102500 |

| DATE |
| --- |
| 1/31/00 |

```
HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,              TX 78550
```

| Date | Invoice | Type | Amount | Balance | Vendor |
| --- | --- | --- | --- | --- | --- |
| 11/05/99 | 166256 | IV | 7431.61 | 464833.52 | REHRIG PACIFIC COMPAN |
| 11/08/99 | 166304 | IV | 1579.00 | 466412.52 | ECOLAB INC. |
| 11/10/99 | 166406 | IV | 29.69 | 466442.21 | ECOLAB INC. |
| 11/10/99 | 166489 | IV | 15129.24 | 481571.45 | TETRA PAK INC. |
| 11/11/99 | 166512 | IV | 21212.10 | 502780.55 | PHILLIPS CHEM. |
| 11/11/99 | 166523 | IV | 1292.17 | 504075.72 | ECOLAB INC. |
| 11/11/99 | 166524 | IV | 753.35 | 504829.07 | ECOLAB INC. |
| 11/11/99 | 166528 | CM | 1198.72- | 503630.35 | ECOLAB INC. |
| 11/11/99 | 166572 | IV | 215.70 | 503846.05 | FEDEX |
| 11/11/99 | 166593 | IV | 24.00 | 503870.05 | FEDEX |
| 11/12/99 | 166696 | CM | 4056.00- | 499814.05 | ECOLAB INC. |
| 11/15/99 | 166710 | IV | 2458.26 | 502272.31 | SKW BIOSYSTEMS, INC. |
| 11/16/99 | 166727 | IV | 9359.29 | 511631.60 | ECOLAB INC. |
| 11/16/99 | 166733 | IV | 240.86 | 512072.46 | ECOLAB INC. |
| 11/17/99 | 166751 | IV | 13677.44 | 530574.90 | M  A. HANNA COLOR |
| 11/18/99 | 166907 | IV | 9904.27 | 540654.17 | GIVAUDAN ROURE FLAVO |
| 11/18/99 | 166941 | IV | 475.85 | 541130.02 | ECOLAB INC.-PES |
| 11/18/99 | 166942 | IV | 675.87 | 541805.89 | ECOLAB INC.-PES |
| 11/18/99 | 166943 | IV | 92.75 | 541898.64 | ECOLAB INC.-PES |
| 11/18/99 | 166944 | IV | 92.98 | 541991.62 | ECOLAB INC.-PES |
| 11/18/99 | 166945 | IV | 82.04 | 542073.66 | ECOLAB INC.-PES |
| 11/18/99 | 166946 | IV | 92.98 | 542166.64 | ECOLAB INC.-PES |
| 11/23/99 | 167039 | IV | 308.50 | 542475.14 | FEDEX |
| 11/23/99 | 167042 | IV | 9.25 | 542484.39 | FEDEX |

-- CONTINUE --

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 |
| --- | --- | --- | --- | --- |
| PURCHASES | | | | |
| REGULAR | | | | |
| DUES & FEES | | | | |
| TOTAL | | | | |

Case 1:02-cv-00040   Document 22   Filed in TXSD on 06/29/2000   Page 38 of 81



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,            TX 78550

| Date | Invoice | Type | Amount | Balance | Vendor |
|---|---|---|---|---|---|
| 11/22/99 | 167063 | IV | 7333.50 | 549817.89 | PARISH MANUFACTURING. |
| 11/22/99 | 167098 | IV | 5755.95 | 555573.84 | AIRLITE PLASTICS COMP |
| 11/23/99 | 167131 | CM | 217.31- | 555356.53 | ECOLAB INC. |
| 11/23/99 | 167135 | CM | 94.85- | 355261.68 | ECOLAB INC. |
| 11/29/99 | 167369 | IV | 116.60 | 555378.28 | FEDEX |
| 11/29/99 | 167395 | IV | 164.12 | 555542.40 | CREST FOODS CO., INC. |
| 11/29/99 | 167396 | IV | 164.32 | 555706.72 | CREST FOODS CO., INC. |
| 11/29/99 | 167397 | IV | 7721.08 | 563427.80 | REHRIG PACIFIC COMPA |
| 11/29/99 | 167398 | IV | 7721.08 | 571148.88 | REHRIG PACIFIC COMPA |
| 11/29/99 | 167399 | IV | 7721.08 | 578869.76 | REHRIG PACIFIC COMPA |
| 11/29/99 | 167400 | IV | 7487.05 | 586357.01 | REHRIG PACIFIC COMPA |
| 11/29/99 | 167401 | IV | 7721.08 | 594078.09 | REHRIG PACIFIC COMPA |
| 11/30/99 | 167451 | IV | 7492.29 | 601570.38 | ECOLAB INC. |
| 11/30/99 | 167554 | IV | 21840.00 | 623410.38 | PHILLIPS CHEM. |
| 11/30/99 | 167557 | IV | 514.15 | 623924.53 | 3M SCW8736 |
| 12/03/99 | 167731 | IV | 575.09 | 624499.62 | GERMANTOWN (U.S.A.) C |
| 12/03/99 | 167753 | IV | 955.75 | 625455.37 | UNILOY MILACRON, INC. |
| 12/07/99 | 167932 | CM | 2992.86- | 622462.51 | ECOLAB INC |
| 12/08/99 | 168139 | IV | 15127.27 | 637589.78 | ECOLAB INC. |
| 12/09/99 | 168229 | IV | 327.90 | 637917.68 | FEDEX |
| 12/09/99 | 168230 | IV | 6.25 | 637923.93 | FEDEX |
| 12/09/99 | 168231 | IV | 28.15 | 637954.08 | FEDEX |
| 12/13/99 | 168318 | IV | 18600.00 | 656554.08 | TETRA PAK MATWEST INC |
| 12/13/99 | 168319 | IV | 18600.00 | 675154.08 | TETRA PAK MATWEST INC |

- CONTINUE -

## DAYS PAST DUE

|  | CURRENT | OVER 30 | OVER 60 | OVER 90 |
|---|---|---|---|---|
| PURCHASES |  |  |  |  |
| REGULAR |  |  |  |  |
| DUES & FEES |  |  |  |  |
| TOTAL |  |  |  |  |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,                 TX 78550

| 12/13/99 | 168314 | IV | 18600.00 | 693754.08 | TETRA PAK MATWEST INC |
| 12/13/99 | 168386 | IV | 7721.08 | 701475.16 | REHRIG PACIFIC COMPAN |
| 12/13/99 | 168442 | IV | 4328.06 | 705803.22 | LIQUID SUGARS |
| 12/13/99 | 168443 | IV | 4350.98 | 710154.20 | LIQUID SUGARS |
| 12/13/99 | 168444 | IV | 4385.36 | 714539.56 | LIQUID SUGARS |
| 12/13/99 | 168445 | IV | 4454.12 | 718993.68 | LIQUID SUGARS |
| 12/14/99 | 168499 | IV | 236.15 | 719229.83 | FEDEX |
| 12/14/99 | 168500 | IV | 15.50 | 719245.33 | FEDEX |
| 12/14/99 | 168501 | IV | 15.50 | 719260.83 | FEDEX |
| 12/17/99 | 168767 | IV | 63.20 | 719324.03 | ECOLAB INC.-PES |
| 12/17/99 | 168782 | IV | 475.85 | 719799.88 | ECOLAB INC.-PES |
| 12/17/99 | 168783 | IV | 675.87 | 720475.75 | ECOLAB INC.-PES |
| 12/17/99 | 168784 | IV | 92.75 | 720568.50 | ECOLAB INC.-PES |
| 12/17/99 | 168785 | IV | 92.96 | 720661.46 | ECOLAB INC.-PES |
| 12/17/99 | 168786 | IV | 82.04 | 720743.50 | ECOLAB INC.-PES |
| 12/17/99 | 168787 | IV | 92.98 | 720836.50 | ECOLAB INC.-PES |
| 12/17/99 | 168840 | IV | 70.55 | 720907.05 | FEDEX |
| 12/17/99 | 168841 | IV | 22.50 | 720931.35 | FEDEX |
| 12/20/99 | 168893 | IV | 37.30 | 720968.85 | FEDEX |
| 12/31/99 | 169623 | IV | 18.25 | 720987.10 | FEDEX |
| 1/20/00 | 170766 | IV | 1244.00 | 722231.10 | UNILOY MILACRON, INC. |
|  |  |  | PURCHASING | 722231.10 |  |
|  |  |  |  |  |  |
| 4/20/99 | 163364 | IV | 550.00 | 550.00 | QUALITY CHEKD DAIRIES |
| 5/20/99 | 163395 | IV | 700.00 | 1250.00 | QUALITY CHEKD DAIRIES |

— CONTINUE —

## DAYS PAST DUE

|  | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
|---|---|---|---|---|---|
| PURCHASES |  |  |  |  |  |
| REGULAR |  |  |  |  |  |
| DUES & FEES |  |  |  |  |  |
| TOTAL |  |  |  |  |  |



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

```
HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN,              TX 78550
```

| 11/08/99 | 166362 | IV | 134.50 | 1384.50 | QUALITY CHEKD DAIRIES |
| 1/26/00 | 171222 | IV | 17631.56 | 19016.06 | QUALITY CHEKD DAIRIES |
| 1/27/00 | 171341 | IV | 368.66 | 19384.72 | QUALITY CHEKD DAIRIES |
| 1/28/00 | 171355 | IV | 368.66 | 19753.38 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171495 | IV | 368.66 | 20122.04 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171496 | IV | 368.66 | 20490.70 | QUALITY CHEKD DAIRIES |
| | | | REGULAR | 20490.70 | |
| | | | | | |
| 10/19/99 | 165055 | IV | 7475.36 | 7475.36 | QUALITY CHEKD DAIRIES |
| 11/05/99 | 166213 | IV | 7472.00 | 14947.36 | QUALITY CHEKD DAIRIES |
| | | | DUES&FEES | 14947.36 | |

```
PLEASE NOTE: PAYMENT TERMS FOR PURCHASES AS ESTABLISHED BY THE BOARD OF
DIRECTORS ARE 21 DAYS FROM THE DATE OF INDIVIDUAL QUALITY CHEKD INVOICE
```

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
|---|---|---|---|---|---|
| PURCHASES | 1244.00 | 97062.57 | 207668.65 | 416255.88 | 722231.1 |
| REGULAR | 19106.20 | .00 | 134.50 | 1250.00 | 20490.7 |
| DUES & FEES | .00 | .00 | 7472.00 | 7475.36 | 14947.3 |
| TOTAL | 20350.20 | 97062.57 | 215275.15 | 424981.24 | 757669.1 |



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| | |
|---|---|
| MEMBER NO | 102503 |
| DATE | 1/31/00 |

```
HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,              TX 75069
```

| Date | Invoice | Type | Amount | Balance | Vendor |
|---|---|---|---|---|---|
| 9/16/99 | 162935 | IV | 9277.50 | 9277.50 | GERMANTOWN (U.S.A.) |
| 1/26/00 | 162935 | PA | 2076.73- | 7200.77 | GERMANTOWN (U.S.A.) |
| 9/16/99 | 162960 | IV | 96.60 | 7297.37 | FEDEX |
| 9/17/99 | 163015 | IV | 36703.47 | 44000.64 | CHICAGO DAIRY CORPOR. |
| 9/17/99 | 163050 | IV | 280.27 | 44281.11 | WEBER SCIENTIFIC |
| 9/20/99 | 163063 | IV | 10803.48 | 55084.59 | Fort James Corp. |
| 9/21/99 | 163107 | IV | 10028.02 | 65122.61 | Liquid Sugars Inc. |
| 9/21/99 | 163108 | IV | 5075.96 | 70198.57 | Liquid Sugars Inc. |
| 9/21/99 | 163141 | IV | 27053.31 | 97251.88 | INTERBAKE FOODS INC. |
| 9/21/99 | 163175 | IV | 7471.23 | 104723.11 | SEALRIGHT COMPANY, IN |
| 9/21/99 | 163176 | IV | 6504.50 | 111227.61 | SHADE FOODS INC |
| 9/21/99 | 163197 | IV | 246.00 | 111473.61 | VWR SCIENTIFIC |
| 9/21/99 | 163178 | IV | 361.12 | 111834.73 | VWR SCIENTIFIC |
| 9/21/99 | 163197 | IV | 280.63 | 112115.36 | VWR SCIENTIFIC |
| 9/21/99 | 163200 | IV | 109.42 | 112224.78 | VWR SCIENTIFIC |
| 9/22/99 | 163233 | IV | 64.25 | 112289.03 | FEDEX |
| 9/22/99 | 163269 | IV | 241.59 | 112530.62 | VWR SCIENTIFIC |
| 9/22/99 | 163290 | IV | 42.76 | 112573.38 | VWR SCIENTIFIC |
| 9/22/99 | 163292 | IV | 32241.18 | 144814.56 | CHICAGO DAIRY CORPOR. |
| 9/23/99 | 163297 | IV | 1197.45 | 146012.01 | DOT FOODS INC.-OTHER |
| 9/23/99 | 163298 | IV | 3744.63 | 149956.64 | DOT FOODS INC.-OTHER |
| 9/23/99 | 163344 | IV | 10052.04 | 160008.68 | Liquid Sugars Inc. |
| 9/23/99 | 163398 | IV | 3100.00 | 163108.68 | GERMANTOWN (U.S.A.) C |
| 9/23/99 | 163431 | IV | 7259.25 | 170367.93 | UNIVERSAL FLAVORS |

— CONTINUE —

|  | DAYS PAST DUE | | | |
|---|---|---|---|---|
|  | CURRENT | OVER 30 | OVER 60 | OVER 90 |
| PURCHASES | | | | |
| REGULAR | | | | |
| DUES & FEES | | | | |
| TOTAL | | | | |

EXHIBIT "H"

Case 1:02-cv-00040   Document 22   Filed in TXSD on 06/29/2000   Page 42 of 81



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110

## STATEMENT

102503

1/31/00

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,                    TX 75069

| 9/23/99 | 163435 | IV | 2649.01 | 173016.94 | UNIVERSAL FLAVORS |
| 9/24/99 | 163451 | IV | 3256.60 | 176273.54 | Liquid Sugars Inc. |
| 9/24/99 | 163488 | IV | 12913.05 | 189166.59 | BURD & FLETCHER |
| 9/24/99 | 163491 | IV | 4355.36 | 193551.95 | BURD & FLETCHER |
| 9/27/99 | 163555 | IV | 787.93 | 194341.88 | ECOLAB INC |
| 9/27/99 | 163599 | IV | 400.69 | 194742.57 | 3M SCW8736 |
| 9/28/99 | 163616 | IV | 1350.87 | 196093.46 | 3M SCW8736 |
| 9/27/99 | 163633 | IV | 309.87 | 196403.33 | NORTHVILLE LABORATOR |
| 9/28/99 | 163673 | IV | 1060.00 | 197463.33 | ADM COCOA PRODUCTS |
| 9/28/99 | 163687 | IV | 4922.55 | 202385.88 | SEALRIGHT COMPANY, I |
| 9/28/99 | 163727 | IV | 637.65 | 203025.53 | VWR SCIENTIFIC |
| 9/29/99 | 163742 | IV | 10053.51 | 213079.04 | Liquid Sugars Inc. |
| 9/27/99 | 163742 | IV | 2811.44 | 215890.48 | Liquid Sugars Inc. |
| 9/29/99 | 163751 | IV | 7560.56 | 224071.04 | ECOLAB INC |
| 9/29/99 | 163800 | IV | 191.00 | 224262.04 | FEDEX |
| 9/30/99 | 163840 | IV | 1083.73 | 225345.77 | 3M SCW8736 |
| 9/30/99 | 163841 | IV | 646.42 | 225992.19 | ECOLAB INC. |
| 9/30/99 | 163948 | IV | 220.52 | 226212.71 | WEBER SCIENTIFIC |
| 9/30/99 | 164036 | IV | 1000.64 | 227213.35 | SEALRIGHT COMPANY, I |
| 9/30/99 | 164047 | IV | 12625.67 | 239839.02 | EDGAR A. WEBER & COM |
| 9/30/99 | 164150 | IV | 8083.16 | 247922.18 | SEALRIGHT COMPANY, I |
| 9/30/99 | 164151 | IV | 2863.34 | 250785.52 | SEALRIGHT COMPANY, I |
| 9/30/99 | 164158 | IV | 3330.16 | 254115.68 | SHADE FOODS INC. |
| 9/30/99 | 164165 | IV | 24977.70 | 279093.38 | TERRI LYNN INC |

— CONTINUE —

## DAYS PAST DUE

|  | CURRENT | OVER 30 | OVER 60 | OVER 90 |
|---|---|---|---|---|
| PURCHASES |  |  |  |  |
| REGULAR |  |  |  |  |
| DUES & FEES |  |  |  |  |
| TOTAL |  |  |  |  |

Case 1:02-cv-00040  Document 22  Filed in TXSD on 06/29/2000  Page 43 of 81



# QUALITY CHEKD DAIRIES, INC.

**1733 PARK STREET, NAPERVILLE, ILLINOIS 60563**

**(630) 717-1110**

## STATEMENT

| MEMBER NO. |
|---|
| 102503 |

| DATE |
|---|
| 1/31/00 |

HYGEIA, SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,                  TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 10/14/99 | 164703 | IV | 20466.68 | 395812.82 | SEALRIGHT COMPANY, IN |
| 10/14/99 | 164744 | IV | 15620.38 | 411433.20 | GIVAUDAN ROURE FLAVOR |
| 10/14/99 | 164774 | IV | 9539.45 | 420972.65 | Fort James Corp. |
| 10/15/99 | 164853 | IV | 173.55 | 421146.20 | FEDEX |
| 10/15/99 | 164890 | IV | 178.33 | 421326.53 | DANISCO INGREDIENTS U |
| 10/15/99 | 164877 | IV | 13225.00 | 434551.53 | GERMANTOWN (U.S.A.) C |
| 10/15/99 | 161955 | IV | 7889.26 | 442440.79 | DOT FOODS INC.-OTHER |
| 10/18/99 | 164961 | IV | 7550.84 | 450051.62 | SEALRIGHT COMPANY, IN |
| 10/18/99 | 165006 | IV | 339.52 | 450481.15 | SWEETHEART CUP COMPANY |
| 10/19/99 | 165106 | IV | 677.68 | 451158.83 | STAR KAY WHITE, INC. |
| 10/19/99 | 165119 | IV | 758.31 | 451917.17 | DAVID MICHAEL & CO |
| 10/19/99 | 165143 | IV | 6344.98 | 458262.15 | SEALRIGHT COMPANY, IN |
| 10/19/99 | 165190 | IV | 10161.20 | 466423.35 | SHADE FOODS INC. |
| 10/21/99 | 165287 | IV | 5605.21 | 470028.56 | SURD A FLETCHER |
| 10/21/99 | 165215 | IV | 77.35 | 474105.91 | FEDEX |
| 10/21/99 | 165351 | IV | 24.20 | 474130.91 | FEDEX |
| 10/21/99 | 165478 | IV | 27785.49 | 501916.69 | INTERBAKE FOODS INC. |
| 10/25/99 | 165493 | IV | 1226.52 | 503143.21 | UNIVERSAL FLAVORS |
| 10/25/99 | 165494 | IV | 2151.49 | 505294.70 | UNIVERSAL FLAVORS |
| 10/25/99 | 165493 | IV | 11176.87 | 516471.57 | UNIVERSAL FLAVORS |
| 10/25/99 | 165554 | IV | 4357.23 | 520792.80 | SEALRIGHT COMPANY, IN |
| 10/25/99 | 165554 | IV | 10071.63 | 531077.43 | SEALRIGHT COMPANY, IN |
| 10/28/99 | 165607 | IV | 106.05 | 531178.48 | FEDEX |
| 10/28/99 | 160654 | IV | 9987.79 | 541166.27 | Liquid Sugars Inc. |

— CONTINUE —

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
|---|---|---|---|---|---|
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |

Case 1:02-cv-00040    Document 22    Filed in TXSD on 06/29/2000    Page 44 of 81



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO. |
| --- |
| 102503 |

| DATE |
| --- |
| 1/31/00 |

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,                    TX 75069

| Date | Invoice | Type | Amount | Balance | Vendor |
| --- | --- | --- | --- | --- | --- |
| 10/26/99 | 165680 | IV | 218.60 | 541404.87 | UNIVERSAL FLAVORS |
| 10/27/99 | 165703 | IV | 7889.26 | 549294.13 | DOT FOODS INC.—OTHER |
| 10/29/99 | 165732 | IV | 680.88 | 549975.01 | ECOLAB INC. |
| 10/29/99 | 165804 | IV | 659.68 | 550634.69 | ECOLAB INC. |
| 10/28/99 | 165817 | IV | 76.15 | 550710.84 | SEALRIGHT COMPANY, IN |
| 10/29/99 | 165818 | IV | 930.59 | 551681.43 | SEALRIGHT COMPANY, IN |
| 10/31/99 | 165832 | IV | 8591.51 | 560252.94 | Fort James Corp. |
| 10/31/99 | 165819 | IV | 8169.48 | 568432.42 | EDGAR A. WEBER & COMP |
| 10/31/99 | 165920 | IV | 2575.00 | 570997.42 | GERMANTOWN (U.S.A.) C |
| 10/31/99 | 165946 | IV | 73.04 | 571070.46 | VWR SCIENTIFIC |
| 11/02/99 | 166012 | IV | 6429.69 | 577500.15 | Liquid Sugars Inc. |
| 11/00.99 | 166065 | IV | 88.85 | 577595.00 | FEDEX |
| 11/02/99 | 166110 | IV | 7422.68 | 585011.68 | SEALRIGHT COMPANY, IN |
| 11/02/99 | 166114 | IV | 11513.76 | 596525.44 | SEALRIGHT COMPANY, 11 |
| 11/04/99 | 166175 | IV | 5121.16 | 601646.60 | Liquid Sugars Inc. |
| 11/05/99 | 166179 | IV | 2537.00 | 604183.70 | ECOLAB INC. |
| 11/05/99 | 166185 | IV | 5743.73 | 609927.63 | ECOLAB INC. |
| 11/05/99 | 166187 | IV | 2786.75 | 612714.40 | ECOLAB INC. |
| 11/05/99 | 166244 | IV | 11630.28 | 624344.68 | GIVAUDAN ROURE FLAVOR |
| 11/05/99 | 166269 | IV | 2120.00 | 626454.68 | ADM COCOA PRODUCTS |
| 11/03/99 | 166284 | IV | 2805.66 | 629270.34 | SWEETHEART CUP COMPAN |
| 11/08/99 | 166303 | IV | 3807.10 | 633077.44 | Fort James Corp |
| 11/13/99 | 166525 | IV | 1216.67 | 634294.11 | ECOLAB INC. |
| 11/11/99 | 166794 | IV | 60.80 | 634354.91 | FEDEX |

- CONTINUE -

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| --- | --- | --- | --- | --- | --- |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |

Case 1:02-cv-00040   Document 22   Filed in TXSD on 06/29/2000   Page 45 of 81



# QUALITY CHEKD DAIRIES, INC.

### 1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
### (630) 717-1110

## STATEMENT

| MEMBER NO |
| --- |
| 102503 |

| DATE |
| --- |
| 1/31/00 |

```
HYGEIA SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,              TX 75069
```

| 11/15/99 | 166674 | IV | 17112.61 | 651467.52 | SEALRIGHT COMPANY, IN |
| 11/15/99 | 166675 | IV | 1970.46 | 653437.98 | SWEETHEART CUP COMPAN |
| 11/15/99 | 166688 | IV | 2179.51 | 655617.49 | DOT FOODS, INC.-RAM |
| 11/15/99 | 166687 | IV | 2266.40 | 657883.89 | DOT FOODS INC.-OTHER |
| 11/15/99 | 166690 | IV | 1972.31 | 659856.20 | DOT FOODS INC.-OTHER |
| 11/15/99 | 166705 | IV | 10803.75 | 670659.95 | SHADE FOODS INC. |
| 11/16/99 | 166764 | IV | 8725.00 | 679384.95 | GERMANTOWN (U.S.A.) C |
| 11/16/99 | 166920 | IV | 1688.70 | 681073.65 | SWEETHEART CUP COMPAN |
| 11/16/99 | 166922 | IV | 11686.36 | 692760.01 | TERRI LYNN INC. |
| 11/16/99 | 166940 | IV | 789.78 | 693549.79 | ECOLAB INC.-RES |
| 11/19/99 | 166984 | IV | 16958.06 | 710507.85 | SEALRIGHT COMPANY, IN |
| 11/22/99 | 167041 | IV | 63.90 | 710571.75 | FEDEX |
| 11/22/99 | 167127 | IV | 985.90 | 711557.65 | ECOLAB INC. |
| 11/23/99 | 167165 | IV | 12983.89 | 724541.54 | SEALRIGHT COMPANY, IN |
| 11/23/99 | 167166 | IV | 13650.33 | 738094.87 | SEALRIGHT COMPANY, IN |
| 11/23/99 | 167168 | IV | 1478.91 | 739573.78 | SWEETHEART CUP COMPAN |
| 11/23/99 | 167184 | IV | 342.37 | 739916.15 | VWR SCIENTIFIC |
| 11/23/99 | 167185 | IV | 248.50 | 740164.65 | VWR SCIENTIFIC |
| 11/23/99 | 167188 | IV | 303.99 | 740468.64 | WEBER SCIENTIFIC |
| 11/26/99 | 167322 | CM | 1503.64- | 738964.80 | INTERBAKE FOODS INC. |
| 11/26/99 | 167339 | IV | 1152.94 | 740117.74 | EDGAR A. WEBER & COMP |
| 11/26/99 | 167370 | IV | 16.15 | 740133.89 | FEDEX |
| 11/26/99 | 167389 | IV | 1392.63 | 741526.52 | BURD & FLETCHER |
| 11/26/99 | 167390 | IV | 2345.00 | 744872.52 | GERMANTOWN (U.S.A.) C |

- CONTINUE -

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 |
| --- | --- | --- | --- | --- |
| PURCHASES | | | | |
| REGULAR | | | | |
| DUES & FEES | | | | |
| TOTAL | | | | |



# QUALITY CHEKD DAIRIES, INC.

**1733 PARK STREET, NAPERVILLE, ILLINOIS 60563**
**(630) 717-1110**

## STATEMENT

| MEMBER NO. |
| --- |
| 102503 |

| DATE |
| --- |
| 1/31/00 |

```
HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,                    TX 75069
```

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| 11/29/99 | 167391 | IV | 368.60 | 745242.12 | UNIVERSAL FLAVORS |
| 11/29/99 | 167392 | IV | 10873.64 | 756115.76 | UNIVERSAL FLAVORS |
| 12/10/99 | 167292 | CM | 74.13- | 756041.58 | UNIVERSAL FLAVORS |
| 11/29/99 | 167394 | IV | 2929.81 | 758971.39 | EDGAR A. WEBER & COMP |
| 12/09/99 | 168202 | IV | 20.65 | 758992.04 | FEDEX |
| 12/10/99 | 168016 | CM | 398.00- | 758594.04 | GERMANTOWN (U.S.A.) C |
| 12/10/99 | 168046 | IV | 10967.32 | 769561.36 | LIQUID SUGARS |
| 12/15/99 | 168047 | IV | 5521.18 | 775082.54 | LIQUID SUGARS |
| 12/10/99 | 168449 | IV | 9838.35 | 784920.89 | LIQUID SUGARS |
| 12/10/99 | 168449 | IV | 4339.52 | 789260.41 | LIQUID SUGARS |
| 12/13/99 | 168452 | IV | 10050.59 | 799311.00 | LIQUID SUGARS |
| 12/13/99 | 168450 | IV | 10075.70 | 809386.70 | LIQUID SUGARS |
| 12/10/99 | 168434 | IV | 5127.94 | 814514.64 | LIQUID SUGARS |
| 12/13/99 | 168435 | IV | 10151.05 | 824665.69 | LIQUID SUGARS |
| 12/10/99 | 168436 | IV | 5127.94 | 829793.63 | LIQUID SUGARS |
| 12/13/99 | 168457 | IV | 10017.10 | 839810.73 | LIQUID SUGARS |
| 12/15/99 | 168438 | IV | 5132.04 | 844942.77 | LIQUID SUGARS |
| 12/15/99 | 168459 | IV | 3941.44 | 848884.21 | LIQUID SUGARS |
| 12/16/99 | 168508 | IV | 65.80 | 848950.01 | FEDEX |
| 12/17/99 | 168790 | IV | 164.09 | 849114.10 | ECOLAB INC.-PES |
| 12/17/99 | 168791 | IV | 789.73 | 849903.88 | ECOLAB INC.-PES |
| 12/17/99 | 168842 | IV | 10.15 | 849914.03 | FEDEX |
| 12/20/99 | 168896 | IV | 9.20 | 849923.23 | FEDEX |
| 12/21/99 | 168901 | CM | 83.50- | 849839.73 | WEBER SCIENTIFIC |

- CONTINUE -

## DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| --- | --- | --- | --- | --- | --- |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

**1733 PARK STREET, NAPERVILLE, ILLINOIS 60563**
**(630) 717-1110**

## STATEMENT

| MEMBER NO |
|---|
| 102503 |

| DATE |
|---|
| 1/31/00 |

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY,                    TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 12/21/99 | 168986 | IV | 2957.59 | 852797.32 | GIVAUDAN ROURE FLAVO |
| 1/12/00 | 170336 | CM | 156.00- | 852641.32 | SHADE FOODS INC. |
| 1/12/00 | 170342 | IV | 2120.00 | 854761.32 | ADM COCOA PRODUCTS |
| 1/26/00 | 171192 | CM | 62.44- | 854698.88 | GRAPHIC PACKAGING CO |
| 1/26/00 | 171202 | CM | 235.61- | 854463.27 | VWR SCIENTIFIC |
| | | | PURCHASING | 854463.27 | |
| | | | | | |
| 1/26/00 | 171223 | IV | 27467.55 | 27467.55 | QUALITY CHEKD DAIRIES |
| 1/27/00 | 171342 | IV | 426.40 | 27893.95 | QUALITY CHEKD DAIRIE |
| 1/28/00 | 171354 | IV | 426.40 | 28320.35 | QUALITY CHEKD DAIRIE |
| 1/31/00 | 171497 | IV | 426.40 | 28746.75 | QUALITY CHEKD DAIRIE |
| 1/31/00 | 171498 | IV | 426.40 | 29173.15 | QUALITY CHEKD DAIRIE |
| | | | REGULAR | 29173.15 | |

PLEASE NOTE: PAYMENT TERMS FOR PURCHASES AS ESTABLISHED BY THE BOARD OF
DIRECTORS ARE 21 DAYS FROM THE DATE OF INDIVIDUAL QUALITY CHEKD INVOICE

## DAYS PAST DUE

| | CURRENT | OVER 30 XX 21 XX | OVER 60 | OVER 90 | |
|---|---|---|---|---|---|
| **PURCHASES** | 1665.95 | 93825.93 | 187900.93 | 571070.46 | 854463.2 |
| **REGULAR** | 29173.15 | .00 | .00 | .00 | 29173.1 |
| **DUES & FEES** | .00 | .00 | .00 | .00 | 0 |
| **TOTAL** | 30839.10 | 93825.93 | 187900.93 | 571070.46 | 883636.4 |

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **QUALITY CHEKD DAIRIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-00-0943** |
| | § | |
| **COHYCO, INC., "F" STREET** | § | |
| **INVESTMENTS, d/b/a SOUTHWEST** | § | |
| **ICE CREAM SPECIALTIES (f/k/a** | § | |
| **HYGEIA DAIRY COMPANY), and** | § | |
| **H. LEE RICHARDS,** | § | |
| | § | |
| **Defendants,** | § | |

## AFFIDAVIT OF H. LEE RICHARDS IN SUPPORT OF
## DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS'
## MOTION TO TRANSFER VENUE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned authority, on this day personally appeared H. Lee Richards, being first duly sworn by me, and stated that he has personal knowledge of the facts stated below and that said facts are true and correct.

1.      My name is H. Lee Richards.  I am over the age of eighteen (18), fully competent in all respects to make the following affidavit, and currently reside in Harlingen, Texas.  I was personally involved in the business transactions between Quality Checkd Dairies, Inc. ("Quality Chekd"), and "F" Street Investments ("Hygeia").      I was a shareholder, officer, and director of Hygeia and Cohyco at certain times relevant to the allegations made by Quality Chekd in this lawsuit.

47527:926401.1:062100



Furthermore, I was a member of the board of directors of Quality Chekd at times relevant to the allegations made by Quality Chekd in this lawsuit.

2.     All important corporate and financial documents of Cohyco and Hygeia are housed in the corporate offices of Cohyco and/or Hygeia which are located in Harlingen, Texas. These documents include, but are not limited to: all financial records of Hygeia and Cohyco, all records of transactions and/or agreements between Hygeia and Cohyco, all contracts and other agreements between Hygeia and Quality Chekd, all corporate minutes of Hygeia and Cohyco, and all documents regarding the sale of a substantial portion of Hygeia's assets to Southern Foods. To my knowledge, there are no documents relevant to this lawsuit which are located in Houston, Texas.

3.     There are no assets, facilities, records, or employees of Hygeia or Cohyco that are found or reside in Houston. Likewise, none of my assets, facilities, or records are found in Houston.

4.     My testimony regarding allegations contained in the Original Complaint will include the following. Cohyco was not involved in the arms-length business dealings between Hygeia and Quality Chekd. At the time Hygeia's debts were incurred with Quality Chekd, it was my intention for Hygeia to fully pay its debts to Quality Chekd. As a director of Quality Chekd, I did not participate in any decisions or actions by Quality Chekd to extend credit to Hygeia at any time relevant to the allegations made by Quality Chekd. The letter attached as Exhibit "A" to the Original Complaint does not accurately reflect the agreements I reached with Quality Chekd on behalf of Hygeia. The amount of Hygeia's debt to Quality Chekd is incorrect as claimed in the Original Complaint. Contrary to the allegations contained in the Original Complaint, detailed information regarding the financial condition of Hygeia was available to Quality Chekd, and Hygeia's other creditors, through business information services such as Dun & Bradstreet.

47527:926401.1:062100                    -2-

regarding the financial condition of Hygeia was available to Quality Chekd, and Hygeia's other

creditors, through business information services such as Dun & Bradstreet.

Further, AFFIANT sayeth not.

H. Lee Richards

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the _21st_

day of _June_ , 2000.

SHERRY A. PARCHMAN
MY COMMISSION EXPIRES
March 1, 2004

Notary Public, in and for the State of Texas, County
of Nueces

My Commission Expires: _3/1/04_

47527:926401.1:062100                                    -3-

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-0943 |
| | § | |
| COHYCO, INC., "F" STREET | § | |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| | § | |
| **Defendants,** | § | |

## AFFIDAVIT OF MERRY RICHARDS IN SUPPORT OF
## DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS'
## MOTION TO TRANSFER VENUE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned authority, on this day personally appeared Merry Richards, being first duly sworn by me, and stated that she has personal knowledge of the facts stated below and that said facts are true and correct.

1.      My name is Merry Richards. I am over the age of eighteen (18), fully competent in all respects to make the following affidavit, and currently reside in Harlingen, Texas.

2.      I was a shareholder, officer, and director of "F" Street Investments ("Hygeia") and Cohyco, Inc. ("Cohyco") at times relevant to this lawsuit. As a result of my relationship with Hygeia and Cohyco, I have personal knowledge of the financial condition of Hygeia over periods relevant to this

47527:926426.1:062100



lawsuit, the status of Cohyco as a parent of Hygeia, and the business dealings, including loan transactions, between Hygeia and Cohyco.

2. All important corporate and financial documents of Hygeia and Cohyco are housed in the corporate offices which are located in Harlingen, Texas. These documents include, but are not limited to: all financial records of Hygeia and Cohyco, all records of transactions between Hygeia and Cohyco, all contracts and other agreements between Hygeia and Quality Chekd, all records of transactions between Hygeia and Quality Chekd, all corporate minutes of Hygeia and Cohyco, and all documents regarding the sale of a substantial portion of Hygeia's assets to Southern Foods. To my knowledge, there are no documents relevant to this lawsuit which are located in Houston, Texas.

3. There are no assets, facilities, records, or employees of Hygeia or Cohyco that are found or reside in Houston.

4. My testimony regarding allegations contained in the Original Complaint will include the following. Cohyco was not involved in the arms-length business dealings between Hygeia and Quality Chekd. At the time Hygeia's debts were incurred with Quality Chekd, it was the intention of Hygeia to fully pay its debts to Quality Chekd. The amount of Hygeia's debt to Quality Chekd is incorrect as claimed in the Original Complaint. Contrary to the allegations contained in the Original Complaint, detailed information regarding the financial condition of Hygeia was available to Quality Chekd, and Hygeia's other creditors, through business information services such as Dun & Bradstreet.

Further, AFFIANT sayeth not.



Merry Richards

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 23rd

day of June , 2000.

Notary Public, in and for the State of Texas, County
of Nueces

My Commission Expires: 2-9-2002

SONIA E. RODRIGUEZ
Notary Public,
State of Texas My
Comm. Exp. 2-9-2002

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **QUALITY CHEKD DAIRIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-00-0943** |
| | § | |
| **COHYCO, INC., "F" STREET** | § | |
| **INVESTMENTS, d/b/a SOUTHWEST** | § | |
| **ICE CREAM SPECIALTIES (f/k/a** | § | |
| **HYGEIA DAIRY COMPANY), and** | § | |
| **H. LEE RICHARDS,** | § | |
| | § | |
| **Defendants,** | § | |

## AFFIDAVIT OF DOUG PURL IN SUPPORT OF DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS' MOTION TO TRANSFER VENUE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned authority, on this day personally appeared Doug Purl, being first duly sworn by me, and stated that he has personal knowledge of the facts stated below and that said facts are true and correct.

1.      My name is Doug Purl. I am over the age of eighteen (18), fully competent in all respects to make the following affidavit, and currently reside in La Feria, Cameron County, Texas. Brownsville, Texas is also in Cameron County, Texas.

2.      I was a shareholder, officer, and director of "F" Street Investments ("Hygeia") and Cohyco, Inc. ("Cohyco") at times relevant to this lawsuit. As a result of my relationship with Hygeia and

47527:926429.1:062100



Cohyco, I have personal knowledge of the financial condition of Hygeia over periods relevant to this lawsuit, the status of Cohyco as a parent of Hygeia, and the business dealings, including loan transactions, between Hygeia and Cohyco.

2.      All important corporate and financial documents of Hygeia and Cohyco are housed in their corporate offices which are located in Harlingen, Texas. These documents include, but are not limited to: all financial records of Hygeia and Cohyco, all records of transactions and/or agreements between Hygeia and Cohyco, all contracts and other agreements between Hygeia and Quality Chekd, all records of transactions between Hygeia and Quality Chekd, all corporate minutes of Hygeia and Cohyco, and all documents regarding the sale of a substantial portion of Hygeia's assets to Southern Foods. To my knowledge, there are no documents relevant to this lawsuit which are located in Houston, Texas.

3.      There are no assets, facilities, records, or employees of Hygeia or Cohyco that are found or reside in Houston.

4.      My testimony regarding allegations contained in the Original Complaint will include the following. Cohyco was not involved in the arms-length business dealings between Hygeia and Quality Chekd. At the time Hygeia's debts were incurred with Quality Chekd, it was the intention of Hygeia to fully pay its debts to Quality Chekd. The amount of Hygeia's debt to Quality Chekd is incorrect as claimed in the Original Complaint. Contrary to the allegations contained in the Original Complaint, detailed information regarding the financial condition of Hygeia was available to Quality Chekd, and Hygeia's other creditors, through business information services such as Dun & Bradstreet.

Further, AFFIANT sayeth not.

Doug Purl

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 23rd

day of June , 2000.

Chrisella J. Reyna

Notary Public, in and for the State of Texas, County of Nueces

My Commission Expires: 08-19-2002

CHRISELLA F. REYNA
Notary Public
State of Texas
My Comm. Exp. 8-19-2002

47527:926429.1:062100                           -3-

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COHYCO , INC., "F" STREET | § | CIVIL ACTION NO. H-00-0943 |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| Defendants. | § | |

## PLAINTIFF QUALITY CHEKD DAIRIES, INC'S RULE 26 DISCLOSURES

Pursuant to Fed. R. Civ. P. 26 (a) (1), Plaintiff QUALITY CHEKD DAIRIES, INC

("Quality Chekd") makes the following initial disclosures based on the information available to it,

reserving the right to amend such disclosures as further information becomes available and relevant

through discovery and investigation:

1.    Persons Likely to Have Discoverable Information:

The following persons who are officers, directors and employees of Quality Chekd

should be contacted through the undersigned counsel for the plaintiff:

(a)    Mel W. Rapp
Managing Director
1733 Park Street
Naperville, IL 60563

Mr. Rapp will testify that the is the Executive Manager of Quality Chek'd,

is familiar with the defendant Lee Richards' ("Richards") tenure and activities as an officer and

director of Quality Chekd, with the account of Hygeia Dairies, Inc. ("Hygeia"), the facts and



circumstances leading up to the defaults and other events which have occasioned this litigation, the

background records and other materials of Quality Chekd and other relevant information concerning

the background of this case, including the facts that he has verified in the Complaint.

> (b)     Tom Bruce
>          Director Finance & New Business Development
>          Quality Chekd Dairies, Inc.
>          1733 Park Street
>          Naperville, IL 60563

Mr. Bruce will testify that the is the Director of Finance and New Business

of Quality Chekd, is familiar with the defendant Lee Richards' ("Richards") tenure and activities

as an officer and director of Quality Chekd, with the account of Hygeia, the facts and circumstances

leading up to the defaults and other events which have occasioned this litigation, the background

records and financial information relevant to this case and other materials of Quality Chekd and

other relevant information concerning the background of this case.

> (c)     Paul Arbuthnot
>          President
>          Sunshine Dairy, Inc.
>          801 N.E. 21st Avenue
>          Portland, OR 97232

Mr. Arbuthnot will testify that he is a director of Quality Chekd, and that he

is familiar with the matters involving the board with respect to Hygeia's accounts, Richards'

involvement in these matters, proceedings before the board and related matters.

> (d)     Lynn Oller
>          Vice President
>          Hiland Dairy Company
>          1133 E. Kearney
>          P.O. Box 2270
>          Springfield, MO 65801

Mr. Oller will testify that he is a director of Quality Chekd, and that he is

familiar with the matters involving the board with respect to Hygeia's accounts, Richards' involvement in these proceedings before the board and related matters.

      (e)     Doug Parr
                  Secretary
                  Dean Foods Company
                  O'Hare International Center II
                  10255 West Higgins Road, Suite 500
                  Rosemont, IL 60018

Mr. Parr will testify that he is a director of Quality Chekd, and that he is familiar with the matters involving the board with respect to Hygeia's accounts, Richards' involvement in these proceedings before the board and related matters.

      (f)     Dennis Winter
                  Treasurer
                  Super Store Industries
                  2800 W. March Lane, Suite 210
                  Stockton, CA 95219

Mr. Winter will testify that he is a director of Quality Chekd, and that he is familiar with the matters involving the board with respect to Hygeia's accounts, Richards' involvement in these proceedings before the board and related matters.

      (g)     Larry Losasso
                  Sinton Dairy Foods Company
                  3801 North Sinton Road
                  Colorado Springs, CO 80907

Mr. Losasso will testify that he is a former treasurer of Quality Chekd, and that he is familiar with the matters involving the board with respect to Hygeia's accounts, Richards' involvement in these proceedings before the board and related matters.

      (h)     Gary Hess
                  Purchasing Director
                  Quality Chekd Dairies
                  1733 Park Street
                  Naperville, IL 60565

Mr. Hess will testify that he is the purchasing director of Quality Chekd, and that he is familiar with the matters involving the his department with respect to Hygeia's accounts, Richards' involvement in these proceedings before the board and related matters.

        (i)     H. Lee Richards:
                 5300 Papaya Circle
                 Harlingen, Texas 78552

Mr. Richards is able to testify as to his positions as an officer and director of the defendant corporations and of Quality Chekd, the financial and operational affairs of the defendants, the sale of the assets of the defendant "F" Street to Southern Foods, the terms of the sales and the documents executed connection therewith his and others' participation in the financial and operational affairs of the defendants and his participation as an officer and director in Quality Chekd and other matters relevant to this case. The full extent of Mr. Richard's knowledge and testimony will be developed in discovery.

        (j)     Doug Purl
                 RR 1, Box 108-B
                 La Feria, Tx. 78559

Mr. Purl is able to testify as to his positions as an officer and director of the defendant corporations, the financial and operational affairs of the defendants, the sale of the assets of the defendant "F" Street to Southern foods, the terms of the sales and the documents executed in connection therewith, his and others' participation in the financial and operational affairs of the defendants and his and others' participation in the events and circumstances and other matters relevant to this case. The full extent of Mr. Purl's knowledge and testimony will be developed in discovery.

        (k)     Merry K. Richards
                 5802 Sunrise Blvd.
                 Harlingen, Tx. 78552

Ms. Richards is able to testify about her activities as an officer and director of the defendant companies, her participation in the sale of the assets of "F" Street Investments, the financial and operational affairs of the defendants, the sale of the assets of the defendant "F" Street to Southern foods, the terms of the sales and the documents executed connection therewith her and others' participation in the financial and operational affairs of the defendants and her and others' participation in the events and circumstances and other matters relevant to this case. The full extent of Ms. Richards' knowledge and testimony will be developed in discovery.

(l)     Pete Schenkel is able to testify about his position as President of Southern Foods, the financial and operational affairs of Southern Foods, the sale of the assets of the defendant "F" Street to Southern foods, the terms of the sales and the documents executed in connection therewith, his and others' participation in the financial and operational affairs of the defendants and his and others' participation in the events and circumstances and other matters relevant to this case. The full extent of Mr. Schenkel's knowledge and testimony will be developed in discovery.

(m)     Jackie Jackson is able to testify as to his position as an employee of Suiza Foods or one of its subsidiaries, the financial and operational affairs of Southern Foods, the sale of the assets of the defendant "F" Street to Southern foods, the terms of the sales and the documents executed in connection therewith, his and others' participation in the financial and operational affairs of the defendants and his and others' participation in the events and circumstances and other matters relevant to this case. The full extent of Mr. Jackson's knowledge and testimony will be developed in discovery.

(n)     Rick Beaman is able to testify as to his position as director of operations for Southern Foods, the financial and operational affairs of Southern Foods, the sale of the assets of the

defendant "F" Street to Southern foods, the terms of the sales and the documents executed in connection therewith, his and others' participation in the financial and operational affairs of the defendants and his and others' participation in the events and circumstances and other matters relevant to this case. The full extent of Mr. Jackson's knowledge and testimony will be developed in discovery.

(o)     The other officers and directors and present and former employees of the defendant "F" Street listed in the schedules filed in the Chapter 11 proceedings filed by "F" Street also have knowledge of facts of this case, which will be developed in discovery. In addition, present and former officers, agents and employees of Southern Foods and Suiza, whose identity is, at the present time, unknown to the plaintiff, may have knowledge of relevant facts, which will be disclosed by discovery in this case.

2.     <u>Relevant Documents</u>:

The Quality Chekd records reflecting Richard's tenure and activities as an officer and director of Quality Chekd and all Quality Chekd records pertaining to its transactions with Hygeia are kept in Naperville, Illinois. A copy of these records will be made available to defendants if any of the facts alleged as to the relationship of Richards to Quality Chekd or as the relationship of Hygeia to Quality Chekd are disputed by defendants.

3.     <u>Calculation of Damages</u>:

The plaintiff claims the amount of its unpaid accounts due from the defendant "F" Street Investments; prejudgment interest as allowed by law; attorney's fees and costs of litigation; consequential damages and punitive damages as awarded by the jury.

4.     <u>Insurance Agreements</u>:

Not applicable.

5.      <u>Expert Witnesses:</u>

No expert witnesses have been selected at this time.  Plaintiff anticipates it will wish

to retain expert witnesses in accounting, asset valuation, fraud detection and the dairy industry.  Such

witnesses will be disclosed in conformity with the Federal Rules of Civil Procedure.

Dated: May 23, 2000.

Respectfully submitted,

Lee Hamel
SBN:  08818000
Fed. ID: 2872
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 659-2000
Fax:    (713) 659-3809
ATTORNEY-IN CHARGE FOR PLAINTIFF
QUALITY CHEKD DAIRIES, INC.

OF COUNSEL:
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 650-1004
Fax:    (713) 659-3809

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed or faxed to the following parties, on May 23 2000.

C. Scott Kinzel
Royston, Rayzor, Vickery & Williams
2200 Chase Tower
600 Travis Street
Houston, Texas 77002-2913

Christopher Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

*Attorneys for Cohyco, Inc. and H. Lee Richards*

A courtesy copy has been sent to:

Harlin C. Womble, Jr.
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

Paul Lee Wiley
621 East Tyler
P.O. Box 2764
Harlingen, Texas 78551-2764

*Attorneys for F Street Investments*

Lee Hamel

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-0943 |
| | § | |
| COHYCO, INC., "F" STREET | § | |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS'
## INITIAL DISCLOSURES PURSUANT TO RULE 26(A)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants Cohyco, Inc. and H. Lee Richards, and provides this their Initial

Disclosures pursuant to Rule 26(A) of the Federal Rules of Civil Procedure as follows:

### I.

Any individuals likely to have discoverable information relevant to disputed facts include:

H. Lee Richards
5300 Papaya Circle
Harlingen, Texas 78552

> Mr. Richards will have knowledge of the business and financial dealings of Quality
> Chekd Dairies, Inc., COHYCO, Inc., and "F" Street Investments.

Doug Purl
R.R. 1, Box 108-B
La Feria, Texas 78559

47527:924200.1:060200



Mr. Purl will have knowledge of the financial and business operations of "F" Street Investments, COHYCO, Inc., and Quality Chekd Dairies, Inc.

Merry K. Richards
2802 Sunrise Boulevard
Harlingen, Texas 78552

Ms. Richards will have knowledge of the financial and business operations of "F" Street Investments, COHYCO, Inc., and Quality Chekd Dairies, Inc.

Mel W. Rapp, Managing Director
Quality Chekd Dairies, Inc.
1733 Park Street
Naperville, Illinois 60563

Mr. Rapp is the executive manager for Quality Chekd Dairies, Inc., and he is expected to have knowledge of the business relationship between "F" Street Investments and Quality Chekd Dairies, Inc.

Tom Bruce
Director Finance & New Business Development
Quality Chekd Dairies, Inc.
1733 Park Street
Naperville, Illinois 60563

Mr. Bruce is an executive manager for Quality Chekd Dairies, Inc., and he is expected to have knowledge of the business relationship between "F" Street Investments and Quality Chekd Dairies, Inc.

Paul Arbuthnot, President
Sunshine Dairy, Inc.
801 N. E. 21st Avenue
Portland, Oregon 97232

Mr. Arbuthnot is the Director of Quality Chekd Dairies, Inc. and, therefore, may have knowledge of its business practices and relationship with "F" Street Investments that are relevant to this matter.

Lynn Oller, Vice-President
Highland Dairy Company
1133 E. Kearney
Post Office Box 2270
Springfield, Missouri 65801

Mr. Oller is the Vice-President of Highland Dairy Company and Quality Chekd Dairies, Inc. and, therefore, may have knowledge of its business practices and relationship with "F" Street Investments that are relevant to this matter.

Doug Parr, Secretary
Dean Foods Company
O'Hare International Center II
10255 W. Higgins Rd., Suite 500
Rosemont, Illinois 60018

Mr. Parr is the Secretary of Dean Foods Company and Quality Chekd Dairies, Inc. and, therefore, may have knowledge of their business practices and relationship with "F" Street Investments that are relevant to this matter.

Dennis Winter, Treasurer
Super Store Industries
2800 W. March Lane, Suite 210
Stockton, California 95219

Mr. Winter is the Treasurer of Super Store Industries and Quality Chekd Dairies, Inc. and, therefore, may have knowledge of their business practices and relationship with "F" Street Investments that are relevant to this matter.

Larry Losasso
Sinton Dairy Foods Company
3801 N. Sinton Road
Colorado Springs, Colorado 80907

Mr. Lasasso is a manager with Sinton Dairy Foods Company and Quality Chekd Dairies, Inc. and, therefore, may have knowledge of their business practices and relationship with "F" Street Investments that are relevant to this matter.

Gary Hess, Purchasing Director
Quality Chekd Dairies, Inc.
1733 Parker Street
Naperville, Illinois 60565

Mr. Hess is the Purchasing Director of Quality Chekd Dairies, Inc., and therefore is anticipated to have knowledge relevant to the accounts of "F" Street Investments with its creditor, Quality Chekd Dairies, Inc.

Peter Schenkel, President
Southern Foods

Mr. Schenkel is President of Southern Foods, and therefore is anticipated to have knowledge of the circumstances of the sale of the assets of "F" Street Investments to Southern Foods.

Rick Beaman, Director of Operations
Southern Foods

Mr. Beaman is the Director of Operations of Southern Foods, and therefore is anticipated to have knowledge of the circumstances of the sale of the assets of "F" Street Investments to Southern Foods.

Dwight Holcomb
(Address Unknown)

Mr. Holcomb is a former Director of Quality Chekd Dairies, Inc. and may have personal knowledge of the relationship between the Plaintiff and the Defendants.

Dan Sholan
(Address Unknown)

Mr. Sholan is a former Director of Quality Chekd Dairies, Inc. and may have personal knowledge of the relationship between the Plaintiff and the Defendants.

Bob Murphy
(Address Unknown)

Mr. Murphy is a former Director of Quality Chekd Dairies, Inc. and may have personal knowledge of the relationship between the Plaintiff and the Defendants.

Rick Sturgeon
(Address Unknown)

Mr. Sturgeon is a former Director of Quality Chekd Dairies, Inc. and may have personal knowledge of the relationship between the Plaintiff and the Defendants.

## II.

A copy of documents, data compilations, and tangible things in the possession, custody, or control of Defendants that are relevant to disputed facts alleged with particularity in the pleadings are attached hereto as Exhibit "A."

**III.**

There is no insurance agreement relevant to the allegations made in this lawsuit.

Respectfully submitted,

Christopher Lowrance
Attorney-in-Charge
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile

C. Scott Kinzel
State Bar No. 00785499
2200 Chase Tower
600 Travis Street
Houston, Texas 77002-2913
(713) 224-8380
(713) 225-9945 Facsimile

**ATTORNEYS FOR DEFENDANTS COHYCO,
INC. AND H. LEE RICHARDS**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the means indicated to counsel of record on this the 2nd day of June, 2000.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Lee Hamel
Law Office of Lee Hamel & Associates
1200 Smith, Suite 2900
Houston, Texas 77002

Mr. Harlin Womble
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline, Suite 900
Corpus Christi, Texas 78471

**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHECKD DAIRIES, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, | § | |
| d/b/a SOUTHWEST ICE CREAM | § | |
| SPECIALTIES (f/k/a HYGEIA DAIRY | § | |
| COMPANY), and H. LEE RICHARDS | § | |
| Defendants | § | |

---

### SUGGESTION OF BANKRUPTCY
### *and*
### NOTICE TO PARTIES OF
### AUTOMATIC REFERENCE OF CIVIL ACTION TO
### THE BANKRUPTCY COURT
### *and*
### *EX PARTE* MOTION FOR ORDER CONFIRMING
### AUTOMATIC REFERENCE TO BANKRUPTCY COURT

---

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

COMES NOW F Street Investment Company, Inc., f/k/a Hygeia Dairy Company ("Referring Defendant" or herein "F STREET") and files this Suggestion of Bankruptcy, Notice to Parties of Automatic Reference of Civil Action to the Bankruptcy Court, and *Ex Parte* Motion For Order Confirming Automatic Reference To Bankruptcy Court ("Notice"), pursuant to the Standing Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc*, dated August 9, 1984, for the Southern District of Texas, as follows:

1.      Referring Defendant files this Notice pursuant to the Standing Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, dated August 9, 1984, for the Southern District of Texas (herein the "Standing Order of Reference For The Southern District of Texas") (a copy of which is attached hereto as Exhibit "A"), and the applicable Bankruptcy Local Rules for the U.S. Bankruptcy Courts for the Southern District of Texas, based on the following facts:



1.     On March 27, 2000, F STREET filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, which case is still pending.  See copy of docket sheet attached as Exhibit "B."

2.     Prior to the Bankruptcy filing the above-captioned Plaintiff commenced the above captioned case (herein the "Referred Case") against F STREET and other Defendants in this Court.

3.     As a result of the filing of the bankruptcy case, all action in the Referred Case and by any party in the Referred Case in this Honorable District Court are stayed.  *See, **Pope vs. Manville Forest Product Corporation**, 778 F.2d 239 (5th Cir. 1985).

4.     The Bankruptcy Court has original jurisdiction of the Referred Case pursuant to 11 U.S.C. § 1334 as a "unit" of this honorable District Court.  Automatic reference of the Referred Case from this honorable Court to the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, is appropriate pursuant to the Standing Order of Reference of Bankruptcy Cases for the Southern District of Texas.

5.     Referring Defendant has filed this Notice as an *Ex Parte* Motion to confirm the effect of the Standing Order of Reference for the Southern District of Texas with this Honorable United States District Court, seeking confirmation of the automatic reference to the United States Bankruptcy Court so as to avoid confusion with the Clerks of the respective courts within this District.  Because this Notice and the relief sought in the *Ex Parte* Motion is ministerial in nature, and is intended only to clarify to the Judge and the Clerk of the United States Bankruptcy Court and the Clerk of the District Court the automatic reference and transfer of this Referred Case pursuant to the Standing Order of Reference for the Southern District of Texas, no notice or hearing is required for entry of the proposed *Ex Parte* Order Confirming Automatic Reference.

----------------------------------------------------------------------------
Suggestion of Bankruptcy, Notice of  Automatic Reference of
Civil Action to the Bankruptcy Court and *Ex Parte* Motion for
Order Confirming Automatic Reference to Bankruptcy Court                    Page 2

6.    This Notice and the entry of the requested order is expressly without prejudice of any party to seek withdrawal of the reference of this case to the appropriate District Court as may be warranted under the law or facts.

WHEREFORE, PREMISES CONSIDERED, F STREET prays that this District Court enter an order confirming the automatic reference of this Referred Case to the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, where the Defendant/Debtor's bankruptcy case is pending, and for such other and further relief, both at law and in equity, as Movant is entitled.

Respectfully submitted,

Harlin C. Womble, Jr.
State Bar No. 21880300/Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971/Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555

ATTORNEYS FOR DEBTOR/DEFENDANT


Paul Lee Wiley
State Bar No. 21471000
Admissions No. 1502
P. O. Box 2764
Harlingen, Texas 78551
Telephone No. (956) 425-1818
Telecopier No. (956) 425-2849

ATTORNEYS FOR DEBTOR/DEFENDANT

--------------------------------------------------------------------------------
Suggestion of Bankruptcy, Notice of Automatic Reference of
Civil Action to the Bankruptcy Court and *Ex Parte* Motion for
Order Confirming Automatic Reference to Bankruptcy Court                    Page 3

## CERTIFICATE OF CONFERENCE

I, Nathaniel Peter Holzer, hereby certify that no prior conference is required under the local rules for the Southern District of Texas, because (i) the foregoing Notice does not require consent of any party; and (ii) this Notice is *Ex Parte*, ministerial in nature, and does not require notice or conference.   Pursuant to the certificate of service below, each party has received a copy of the foregoing Notice.

Nathaniel Peter Holzer

## CERTIFICATE OF SERVICE

I, Nathaniel Peter Holzer, do hereby certify that a true and correct copy of the foregoing document was served by U.S. First Class Mail on this 2nd day of May, 2000 on the following:

Ms. Patricia Constant
One Shoreline Plaza
800 N. Shoreline, Suite 320
Corpus Christi, Texas  78401

Paul Lee Wiley
P. O. Box 2764
Harlingen, Texas  78551

C. Leland Hamel
William L. Bowers, Jr.
Lee Hamel & Associates
1200 Smith Street, Suite 2900
Houston, Texas 77002

Barbara Kurtz
U. S. Trustee's Office
606 N. Carancahua, Suite 1107
Corpus Christi, Texas  78476

U. S. Trustee
515 Rusk, Suite 3516
Houston, Texas  77002

Christian Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas  78476

Nathaniel Peter Holzer

--------------------------------------------------------------------------------
Suggestion of Bankruptcy, Notice of  Automatic Reference of
Civil Action to the Bankruptcy Court and *Ex Parte* Motion for
Order Confirming Automatic Reference to Bankruptcy Court                    Page 4

United States District Court
Southern District of Texas

## ORDER OF REFERENCE OF BANKRUPTCY CASES AND PROCEEDINGS NUNC PRO TUNC

Pursuant to Section 104 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. Section 157, it is hereby

ORDERED nunc pro tunc as of June 27, 1984 that any or all casees under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 which were pending in the Bankruptcy Court of the Southern District of Texas on June 27, 1984, which have been filed in this district since that date and which may be filed herein hereafter (except those cases and proceedings now pending on appeal) be and they hereby are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law.

It is further ORDERED that the Bankruptcy Judges for the Southern District of Texas be, and they hereby are, directed to exercise the authority and responsibilities conferred upon them as Bankruptcy Judges by the Bankruptcy Amendments and Federal Judgeship Act of 1984 and this court's order of reference, as to all cases and proceedings covered by this order from and after June 27, 1984.

In accordance with 28 U.S.C. Section 157(b)(5), it is further ORDERED that all personal injury tort and wrongful death claims arising in or related to a case under Title 11 pending in this court shall be tried in, or as determined by, this court and shall not be referred by this order.

So ORDERED this 9th day of August, 1984.

*John V. Singleton*
Chief United States District Judge

EXHIBIT "A"



# U.S. Bankruptcy Court

outhern District of Texas (Brownsville)

- *Bankruptcy Petition #:*  00-20953 *Date filed:*  3/27/00
- *Assigned to:*  Richard S. Schmidt
- Chapter 11, voluntary, asset

| * Parties * | * Attorneys * |
|---|---|
| F STREET INVESTMENTS INC A TEXAS CORPORATION dba Hygiea Dairy Company P O Box 751 Harlingen, TX 78550 * Debtor * | **Paul Lee Wiley** Attorney at Law P O Box 2764 Harlingen, TX 78551-2764 956-425-1818 <br> **Nathaniel Peter Holzer** Jordan Hyden et al 500 N Shoreline Ste 900 Corpus Christi, TX 78471 361-884-5678 |
| **UNITED STATES TRUSTEE** 515 Rusk Ste 3516 Houston, TX 77002 * U.S. Trustee * | **Barbara C Kurtz** Office of U S Trustee 606 N Carancahua Ste 1107 Corpus Christi, TX 78476 512-361-888-3261 |

## Docket Proceedings

| Date | Doc. No. | Docket Entry |
|---|---|---|
| 3/27/00 | 1 | *Voluntary Petition missing documents:*   Statement of Financial Affairs Schedules A-J Debtors Statement Of Intent Equity Security Holders Due on 4/11/00 , Disclosure , statement due 7/25/00 Chapter 11 Plan due 7/25/00 ;Proof of Claim (gov) *Deadline:*   9/23/00 . ( Filing Fee $ 830.00 Receipt # 945234) (swm) [EOD 03/30/00] |
| 3/27/00 | 2 | Application By Debtor F Street Investments Inc To Employ Attorney . (swm) [EOD 03/30/00] |
| 3/27/00 | 4 | Receipt of Creditors List / Matrix (jg) [EOD 04/04/00] |
| 4/3/00 | 3 | Order Approving [2-1] Application To Employ Attorney by F Street Investments Inc . Parties Notified. (cgn) [EOD 04/03/00] |
| 4/5/00 | 5 | Order to Set Hearing and Setting Deadline for Filing Disclosure Statement and Plan of Reorganization. Debtor is ordered to propose and file a plan of reorganization and disclosure statement within 120 days. Debtor is to appear at a hearing set for 9:00 8/9/00 at 600 E Harrison, Brownsville for further orders to effectuate a plan of Reorganization. Parties notified. (cgn) [EOD 04/05/00] |
| 4/6/00 | 6 | Application By Debtor F Street Investments Inc To Employ Jordan, Hyden, Womble & Culbreth, PC, Pay Post-Petition Retainer, and Monthly Draws Subject to Court Approval to Case Manager. (cgn) [EOD 04/07/00] |

Exhibit B

| 4/7/00 | 7 | Notice of Appearance And Request For Service Of Notice By Edward M Lavin for Creditor Ramsen, Inc. (cgn) [EOD 04/07/00] |
|---|---|---|
| 4/7/00 | 14 | Notice of Appearance And Request For Service Of Notice By Mark H Ralston for Creditor Suiza Foods Inc . (jg) [EOD 04/18/00] |
| 4/11/00 | 8 | Expedited Motion By Debtor F Street Investments Inc For Extension of Time To File Lists, Schedules and Statement Pursuant to Rule 1007 (Motion for Expedited Hearing filed simultaneously.) -- to Case Manager. (cgn) [EOD 04/11/00] [Edit date 04/13/00] |
| 4/11/00 | 9 | Motion By Debtor F Street Investments Inc To Expedite Hearing Re: ( [8-1] Expedited Motion For Extension of Time To File Lists, Schedules and Statement Pursuant to Rule 1007 by F Street Investments Inc) -- to Case Manager. (cgn) [EOD 04/11/00] |
| 4/11/00 | 10 | Motion By Debtor F Street Investments Inc To Extend Time To File Schedules, Statement of Financial Affairs, and Disclosure of Compensation -- to Case Manager. (cgn) [EOD 04/12/00] |
| 4/12/00 | <u>11</u> | Order Approving [6-1] Application To Employ Jordan, Hyden, Womble & Culbreth, PC, Pay Post-Petition Retainer, and Monthly Draws Subject to Court Approval by F Street Investments Inc . Parties Notified. (cgn) [EOD 04/12/00] |
| 4/13/00 | <u>12</u> | Order Granting [10-1] Motion To Extend Time To File Schedules, Statement of Financial Affairs, and Disclosure Compensation by F Street Investments Inc; Missing Documents due: 5/12/00. Parties Notified. (cgn) [EOD 04/13/00] |
| 4/13/00 | <u>13</u> | Order Granting [9-1] Motion To Expedite Hearing Re: ( [8-1] Expedited Motion For Extension of Time To File Lists, Schedules and Statement Pursuant to Rule 1007 by F Street Investments Inc) . The Court finds that a hearing should be held and that the same is set for 5/17/00 by standby am telephone conference, in Brownsville, Texas, 600 East Harrison, Brownsville, Texas. Parties Notified. (cgn) [EOD 04/13/00] [Edit date 04/18/00] |
| 4/18/00 | 15 | 341 (a) Meeting of Creditors Scheduled For 11:15 5/16/00 At 222 E.Van Buren, Harlingen,TX Last Day To Oppose Discharge: 7/15/00 Last Day to File Proofs of Claim : 8/14/00 . Parties Notified Pursuant to FRBP 2002(a)(1). (gl) [EOD 04/18/00] |
| 4/20/00 | 16 | Report Of Operations from 3/1/00 to 3/31/00 (cgn) [EOD 04/24/00] |
| 4/24/00 | 17 | Notice of Appointment of Creditors' Committee. (jg) [EOD 04/27/00] |
| 4/24/00 | 19 | Request by Creditor Sealright Co Inc For Notice. (jg) [EOD 04/28/00] |
| 4/26/00 | 18 | Certificate Of Service By Paul Lee Wiley for Debtor F Street Investments Inc Of [5-1] 120 Day Order . (jg) [EOD 04/28/00] |
| 4/27/00 | 20 | Notice of Appearance And Request For Service Of Notice By David V Herin for Creditor Air Specialty & Equipment Company . (jg) [EOD 04/28/00] |

Case 1:02-cv-00040   Document 22   Filed in TXSD on 06/29/2000   Page 78 of 81

| 4/28/00 | 21 | Notice of Appearance And Request For Service Of Notice By Henry Lee Hardwick for Creditor SSP Petroleum Company . (jg) [EOD 05/01/00] |
|---|---|---|

## Report Criteria

| Case Num: | 00-20953 |
|---|---|
| Filed between: | 01/01/31 and 05/02/00 |

## End of Report

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/02/2000 18:33:54 | | |
| PACER Login: | gs0001 | Client Code: | 4015.001 |
| Description: | docket report | Case Number: | 2000-20953 |
| Billable Pages: | 3 | Cost: | 0.21 |

 Need help? Try the PACER User's Guide.

✉ *For information or comments, please contact  Pacer Service Center*

☞ *PACER Home* .

THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 00-20953-B-11 |
| F STREET INVESTMENTS, INC. | § | |
| a Texas Corporation | § | |
| f/k/a HYGEIA DAIRY COMPANY | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |

| | | |
|---|---|---|
| Quality Chekd Dairies, Inc. | § | |
| | | |
|      Movant | § | |
| Vs. | | Motion To Lift Stay |
| | § | |
| F Street Investments, Inc. | | |
| | § | |
|     Respondent | | |

## MOTION FOR RELIEF FROM SECTION 362 AUTOMATIC STAY

Quality Chekd Dairies, Inc. ("Quality Chekd"), pursuant to the provisions of 11 U.S.C. 362 (d), requests this Court to modify the automatic stay proposed in the above captioned Chapter 11 proceeding and, as cause therefore, would show:

1.     Quality Chekd filed suit in the United States District Court for the Southern District of Texas in Civil Action No. H-00-0943, *Quality Chekd Dairies, Inc. v. Cohyco, Inc., "F" Street Investments, d/b/a Southwest Ice Cream Specialties (f/k/a Hygeia Dairy Company) and H. Lee Richards.* A copy of the complaint in that cause is attached as Exhibit "1" to this motion.

2.     Quality Chekd sued "F" Street Investments for approximately $1,600,000 owed for materials, equipment, supplies and services purchased under an agreement with Quality Chekd, and for which payment had not been made. The complaint alleges that "F" Street, its Chairman, H. Lee Richards ("Richards") and its parent, Cohyco, Inc. ("Cohyco") committed acts of fraud, aided or abetted acts of fraud, and either committed, aided or abetted and participated in



RECEIVED
MAY 30 2000

would be no funds to pay unsecured creditors. In addition, the schedules filed in this proceeding reflect security interests held by Cohyco in the assets of "F" Street that were purportedly given to secure debt in excess of the declared value of the assets. Therefore, it is obvious that any meaningful recovery for Quality Chekd will have to come from Richards and Cohyco, as there are insufficient assets in "F" Street to make any significant payment to the creditors of "F" Street.

7.      The district court proceeding against Richards and Cohyco will not interfere with the administration of the bankrupt estate, and, in fact, a recovery from Richards and/or Cohyco will be an advantage to the other creditors in the estate because it will reduce the amount of Quality Chekd's debt which is, with the exception of the parent company Cohyco's claim, the largest debt owed by "F" Street.

8.      The discovery in this case will be extensive, and will involve depositions, document discovery and other discovery from Cohyco, Richards and current and former employees of the defendants. In addition, such discovery will be needed from the purchaser of the assets of "F" Street and possibly its parent. It is unnecessary to burden the bankruptcy court with this litigation, which primarily involves the liability of parties who are not in bankruptcy.

WHEREFORE, Quality Chekd prays that the automatic stay of the civil action against "F" Street under the provisions of 11 U.S.C. § 362(a) be lifted to permit the civil action against "F" Street to go forward, to resolve the issues brought before it, and to conduct appropriate judicial proceedings therein. In the alternative, Quality Chekd prays that the stay be modified to permit discovery in the civil action against "F" Street through and including such time as the stay may be further modified to permit full litigation of the issues against "F" Street, and for such other and further relief as the Court deems just.

Case 1:02-cv-00040   Document 22   Filed in TXSD on 06/29/2000   Page 81 of 81

Respectfully submitted,

Lee Hamel *
SBN: 08818000/Fed. ID: 2872
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 659-2000/Fax:(713) 659-3809
ATTORNEY-IN CHARGE FOR PLAINTIFF
QUALITY CHEKD DAIRIES, INC.

OF COUNSEL:
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:    (713) 650-1004
Fax:    (713) 659-3809

*Signed With Permission By Diane W. Sanders

4