UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JUL 24 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHECKD DAIRIES, INC., | § | B-02- 040 |
| Plaintiff | § | |
| vs. | § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, d/b/a SOUTHWEST ICE CREAM SPECIALTIES (f/k/a HYGEIA DAIRY COMPANY), and H. LEE RICHARDS | § | |
| Defendants | § | |

### JOINDER OF DEFENDANT F STREET INVESTMENTS, INC., IN CO-DEFENDANTS' MOTION TO TRANSFER VENUE AND RESPONSE TO OPPOSITION OF PLAINTIFF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, F Street Investments, Inc., a Texas Corporation, f/k/a Hygeia Dairy Company ("F Street"), debtor and debtor-in-possession in bankruptcy case No. 00-20953-B-11, currently pending in the Brownsville Division of the Southern District of Texas, and files this its Joinder in the Motion to Transfer Venue filed by its Co Defendants Cohyco, Inc., and H. Lee Richards and would show the Court as follows:

1. F Street joins in the Motion to Transfer Venue to Brownsville, the division in which its bankruptcy case is pending, for all the reasons stated in that Motion.

2. On June 28, 2000, the bankruptcy court conditionally lifted the automatic stay to allow all discovery and pretrial matters to proceed in this lawsuit against the Debtor F Street. A copy of the order lifting the automatic stay is attached hereto as <u>Exhibit "A."</u> The automatic stay remains in place only as to the occurrence of the final trial against the Debtor, which this Court has scheduled for August of 2001. As shown on Exhibit "A," what little remains of the



automatic stay protecting the Debtor is subject to further modification on motion filed by the Plaintiff.

3. Because the stay was lifted, the Debtor is now required to file responses to pleadings, respond to discovery requests, attend depositions, attend Court hearings, and otherwise engage in all pretrial aspects of this litigation. All the reasons identified by Cohyco and Richards justifying a transfer of venue to Brownsville now apply equally to the Debtor. For all these matters, Brownsville is a more convenient and less expensive forum for the Debtor than is Houston.

4. Additionally, on July 20, 2000, the Debtor filed suit against Quality Checkd in the Bankruptcy Court in Brownsville alleging purely bankruptcy claims that are unrelated to the claims and causes of action in this case. A copy of the Complaint is attached hereto as <u>Exhibit "B."</u> (the "Bankruptcy Complaint").

5. In the Bankruptcy Complaint, Plaintiff has sued Quality Checkd for the return of fraudulent transfers pursuant to Section 548 of the Bankruptcy Code, for recovery of preferential transfers as defined under Section 547(b) of the Bankruptcy Code, and for turnover of property of the estate pursuant to Section 542(a) of the Bankruptcy Code. All these statutory causes of action are within the "core" jurisdiction of the bankruptcy court under 28 U.S.C. § 157(b)(2)(E), (F), & (H), and should be litigated in that forum.

6. The existence of "core" bankruptcy litigation in Brownsville between the same parties over issues other than the issues before this Court is further basis for a transfer of venue of this case to the Brownsville Division for the convenience of the parties.

7. Moreover, the Debtor has recently identified certain claims that it will seek to bring against Quality Checkd as part of this action, including but not limited to a claim for