hearing on June 2, 2000, the Main Defendants again tried to get this Court to declare that this case was automatically transferred to the bankruptcy court. This Court told the Defendants' counsel "I said no before. What part of no don't you understand?"

3. Thereafter, the Bankruptcy Judge lifted the automatic stay for purposes of discovery as to "F" Street so that discovery in the case before Judge Gilmore could proceed against all three parties.

4. Thereafter, the Main Defendants made their next attempt to move this case from Judge Gilmore's court by filing a motion to transfer venue. After Quality Chekd had answered the Main Defendants venue motion in an attempt to bolster the venue argument, "F" Street filed an Adversary Proceeding against Quality Chekd in Bankruptcy court, and then joined Richards and Cohyco in the venue motion.

5. This Adversary Proceeding, a copy of which is attached as Exhibit "1," asks for the declaration of certain preferences, offsets and other relief, which will be opposed in the bankruptcy court by Quality Chekd. In view of the allegations in the Adversary Proceeding, Quality Chekd has simultaneously with this filing moved to sever and transfer its cause of action against "F" Street to the Bankruptcy Court. A copy of Quality Chekd's severance motion filed contemporaneously herewith is attached as Exhibit "2."

6. Prior to filing its motion to sever and transfer, counsel for Quality Chekd contacted the attorney for "F" Street and the attorney for Richards and Cohyco for the purpose of completing a Certificate of Conference required under the local rules. Even though both counsel were seeking a transfer of the case as to all Defendants, including "F" Street, they both opposed the motion to sever "F" Street and refer the claims against it to the Bankruptcy Court. This refusal raises a serious

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

B-02-040

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC.<br>Plaintiff,<br><br>vs.<br><br>COHYCO, INC., "F" STREET<br>INVESTMENTS, d/b/a SOUTHWEST<br>ICE CREAM SPECIALTIES (f/k/a<br>HYGEIA DAIRY COMPANY), and<br>H. LEE RICHARDS,<br>Defendants. | §§§§§§§§§§§§ | CIVIL ACTION NO. H-00-0943<br><br>***JURY DEMANDED*** |

### QUALITY CHEKD DAIRIES, INC.'S
### RESPONSE TO "F" STREET'S JOINDER
### IN MOTION TO TRANSFER VENUE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The Plaintiff, Quality Chekd Dairies, Inc. ("Quality Chekd") responds to the Defendant "F" Street Investment, Inc.'s ("F Street") Joinder in the Motion to Transfer Venue on the following grounds:

### Background

1. As background, Quality Chekd began this litigation by suing "F" Street, its parent corporation, Cohyco, and Lee Richards, the chairman of both companies. Thereafter, "F" Street sought Chapter 11 protection. Thereafter, the Defendants Cohyco and Richards ("the Main Defendants") asked this Court to declare that this entire case (including as to non-debtors Cohyco and Richardson) was automatically referred to the Bankruptcy Court.

2. This Court ruled against the Main Defendants (Docket 17 and 19). At a pre-trial



question as to whether the Defendants are sincere in their allegations of "inconvenience" because of pending bankruptcy matters or if they simply wish to enhance the chance of moving Cohyco and Richards from Judge Gilmore's court to the Brownsville Division in the hope of renewing, before another judge, their previously denied motion for total referral of all Defendants to Bankruptcy Court.

7. The motion to sever, if granted, will put Quality Chekd's claims against the debtor in Bankruptcy Court. Then, the only Defendants before Judge Gilmore will be Richards and Cohyco. These Defendants are sued by Quality Chekd because Richards, as a director of Quality Chekd, violated his fiduciary duty to Quality Chekd and defrauded Quality Chekd. Cohyco benefitted by the fraud. Cohyco knew of the fraud and breach of fiduciary duty because its Chairman Richards knew. These claims against Richards and Cohyco stand independently of the claims against debtor. These claims are founded on Richards' failure, <u>as a Quality Chekd director</u>, to tell Quality Chekd that: 1) the debt he was causing "F" Street to owe Quality Chekd would never be paid because "F" Street was insolvent; 2) its auditors had issued a warning about its "going concern" status; 3) it was negotiating an asset sale while it was increasing its debt to Quality Chekd by over one million dollars; and 4) all the assets of "F" Street were encumbered resulting in nothing being available to unsecured creditors. Richards practiced this deception by causing credit to be issued from Quality Chekd in Illinois to benefit "F" Street. Richards' conduct included telephone calls to Illinois and serving on the board of directors of Quality Chekd located and doing business in Illinois, and by trading on trust created over twenty years while serving as president and director of Quality Chekd. Venue as to Richards and Cohyco in Illinois federal court is certainly proper and certainly venue in Houston is proper.

8. To make it clear, there are claims against Richards and Cohyco in Houston for breach of fiduciary duty and fraud. The venue choice as to these claims in Houston was proper. Federal District Court in Chicago is also a proper venue for the reasons set out in Quality Chekd's previous venue pleadings.

9. Totally independent is a debt of "F" Street to Quality Chekd on its account. The debt is approximately $1,600,000. The debtor, in its Schedules, admits over $1,500,000. A proof of claim by Quality Chekd is due August 14, 2000 for any excess Quality Chekd claims above the amount debtor "F" Street has admitted. The debtor's Adversary Proceeding will involve the matter of whether an offset exists and whether debtor owes Quality Chekd any amount in excess of the debt "F" Street has admitted.

10. It is readily apparent that the bankruptcy issues between Quality Chekd and debtor "F" Street are completely severable and different from Quality Chekd's complaint against Richards and Cohyco. Richards and Cohyco simply wish to circumvent Judge Gilmore's prior order that the case proceed against them in Houston. Richards and Cohyco hope to transfer the case to Brownsville and then seek a referral to Bankruptcy Court of Quality Chekd's claims against them.

### Response to "F" Street's Joinder

11. "F" Street's joinder in the motion to transfer should be denied because its argument is moot by granting Quality Chekd's motion to sever and transfer the case as to it to Bankruptcy Court - exactly the relief "F" Street appears to be seeking for itself, but not the relief Cohyco and Richards want.

12. "F" Street contends that the matter should be transferred to Brownsville because the automatic stay is lifted. This is without merit. The case is still stayed as to "F" Street, except for

discovery. Quality Chekd seeks to transfer its claim against "F" Street to Bankruptcy Court because the Adversary Proceeding makes it clear there are bankruptcy issues to litigate in Bankruptcy Court. Before the Adversary Proceeding was filed, virtually all of "F" Street's account with Quality Chekd had been admitted by "F" Street in its Schedules, and unless Quality Chekd filed a proof of claim, there was nothing to litigate against "F" Street in Bankruptcy Court, or in federal district court because of the automatic stay. If the Court grants Quality Chekd's Motion to Sever and Refer, all of "F" Street's objections are met.

13.   Any additional claims that the Defendant "F" Street wishes to bring against Quality Chekd in this civil action may be brought in its Adversary Proceeding. "F" Street should not be allowed to interfere with the court's proceedings in Houston against Richards and Cohyco.

14.   Quality Chekd incorporates the allegations, arguments and authorities made in its answer to Richards and Cohyco's Motion to Transfer Venue into this Response and asks that they be considered in opposition to "F" Street's Joinder.

WHEREFORE, Quality Chekd asks that the Court deny the motion to transfer venue.

Respectfully submitted,

*/s/ Lee Hamel*
Lee Hamel
SBN: 08818000
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:   (713) 659-2000
Fax:   (713) 659-3809
ATTORNEY-IN CHARGE FOR PLAINTIFF
QUALITY CHEKD DAIRIES, INC.

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was mailed or faxed to the following parties, on August 7, 2000.

C. Scott Kinzel
Royston, Rayzor, Vickery & Williams
2200 Chase Tower
600 Travis Street
Houston, Texas 77002-2913

Christian Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

  *Attorneys for Cohyco, Inc. and H. Lee Richards*

Harlin C. Womble, Jr.
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

Paul Lee Wiley
621 East Tyler
P.O. Box 2764
Harlingen, Texas 78551-2764

  *Attorneys for F Street Investments*

               /s/ Lee Hamel
               Lee Hamel

# EXHIBIT "1"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FILED
JUL 20 2000

UNITED STATES
BANKRUPTCY COURT

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| F STREET INVESTMENTS, INC., | § | |
| A TEXAS CORPORATION F/K/A | § | |
| HYGEIA DAIRY COMPANY | § | CASE NO. 00-20953-B-11 |
| | § | |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| F STREET INVESTMENTS, INC., | § | |
| A TEXAS CORPORATION, F/K/A | § | |
| HYGEIA DAIRY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 00-2114-B |
| | § | |
| QUALITY CHEKD DAIRIES, | § | |
| | § | |
| Defendant. | § | |

ORIGINAL COMPLAINT FOR RECOVERY OF FRAUDULENT TRANSFER OR
IN THE ALTERNATIVE AVOIDANCE OF SECTION 547(b) PREFERENCE, AND FOR
TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO SECTION 542(a)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff F Street Investments, Inc., a Texas Corporation f/k/a Hygeia Dairy Company, Debtor and Debtor in Possession in this Chapter 11 proceeding, and files this its Original Complaint and in support hereof would respectively show the following:

**PARTIES, JURISDICTION, VENUE AND PROCEDURE**

1.  Plaintiff is a Texas Corporation whose principal office is located in Harlingen, Cameron County, Texas.

11 B 11

2. Defendant Quality Chekd Dairies is a for profit cooperative corporation organized and existing under the laws of Wisconsin and can be served at its principal place of business at 1733 Park Street, Naperville, Illinois 60563.

3. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 157 and § 1334. Venue of this case in this District is proper pursuant to 28 U.S.C. § 1408 and § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) & (F).

## FACTUAL BACKGROUND

4. Plaintiff was a wholesale supplier of dairy products, various beverages and related merchandise.

5. Defendant is owned by its members. Plaintiff was a long-time member of Defendant's cooperative.

6. Some of the benefits of membership include the right to use the cooperative's logo, a discount on purchases made through the cooperative, and a quarterly dividend based on a percentage of that members purchases made through the cooperative.

7. Another benefit of membership that was not tied to a member's level of activity in the cooperative was each member's receipt each year a payment from the cooperative solely as a benefit of membership, which payment and rights to payment is known as a patronage dividend. This patronage dividend was based on savings and economies of scale achieved by the cooperative which were then passed through to the members.

8. Plaintiff received patronage dividends each year it was a cooperative member with the exception of 1999, in varying but often substantial amounts.

9. Membership in a cooperative is a valuable property right.

10. Plaintiff's and Defendant's 1999 fiscal years ended on September 30, 1999.

11. Plaintiff did not receive its patronage dividend for FY 1999 or FY 2000.

12. On November 30, 1999, Plaintiff sold virtually all its operating assets.

13. Defendant unilaterally cancelled Plaintiff's membership in the cooperative.

14. Plaintiff filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on March 27, 2000 ("Petition Date"),

15. The economic value of the Plaintiff's membership in the cooperative can be calculated, in part, as at least a multiple of ten (10) times the average patronage dividend for the previous five (5) years, plus Plaintiff's percentage share of assets owned by the cooperative.

16. **First Cause of Action – Fraudulent Transfer.** Defendant's unilateral cancellation of Plaintiff's membership was a fraudulent transfer of valuable property of the Plaintiff for no value. Plaintiff therefore sues Defendant for the return of its membership or the cash value thereof.

17. Further, on information and belief, the fraudulent transfer to the Defendant was transferred by Defendant to another member of the cooperative, or pro rata to all other members of the cooperative, as an increase of their patronage dividend and an increase in their percentage ownership of assets of the cooperative. Plaintiff therefore reserves the right to amend this complaint after discovery to add as defendants any and all subsequent transferees.

18. **Second Cause of Action – Preference.** Defendant's unilateral cancellation of Plaintiff's membership was within 90 days of the Petition Date and was therefore also a preference. Plaintiff sues in the alternative for recovery of same or the cash value thereof.

19. **Third Cause of Action – Turnover.** Plaintiff sues Defendant for turnover of its membership and its unpaid patronage dividend for FY 1999 and 2000.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, that Plaintiff recover its membership or the cash value thereof, that Plaintiff recover all unpaid patronage dividends, and that Plaintiff receive and such other relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
Nathaniel Peter Holzer, Attorney in Charge
State Bar No. 00793971/Admissions No. 21503
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555

ATTORNEY FOR DEBTOR/DEFENDANT F STREET INVESTMENTS, INC.

OF COUNSEL:

*Jordan, Hyden, Womble & Culbreth, P.C.*

Harlin C. Womble, Jr.
State Bar No. 21880300/Admissions No. 8959
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555

# EXHIBIT "2"

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC.<br>Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | |
| COHYCO, INC., "F" STREET<br>INVESTMENTS, d/b/a SOUTHWEST<br>ICE CREAM SPECIALTIES (f/k/a<br>HYGEIA DAIRY COMPANY), and<br>H. LEE RICHARDS,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-00-0943<br><br>*JURY DEMANDED* |

**MOTION TO SEVER "F" STREET INVESTMENTS, INC.
AND REFER PROCEEDINGS AGAINST IT
TO THE BANKRUPTCY COURT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to the provisions of Rule 42(b), Federal Rules of Civil Procedure and 28 U.S.C. §157(a), the Plaintiff Quality Chekd Dairies, Inc. ("Quality Chekd") moves this Court to sever all proceedings against "F" Street Investments, Inc. (f/k/a Hygeia Dairies, Inc.) ("F" Street") and to refer such proceedings to the Bankruptcy Court for the Southern District of Texas, Brownsville Division, Bankruptcy Case No. 00-20953-B-11, styled, *In Re F Street Investments, Inc., Debtor* ("the Bankruptcy"), and as grounds for such motion would show:

1.      Prior to "F" Street's seeking protection under Chapter 11 of the Bankruptcy Act, this suit was filed against F. Lee Richards ("Richards") and Cohyco, Inc. ("Cohyco") and "F" Street. At the time "F" Street filed its schedules in the Bankruptcy, it acknowledged owing $1,570,000 of the $1,601,000 claimed by the Plaintiff in this case. During the course of the Bankruptcy, employees

-1-

of the Defendant "F" Street and the Plaintiff attempted to reconcile the remaining difference of approximately $30,000. In view of this state of the record, there were no basic issues as to the amount of the debt which "F" Street owed to Quality Chekd, except its liability for punitive damages based on its former officer and director Richards' conduct.

2. On July 20, 2000, counsel for "F" Street filed Adversary Proceeding No. 00-2114-B (the "Adversary Proceeding") in the Bankruptcy in which it claimed certain preferences, offsets and affirmative relief against Quality Chekd, and made other claims that involve some core bankruptcy issues. While the resolution of the issues alleged in the Adversary Proceeding will not impact on the liablity of the Defendants Richards and Cohyco, it may involve the amount that may be owed to Quality Chekd by "F" Street. While Quality Chekd denies all of the claims alleged in the Adversary Proceeding or that "F" Street is entitled to any relief, the Plaintiff now feels that in view of the Adversary Proceeding, the interest of all parties would be served by having all of the bankruptcy issues decided by the bankruptcy court in the bankruptcy proceedings.

3. The claims alleged in this civil action against Richards and Cohyco are based on their own pre-petition conduct and are independent of the issues raised in the Bankruptcy Proceedings. There is no reason why such claims should not go forward in this civil action. Severance and transfer of the claims against "F" Street will simplify the issues before this Court.

WHEREFORE, Quality Chekd respectfully moves this Court to sever all proceedings with respect to "F" Street from this cause of action and to refer such proceedings to the Bankruptcy Court for the Southern District of Texas, Brownsville Division to be docketed in Case No. 00-20953-B-11, styled, *In Re F Street Investments, Inc., a Texas Corporation f/k/a Hygeia Dairy Company, Debtor.*

Respectfully submitted,

*Lee Hamel*
Lee Hamel
SBN: 08818000
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:   (713) 659-2000
Fax:   (713) 659-3809
ATTORNEY-IN CHARGE FOR PLAINTIFF
QUALITY CHEKD DAIRIES, INC.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the attorneys for all of the Defendants were contacted with respect to this motion and was advised that they would not agree to its being granted by the Court.

*Lee Hamel*
Lee Hamel

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed or faxed to the following parties, on August ___, 2000.

C. Scott Kinzel
Royston, Rayzor, Vickery & Williams
2200 Chase Tower
600 Travis Street
Houston, Texas 77002-2913

Christian Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

*Attorneys for Cohyco, Inc. and H. Lee Richards*

Harlin C. Womble, Jr.
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

Paul Lee Wiley
621 East Tyler
P.O. Box 2764
Harlingen, Texas 78551-2764

*Attorneys for F Street Investments*

_____
Lee Hamel

-4-

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC.<br>Plaintiff, | § § § | |
| vs. | § § § | |
| COHYCO, INC., "F" STREET INVESTMENTS, d/b/a SOUTHWEST ICE CREAM SPECIALTIES (f/k/a HYGEIA DAIRY COMPANY), and H. LEE RICHARDS,<br>Defendants. | § § § § § § | CIVIL ACTION NO. H-00-0943<br><br>*JURY DEMANDED* |

## ORDER GRANTING SEVERANCE
## AND REFERRING MATTER TO THE BANKRUPTCY COURT

On motion of the Plaintiff Quality Chekd Dairies, Inc., the Court finding such order should be granted, it is accordingly

ORDERED that all proceedings herein against the Defendant "F" Street Investments, Inc., f/k/a Hygeia Dairy Company, be and the same hereby are SEVERED from this civil action and such proceedings are hereby referred to the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, to be docketed in Case No. 00-20953-B-11, styled *F Street Investments, Inc., a Texas Corporation f/k/a Hygeia Dairy Company, Debtor*.

Signed in Houston, Texas on this _____ day of _____, 2000.

_____
Vanessa D. Gilmore
United States District Judge