THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 1 6 2000

Michael N. Milby, Clerk

B-02- 040

| | |
|---|---|
| QUALITY CHEKD DAIRIES, INC. § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-00-0943 |
| § | |
| COHYCO, INC., "F" STREET § | |
| INVESTMENTS, d/b/a SOUTHWEST § | |
| ICE CREAM SPECIALTIES (f/k/a § | *JURY DEMANDED* |
| HYGEIA DAIRY COMPANY), and § | |
| H. LEE RICHARDS, § | |
| Defendants. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS
COHYCO AND H. LEE RICHARDS'
OBJECTIONS TO RAPP AFFIDAVIT AND
ANSWER TO THEIR RESPONSE TO PLAINTIFF'S OPPOSITION
TO MOTION TO TRANSFER VENUE AND CONDITIONAL MOTION
TO TRANSFER VENUE TO ILLINOIS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff Quality Chekd Dairies, Inc. ("Quality Chekd"), and in response to the Defendants Cohyco, Inc. ("Cohyco") and H. Lee Richards' ("Richards") objection and response, answers as follows:

**I. Background Facts**

1. The Defendants Cohyco and Richards' statement that the "key witnesses" all live in the Brownsville Division is inaccurate. As shown by Mr. Rapp's affidavit and the pleadings in general, Plaintiff's key witnesses reside almost exclusively out of the Brownsville Division and, in fact, live in different parts of the United States. This is established by the personal knowledge of Mr.

-1-

Rapp in his affidavit. *See* discussion, *infra*. Essentially, only Mr. Richards and, apparently, members of his family, all former employees of "F" Street, presently affiliated with Cohyco, live in the Brownsville Division.

## II. Summary of the Argument

2. The specific parts of the argument will be dealt with in the succeeding sections.

## III. Key Witnesses' and Defendants' Issues

3. The precise language of *Dupre vs. Spanier Marine Corp.*, 310 F. Supp., 823 (S. D. Tex. 1993) is that the availability and convenience of a witness is "arguably the most important of those [factors] listed." A reading of the overall opinion indicates that, however important this factor may be, the court still engages in a balancing of the different factors. As regards the "key witness," it is obvious, Defendants' hyper technicality aside, that witnesses such as Mr. Rapp, accounting personnel from Quality Chekd, and the directors of Quality Chekd's organization would also be important "key witnesses." The easier accessibility of Houston (or, for that matter, Chicago) contradicts the argument made by the Defendants Cohyco and Richards in this section of the pleading. In short, it is not merely the Defendants' "key" witnesses, but also the Plaintiff's important witnesses, whose availability and convenience should be considered. Therefore, the Defendants' argument fails on this point.

## IV. Related Litigation Issues

4. The Plaintiff's argument in this section of its opposition overlooks the fact that there will still be different issues in different courts involved in this case if it is transferred to Brownsville. The bankruptcy proceedings have been held in Harlingen and McAllen and the District Court proceedings would be held, presumably, in Brownsville and certainly, at different times. There

would be little convenience to be gained by such a transfer. Further, Quality Chekd has filed a motion to dismiss Hygeia ("F Street") from this Civil Action and it has filed its proof of claim in the bankruptcy court. This procedure will litigate the claims against F Street and Hygeia in the forum where all of the pending bankruptcy issues will be decided. These issues do not impact the claims of fraud and breach of fiduciary duty that are involved in the principal allegations against Cohyco and Richards. Further, whatever "usury" claims that Hygeia has are not available as defenses to Cohyco and Richards. Since these claims against Hygeia ("F Street"), for whatever they are worth, will be litigated in the bankruptcy court, these issues will not be before this Court. Removing these claims against "F" Street and the related bankruptcy issues from this Court will simplify these proceedings and achieve judicial economy in this case.

5.  Whatever liens Cohyco may have against the assets in the bankruptcy estate are indigenous to that litigation and are not relevant to these proceedings.

## V. Convenience of Counsel

6.  Whatever varying weights are to be given to the different factors, all of the cases, including *Dupre*, cited above and *St. Paul Interprecious Metal Corp.*, 613 F. Supp. 174, 179 (S.D. Mississippi) recognize that the location of counsel and the Plaintiff's choice of forum are important considerations. Cohyco and Richards attempt to make the point that they ". . . should not be penalized because they have retained a law firm with several statewide offices." The other side of that coin is neither should the Plaintiff in this case be penalized because it has chosen attorneys whose offices are in Houston. Again, as pointed out above, venue questions are decided by a balancing of a number of factors, including, not only the convenience of witnesses, but the Plaintiff's choice of forum, and such other factors as the location of the events involved. In this case, the

location of the events involved are far removed from either Houston or Brownsville. The essence of this case is Richards' breach of his fiduciary duty while serving as director of Cohyco. Plaintiff is entitled to take into consideration various factors, including, convenience of its own staff, counsel and third party witnesses in selecting its forum, and these factors are entitled to deference under the cases cited in the original response.

### VI. Claims of Local Prejudice

7.      The specific statute under which Plaintiff seeks to transfer venue, 18 U.S.C. 1404(a), specifically provides that the interest of justice may be taken into consideration in deciding whether or not to change venue. 726 F.2d 1381 (9th Cir. 1984). This is not contradicted by *Los Angeles Memorial Coliseum Commission vs. NFL*, 89 F.3rd, 497 (C.D. Cal. 1981), aff. (the "NFL" case) or anything in *Gulf Oil vs. Gilbert*, 330 U.S. 501 (1947). In fact, the NFL case was a denial of a change of venue motion in which pretrial publicity was the issue. This District Court merely held that it would wait until jury *voir dire* decided the issue. The argument set out at page ten and eleven of the Defendants' response makes clear that it is not convenience, but rather a home field advantage which they are seeking. At least in its initial choice of forum, Quality Chekd chose a *neutral* venue.

8.      Contrary to the Defendants' assertions, Illinois does have a connection and interest in the facts of this case. This is because most of the Defendants' misconduct occurred there. Mr. Richards' fiduciary duties were in fact owed in Illinois. At the very least, the Defendants' association with the Brownsville Division should be a non-factor, and at most, it should be a factor requiring denial of the motion to transfer.

### VII. Personal Jurisdiction Over Cohyco in Illinois

9.      The pleadings and other materials cited in these motions make it obvious that, at all

times, Lee Richards was an officer and director of Cohyco and that he occupied this position during the time he was serving as an officer and director of Quality Chekd. It was to Cohyco's interest that it's subsidiary, Hygeia be allowed to continue escalating its purchases by obtaining unwarranted credit from the Plaintiff. Testimony and other material in the bankruptcy indicates a direction by Richards as an officer of Cohyco of operations of Hygeia and Cohyco's interest in allowing, and in all probability, encouraging Richards' improper activities in Illinois. It is undisputed that Quality Chekd has, or at least is attempting to, benefit from Mr. Richards' misconduct. Such facts amply support Illinois jurisdiction over Cohyco.

**VIII. Mr. Rapp's Affidavit Was Proper And Should Be Considered In These Proceedings**

10.     Defendants' objection to Mr. Rapp's affidavit is without merit. The text of the affidavit, which reflects his experience and connection with the facts of this case, clearly established that he has personal knowledge that there are principal witnesses and other considerations which mitigate against granting the Defendants' motion. Mr. Rapp's background in the industry and familiarity with the facts of this case entitles him to state opinions which are provative of the facts involved in the resolution of the venue issue. The affidavit, on its face, establishes personal knowledge of the existence of witnesses and the nature of their testimony. It is not necessary under *Karol vs. Resolution Trust Corp.*, 839 F.2d 14 (E.D. Tex. 1993) for all of the details to be set out and specified. The problem with the affidavit in the *Karol* case was simply that the court believed that the other affidavit, submitted by the Resolution Trust Corporation Receiver, was more trustworthy on its face and the affidavit of Ms. Carol. She was an employee of the Defendants' law firm and what she said was not only conclusory, it did not meet or contradict that of the RTC receiver. This Motion to Transfer Venue is not, as Defendants' attempt to analogize, a motion for summary

judgment. Mr. Rapp's affidavit, taken as a whole, is supportive of the Plaintiff's opposition to the motion to transfer venue and should be considered. It sets out with clarity the reasons why the Plaintiff's choice of forum and the other factors cited in its opposition should be respected, and generally meets the standard of proof required in cases such as this. Interestingly enough, the Carol affidavit in the *Carol* case was offered in <u>support</u> of a motion to change venue which was denied by that court.

### IX. Operative Events

11.     Motions, responses and material offered in support of the motion now before the Court clearly establish that Quality Chekd's principal offices and operations were in Illinois. They reflect that Richards went to meetings there, made arrangements for business transactions involved in this case through Quality Chekd's Illinois offices and acted as an officer and director of Quality Chekd over many years. It further shows that his relationships with the other directors and members of the Quality Chekd staff were local to Illinois. The fact that he initiated some communications from the Harlingen-Brownsville area do not establish that the principal operative events were in that area. Rather, the obligation of Hygeia to pay, to handle the accounts and the principal activities involved in this suit occurred in Illinois. It is therefore inaccurate and incorrect to say that the operative events actually occurred in the Brownsville Division. They simply did not, and this factor should not be considered in the Court's ruling on this motion.

### X. Quality Chekd is Entitled To Have Its Venue Choices Upheld

Quality Chekd's Motion to Transfer Venue to Illinois was made in response to the issues raised by the Defendants Cohyco and Richards in their Motion to Transfer Venue. The Defendants' attempt to assert the operative events argument, the convenience of witnesses, and the

fact that Hygeia no longer does business in Houston was a basis for their motion. If these considerations do, in fact, govern, then arguments of equal force can equally be made for moving this case to Illinois, where the major operative events did in fact occur, where the convenience of the Plaintiff's witnesses, key and otherwise, would be much greater served than in Houston, and where they would have the "home field advantage," which the Defendants Richards and Cohyco are now seeking to achieve. There is, in fact, a rational basis for the alternative motion, and this relief is asked only in the event that the Court should decide that Houston, for some reason, is an inappropriate place to try this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that this Court deny the Defendants' Motion to Transfer Venue, or, in the alternative, if venue is to be transferred, that it be transferred to the Northern District of Illinois.

Respectfully submitted,

HAMEL BOWERS & CLARK L.L.P.

_____
Lee Hamel
SBN: 08818000
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:   (713) 659-2000
Fax:   (713) 659-3809

Attorneys for Quality Chekd Dairies, Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed or faxed to the following parties on August 16, 2000.

Christopher Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

*Attorney for Cohyco, Inc. and H. Lee Richards*

Harlin C. Womble, Jr.
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

*Attorney for F Street Investments*

_____
William L. Bowers, Jr.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC. <br> Plaintiff, | § § § § | |
| vs. | § § | |
| COHYCO, INC., "F" STREET INVESTMENTS, d/b/a SOUTHWEST ICE CREAM SPECIALTIES (f/k/a HYGEIA DAIRY COMPANY), and H. LEE RICHARDS, <br> Defendants. | § § § § § § | CIVIL ACTION NO. H-00-0943 <br><br> ***JURY DEMANDED*** |

## **ORDER**

It is ORDERED THAT the Defendants' Motion to Transfer Venue is DENIED.

Signed in Houston, Texas this _____ day of _____, 2000.

_____
United States District Judge