IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
AUG 23 2000
Michael N. Milby, Clerk of Court
B-02- 040

| | |
|---|---|
| QUALITY CHECKD DAIRIES, INC., § | |
| § | |
| Plaintiff § | |
| vs. § | |
| § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, § | |
| d/b/a SOUTHWEST ICE CREAM § | |
| SPECIALTIES (f/k/a HYGEIA DAIRY § | |
| COMPANY), and H. LEE RICHARDS § | |
| Defendants § | |

**DEFENDANT F STREET INVESTMENTS, INC.'S, RESPONSE AND OBJECTION
TO
PLAINTIFF'S MOTION TO SEVER "F" STREET INVESTMENTS, INC. AND REFER
PROCEEDINGS AGAINST IT TO THE BANKRUPTCY COURT
and
PLAINTIFF'S MOTION TO DISMISS PROCEEDINGS AS TO "F" STREET
INVESTMENTS, INC. WITHOUT PREJUDICE
and its
CONDITIONAL MOTION FOR DISMISSAL WITH PREJUDICE ON ALL
PLAINTIFF'S NON-ACCOUNT-DEBT CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, F Street Investments, Inc., a Texas Corporation, f/k/a Hygeia Dairy Company ("F Street"), debtor and debtor-in-possession in bankruptcy case No. 00-20953-B-11, currently pending in the Brownsville Division of the Southern District of Texas, and files this its Response and Objection To (i) Plaintiff's Motion To Sever "F" Street Investments, Inc. And Refer Proceedings Against It To The Bankruptcy Court ("Motion to Sever") and (ii) Plaintiff's Motion To Dismiss Proceedings As To "F" Street Investments, Inc. Without Prejudice ("Motion To Dismiss"), along with its Conditional Motion For Dismissal With Prejudice On All Plaintiff's Non-Account-Debt Claims and would show the Court as follows:

1. Currently pending for decision by this Court are four Motions: (i) the Motion of Defendants Cohyco, Inc., and Lee Richards for a transfer of venue to Brownsville (F Street has

joined in this Motion), (ii) Plaintiff's conditional Motion for a transfer of venue to Illinois, (iii) the Motion to Sever; and (iv) the Motion to Dismiss.

2. In addition, Defendant F Street has filed at the same time as this Response a Motion for Leave to Amend its Answer and to Assert a Counterclaim Against the Plaintiff, and the contained Conditional Motion For Dismissal With Prejudice.

3. By the Motion To Sever and the Motion to Dismiss, Plaintiff asks this Court to bifurcate this case for litigation in two different forums with the same parties, virtually the same facts, the same witnesses, virtually the same evidence, and with the possibility of inconsistent results.

4. Both the Plaintiff's Motion to Sever and the Plaintiff's Motion To Dismiss must be denied. Granting either of those Motions will allow the Plaintiff to do what the 5th Circuit forbids: take for itself claims that must be shared among all the creditors of the Debtor's bankruptcy estate. Plaintiff cannot simply plead veil-piercing and alter-ego type claims and then abandon them when it discovers that only the bankruptcy Trustee can pursue those claims and that any recovery on those claims must be shared. One of the fundamental goals of bankruptcy is to prevent larger, more aggressive creditors such as Quality Checkd from swooping in to pick clean the Debtor's bones leaving nothing for smaller creditors. That result is what Plaintiff apparently seeks to achieve by severing or dismissing F Street from the case.

5. Similarly, Quality Checkd seeks to dismiss its claims against F Street for punitive damages but without prejudice. If Plaintiff was truly sincere in its assertion that it will no longer seek punitive damages from F Street, it would accept dismissal with prejudice as to those claims and not leave the door ajar to later amend its proof of claim in the bankruptcy to again assert the

punitive damage claims. For this reason F Street files its Conditional Motion For Dismissal With Prejudice as set forth below.

6. Moreover, F-Street's co-defendants Cohyco and Richards may have as-yet unplead contribution claims against F Street for their liability to the Plaintiff (if any), as the Plaintiff's claims against Richards and Cohyco are clearly centered on the approximately $1.5 million that Plaintiff claims is due from F Street. If these claims are asserted the only logical place is within this lawsuit with F-Street a party.

7. Standing alone, the nexus between the debt claimed due and the Plaintiff's purported damages is sufficient grounds to deny the Motion to Sever and the Motion to Dismiss.

## F STREET IS A NECESSARY PARTY TO THIS CASE

8. Plaintiff has plead causes of action against Cohyco, Inc., that belong to F Street[1] under controlling 5th Circuit authority. *See* ***Randall v. Blake (In Re: Canion)***, 196 F.3d 579, 593 n. 9 (1999); ***Matter of Educators Group Health Trust***, 25 F.3d 1281 (5th Cir. 1994); ***Whalen v. Carter***, 954 F.2d 1087 (5th Cir. 1992); *see also* ***In re Van Dresser Corp.***, 128 F.3d 945, 947 (6th Cir. 1997); ***Larson v. Groos Bank, N.A.***, 204 B.R. 500, 502 (W.D.Tex.1996). F Street is thus both a Plaintiff and a Defendant in this case, as only the trustee in bankruptcy has standing to bring claims for monies claimed to be owed to the bankruptcy estate. *See, also,* ***Matter of Barnett v. Stern***, 93 B.R. 962 (N.D. Ill 1988) *rev'd on other grounds* (7th Cir. 1990).

9. This case deals with litigation initiated by Plaintiff in Harris County, Texas, against the Debtor, its parent corporation Cohyco, Inc., and their offices and director, Lee Richards, to collect on an unpaid account of the Debtor, and also for breach of fiduciary duty, fraud, and aiding and abetting fraud. Plaintiff seeks punitive damages from all three defendants.

---

[1] F Street as Debtor in Possession has the rights, powers and duties of a Trustee. 11 U.S.C. § 1107.

At least one of the Plaintiff's currently plead theories is a veil piercing claim in which Plaintiff is seeking to hold Cohyco liable for the Debtor's account obligation to the Plaintiff. If there is such a viable cause of action, any recovery inures to the bankruptcy estate and to all creditors of the Debtor, not just the Plaintiff. ***Matter of Educators Group Health Trust***, *supra*.

### F STREET'S COUNTER CLAIMS BELONG IN THIS ACTION

10. The Debtor recently identified certain counter claims that it now seeks to bring against Quality Checkd as part of this action, including but not limited to a claim for usury. F Street's usury counter complaint attacks the very existence of the Plaintiff's alleged debt.[2] If F Street succeeds on its counter claims the debt will not exist and the Plaintiff will have no damages against any party in this lawsuit and thus no case. It will be a waste of judicial resources and a duplication of efforts to litigate the very existence of the debt sued upon in the Bankruptcy Court while at the same time the inextricably intertwined issues in this case proceed in this Court.

### SEVERANCE IS NOT APPROPRIATE

11. A district court may order a severance when it determines that severance is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition or economy." Fed.R.Civ.P. 42(b). The determination whether to grant a motion to sever rests with the broad discretion of the district court. ***F.D.I.C. v. Selaiden Builders, Inc.***, 973 F.2d 1249, 1253 (5th Cir. 1992) (NO. 91-1815), *citing United States v. 499.472 Acres of Land More or Less*, 701 F.2d 545, 549-50 (5th Cir.1983).

---

[2] The Debtor is currently in the process of amending its schedules in its bankruptcy case to dispute its liability on the debt to Quality Checkd. All assertions that F Street admits liability on the debt are no longer true.

12. The *Selaiden Builders* case is instructive. There the FDIC sued Selaiden on two notes. Selaiden counterclaimed on a third note and claimed a right of offset. The District Court severed the counterclaim and was upheld on appeal because "defendants' claims arising out of the [third] Note and its claims arising from the [first two notes] are unrelated. . . . the claim on the deficiency on the [third] Note has nothing in common with the FDIC-Receiver's claim on the [first two notes]". *FDIC v. Selaiden Builders, Inc.*, 973 F.2d at 1253.

13. Here the Plaintiff's claims for breach of fiduciary duty have *everything* in common with F Street's purported liability for the account debt to Quality Checkd. It is that very account debt that Richards is claimed to have "run up" in breach of his supposed fiduciary duties to Quality Checkd for the benefit of Cohyco.[3] F Street is sued by the Plaintiff for the same purportedly wrongful conduct. Plaintiff has admitted that the only entity with which it had a contractual relationship was F Street. Richards was acting in his capacity as an officer an director of F Street in virtually all his dealings with Quality Checkd. Cohyco and Richards will benefit if F Street prevails on its usury claim. Separating matters so closely interwoven is almost impossible. Severance provides no "furtherance of convenience" but just the opposite. Severance in this case does not "avoid prejudice" it is more likely to create it. Separate trials will not be conducive to expedition or economy. The Motion to Sever should be denied.

## DISMISSAL AND RESULTING BIFURCATION IS NOT APPROPRIATE

14. "Bifurcation is appropriate where convenient, economical, or necessary to avoid prejudice." *Lindsey v. Prive Corp.*, 161 F.3d 886, 892 (5th Cir.1998). See Fed.R.Civ.P. 42(b) ("The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim,

---

[3] A cursory review of the existing evidence shows clearly that no such "run up" of debts occurred.

counterclaim, or third-party claim, or of any separate issue...."). The bifurcation Plaintiff seeks by way of its motion to dismiss is neither convenient, economical, nor necessary to avoid prejudice—in fact entirely the opposite. It will be highly inconvenient for F Street to litigate its bankruptcy claims separately from the claims in this case when the documents and evidence are virtually the same. Likewise, no economy can be achieved from two separate cases proceeding in two different forums over virtually the same facts, with the same witnesses, and virtually the same evidence. Finally, not just the Debtor but all the Debtor's creditors will be prejudiced by the costs and expenses imposed on the Debtor in litigating in one forum while at all times being subject to full discovery on its business dealings in another.

## CONDITIONAL MOTION TO DISMISS WITH PREJUDICE AS TO CERTAIN CLAIMS

15. F Street believes that the Motion to Dismiss should be denied, but should it be granted F Street requests that the Court make such dismissal with prejudice to Quality Checkd ever again raising any claim against F Street other than a claim in F Street's bankruptcy for the account debt (which claim is disputed). With such a dismissal, Quality Checkd would be prevented from ever again raising claims against F Street for punitive damages such as are plead in this case. Such a dismissal order would not prejudice Quality Checkd as it is the relief it claims to seek. Absent a dismissal with prejudice, Quality Checkd could later amend its proof of claim in the bankruptcy to re urge the causes of action it purports to relinquish here, to the ultimate detriment of literally hundreds of the Debtor's other unsecured creditors.

## CONCLUSION

16. F Street reiterates its support of the Motion to Transfer Venue to Brownsville and incorporates the arguments and authorities cited in its co-defendants' Reply to the Plaintiff's Response. The only logical, proper, and convenient venue for the primary witnesses in this case

is the Brownsville Division. Plaintiff should not be permitted to grab the Debtor's assets to the prejudice of the Debtors' other unsecured creditors, and there is no convenience to be gained or expenses saved so the Motion To Dismiss and the Motion to Sever should be Denied. In the alternative, dismissal should be with prejudice as to all claims but the claimed account debt.

WHEREFORE, PREMISES CONSIDERED, Debtor F Street prays that the Motion to transfer venue is granted, the Motion to Dismiss and Motion to Sever be denied, that if the Motion to Dismiss is granted that it be granted with prejudice, and that the Debtor receive all relief to which it is entitled. Debtor prays for general relief.

Respectfully submitted,

Nathaniel Peter Holzer, Attorney in Charge
State Bar No. 00793971/Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
ATTORNEY FOR DEBTOR/DEFENDANT F STREET INVESTMENTS, INC.

OF COUNSEL:

*Jordan, Hyden, Womble & Culbreth, P.C.*

Harlin C. Womble, Jr.
State Bar No. 21880300/Admissions No. 8959
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555

## CERTIFICATE OF SERVICE

I, Nathaniel Peter Holzer, do hereby certify that a true and correct copy of the foregoing document was served by U.S. First Class Mail on this 22nd day of August, 2000 on the following:

Ms. Diane Sanders
One Shoreline Plaza
800 N. Shoreline, Suite 320
Corpus Christi, Texas 78401

C. Leland Hamel
William L. Bowers, Jr.
Lee Hamel & Associates
1200 Smith Street, Suite 2900
Houston, Texas 77002

U. S. Trustee
515 Rusk, Suite 3516
Houston, Texas 77002

Paul Lee Wiley
P. O. Box 2764
Harlingen, Texas 78551

Barbara Kurtz
U. S. Trustee's Office
606 N. Carancahua, Suite 1107
Corpus Christi, Texas 78476

Christopher Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

_____
Nathaniel Peter Holzer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHECKD DAIRIES, INC., | § | |
| | § | |
| Plaintiff | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, | § | |
| d/b/a SOUTHWEST ICE CREAM | § | |
| SPECIALTIES (f/k/a HYGEIA DAIRY | § | |
| COMPANY), and H. LEE RICHARDS | § | |
| Defendants | § | |

## ORDER DENYING
### PLAINTIFF'S MOTION TO SEVER "F" STREET INVESTMENTS, INC. AND REFER PROCEEDINGS AGAINST IT TO THE BANKRUPTCY COURT
### and
### PLAINTIFF'S MOTION TO DISMISS PROCEEDINGS AS TO "F" STREET INVESTMENTS, INC. WITHOUT PREJUDICE

Came on to be considered the captioned motions and the Court, having considered the motions and any response, and the arguments of counsel, is of the opinion that the captioned motions should be denied; it is therefore

ORDERED that the captioned motions are denied.

SIGNED this _____ day of _____, 2000.


_____
UNITED STATES DISTRICT JUDGE

ORDER SUBMITTED BY:

Nathaniel Peter Holzer
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Fax (361) 888-5555