IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UI IT / 'TAT"S COU TS
SOUTI. RN L.S..RICI O. IEXAS
HLED

EE. AUG 2 3 2000

Michael N. Milby, Clerk of Court

| | |
|---|---|
| QUALITY CHECKD DAIRIES, INC., § | |
| § | |
| Plaintiff § | B-02- 040 |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, § | |
| d/b/a SOUTHWEST ICE CREAM § | |
| SPECIALTIES (f/k/a HYGEIA DAIRY § | |
| COMPANY), and H. LEE RICHARDS § | |
| Defendants § | |

**DEFENDANT F STREET INVESTMENTS, INC.'S MOTION FOR LEAVE TO FILE
FIRST AMENDED ANSWER OF F STREET INVESTMENTS, INC., TO THE
PLAINTIFF'S ORIGINAL COMPLAINT
AND
ORIGINAL COUNTER-COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant. F Street Investments, Inc., a Texas Corporation, f/k/a

Hygeia Dairy Company ("F Street"), debtor and debtor-in-possession in bankruptcy case

No. 00-20953-B-11, currently pending in the Brownsville Division of the Southern

District of Texas, and files this Motion For Leave To File Amended Answer And

Original Counterclaim and would show the Court as follows:

1.      Defendant F Street filed its original answer in this case on May 26, 2000.

Since that time, Defendant has discovered the existence of counterclaims against the

Plaintiff for usury and for recovery of unpaid amounts due from a purchasing dividend

program. These counterclaims are mandatory counterclaims to the Plaintiff's suit for the

account claimed to be owed.

3⨍

2.      F Street therefore moves for leave to file a First Amended Answer and Original CounterClaim, a copy of which proposed pleading is attached hereto as Exhibit "A."

3.      Rule 15 of the Fed. R. Civ. P. states that leave of the Court "shall be freely given when justice so requires." *Forman v. Davis,* 371 U.S. 178 (1962).  This case is in the early stages of discovery.  Defendant has not taken the deposition of Plaintiff's witnesses, nor has this Defendant conducted any written discovery of the Plaintiff.  No time period prescribed by this Honorable Court's orders or the rules of procedure regarding amendments to pleadings has expired and accordingly, this Motion is timely.  No prejudice or harm will result by this amendment.  Unless the opposing party can show prejudice, bad faith, or undue delay, a Court should grant leave to file an amended pleading.

4.      The Court should allow the filing of Defendant's Amended Answer because the amended pleading is appropriate and necessary because Defendant will be prejudiced if not allowed to amend.

WHEREFORE, PREMISES CONSIDERED, Debtor F Street prays that this Motion be granted, and that it be allowed to filed the attached Amended Answer and Original Counter Complaint.  Debtor prays for general relief.

Respectfully submitted,

_____
Nathaniel Peter Holzer, Attorney in Charge
State Bar No. 00793971
Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*

Defendant F Street Investments, Inc.'s
Motion For Leave To File Amended Answer And Original Counterclaim
Page 2

500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
ATTORNEY FOR DEBTOR/DEFENDANT F
STREET INVESTMENTS, INC.

OF COUNSEL:

*Jordan, Hyden, Womble & Culbreth, P.C.*

Harlin C. Womble, Jr.
State Bar No. 21880300/Admissions No. 8959
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555

## CERTIFICATE OF SERVICE

I, Nathaniel Peter Holzer, do hereby certify that a true and correct copy of the foregoing document was served by U.S. First Class Mail on this 22nd day of _____ August _____, 2000 on the following:

Ms. Diane Sanders
One Shoreline Plaza
800 N. Shoreline, Suite 320
Corpus Christi, Texas  78401

Paul Lee Wiley
P. O. Box 2764
Harlingen, Texas  78551

C. Leland Hamel
William L. Bowers, Jr.
Lee Hamel & Associates
1200 Smith Street, Suite 2900
Houston, Texas 77002

Barbara Kurtz
U. S. Trustee's Office
606 N. Carancahua, Suite 1107
Corpus Christi, Texas  78476

U. S. Trustee
515 Rusk, Suite 3516
Williams
Houston, Texas  77002

Christopher Andrew Lowrance
Royston, Rayzor, Vickery &
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

Nathaniel Peter Holzer

Defendant F Street Investments, Inc.'s
Motion For Leave To File Amended Answer And Original Counterclaim
Page 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHECKD DAIRIES, INC., | § | |
| | § | |
| Plaintiff | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, | § | |
| d/b/a SOUTHWEST ICE CREAM | § | |
| SPECIALTIES (f/k/a HYGEIA DAIRY | § | |
| COMPANY), and H. LEE RICHARDS | § | |
| Defendants; | § | |
| | § | |
| F STREET INVESTMENTS, INC., | § | |
| | § | |
| Counter-Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| QUALITY CHECKD DAIRIES, INC., | § | |
| | § | |
| Counter-Defendant | § | |

## FIRST AMENDED ANSWER OF F STREET INVESTMENTS, INC., TO THE PLAINTIFF'S ORIGINAL COMPLAINT
## AND
## ORIGINAL COUNTER-COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, F Street Investments, Inc., a Texas Corporation, f/k/a/ Hygeia Dairy Company ("F Street"), debtor and debtor-in-possession in bankruptcy case No. 00-20953-B-11, currently pending in the Brownsville Division of the Southern District of Texas, and files this its First Amended Answer to the Plaintiff's Original Complaint, and Original Counter Complaint showing as follows:



## I.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph I of the Plaintiff's Original Complaint and therefore denies those allegations.

## II.

Defendant admits that Cohyco, Inc. ("Cohyco"), is a corporation organized under the laws of the State of Texas, and that it maintains its principal offices in Harlingen, Texas. Defendant denies the remaining allegations contained in Paragraph II of the Plaintiff's Original Complaint.

## III.

Defendant admits that it is a corporation organized under the laws of the State of Texas, that it maintains its principal offices in Harlingen, Texas, and that prior to November 30, 1999, it did business in various locations in the state of Texas in the dairy industry. Defendant denies the remaining allegations contained in Paragraph III of the Plaintiff's Original Complaint.

## IV.

Defendant admits that H. Lee Richards is a citizen and resident of the State of Texas who resides and maintains an office in Harlingen, Texas. This Defendant denies the remaining allegations contained in Paragraph IV of the Plaintiff's Original Complaint.

## V.

Defendant admits that as of March 27, 2000, this is an action within the Court's subject matter jurisdiction under 28 U.S.C. 1334(b). This Defendant denies the remaining allegations contained in Paragraph V of the Plaintiff's Original Complaint.

## VI.

This Defendant admits that prior to December 1, 1999, it purchased supplies and materials from various vendors through its membership in the Quality Checkd cooperative.

Defendant denies the remaining allegations contained in Paragraph VI of the Plaintiff's Original Complaint.

## VII.

This Defendant admits that since December 1, 1999, Southern Foods does business as Hygeia Dairy, that the old Hygeia Dairy Company is known as F Street Investments, Inc., and that Lee Richards is now employed by Southern. This Defendant denies the remaining allegations contained in Paragraph VII of the Plaintiff's Original Complaint.

## VIII.

This Defendant denies the allegations contained in Paragraph VIII of the Plaintiff's Original Complaint.

## IX.

This Defendant admits that it an other members of the Quality Checkd cooperative received benefits associated with that membership including shares of any profits generated. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph IX of the Plaintiff's Original Complaint and therefore denies those averments.

## X.

This Defendant admits that it an other members of the Quality Checkd cooperative received cost savings part of which was rebated to them in addition to a percentage of annual profits. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph X of the Plaintiff's Original Complaint and therefore denies those allegations.

## XI.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph XI of the Plaintiff's Original Complaint and therefore denies those allegations.

## XII.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph XII of the Plaintiff's Original Complaint and therefore denies those allegations.

## XIII.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph XIII of the Plaintiff's Original Complaint and therefore denies those allegations.

## XIV.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph XIV of the Plaintiff's Original Complaint and therefore denies those allegations.

## XV.

This Defendant denies the allegations contained in Paragraph XV of the Plaintiff's Original Complaint.

## XVI.

This Defendant denies the allegations contained in Paragraph XVI of the Plaintiff's Original Complaint.

## XVII.

This Defendant denies the allegations contained in Paragraph XVII of the Plaintiff's Original Complaint.

## XVIII.

This Defendant denies the allegations contained in Paragraph XVIII of the Plaintiff's Original Complaint.

FIRST AMENDED ANSWER OF F STREET INVESTMENTS, INC., TO THE PLAINTIFF'S ORIGINAL COMPLAINT, AND ORIGINAL COUNTER-COMPLAINT          page 4

## XIX.

This Defendant denies the allegations contained in Paragraph XIX of the Plaintiff's Original Complaint.

## XX.

This Defendant denies the allegations contained in Paragraph XX of the Plaintiff's Original Complaint.

## XXI.

This Defendant denies the allegations contained in Paragraph XXI of the Plaintiff's Original Complaint.

## XXII.

This Defendant admits that it sold substantially all of its operations to Southern Foods, Inc., on or about September 30, 1999, and denies the remaining allegations contained in Paragraph XXII of the Plaintiff's Original Complaint.

## XXIII.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of Paragraph XXIII of the Plaintiff's Original Complaint and therefore denies those allegations. This Defendant admits the remaining allegations contained in Paragraph XXIII of the Plaintiff's Original Complaint.

## XXIV.

This Defendant denies the allegations contained in Paragraph XXIV of the Plaintiff's Original Complaint.

## XXV.

This Defendant denies the allegations contained in Paragraph XXV of the Plaintiff's Original Complaint.

## XXVI.

This Defendant denies the allegations contained in Paragraph XXVI of the Plaintiff's Original Complaint.

## XXVII.

This Defendant denies the allegations contained in Paragraph XXVII of the Plaintiff's Original Complaint.

## XXVIII.

This Defendant denies the allegations contained in Paragraph XXVIII of the Plaintiff's Original Complaint.

## XXIX.

This Defendant denies the allegations contained in Paragraph XXIX of the Plaintiff's Original Complaint.

## XXX.

This Defendant denies the allegations contained in Paragraph XXX of the Plaintiff's Original Complaint.

## XXXI.

This Defendant denies the allegations contained in Paragraph XXXI of the Plaintiff's Original Complaint.

## XXXII.

This Defendant denies the allegations contained in Paragraph XXXII of the Plaintiff's Original Complaint.

## XXXIII.

This Defendant denies the allegations contained in Paragraph XXXIII of the Plaintiff's Original Complaint.

## XXXIV.

This Defendant denies the allegations contained in Paragraph XXXIV of the Plaintiff's Original Complaint.

## XXXV.

This Defendant denies the allegations contained in Paragraph XXXV of the Plaintiff's Original Complaint.

## XXXVI.

This Defendant denies the allegations contained in Paragraph XXXVI of the Plaintiff's Original Complaint.

## XXXVII.

This Defendant denies the allegations contained in Paragraph XXXVII of the Plaintiff's Original Complaint.

## XXXVIII.

This Defendant denies the allegations contained in Paragraph XXXVIII of the Plaintiff's Original Complaint.

## XXXIX.

This Defendant denies the allegations contained in Paragraph XXXIX of the Plaintiff's Original Complaint.

## XXXX.

This Defendant denies the allegations contained in Paragraph XXXX of the Plaintiff's Original Complaint.

## XXXXI.

This Defendant denies the allegations contained in Paragraph XXXXI of the Plaintiff's Original Complaint.

## XXXXII.

This Defendant denies the allegations contained in Paragraph XXXXII of the Plaintiff's Original Complaint.

## XXXXIII.

This Defendant denies the allegations contained in Paragraph XXXXIII of the Plaintiff's Original Complaint.

## XXXXIV.
## AFFIRMATIVE DEFENSE

Defendant expressly denies that the "sworn account" referenced in Paragraphs XXVII through XXIX of the Plaintiff's Original Complaint is just, true, and due.

## XXXXV
## COUNTERCLAIM -- COUNT ONE
## USURY

F Street counter claims against Quality Checkd for usury.  For a period of time during their business relationship Quality Checkd had no contract with F Street allowing for interest on unpaid accounts due, and thus the allowable rate of interest was 6%.  During other periods there was a contract allowing for interest at 12%.  Quality Checkd charged and collected interest from F Street at a usurious rate.  As such, F Street is entitled to statutory and common law damages from Quality Checkd including cancellation of the debt claimed to be owed and triple the amount of usurious interest as damages.

## XXXXV
## COUNTERCLAIM -- COUNT TWO
## RECOVERY OF UNPAID PURCHASING DIVIDENDS

F Street counterclaims against Quality Checkd to recover amounts owed and unpaid from purchasing dividends.

FIRST AMENDED ANSWER OF F STREET INVESTMENTS, INC., TO THE PLAINTIFF'S ORIGINAL COMPLAINT, AND ORIGINAL COUNTER-COMPLAINT          page 8

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff's Original Complaint be dismissed with costs taxed against the Plaintiff, that Defendant's affirmative defense be granted, that judgment be entered on Plaintiff's counterclaims against Quality Checkd and that Defendant receive all the relief to which it is entitled, at law or in equity.

Respectfully submitted,

_____
Nathaniel Peter Holzer, Attorney in Charge,
State Bar No. 00793971/Admissions No. 21503
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
ATTORNEY FOR DEBTOR/DEFENDANT F
STREET INVESTMENTS, INC.

OF COUNSEL:

*Jordan, Hyden, Womble & Culbreth, P.C.*

Harlin C. Womble, Jr.
State Bar No. 21880300/Admissions No. 8959
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555