UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
SEP 0 5 2000 BT
Michael N. Milby, Clerk

| | |
|---|---|
| QUALITY CHEK'D DAIRIES, INC., § § Plaintiff, § § VS. § § COHYCO, INC., "F" STREET § INVESTMENTS, d/b/a SOUTHWEST § ICE CREAM SPECIALTIES (f/k/a § HYGEIA DAIRY COMPANY), and § H. LEE RICHARDS, § § Defendants, § | B-02- 040  CIVIL ACTION NO. H-00-0943 |

**REPLY OF DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS TO PLAINTIFF'S RESPONSE TO DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS' OBJECTIONS TO RAPP AFFIDAVIT AND ANSWER TO THEIR RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE AND CONDITIONAL <u>MOTION TO TRANSFER VENUE TO ILLINOIS</u>**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COMES NOW Defendants Cohyco, Inc. and H. Lee Richards, (hereinafter collectively referred to as "Defendants") and provide this their Reply as follows:

I.

**COHYCO IS IMMUNE FROM PERSONAL
<u>JURISDICTION IN ILLINOIS</u>**

This case cannot be transferred to a federal district court in Illinois because Illinois cannot exercise personal jurisdiction over COHYCO. Plaintiff Quality Chek'd bears the burden of establishing personal jurisdiction by making a *prima facie* showing of the facts upon which jurisdiction may be based. See <u>Hargrave v. Fibreboard Corp.</u>, 710 F.2d 1154, 1159 (5th Cir. 1983).

47527:935082.1:083000

Quality Chek'd has provided no evidence to this Court to support personal jurisdiction over COHYCO in Illinois. Instead, Quality Chek'd argues simply that because Lee Richards was an officer and director of both COHYCO and Hygeia, and because COHYCO was the parent corporation of Hygeia at the time that Hygeia was doing business with Quality Chek'd, that the contacts of the subsidiary (Hygeia) should somehow be imputed to the parent corporation (COHYCO). This argument is contrary to the law of the Fifth Circuit. A foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is doing business there. See Hargrave, 710 F.2d at 1159. As long as a parent and its subsidiary maintain formally separate and distinct corporate entities, the contacts of a subsidiary in a forum state may not be attributed to the parent. See Hargrave, 710 F.2d at 1160. A parent and subsidiary must be "alter egos" for the contacts of one to be imputed to the other. See Hargrave, 710 F.2d at 1160. For example, a parent corporation that wholly owns its subsidiary, dominates immediately and completely its subsidiary, and exerts its control both commercially and financially in substantially the same way as it would over a division of the parent company not separately incorporated, even where all officers and directors of the parent and subsidiary are in common, is not sufficient to establish an "alter ego" relationship for jurisdictional purposes. See Hargrave, 710 F.2d at 1160, citing Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 335-37 (1925). Quality Chek'd has not presented any evidence that there was any disregard of the corporate formalities, which the United States Supreme Court found to be crucial in their decision in the Cannon Manufacturing case. See Cannon, 267 U.S. 335.

Instead of providing facts sufficient to make a *prima facie* showing, Quality Chek'd merely repeats the inflammatory allegations it has made in its pleadings in an attempt to support changing

venue of this matter from its first choice, Houston, to its second choice, Chicago. However, it is clear that there is no evidence to support any "alter ego" relationship. In their response, Quality Chek'd stated "testimony and other material in the bankruptcy indicates that a direction by Richards as an officer of COHYCO of operations of Hygeia and COHYCO's interests in allowing, and in all probability, encouraging Richards' improper activities in Illinois." However, Quality Chek'd fails to cite or provide evidence of this alleged "testimony and other material." Quality Chek'd then goes on to misrepresent the position of the parties:

> "It is undisputed that Quality Chekd [sic] has, or at least is attempting to, benefit from Mr. Richards' misconduct."

Assuming that Quality Chek'd was referring to COHYCO, it is, in fact, hotly disputed that Richards' conduct was anything other than proper, and it is hotly disputed that COHYCO has somehow improperly benefited as a result of the unfortunate financial circumstances which forced its wholly owned subsidiary to declare bankruptcy.

Finally Quality Chek'd has judicially admitted that the corporate veil between COHYCO and Hygeia was properly maintained. See Quality Chek'd's Responses to Requests for Admissions, Nos. 4 and 5, attached as Exhibit 1.

Quality Chek'd's motion to transfer to Illinois should also be denied because it would be an unfair exercise in "forum shopping" to allow them to direct a venue change, effectively allowing them "two bites at the apple." The statute in question requires that transfers comport with "the interests of justice." 26 U.S.C. § 1404(a). Plaintiff has had an opportunity to choose Illinois as a forum and instead elected to file suit near the offices of its lawyers. There is no evidence or argument by Quality Chek'd that the witnesses or parties have changed or moved, or that any other

circumstance has changed since it filed suit in Houston, other than the Defendants have moved to transfer venue to the Brownsville Division. Therefore, there is no rational basis for the Plaintiff's abrupt change to Illinois from its initial venue choice of Houston.

WHEREFORE, PREMISES CONSIDERED, Defendants move the Court to grant their Objection to the Affidavit of Mel Rapp, grant their Motion to Transfer this case from the Houston Division to the Brownsville Division of the Southern District of Texas, and deny Plaintiff's Conditional Motion to Transfer Venue to Illinois. Defendants request any further relief, both special and general, at law or in equity, to which they may justly be entitled.

Respectfully submitted,

Christopher Lowrance
Attorney-in-Charge
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile
ATTORNEY FOR DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the means indicated to counsel of record on this the ___ day of August, 2000.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Lee Hamel
Law Office of Lee Hamel & Associates
1200 Smith, Suite 2900
Houston, Texas 77002
Attorney in Charge for Quality Chekd Dairies, Inc.

Mr. Nathaniel Peter Holzer
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Attorney in Charge for F Street Investments, Inc.

Of Royston, Rayzor, Vickery & Williams, L.L.P.