UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 02 2000
MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| **QUALITY CHEK'D DAIRIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-00-0943** |
| | § | |
| **COHYCO, INC., and H. LEE RICHARDS,** | § | B-02- 040 |
| | § | |
| | § | |
| **Defendants,** | § | |

## FIRST AMENDED COMPLAINT

Quality Chekd Dairies, Inc. ("Quality Chekd") complains of COHYCO, Inc. ("Cohyco"), "F" Street Investments ("F Street") and H. Lee Richards ("Richards"). For its causes of action, Quality Chekd alleges:

### Parties

1. Quality Chekd is a for profit cooperative corporation organized and existing under the laws of Wisconsin and maintains its principal place of business at 1733 Park Street, Naperville, Illinois 60563.

2. Cohyco is a corporation which is organized under the laws of the state of Texas. It maintains its principal offices in Harlingen, Texas, and through its subsidiary, F Street Investments, formerly known as Hygeia Dairy Company ("Hygeia") which did business in the dairy industry throughout the state. The subsidiary had business establishments or property in Houston, San Antonio, Harlingen, Brownsville, Corpus Christi, McAllen, Laredo, McKinney, and other parts of Texas. Cohyco has been served with summons and has appeared and answered herein.

3. Richards is a citizen and resident of the state of Texas who resides in Harlingen,



41

Texas and maintains an office at 700 S. "F" Street, Harlingen, Texas 78550. He has been served with summons and has appeared and answered herein.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this civil action under 28 U.S.C. §1332 on the basis of diversity of citizenship because Quality Chekd is a corporation formed under the laws of Wisconsin and maintains its principal place of business at 1733 Park Street, Naperville, Illinois 60563, and is, thus, a corporate citizen of Illinois. Cohyco and Richards are citizens of the state of Texas within the meaning of §1332, and this controversy involves an amount in excess of $75,000, exclusive of interest and costs. Venue is proper in this district and in this division of the Court because Cohyco, of which Richards is Chairman of the Board, at all times material to this civil action did business throughout Texas and owned a subsidiary, Hygeia, which has places of business or property in the Southern District of Texas, including Houston, Texas.

**Nature of the Case**

5. This is a civil action to recover approximately $1.6 million, plus interest, indirect economic damages and punitive damages owed to Quality Chekd by Cohyco and Richards. This obligation is based on the wrongful conduct of Richards and Cohyco, consisting of fraud, breach of fiduciary duty by Richards in the course and scope of his duties as the Chairman of the Board of Cohyco, Cohyco's causing, aiding, abetting and knowingly participating in, benefitting from and conspiring with Richards to commit such wrongful conduct. The wrongful conduct arose during the course of Hygeia's participating in a purchasing program that Quality Chekd operated for the benefit of its members and while Richards was also serving on the Board of Directors of Quality Chekd. Through his conduct, Hygeia was able to purchase certain supplies and materials and obtain credit to which Hygeia was not entitled in a legitimate participation in Quality Chekd's purchasing

program. Richards and Cohyco have caused Hygeia to file a bankruptcy proceeding in which it is now pursuing a liquidation plan which will, in all reasonable probability, cause Quality Chekd to lose virtually all of the money that it is owed by Hygeia.

6. Richards is sued personally because of his wrongful conduct as a director of Quality Chekd in connection with the transactions between Hygeia on one hand, and Quality Chekd on the other. While a director of Quality Chekd, Richards breached his fiduciary duty as a director by failing to reveal and concealing material facts about Cohyco and Hygeia, not acting against the best interests of Quality Chekd, and committing acts of fraud, and misrepresentation by making material misstatements of fact and omitting to disclose facts which were necessary to reveal the truth about the transactions in which he, Cohyco and Quality Chekd were participating. This conduct, more fully described below, consisted of, at least, failing to disclose the financial condition of Hygeia and Cohyco while at the same time continuing Hygeia's purchases through Quality Chekd at a level for which it could not pay, and not paying for the purchases as agreed. This occurred while Richards was negotiating the sale of Hygeia's assets to Southern Foods Group ("Southern"), at a price which Richards well knew could not pay Hygeia's debts and within a corporate structure which would divert virtually all of Hygeia's assets to Cohyco. As Richards well knew, the sale of Hygeia's assets would take Cohyco and Hygeia out of the dairy business, eliminate their ability to generate revenue, and not leave sufficient assets to pay Hygeia's debts. Hygeia's condition and the plans described above were not disclosed to Quality Chekd when Hygeia was incurring additional debt to Quality Chekd and increasing or at least maintaining an asset base which would enhance the sale price of its assets for the benefit of Cohyco. Since December 1, 1999, Southern has operated an entity doing business as the new "Hygeia Dairy;" the entity formerly known as Hygeia Dairy that dealt with Quality Chekd is now named "'F' Street Investments." Lee Richards is now either employed by

Southern or being paid an annual fee by Southern for undisclosed services or other consideration.

7. What Lee Richards and Cohyco did for nine months was to cause Hygeia to buy materials through Quality Chekd, which they knew that Hygeia could not pay for. This was done in anticipation of an asset sale which included some of the materials or the resulting products or inventory conveyed to Southern as part of an asset sale. They did this while causing Hygeia to refuse to pay Quality Chekd the full amount of the debt.

**Facts**

8. Quality Chekd is a corporate, cooperative organization which serves a large segment of the United States' dairy industry. It does not have any shareholders and no one owns equity in it. It is managed by its respective members during their membership. At all relevant times, numerous major dairy companies in all parts of the United States, including Hygeia, belonged to and supported the Quality Chekd cooperative organization. The members elect Quality Chekd's board of directors, pay certain fees and assessments to Quality Chekd, perform certain other duties, and receive the benefits of membership, including shares of any profits generated.

9. One of the several services which Quality Chekd furnishes to its members is a voluntary purchasing program which arranges for the participating members to purchase materials, equipment, services and supplies needed in their dairy businesses through a high volume purchasing program. The participating members achieve cost savings, part of which is rebated to them in addition to a percentage of any annual operational surplus. The program operates by the members ordering what they need through participating vendors. The vendors ship directly to the members, but bill Quality Chekd. Quality Chekd pays the vendors and then invoices the respective members for the amount of their orders. The purchasing program agreement requires the participating members to pay Quality Chekd within twenty-one days from the date of Quality Chekd's invoices.

If this is not done, under the purchasing program agreement, the unpaid balances are considered "over term," and by agreement delinquent members are assessed interest on the amounts not paid within the twenty-one day period. Continued delinquency can lead to suspension or termination of purchasing privileges or the termination of the delinquent member's membership in Quality Chekd. The charge continues until the respective "over term" amounts are paid. This interest is not included in the current invoices, but is accumulated through the year and is deducted from the profits and purchase savings "dividends" distributed to Quality Chekd members after the end of each fiscal year.

10. Quality Chekd is governed by a board of directors which elects a president of the board and employs a paid Managing Director, who in turn manages the day-to-day operations. The Managing Director, the President, and the directors deal with members' account problems and related issues. From time to time, some members of Quality Chekd have had difficulty meeting their financial obligations to Quality Chekd and were given opportunities to extend payments or other relief to enable them to bring the accounts current. Richards has actively participated in this activity. To date, it has been many years since any member's account balances have not been ultimately collected. The total past defaults have totaled less than $100,000.

11. From January 28, 1981 until December 1, 1992, Richards was a Director of Quality Chekd. This included serving as President of the Board from December 1, 1987 until December 1, 1992. After coming off the board for a period, as required by Quality Chekd's bylaws, he was re-elected to the board on December 6, 1994, and served until his term expired on December 5, 1999. During all of his board membership with Quality Chekd from 1994 through December 5, 1999, on information and belief, Richards was the Chairman of the Board of Hygeia and Chairman of the Board of Cohyco. He was the ultimate "boss" or controlling person of the corporate structure.

12. While serving as a director and officer of the Plaintiff, Richards participated in

approving payout programs for delinquent members and was personally familiar with any leniency shown by Quality Chekd to its members. He was aware of the policy of Quality Chekd to not require financial information from its members or seek credit information from reporting services, such as Dun & Bradstreet. These steps were considered unnecessary in view of the close relationship of the members and the past history of virtually 100 percent collection of the accounts. In the course of Richards' participation in the management of Quality Chekd's operations, he developed close personal and business relationships with the other directors, executives, and staff.

13. Since becoming a member of Quality Chekd, Hygeia participated in the purchasing program and, over the years, carried an account balance with Quality Chekd. During 1998, the billings were divided between Hygeia Dairy Company and Hygeia/Southwest Ice Cream Specialities, although the latter name was actually a "d/b/a" for Hygeia Dairy Company. Therefore, although the addressees of the respective invoices were different, all of the bills were to Hygeia. Hygeia's balance averaged approximately $700,000 per month during 1998. The balances ranged from approximately $485,000 to $1,100,000. In 1999, Hygeia's account balance averaged about $700,000 per month for the first four months, but rose from approximately $800,000 on March 31, 1999 to $1,140,000 on April 30, 1999. Its balance "over terms" rose from approximately $300,000 to $413,000 at the same time. This trend continued until early December, 1999, and generally reflected a continual increase in the total amount of Hygeia's combined accounts which were "over terms." The three largest increases were from March 31 to April 30 ($341,000); May 31 to June 30 ($497,000); and August 31 to September 30 ($556,000). As of December 31, 1999, Hygeia's account with Quality Chekd was a total of approximately $1,801,000 of which approximately $1,625,000 was "over terms." In other words, for the nine months preceding December 1, 1999, Hygeia increased its average balance of debt to Quality Chekd by approximately

$1,000,000, all the while knowing that it would sell its assets and attempt to avoid paying its debt to Quality Chekd. This increase occurred because Hygeia continued to use the purchasing program at the 1998 level, but mostly payed progressively less on its account. Richards and Cohyco had full knowledge of these facts.

14. Quality Chekd's management noted the continued increase in the size of the account and the increase in the amount of the account that was "over terms". During the early summer of 1999, Quality Chekd unsuccessfully attempted to obtain financial information from Hygeia, and in November, demanded financial statements. This demand was refused and earlier requests were either evaded or ignored. Based on information obtained during the course of Hygeia's bankruptcy proceedings, Quality Chekd alleges that sometime during late 1998 or early 1999, the Defendants lost the ability to secure bank or other commercial financing for some or all of their operating capital needs. Richards had, in fact, stated that Hygeia was seeking new banking relationships. However, as alleged below, Hygeia's audited financial statements for 1998, prepared by Deloitte & Touche, L.L.P, reflected a "going concern" or "liquidity" warning which essentially would have disqualified Hygeia from such financial assistance, as Richards must have known.

15. During early January, 2000, Hygeia outlined a proposed liquidation of its debts, which involved the ultimate payment of only about 15% of its unsecured debt. Although Hygeia's financial problems were well-known to Richards and Cohyco, Richards never disclosed the nature and extent of these problems to Quality Chekd, and Hygeia continued to make purchases and run up its account with Quality Chekd. Since Richards personally was the ultimate authority in both Cohyco and Hygeia, Cohyco was fully aware of Richards' misconduct. Had the true condition and plans of Hygeia and Cohyco been known to Quality Chekd, these extensions of credit would never have been allowed, and earlier action would have been taken.

16. On December 1, 1999, Southern purchased all of Hygeia's assets and Hygeia and Cohyco ceased operating the dairy business. After the purchase of Hygeia's assets, an employee of Southern advised Quality Chekd that during the late spring or early summer of 1999, Richards requested Southern to make an offer for Hygeia's assets. This fact was, of course, known to Richards and Cohyco, but Richards never disclosed this information to Plaintiff or any of its officers until late October of 1999, by which time Hygeia's account was almost $1,945,000.

17. In early Summer of 1999, numerous attempts were made to resolve the problem of Hygeia's account with Richards, who at all times acted and spoke for Hygeia. This resulted in an extended business conference between Richards and Quality Chekd's management on or about June 23, 1999, and an agreement that Hygeia was to make certain scheduled payments in order to bring the total amount owed to specified levels within a given time period, an agreement that the total credit would not exceed $496,296.97, and that the amount of the account "over terms" would be $200,000 or less, on or before July 14, 1999. The parties all understood that failure to meet the payment and reduction obligations summarized in the June 23, 1999 letter would result in Hygeia's suspension or termination from the purchasing program and possible expulsion from membership in Quality Chekd. At this time, Richards was negotiating the asset sale with Southern Foods and knew that the Quality Chekd account could not be paid by Hygeia.

18. Hygeia's payments on its account did not conform to the agreed schedule and both the total amount of the balance and the amount "over terms" continued to grow. In fact, the debt reached a maximum of approximately $2,228,000 by the end of September 1999, with approximately $1,426,000 "over terms." Small reductions, achieved by making payments greater than the amounts purchased, resulted in an account balance of approximately $1,801,000 at the end of December 1999. These payments were made to lull Quality Chekd and to keep its management at bay until its asset

sale could be completed.

19. Despite its failure to comply with the June 23, 1999 agreement, Hygeia continued to make purchases through the program. This resulted in a buildup or at least maintenance of Hygeia's inventories of supplies, products and material needed to continue its business, and enabled it to continue to operate pending the asset sale. This use of credit from Quality Chekd, for example, enabled Hygeia to pay its milk suppliers (who traditionally were dealt with on essentially a cash basis throughout the industry) and avoid a virtual shut-down of its operations. The result of this mode of operation of Hygeia was to increase or maintain its assets and continue in business during the time that Richards was negotiating a sale of these assets to Southern.

20. At all material times during the course of events leading to this civil action, Richards served as a director of Quality Chekd. He also had been an active participant in the management of Quality Chekd and was trusted and respected by the other directors and the management. Richards' long tenure and participation in Quality Chekd's affairs and his position as director at all relevant times created a legal fiduciary responsibility on Richards to act in the best interests of Quality Chekd, to avoid conduct harmful to Quality Chekd, and to disclose all material information to Quality Chekd bearing on its decisions concerning the extension of credit to Hygeia.

21. From July 1, 1999 through early November 1999, Richards and Quality Chekd's management continued to discuss the reduction and status of Hygeia's account. On or about October 28, 1999, Doug Purl, a Hygeia employee, told Quality Chekd that a sale of Hygeia's business was pending, would be completed in "the next few days" and that if Quality Chekd cut off credit, that act could result in the sale not being completed. This information was conveyed in response to Quality Chekd's advice, in the face of continued failures by Hygeia to live up to its

agreements, that its participation in the purchasing program would be suspended unless the account was brought current. Purl was an officer of both Cohyco and Hygeia in 1999. He is also a newphew of Richards. Purl implied that patience would be rewarded upon completion of the sale by payment of the account. To that point, neither Purl nor Richards in any way indicated that less than the full amount due would be paid. Purl did not reveal the terms, structure or status of the sale. Richards insisted that Hygeia was under confidentiality restrictions, but Richards led Quality Chekd's management to believe that the account would be paid in full when Hygeia's accounts receivable were collected. Based on these representations, Hygeia was allowed to continue in the program and no collection activities were undertaken. In late November 1999, Richards, for the first time, indicated that he did not know if there would be enough money to pay Quality Chekd's account in full. Richards stated shortly before December 1, 1999 that no payments would be made to creditors until all of Hygeia's receivables were collected. On January 25, 2000, Hygeia management advised Quality Chekd for the first time that perhaps less than fifty percent of its balance would be paid. Not once during the nine months of build-up of its account at Quality Chekd or during any discussion regarding payment of the account did Hygeia or Richards dispute the balance due, and prior to the sale of its assets, Hygeia never raised any question about the amount of its account or indicated its debt would not be paid in full.

22. On or about November 30, 1999, Hygeia sold its principal assets to Southern, which notified Quality Chekd of this event by its letter of December 20, 1999, after having announced the purchase of Hygeia in an earlier press release. Although the complete terms of the sale are not known at this time, the December 20, 1999 letter advised that the transaction was a sale of assets and that there was no assumption by Southern of any Hygeia liability incurred before December 1, 1999.

23. During the critical months when Hygeia's account was being increased, Richards was in active negotiations with Southern Foods to sell virtually all of Hygeia's operating assets. Testimony in the bankruptcy proceedings indicated that the initial asking price was approximately $17,000,000. The final price was $9,000,000 for all of the assets except five parcels of real estate, Hygeia's accounts receivable and certain of the processing and manufacturing equipment. In addition, Richards was given a contract to pay him $90,000 per year for six years and his sister, Merry K. Richards, also an officer and director of Hygeia and Cohyco, was given a similar contract to pay her $38,000 for three years.

24. At the time that these negotiations described above were taking place, Hygeia owed approximately $7 million to Congress Financial Services ("Congress"); $5.1 million to unsecured creditors; and is alleged to have owed $16 million to Cohyco. As the sale was structured, Congress was to and did release its liens to Cohyco and received $7 million in cash This left Cohyco with what it claimed to be security interests on virtually of Hygeia's property and left essentially nothing for the unsecured creditors. During the course of the bankruptcy, Cohyco has taken the position that it was entitled to virtually all of the approximately $3 million in Hygeia's assets. Initially, it claimed to be a secured creditor. However, in the most recent schedules, Cohyco is listed as a holder of approximately $12.5 million of the approximately $17.5 million of unsecured debt. In fact, before Hygeia filed for bankruptcy, Cohyco took deeds in lieu of foreclosure to all five parcels of real estate. This real property is valued in the Debtor's Statement of Affairs at $1.9 million.

25. Quality Chekd has not received any payment on Hygeia's account since December 13, 1999. Quality Chekd declared the entire debt due and has continued to demand payment in full of all amounts due to it by its letter of December 7, 1999. Since then, Quality Chekd has continued

to demand payment until the bankruptcy, and defendants have failed and refused to pay the debt. Quality Chekd has offset the patronage dividends and Hygeia's share of the operating surplus against the account before the bankruptcy.

26. At the present time, invoices from Quality Chekd to Hygeia, in the total amount of $1,601,000 are due and unpaid. A description of such invoices as shown on statements is attached as Exhibit "A." All offsets and payments due have been credited to Hygeia's account, and there is now due and payable by Hygeia to Quality Chekd the total amount of $1,601,000, plus interest, as allowed by law on current balances and interest at the rate of at least 12 percent per annum on all amounts that are now or later become, "over terms" as detailed by the voluntary purchases program agreement and other charges due under Hygeia's agreements with Quality Chekd.

27. Because of Hygeia's refusal and failure to pay the account described above, it has become necessary for Quality Chekd to retain attorneys to collect such amount and to pay them a reasonable and necessary fee.

28. At all relevant times, Cohyco owned and controlled Hygeia and caused, aided and abetted Hygeia and its officers, directors, agents, and employees to commit the wrongful acts alleged herein. Further, at all relevant times, Richards was Chairman of the Board of Cohyco and controlled the activities of both corporations. Through Richards, Cohyco had full knowledge of Richards' conduct alleged herein. As owner of Hygeia, Cohyco knowingly benefitted from all wrongful conduct alleged herein. In addition, the management of Cohyco and Hygeia were substantially the same and Cohyco, through its management, controlled Hygeia and structured its relationships with Hygeia to benefit Cohyco and its owners at the expense of creditors of Hygeia.

personnel of Quality Chekd.

31. Richards' breach of his director's fiduciary duty to Quality Chekd as alleged in the preceding paragraphs had a direct and causal relationship to the increasing purchases of Hygeia and the continued extension of credit to Hygeia by Quality Chekd, and has thereby proximately caused damage to Quality Chekd in an amount of at least $1,601,000, plus indirect economic damages, for which Plaintiff sues. Further, Richards and Cohyco engaged in such breach of his fiduciary duty knowingly, wilfully or, in the alternative, in reckless disregard or with gross negligence as to Quality Chekd. Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting. Accordingly, Quality Chekd also sues for punitive or exemplary damages.

32. Cohyco and Richards are both liable for the damages claimed under this cause of action because Richards' wrongful conduct was committed in the course and scope of his employment with Hygeia and Cohyco, was done on Cohyco and Hygeia's behalf, and Cohyco and Hygeia have caused, aided and abetted Richards to so act and has knowingly accepted and retained benefits from such wrongful conduct.

**Second Cause of Action**
**<u>Fraud</u>**

33. The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this cause of action for all purposes.

34. Richards' conduct includes, but is not limited to, withholding information about Hygeia's financial condition, the existence and terms of the sale of Hygeia's assets, the fact that there would not be sufficient funds to pay Hygeia's obligations to Quality Chekd and other material

information. He did this at the same time he was running up Hygeia's accounts with Quality Chekd and with the intention of improving the asset base of Hygeia and Cohyco thereby obtaining financing through Quality Chekd for Hygeia's operations and making repeated false representations with respect to the payment of the account when he knew that could not be paid. All such conduct constituted fraud. Further, Richards engaged in such fraudulent conduct duty knowingly, wilfully, or, in the alternative, in reckless disregard or with gross negligence as to Quality Chekd. Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards and Cohyco in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting. Accordingly, Quality Chekd also sues for punitive or exemplary damages

35. Cohyco and Richards are both liable for the damages claimed under this cause of action because Richards' wrongful conduct was engaged in the course and scope of his employment with Hygeia and Cohyco, was done on Cohyco and Hygeia's behalf, and Cohyco, individually and through Richards caused, aided and abetted his actions, accepted and has knowingly retained benefits from such wrongful conduct.

**Third Cause of Action**
**Conspiracy**

36. The allegations made in the prior paragraphs of this Amended Complaint are incorporated by reference into this cause of action for all purposes.

37. Under the foregoing allegations, Richards and Cohyco entered into a civil conspiracy to prevent the debt due from Hygeia to Quality Chekd from being paid and to divert any residual assets of Hygeia to Cohyco. The illegal means which they employed to achieve this objective was to conceal from Quality Chekd the true nature of Hygeia's financial condition, that its latest audited

**First Cause of Action**
**Breach of Fiduciary Duty By Richards**

29. The allegations made in the prior paragraphs of this Amended Complaint are incorporated by reference into this Cause of Action for all purposes.

30. The service by Richards as a director of Quality Chekd until December 5, 1999, imposed a fiduciary duty on him with respect to Quality Chekd. During 1999, when Hygeia was in financial difficulty, running up its accounts with Quality Chekd and applying for special financial considerations and, at the same time, attempting to sell all of its assets for a price which would not pay its debts, Richards had a duty of full disclosure and an obligation to act only in the best interests of Quality Chekd. Instead of disclosing Hygeia's precarious financial condition and using his position to assure payment of Hygeia's obligations to Quality Chekd, he deliberately concealed relevant financial information. He did not disclose that he was engaged in negotiations to consummate the sale of Hygeia's assets for a price and under a corporate relationship which would divert virtually all of the sales proceeds and remaining assets to Cohyco. Rather, he concealed the details of the sale and corporate structure and knowingly and intentionally caused and permitted Hygeia to run up its accounts with Quality Chekd. He maintained Hygeia's purchases through Quality Chekd's purchasing program at a level that he knew Hygeia could not pay for, used his relationships and position of trust with Quality Chekd's management for the benefit of Hygeia, and otherwise engaged in intentionally wrongful, reckless conduct in reckless disregard of Quality Chekd's rights. Further, Richards served his own interests because he and his family interests were the principal owners of Cohyco, and he may have been a personal guarantor of other obligations of Hygeia and Cohyco. In all of his wrongful conduct, Richards employed, whenever possible, the relationships of trust and confidence that he had developed over the years with the management and

financial statements contained a going concern or liquidity warning, and that they were negotiating a sale of Hygeia's assets which would in effect divert all of the residual assets of Hygeia to Cohyco and cause Hygeia's debt, which Richards and Cohyco had caused to be incurred, to be unpaid. At all times both were aware that Richards was breaching his fiduciary duty to Quality Chekd by pursuing this course of action. The conspiracy was not merely between Richards as a director of Cohyco and the company, but also between Richards as an individual pursuing his own interests, to wit, his and his family's ownership interest in the corporate structure of which Cohyco and Hygeia were part.

38. The result of the conspiracy described above was to proximately cause damage and injury to Quality Chekd in the amount of $1,601,000, interest as allowed by law, and indirect economic damages for which Quality Chekd here sues.

39. Further, Richards and Cohyco engaged in such conspiracy knowingly, wilfully or, in the alternative, in reckless disregard or with gross negligence as to Quality Chekd. Therefore, Quality Chekd is entitled to recover exemplary or punitive damages from Richards in an amount determined by the jury as adequate to punish Richards for his wrongful conduct and deter others similarly situated from so acting. Accordingly, Quality Chekd also sues for punitive or exemplary damages.

**Fourth Cause of Action**
**Application for an Accounting and**
**Imposition of a Constructive Trust or an Equitable Lien**

40. The allegations made in the prior paragraphs of this Complaint are incorporated by reference into this cause of action for all purposes.

41. The conduct of Richards in increasing the assets of Hygeia through his breach of fiduciary duty, fraud or constructive fraud has, and in the good faith belief of Plaintiff, caused

Cohyco to acquire certain assets which it either currently possesses or has sold for a valuable consideration or which it has distributed to their shareholders. Because of Richards' failure to disclose information which his position as a director of Quality Chekd obligated him to divulge, Plaintiff cannot allege the exact amount and nature of such assets or proceeds, but such assets at the least include the five parcels of real estate to which Cohyco accepted deeds in lieu of foreclosure and Richards' personal compensation from Southern Foods. Under the laws of the state of Texas and the practices of equity, Quality Chekd is entitled to have a complete accounting for all assets and or their proceeds which Cohyco acquired through Richards' breach of fiduciary duty or fraud. Such assets include, without limitation, all of the material, supplies, equipment or other things acquired through the Quality Chekd purchasing program, the five tracts of real estate, and, to the extent that such assets may have been sold, the proceeds or such assets as have been substituted for them, for which relief Quality Chekd sues.

42. Under the laws of the state of Texas, Quality Chekd is entitled to have a constructive trust imposed on such assets as Richards or Cohyco acquired through Richards' breach of fiduciary duty, fraud or the proceeds or assets substituted for such wrongfully acquired assets. In the alternative, Quality Chekd is entitled to the imposition of an equitable lien on all such assets, for which relief Quality Chekd sues.

WHEREFORE, Quality Chekd prays that it be awarded actual and punitive damages against Richards and Cohyco and, as shown by the evidence, that Richards, Hygeia, and Cohyco be ordered to make an accounting of these wrongfully acquired assets, that a constructive trust or equitable lien be imposed on all such assets, and such other general or special relief in law or equity to which Quality Chekd may be entitled. Quality Chekd demands a trial by jury.

Respectfully submitted

HAMEL BOWERS & CLARK L.L.P.

Lee Hamel
SBN: 08818000
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel: (713) 659-2000
Fax: (713) 659-3809
Attorneys for Quality Chekd Dairies, Inc.

**CERTIFICATE OF SERVICE**

A copy of the foregoing was sent, by United States mail, to the following parties on October 1, 2000.

Christopher Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

*Attorney for Cohyco, Inc. and H. Lee Richards*

Harlin C. Womble, Jr.
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

*Attorney for F Street Investments*

William L. Bowers, Jr.

Case 1:02-cv-00040 Document 41 Filed in TXSD on 10/02/2000 Page 19 of 33




# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

102500

1/31/00

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN, TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 9/23/99 | 163342 | IV | 4570.63 | 4570.63 | Liquid Sugars Inc. |
| 9/23/99 | 163345 | IV | 4337.61 | 8908.24 | Liquid Sugars Inc. |
| 9/23/99 | 163347 | IV | 19949.10 | 28857.34 | PHILLIPS CHEM. |
| 9/23/99 | 163351 | IV | 47.42 | 28904.76 | ECOLAB INC.-PES |
| 9/23/99 | 163366 | IV | 65.41 | 28970.17 | ECOLAB INC.-PES |
| 9/23/99 | 163367 | IV | 675.87 | 29646.04 | ECOLAB INC.-PES |
| 9/23/99 | 163368 | IV | 92.75 | 29738.79 | ECOLAB INC.-PES |
| 9/23/99 | 163369 | IV | 82.04 | 29820 83 | ECOLAB INC.-PES |
| 9/23/99 | 163370 | IV | 475.85 | 30296.68 | ECOLAB INC.-PES |
| 9/23/99 | 163371 | IV | 92.98 | 30389.66 | ECOLAB INC.-PES |
| 9/23/99 | 163372 | IV | 92.98 | 30482.64 | ECOLAB INC.-PES |
| 9/23/99 | 163401 | IV | 9674.73 | 40157.37 | GIVAUDAN ROURE FLAVORS |
| 9/24/99 | 163468 | IV | 16718.72 | 56876.09 | ECOLAB INC. |
| 9/27/99 | 163544 | IV | 4303.23 | 61179.32 | Liquid Sugars Inc. |
| 9/27/99 | 163636 | IV | 215.96 | 61395.28 | GIVAUDAN ROURE FLAVORS |
| 9/30/99 | 163856 | IV | 100.00 | 61495.28 | INPACO CORPORATION |
| 9/30/99 | 163890 | IV | 20888.70 | 82383.98 | PHILLIPS CHEM. |
| 9/30/99 | 163915 | IV | 2349.96 | 84733.94 | CONTINENTAL COLLOIDS I |
| 9/30/99 | 164233 | IV | 749.00 | 85482.94 | GERMANTOWN (U S.A.) CO |
| 9/30/99 | 164230 | IV | 7186.48 | 92669.42 | REHRIG PACIFIC COMPAN |
| 9/30/99 | 164284 | IV | 675.87 | 93345.29 | ECOLAB INC.-PES |
| 9/30/99 | 164315 | IV | 260.50 | 93605.79 | UNILOY MILACRON, INC |
| 9/30/99 | 164323 | IV | 8436.41 | 102042.20 | TETRA PAK INC. |
| 9/30/99 | 164324 | IV | 31071.30 | 133113 50 | TETRA PAK INC. |

- CONTINUE -

| | DAYS PAST DUE | | | | TOTAL BALANCE |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| RCHASES | | | | | |
| GULAR | | | | | |
| ES & FEES | | | | | |
| TAL | | | | | |

EXHIBIT "A"




# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

MEMBER NO.: 102500

DATE: 1/31/00

HYGEIA DAIRY CO-HARLINGEN
P. O BOX 751

HARLINGEN, TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 9/30/99 | 164326 | IV | 34473.60 | 167587.10 | TETRA PAK INC. |
| 9/30/99 | 164336 | IV | 35197.36 | 202784.46 | TETRA PAK INC. |
| 9/30/99 | 164413 | IV | 32763.84 | 235548.30 | TETRA PAK INC. |
| 9/30/99 | 164423 | IV | 34504.98 | 270053.28 | TETRA PAK INC. |
| 10/12/99 | 164489 | IV | 4494.23 | 274547.51 | Liquid Sugars Inc. |
| 10/12/99 | 164525 | IV | 14787.93 | 289335.44 | TETRA PAK INC. |
| 10/12/99 | 164562 | IV | 12707.41 | 302042.85 | ECOLAB INC. |
| 10/12/99 | 164577 | IV | 381.53 | 302424.38 | ECOLAB INC. |
| 10/13/99 | 164590 | IV | 1292.17 | 303716.55 | ECOLAB INC. |
| 10/13/99 | 164594 | IV | 753.35 | 304469.90 | ECOLAB INC. |
| 10/14/99 | 164657 | IV | 19856.42 | 324326.32 | AIRLITE PLASTICS COMP- |
| 10/14/99 | 164658 | IV | 719.24 | 325045.56 | AIRLITE PLASTICS COMP- |
| 10/14/99 | 164763 | IV | 21430.50 | 346476.06 | PHILLIPS CHEM. |
| 10/14/99 | 164728 | CM | 340.93- | 346135.13 | ECOLAB INC. |
| 10/15/99 | 164804 | IV | 748.62 | 346883.75 | 3M SC48736 |
| 10/15/99 | 164850 | IV | 262.40 | 347146.15 | FEDEX |
| 10/15/99 | 164851 | IV | 62.75 | 347208.90 | FEDEX |
| 10/15/99 | 164852 | IV | 92.10 | 347301.00 | FEDEX |
| 10/15/99 | 164892 | IV | 273.19 | 347574.19 | EDGAR A. WEBER & COMP- |
| 10/18/99 | 164934 | IV | 9459.72 | 357033.91 | GIVAUDAN ROURE FLAVORS |
| 10/19/99 | 165036 | IV | 84.33 | 357118.24 | ECOLAB INC. |
| 10/19/99 | 165077 | IV | 1374.52 | 358492.76 | 3M SC48736 |
| 10/21/99 | 165244 | IV | 243.36 | 358736.12 | ECOLAB INC. |
| 10/21/99 | 165247 | IV | 10296.69 | 369032.81 | ECOLAB INC. |

- CONTINUE -

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



QUALITY CHEKD DAIRIES, INC.
1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

# STATEMENT

MEMBER NO: 102500

DATE: 1/31/00

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN, TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 10/21/99 | 165254 | IV | 128.56 | 369161.37 | WEBER SCIENTIFIC |
| 10/21/99 | 165280 | IV | 7507.24 | 376668.61 | REHRIG PACIFIC COMPANY |
| 10/21/99 | 165288 | IV | 7507.24 | 384175.85 | REHRIG PACIFIC COMPANY |
| 10/21/99 | 165313 | IV | 542.35 | 384718.20 | FEDEX |
| 10/21/99 | 165314 | IV | 109.50 | 384827.70 | FEDEX |
| 10/21/99 | 165315 | IV | 433.10 | 385260.80 | FEDEX |
| 10/21/99 | 165348 | IV | 29.90 | 385290.70 | FEDEX |
| 10/21/99 | 165349 | IV | 17.50 | 385308.20 | FEDEX |
| 10/21/99 | 165350 | IV | 19.50 | 385327.70 | FEDEX |
| 10/25/99 | 165448 | IV | 14802.96 | 400130.66 | TETRA PAK INC. |
| 10/25/99 | 165504 | IV | 273.58 | 400404.24 | WEBER SCIENTIFIC |
| 10/26/99 | 165635 | IV | 354.40 | 400758.64 | FEDEX |
| 10/26/99 | 165636 | IV | 138.10 | 400896.74 | FEDEX |
| 10/28/99 | 165726 | IV | 4566.81 | 405463.55 | Liquid Sugars Inc. |
| 10/28/99 | 165741 | IV | 3285.09 | 408748.64 | MID-AMERICA FARMS |
| 10/31/99 | 165926 | IV | 7507.24 | 416255.88 | REHRIG PACIFIC COMPANY |
| 11/03/99 | 166024 | IV | 21157.50 | 437413.38 | PHILLIPS CHEM. |
| 11/03/99 | 166032 | IV | 1868.21 | 439281.59 | ECOLAB INC. |
| 11/03/99 | 166066 | IV | 360.50 | 439642.09 | FEDEX |
| 11/03/99 | 166067 | IV | 9.85 | 439651.94 | FEDEX |
| 11/03/99 | 166068 | IV | 116.20 | 439768.14 | FEDEX |
| 11/04/99 | 166137 | IV | 4360.53 | 444128.67 | Liquid Sugars Inc. |
| 11/05/99 | 166184 | IV | 11002.25 | 455130.92 | ECOLAB INC. |
| 11/05/99 | 166[illegible] | IV | 2270.99 | 457401.91 | ECOLAB INC. |

- CONTINUE -

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |




# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

| MEMBER NO |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN, TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 11/05/99 | 166256 | IV | 7431.61 | 464833.52 | REHRIG PACIFIC COMPANY |
| 11/08/99 | 166304 | IV | 1579.00 | 466412.52 | ECOLAB INC. |
| 11/10/99 | 166406 | IV | 29.69 | 466442.21 | ECOLAB INC. |
| 11/10/99 | 166483 | IV | 15129.24 | 481571.45 | TETRA PAK INC. |
| 11/11/99 | 166512 | IV | 21212.10 | 502783.55 | PHILLIPS CHEM. |
| 11/11/99 | 166523 | IV | 1292.17 | 504075.72 | ECOLAB INC. |
| 11/11/99 | 166524 | IV | 753.35 | 504829.07 | ECOLAB INC. |
| 11/11/99 | 166528 | CM | 1198.72- | 503630.35 | ECOLAB INC. |
| 11/11/99 | 166592 | IV | 215.70 | 503846.05 | FEDEX |
| 11/11/99 | 166593 | IV | 24.00 | 503870.05 | FEDEX |
| 11/12/99 | 166626 | CM | 4056.00- | 499814.05 | ECOLAB INC. |
| 11/15/99 | 166710 | IV | 2455.26 | 502272.31 | SKW BIOSYSTEMS, INC |
| 11/16/99 | 166727 | IV | 9559.29 | 511831.60 | ECOLAB INC. |
| 11/16/99 | 166732 | IV | 240.86 | 512072.46 | ECOLAB INC. |
| 11/17/99 | 166751 | IV | 18677.44 | 530749.90 | M. A. HANNA COLOR |
| 11/18/99 | 166907 | IV | 9904.27 | 540654.17 | GIVAUDAN ROURE FLAVORS |
| 11/18/99 | 166941 | IV | 475.85 | 541130.02 | ECOLAB INC.-PES |
| 11/18/99 | 166942 | IV | 675.87 | 541805.89 | ECOLAB INC.-PES |
| 11/18/99 | 166943 | IV | 92.75 | 541898.64 | ECOLAB INC.-PES |
| 11/18/99 | 166944 | IV | 92.98 | 541991.62 | ECOLAB INC.-PES |
| 11/18/99 | 166945 | IV | 82.04 | 542073.66 | ECOLAB INC.-PES |
| 11/18/99 | 166946 | IV | 92.98 | 542166.64 | ECOLAB INC.-PES |
| 11/22/99 | 167039 | IV | 308.50 | 542475.14 | FEDEX |
| 11/22/99 | 167040 | IV | 9.25 | 542484.39 | FEDEX |

- CONTINUE -

| | DAYS PAST DUE | | | | BALANCE |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

| MEMBER NO |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN, TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 11/22/99 | 167063 | IV | 7333.50 | 549817.89 | PARISH MANUFACTURING, I |
| 11/22/99 | 167098 | IV | 5755.95 | 555573.84 | AIRLITE PLASTICS COMPA |
| 11/23/99 | 167131 | CM | 217.31- | 555356.53 | ECOLAB INC. |
| 11/23/99 | 167135 | CM | 94.85- | 555261.68 | ECOLAB INC. |
| 11/29/99 | 167369 | IV | 116.60 | 555378.28 | FEDEX |
| 11/29/99 | 167395 | IV | 164.12 | 555542.40 | CREST FOODS CO., INC. |
| 11/29/99 | 167396 | IV | 164.32 | 555706.72 | CREST FOODS CO., INC. |
| 11/29/99 | 167397 | IV | 7721.08 | 563427.80 | REHRIG PACIFIC COMPANY |
| 11/29/99 | 167398 | IV | 7721.08 | 571148.88 | REHRIG PACIFIC COMPANY |
| 11/29/99 | 167399 | IV | 7721.08 | 578869.96 | REHRIG PACIFIC COMPANY |
| 11/29/99 | 167400 | IV | 7487.05 | 586357.01 | REHRIG PACIFIC COMPANY |
| 11/29/99 | 167401 | IV | 7721.08 | 594078.09 | REHRIG PACIFIC COMPAN |
| 11/30/99 | 167451 | IV | 7492.29 | 601570.38 | ECOLAB INC |
| 11/30/99 | 167734 | IV | 21840.00 | 623410.38 | PHILLIPS CHEM. |
| 11/30/99 | 167737 | IV | 514.15 | 623924.53 | 3M SCW8736 |
| 12/02/99 | 167738 | IV | 575.09 | 624499.62 | GERMANTOWN (U.S.A.) CO |
| 12/03/99 | 167753 | IV | 955.75 | 625455.37 | UNILOY MILACRON, INC |
| 12/07/99 | 167932 | CM | 2992.86- | 622462.51 | ECOLAB INC. |
| 12/08/99 | 168139 | IV | 15127.27 | 637589.78 | ECOLAB INC. |
| 12/09/99 | 168229 | IV | 327.90 | 637917.68 | FEDEX |
| 12/09/99 | 168230 | IV | 8.25 | 637925.93 | FEDEX |
| 12/09/99 | 168231 | IV | 28.15 | 637954.08 | FEDEX |
| 12/13/99 | 168312 | IV | 18600.00 | 656554.08 | TETRA PAK MATWEST INC. |
| 12/13/99 | 168313 | IV | 18600.00 | 675154.08 | TETRA PAK MATWEST INC |

- CONTINUE -

| | DAYS PAST DUE | | | | TOTAL BALANCE |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |




# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

| MEMBER NO | DATE |
|---|---|
| 102500 | 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN, TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 12/13/99 | 168314 | IV | 18600.00 | 693754.08 | TETRA PAK MATWEST INC. |
| 12/13/99 | 168386 | IV | 7721.08 | 701475.16 | REHRIG PACIFIC COMPANY |
| 12/13/99 | 168442 | IV | 4328.06 | 705803.22 | LIQUID SUGARS |
| 12/13/99 | 168443 | IV | 4350.98 | 710154.20 | LIQUID SUGARS |
| 12/13/99 | 168444 | IV | 4365.36 | 714539.56 | LIQUID SUGARS |
| 12/13/99 | 168445 | IV | 4454.12 | 718993.68 | LIQUID SUGARS |
| 12/14/99 | 168499 | IV | 236.15 | 719229.83 | FEDEX |
| 12/14/99 | 168500 | IV | 15.50 | 719245.33 | FEDEX |
| 12/14/99 | 168501 | IV | 15.50 | 719260.83 | FEDEX |
| 12/17/99 | 168767 | IV | 63.20 | 719324.03 | ECOLAB INC.-PES |
| 12/17/99 | 168782 | IV | 475.85 | 719799.88 | ECOLAB INC.-PES |
| 12/17/99 | 168783 | IV | 675.87 | 720475.75 | ECOLAB INC.-PES |
| 12/17/99 | 168784 | IV | 92.75 | 720568.50 | ECOLAB INC.-PES |
| 12/17/99 | 168785 | IV | 92.98 | 720661.48 | ECOLAB INC.-PES |
| 12/17/99 | 168786 | IV | 82.04 | 720743.52 | ECOLAB INC.-PES |
| 12/17/99 | 168787 | IV | 92.98 | 720836.50 | ECOLAB INC.-PES |
| 12/17/99 | 168840 | IV | 72.55 | 720909.05 | FEDEX |
| 12/17/99 | 168841 | IV | 22.50 | 720931.55 | FEDEX |
| 12/20/99 | 168893 | IV | 37.30 | 720968.85 | FEDEX |
| 12/31/99 | 169623 | IV | 18.25 | 720987.10 | FEDEX |
| 1/20/00 | 170768 | IV | 1244.00 | 722231.10 | UNILOY MILACRON, INC. |
| | | | PURCHASING | 722231.10 | |
| 9/27/99 | 163565 | IV | 550.00 | 550.00 | QUALITY CHEKD DAIRIES. |
| 9/27/99 | 163595 | IV | 700.00 | 1250.00 | QUALITY CHEKD DAIRIES |

- CONTINUE -

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |




QUALITY CHEKD DAIRIES, INC.
1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

# STATEMENT

| MEMBER NO. |
|---|
| 102500 |

| DATE |
|---|
| 1/31/00 |

HYGEIA DAIRY CO-HARLINGEN
P. O. BOX 751

HARLINGEN, TX 78550

| | | | | | |
|---|---|---|---|---|---|
| 11/08/99 | 166362 | IV | 134.50 | 1384.50 | QUALITY CHEKD DAIRIES. |
| 1/26/00 | 171222 | IV | 17631.56 | 19016.06 | QUALITY CHEKD DAIRIES |
| 1/27/00 | 171341 | IV | 368.66 | 19384.72 | QUALITY CHEKD DAIRIES |
| 1/28/00 | 171353 | IV | 368.66 | 19753.38 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171495 | IV | 368.66 | 20122.04 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171496 | IV | 368.66 | 20490.70 | QUALITY CHEKD DAIRIES |
| | | | REGULAR | 20490.70 | |
| 10/19/99 | 165055 | IV | 7475.36 | 7475.36 | QUALITY CHEKD DAIRIES. |
| 11/03/99 | 166213 | IV | 7472.00 | 14947.36 | QUALITY CHEKD DAIRIES |
| | | | DUES&FEES | 14947.36 | |

PLEASE NOTE: PAYMENT TERMS FOR PURCHASES AS ESTABLISHED BY THE BOARD OF DIRECTORS ARE 21 DAYS FROM THE DATE OF INDIVIDUAL QUALITY CHEKD INVOICE

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER ~~30~~ 21 | OVER 60 | OVER 90 | |
| PURCHASES | 1244.00 | 97062.57 | 207668.65 | 416255.88 | 722231.1[illegible] |
| REGULAR | 19106.20 | .00 | 134.50 | 1250.00 | 20490.7[illegible] |
| DUES & FEES | .00 | .00 | 7472.00 | 7475.36 | 14947.3[illegible] |
| TOTAL | 20350.20 | 97062.57 | 215275.13 | 424981.24 | 757669.1[illegible] |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

MEMBER NO
102503

DATE
1/31/00

HYGEIA, SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY, TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 9/16/99 | 162935 | IV | 9277.50 | 9277.50 | GERMANTOWN (U.S.A.) CI |
| 1/26/00 | 162935 | FA | 2076.73- | 7200.77 | GERMANTOWN (U.S.A.) CI |
| 9/16/99 | 162960 | IV | 96.60 | 7297.37 | FEDEX |
| 9/17/99 | 163015 | IV | 36703.47 | 44000.84 | CHICAGO DAIRY CORPORA |
| 9/17/99 | 163050 | IV | 280.27 | 44281.11 | WEBER SCIENTIFIC |
| 9/20/99 | 163065 | IV | 10803.48 | 55084.59 | Fort James Corp |
| 9/21/99 | 163107 | IV | 10038.02 | 65122.61 | Liquid Sugars Inc. |
| 9/21/99 | 163108 | IV | 5075.96 | 70198.57 | Liquid Sugars Inc. |
| 9/21/99 | 163141 | IV | 27053.31 | 97251.88 | INTERBAKE FOODS INC. |
| 9/21/99 | 163173 | IV | 7471.23 | 104723.11 | SEALRIGHT COMPANY, INC |
| 9/21/99 | 163176 | IV | 6504.50 | 111227.61 | SHADE FOODS INC |
| 9/21/99 | 163197 | IV | 246.00 | 111473.61 | VWR SCIENTIFIC |
| 9/21/99 | 163198 | IV | 361.12 | 111834.73 | VWR SCIENTIFIC |
| 9/21/99 | 163199 | IV | 280.62 | 112115.35 | VWR SCIENTIFIC |
| 9/21/99 | 163200 | IV | 109.42 | 112224.73 | VWR SCIENTIFIC |
| 9/22/99 | 163233 | IV | 64.25 | 112289.03 | FEDEX |
| 9/22/99 | 163259 | IV | 241.59 | 112530.62 | VWR SCIENTIFIC |
| 9/22/99 | 163290 | IV | 42.76 | 112573.38 | VWR SCIENTIFIC |
| 9/22/99 | 163292 | IV | 32241.18 | 144814.56 | CHICAGO DAIRY CORPORAT |
| 9/22/99 | 163297 | IV | 1197.45 | 146012.01 | DOT FOODS INC.-OTHER |
| 9/22/99 | 163298 | IV | 3944.63 | 149956.64 | DOT FOODS INC.-OTHER |
| 9/20/99 | 163344 | IV | 10352.04 | 160308.68 | Liquid Sugars Inc. |
| 9/20/99 | 163295 | IV | 3100.00 | 163408.68 | GERMANTOWN (U.S.A.) CI |
| 9/20/99 | 163731 | IV | 7259.25 | 170667.93 | UNIVERSAL FLAVORS |

- CONTINUE -

| | DAYS PAST DUE | | | |
|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 |
| PURCHASES | | | | |
| REGULAR | | | | |
| DUES & FEES | | | | |
| TOTAL | | | | |

EXHIBIT "E"




# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

MEMBER NO. 102503

DATE 1/31/00

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY, TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 9/23/99 | 163435 | IV | 2649.01 | 173016.94 | UNIVERSAL FLAVORS |
| 9/24/99 | 163451 | IV | 3256.60 | 176273.54 | Liquid Sugars Inc. |
| 9/24/99 | 163488 | IV | 12913.05 | 189186.59 | BURD & FLETCHER |
| 9/24/99 | 163491 | IV | 4365.36 | 193551.95 | BURD & FLETCHER |
| 9/27/99 | 163557 | IV | 789.93 | 194341.88 | ECOLAB INC. |
| 9/27/99 | 163599 | IV | 400.69 | 194742.57 | 3M SCW8736 |
| 9/28/99 | 163615 | IV | 1850.87 | 196593.46 | 3M SCW8736 |
| 9/27/99 | 163639 | IV | 309.87 | 196903.33 | NORTHVILLE LABORATORI |
| 9/28/99 | 163670 | IV | 1060.00 | 197963.33 | ADM COCOA PRODUCTS |
| 9/28/99 | 163687 | IV | 4922.55 | 202885.88 | SEALRIGHT COMPANY, IN |
| 9/28/99 | 163727 | IV | 639.65 | 203525.53 | VWR SCIENTIFIC |
| 9/29/99 | 163741 | IV | 10053.51 | 213579.04 | Liquid Sugars Inc. |
| 9/29/99 | 163740 | IV | 2811.44 | 216390.48 | Liquid Sugars Inc. |
| 9/29/99 | 163751 | IV | 7680.56 | 224071.04 | ECOLAB INC. |
| 9/29/99 | 163800 | IV | 191.00 | 224262.04 | FEDEX |
| 9/30/99 | 163890 | IV | 1083.73 | 225345.77 | 3M SCW8736 |
| 9/30/99 | 163841 | IV | 646.42 | 225992.19 | ECOLAB INC. |
| 9/30/99 | 163948 | IV | 220.52 | 226212.71 | WEBER SCIENTIFIC |
| 9/30/99 | 164036 | IV | 1000.64 | 227213.35 | SEALRIGHT COMPANY, IN |
| 9/30/99 | 164047 | IV | 12625.67 | 239839.02 | EDGAR A. WEBER & COMP |
| 9/30/99 | 164150 | IV | 8083.16 | 247922.18 | SEALRIGHT COMPANY, INC |
| 9/30/99 | 164151 | IV | 2863.34 | 250785.52 | SEALRIGHT COMPANY, IN |
| 9/30/99 | 164150 | IV | 3330.16 | 254115.68 | SHADE FOODS INC. |
| 9/30/99 | 164166 | IV | 24977.70 | 279093.38 | TERRI LYNN INC. |

- CONTINUE -

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |

Case 1:02-cv-00040 Document 41 Filed in TXSD on 10/02/2000 Page 28 of 33



QUALITY CHEKD DAIRIES, INC.
1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

# STATEMENT

| MEMBER NO. |
|---|
| 102503 |

| DATE |
|---|
| 1/31/00 |

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY, TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 9/30/99 | 164194 | IV | 2886.33 | 281979.71 | GIVAUDAN ROURE FLAVOR |
| 9/30/99 | 164195 | IV | 1543.24 | 283522.95 | GIVAUDAN ROURE FLAVOR |
| 9/30/99 | 164214 | IV | 147.86 | 283670.81 | SEALRIGHT COMPANY, IN |
| 9/30/99 | 164225 | IV | 546.26 | 284217.07 | VWR SCIENTIFIC |
| 9/30/99 | 164234 | IV | 2380.00 | 286597.07 | GERMANTOWN (U.S.A.) C |
| 9/30/99 | 164235 | IV | 408.00 | 287005.07 | GERMANTOWN (U.S.A.) C |
| 9/30/99 | 164236 | IV | 1428.00 | 288433.07 | GERMANTOWN (U.S.A.) C |
| 9/30/99 | 164237 | IV | 11537.50 | 299970.57 | GERMANTOWN (U.S.A.) C |
| 9/30/99 | 164238 | IV | 3969.50 | 303940.07 | GERMANTOWN (U.S.A.) C |
| 9/30/99 | 164239 | IV | 1605.00 | 305545.07 | GERMANTOWN (U.S.A.) C |
| 9/30/99 | 164268 | IV | 82.06 | 305627.13 | ECOLAB INC.-PES |
| 9/30/99 | 164281 | IV | 137.69 | 305764.82 | ECOLAB INC.-PES |
| 9/30/99 | 164282 | IV | 789.78 | 306554.60 | ECOLAB INC -PES |
| 9/30/99 | 165314 | IV | 977.53 | 307532.13 | VWR SCIENTIFIC |
| 10/13/99 | 164491 | IV | 4938.10 | 312470.23 | Liquid Sugars Inc. |
| 10/13/99 | 164492 | IV | 9971.05 | 322441.28 | Liquid Sugars Inc. |
| 10/13/99 | 164496 | IV | 4987.82 | 327429.10 | Liquid Sugars Inc. |
| 10/13/99 | 164497 | IV | 10051.63 | 337480.73 | Liquid Sugars Inc. |
| 10/13/99 | 164571 | IV | 178.25 | 337658.98 | ECOLAB INC. |
| 10/13/99 | 164591 | IV | 1216.67 | 338875.65 | ECOLAB INC. |
| 10/14/99 | 164638 | IV | 4191.46 | 343067.11 | SWEETHEART CUP COMPAN |
| 10/14/99 | 164650 | IV | 21905.49 | 364972.60 | SEALRIGHT COMPANY, INC |
| 10/14/99 | 164661 | IV | 7926.26 | 372898.86 | SWEETHEART CUP COMPAN |
| 10/14/99 | 164678 | IV | 2447.28 | 375346.14 | DAVID MICHAEL & CO., I |

- CONTINUE -

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

| MEMBER NO. |
|---|
| 102503 |

| DATE |
|---|
| 1/31/00 |

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY, TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 10/14/99 | 164703 | IV | 20466.68 | 395812.82 | SEALRIGHT COMPANY, IN |
| 10/14/99 | 164744 | IV | 15620.38 | 411433.20 | GIVAUDAN ROURE FLAVOR |
| 10/14/99 | 164774 | IV | 9539.45 | 420972.65 | Fort James Corp. |
| 10/15/99 | 164853 | IV | 175.55 | 421148.20 | FEDEX |
| 10/15/99 | 164890 | IV | 178.33 | 421326.53 | DANISCO INGREDIENTS U |
| 10/15/99 | 164897 | IV | 13225.00 | 434551.53 | GERMANTOWN (U.S.A.) C |
| 10/15/99 | 164955 | IV | 7289.26 | 441840.79 | DOT FOODS INC.-OTHER |
| 10/18/99 | 164951 | IV | 7650.84 | 450091.63 | SEALRIGHT COMPANY, IN |
| 10/18/99 | 165005 | IV | 389.52 | 450481.15 | SWEETHEART CUP COMPAN |
| 10/19/99 | 165106 | IV | 677.68 | 451158.83 | STAR KAY WHITE, INC |
| 10/19/99 | 165119 | IV | 758.34 | 451917.17 | DAVID MICHAEL & CO., I |
| 10/19/99 | 165143 | IV | 6344.98 | 458262.15 | SEALRIGHT COMPANY, IN |
| 10/19/99 | 165191 | IV | 10161.20 | 468423.35 | SHADE FOODS INC. |
| 10/21/99 | 165257 | IV | 5605.01 | 474028.36 | BURG & FLETCHER |
| 10/21/99 | 165316 | IV | 77.55 | 474105.91 | FEDEX |
| 10/21/99 | 165331 | IV | 24.30 | 474130.21 | FEDEX |
| 10/25/99 | 165479 | IV | 27786.46 | 501916.67 | INTERBAKE FOODS INC. |
| 10/25/99 | 165493 | IV | 1226.54 | 503143.21 | UNIVERSAL FLAVORS |
| 10/25/99 | 165494 | IV | 2151.49 | 505294.70 | UNIVERSAL FLAVORS |
| 10/27/99 | 165493 | IV | 11176.87 | 516471.57 | UNIVERSAL FLAVORS |
| 10/28/99 | 165554 | IV | 4327.23 | 520798.80 | SEALRIGHT COMPANY, IN |
| 10/28/99 | 165556 | IV | 10271.63 | 531070.43 | SEALRIGHT COMPANY, IN |
| 10/28/99 | 165637 | IV | 128.05 | 531198.48 | FEDEX |
| 10/29/99 | 165694 | IV | 9987.79 | 541186.27 | Liquid Sugars Inc |

- CONTINUE -

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |



# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

102503

1/31/00

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY, TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 10/26/99 | 165680 | IV | 218.60 | 541404.87 | UNIVERSAL FLAVORS |
| 10/27/99 | 165703 | IV | 7889.26 | 549294.13 | DOT FOODS INC.-OTHER |
| 10/28/99 | 165732 | IV | 680.88 | 549975.01 | ECOLAB INC. |
| 10/29/99 | 165804 | IV | 659.68 | 550634.69 | ECOLAB INC. |
| 10/28/99 | 165817 | IV | 76.15 | 550710.84 | SEALRIGHT COMPANY, INC |
| 10/28/99 | 165818 | IV | 950.59 | 551661.43 | SEALRIGHT COMPANY, IN |
| 10/31/99 | 165882 | IV | 8591.51 | 560252.94 | Fort James Corp. |
| 10/31/99 | 165919 | IV | 8169.48 | 568422.42 | EDGAR A. WEBER & COMP- |
| 10/31/99 | 165920 | IV | 2575.00 | 570997.42 | GERMANTOWN (U.S.A.) C. |
| 10/31/99 | 165966 | IV | 73.04 | 571070.46 | VWR SCIENTIFIC |
| 11/02/99 | 166012 | IV | 6429.69 | 577500.15 | Liquid Sugars Inc. |
| 11/02/99 | 166069 | IV | 88.85 | 577589.00 | FEDEX |
| 11/02/99 | 166110 | IV | 7422.68 | 585011.68 | SEALRIGHT COMPANY, IN. |
| 11/02/99 | 166114 | IV | 11513.76 | 596525.44 | SEALRIGHT COMPANY, INC |
| 11/04/99 | 166136 | IV | 5121.16 | 601646.60 | Liquid Sugars Inc. |
| 11/05/99 | 166179 | IV | 2587.30 | 604233.90 | ECOLAB INC |
| 11/05/99 | 166185 | IV | 5743.75 | 609977.65 | ECOLAB INC. |
| 11/05/99 | 166187 | IV | 2736.75 | 612714.40 | ECOLAB INC. |
| 11/05/99 | 166244 | IV | 11630.28 | 624344.68 | GIVAUDAN ROURE FLAVORS |
| 11/05/99 | 166269 | IV | 2120.00 | 626464.68 | ADM COCOA PRODUCTS |
| 11/05/99 | 166284 | IV | 2805.66 | 629270.34 | SWEETHEART CUP COMPANY |
| 11/09/99 | 166300 | IV | 3807.10 | 633077.44 | Fort James Corp |
| 11/11/99 | 166323 | IV | 1216.67 | 634294.11 | ECOLAB INC. |
| 11/11/99 | 166394 | IV | 60.80 | 634354.91 | FEDEX |

- CONTINUE -

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |




# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

## STATEMENT

MEMBER NO.
102503

DATE
1/31/00

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY, TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 11/15/99 | 166674 | IV | 17112.61 | 651467.52 | SEALRIGHT COMPANY, INC |
| 11/15/99 | 166675 | IV | 1970.46 | 653437.98 | SWEETHEART CUP COMPANY |
| 11/15/99 | 166688 | IV | 2179.51 | 655617.49 | DOT FOODS, INC.-RAM |
| 11/15/99 | 166689 | IV | 2266.40 | 657883.89 | DOT FOODS INC.-OTHER |
| 11/15/99 | 166690 | IV | 1972.31 | 659856.20 | DOT FOODS INC.-OTHER |
| 11/15/99 | 166708 | IV | 10803.75 | 670659.95 | SHADE FOODS INC |
| 11/16/99 | 166764 | IV | 3725.00 | 674384.95 | GERMANTOWN (U.S.A.) CO |
| 11/18/99 | 166920 | IV | 1688.70 | 681073.65 | SWEETHEART CUP COMPANY |
| 11/18/99 | 166922 | IV | 11686.36 | 692760.01 | TERRI LYNN INC. |
| 11/18/99 | 166940 | IV | 799.78 | 693549.79 | ECOLAB INC.-PES |
| 11/19/99 | 166984 | IV | 16958.06 | 710507.85 | SEALRIGHT COMPANY, INC |
| 11/22/99 | 167041 | IV | 63.90 | 710571.75 | FEDEX |
| 11/22/99 | 167127 | IV | 935.90 | 711507.65 | ECOLAB INC. |
| 11/22/99 | 167163 | IV | 12933.89 | 724441.54 | SEALRIGHT COMPANY, INC |
| 11/23/99 | 167166 | IV | 13633.33 | 738074.87 | SEALRIGHT COMPANY, INC |
| 11/23/99 | 167168 | IV | 1498.91 | 739573.78 | SWEETHEART CUP COMPANY |
| 11/23/99 | 167184 | IV | 342.37 | 739916.15 | VWR SCIENTIFIC |
| 11/23/99 | 167185 | IV | 248.50 | 740164.65 | VWR SCIENTIFIC |
| 11/23/99 | 167188 | IV | 303.99 | 740468.64 | WEBER SCIENTIFIC |
| 11/23/99 | 167202 | CM | 1503.84- | 738964.80 | INTERBAKE FOODS INC. |
| 11/29/99 | 167329 | IV | 1152.94 | 740117.74 | ELGAR A WEBER & COMPANY |
| 11/29/99 | 167370 | IV | 18.15 | 740135.89 | FEDEX |
| 11/29/99 | 167389 | IV | 1392.63 | 741528.52 | BURD & FLETCHER |
| 11/29/99 | 167390 | IV | 3345.00 | 744873.52 | GERMANTOWN (U.S.A.) CO |

- CONTINUE -

DAYS PAST DUE

| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
|---|---|---|---|---|---|
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |





# QUALITY CHEKD DAIRIES, INC.

1733 PARK STREET, NAPERVILLE, ILLINOIS 60563

(630) 717-1110


## STATEMENT

| MEMBER NO. |
|---|
| 102503 |

| DATE |
|---|
| 1/31/00 |

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY, TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 11/29/99 | 167391 | IV | 368.60 | 745242.12 | UNIVERSAL FLAVORS |
| 11/29/99 | 167392 | IV | 10873.64 | 756115.76 | UNIVERSAL FLAVORS |
| 12/13/99 | 167392 | CM | 74.18- | 756041.58 | UNIVERSAL FLAVORS |
| 11/29/99 | 167394 | IV | 2929.81 | 758971.39 | EDGAR A. WEBER & COMP- |
| 12/09/99 | 168232 | IV | 20.65 | 758992.04 | FEDEX |
| 12/13/99 | 168316 | CM | 378.00- | 758594.04 | GERMANTOWN (U.S.A.) CI |
| 12/13/99 | 168346 | IV | 10967.32 | 769561.36 | LIQUID SUGARS |
| 12/13/99 | 168447 | IV | 5521.18 | 775082.54 | LIQUID SUGARS |
| 12/13/99 | 168448 | IV | 9838.35 | 784920.89 | LIQUID SUGARS |
| 12/13/99 | 168449 | IV | 4339.52 | 789260.41 | LIQUID SUGARS |
| 12/13/99 | 168452 | IV | 10050.59 | 799311.00 | LIQUID SUGARS |
| 12/13/99 | 168453 | IV | 10075.70 | 809386.70 | LIQUID SUGARS |
| 12/13/99 | 168454 | IV | 5127.94 | 814514.64 | LIQUID SUGARS |
| 12/13/99 | 168455 | IV | 10151.05 | 824665.69 | LIQUID SUGARS |
| 12/13/99 | 168456 | IV | 5127.94 | 829793.63 | LIQUID SUGARS |
| 12/13/99 | 168457 | IV | 10017.10 | 839810.73 | LIQUID SUGARS |
| 12/13/99 | 168455 | IV | 5132.04 | 844942.77 | LIQUID SUGARS |
| 12/13/99 | 168459 | IV | 3941.44 | 848884.21 | LIQUID SUGARS |
| 12/14/99 | 168502 | IV | 65.80 | 848950.01 | FEDEX |
| 12/17/99 | 168780 | IV | 164.09 | 849114.10 | ECOLAB INC.-PES |
| 12/17/99 | 168781 | IV | 769.73 | 849883.83 | ECOLAB INC.-PES |
| 12/17/99 | 168842 | IV | 10.15 | 849914.03 | FEDEX |
| 12/20/99 | 168896 | IV | 9.20 | 849923.23 | FEDEX |
| 12/21/99 | 168951 | CM | 83.50- | 849839.73 | WEBER SCIENTIFIC |

- CONTINUE -

| | DAYS PAST DUE | | | | |
|---|---|---|---|---|---|
| | CURRENT | OVER 30 | OVER 60 | OVER 90 | |
| PURCHASES | | | | | |
| REGULAR | | | | | |
| DUES & FEES | | | | | |
| TOTAL | | | | | |




**QUALITY CHEKD DAIRIES, INC.**
1733 PARK STREET, NAPERVILLE, ILLINOIS 60563
(630) 717-1110

# STATEMENT

MEMBER NO. 102503

DATE 1/31/00

HYGEIA/SOUTHWEST I C SPEC
1220 NORTH TENNESSEE

MCKINNEY, TX 75069

| | | | | | |
|---|---|---|---|---|---|
| 12/21/99 | 168986 | IV | 2957.59 | 852797.32 | GIVAUDAN ROURE FLAVORS |
| 1/12/00 | 170336 | CM | 156.00- | 852641.32 | SHADE FOODS INC. |
| 1/12/00 | 170342 | IV | 2120.00 | 854761.32 | ADM COCOA PRODUCTS |
| 1/26/00 | 171192 | CM | 62.44- | 854698.88 | GRAPHIC PACKAGING CORP |
| 1/26/00 | 171202 | CM | 235.61- | 854463.27 | VWR SCIENTIFIC |
| | | | PURCHASING | 854463.27 | |
| 1/26/00 | 171223 | IV | 27467.55 | 27467.55 | QUALITY CHEKD DAIRIES |
| 1/27/00 | 171342 | IV | 426.40 | 27893.95 | QUALITY CHEKD DAIRIES |
| 1/28/00 | 171354 | IV | 426.40 | 28320.35 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171497 | IV | 426.40 | 28746.75 | QUALITY CHEKD DAIRIES |
| 1/31/00 | 171498 | IV | 426.40 | 29173.15 | QUALITY CHEKD DAIRIES |
| | | | REGULAR | 29173.15 | |

PLEASE NOTE PAYMENT TERMS FOR PURCHASES AS ESTABLISHED BY THE BOARD OF DIRECTORS ARE 21 DAYS FROM THE DATE OF INDIVIDUAL QUALITY CHEKD INVOICE

DAYS PAST DUE

| | CURRENT | OVER ~~30~~ 21 | OVER 60 | OVER 90 | |
|---|---|---|---|---|---|
| PURCHASES | 1665.95 | 93825.93 | 187900.93 | 571070.46 | 854463.2[illegible] |
| REGULAR | 29173.15 | .00 | .00 | .00 | 29173.1[illegible] |
| DUES & FEES | .00 | .00 | .00 | .00 | .0[illegible] |
| TOTAL | 30839.10 | 93825.93 | 187900.93 | 571070.46 | 883636.4[illegible] |