

United States Courts
Southern District of Texas
FILED

OCT 0 3 2000 BT

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEK'D DAIRIES, INC., | § | |
| | § | |
| **Plaintiff,** | § | **B-02- 040** |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-0943 |
| | § | |
| COHYCO, INC., "F" STREET | § | |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| | § | |
| **Defendants.** | § | |

## FIRST AMENDED ANSWER OF COHYCO, INC. TO PLAINTIFF'S
## ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIMS

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COMES NOW Defendant, Cohyco, Inc., and files this its First Amended Answer to the Plaintiff's Original Complaint and Original Counterclaims, showing as follows:

### I.

Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph I of the Plaintiff's Original Complaint. Consequently, Defendant denies the allegations of Paragraph I.

### II.

Defendant admits that it is a corporation organized under the laws of the State of Texas, and that it maintains its principal offices in Harlingen, Texas. Defendant denies the remaining allegations contained in Paragraph II of the Plaintiff's Original Complaint.

47527:938461.1:092800

44

## III.

Defendant denies the allegations contained in Paragraph III of the Plaintiff's Original Complaint.

## IV.

Defendant admits that H. Lee Richards is a citizen and resident of the State of Texas who resides and maintains an office in Harlingen, Texas.  This Defendant denies the remaining allegations contained in Paragraph IV of the Plaintiff's Original Complaint.

## V.

Defendant admits that this is an action within the Court's subject matter jurisdiction.  This Defendant denies the remaining allegations contained in Paragraph V of the Plaintiff's Original Complaint.

## VI.

This Defendant denies the allegations contained in Paragraph VI of the Plaintiff's Original Complaint.

## VII.

This Defendant denies the allegations contained in Paragraph VII of the Plaintiff's Original Complaint.

## VIII.

This Defendant denies the allegations contained in Paragraph VIII of the Plaintiff's Original Complaint.

## IX.

This Defendant denies the allegations contained in Paragraph IX of the Plaintiff's Original Complaint.

## X.

This Defendant denies the allegations contained in Paragraph X of the Plaintiff's Original Complaint.

## XI.

This Defendant denies the allegations contained in Paragraph XI of the Plaintiff's Original Complaint.

## XII.

This Defendant denies the allegations contained in Paragraph XII of the Plaintiff's Original Complaint.

## XIII.

This Defendant denies the allegations contained in Paragraph XIII of the Plaintiff's Original Complaint.

## XIV.

This Defendant denies the allegations contained in Paragraph XIV of the Plaintiff's Original Complaint.

## XV.

This Defendant denies the allegations contained in Paragraph XV of the Plaintiff's Original Complaint.

## XVI.

This Defendant denies the allegations contained in Paragraph XVI of the Plaintiff's Original Complaint.

## XVII.

This Defendant denies the allegations contained in Paragraph XVII of the Plaintiff's Original Complaint.

## XVIII.

This Defendant denies the allegations contained in Paragraph XVIII of the Plaintiff's Original Complaint.

## XIX.

This Defendant denies the allegations contained in Paragraph XIX of the Plaintiff's Original Complaint.

## XX.

This Defendant denies the allegations contained in Paragraph XX of the Plaintiff's Original Complaint.

## XXI.

This Defendant denies the allegations contained in Paragraph XXI of the Plaintiff's Original Complaint.

## XXII.

This Defendant denies the allegations contained in Paragraph XXII of the Plaintiff's Original Complaint.

## XXIII.

This Defendant denies the allegations contained in Paragraph XXIII of the Plaintiff's Original Complaint.

## XXIV.

This Defendant denies the allegations contained in Paragraph XXIV of the Plaintiff's Original Complaint.

## XXV.

This Defendant denies the allegations contained in Paragraph XXV of the Plaintiff's Original Complaint.

## XXVI.

This Defendant denies the allegations contained in Paragraph XXVI of the Plaintiff's Original Complaint.

## XXVII.

This Defendant denies the allegations contained in Paragraph XXVII of the Plaintiff's Original Complaint.

## XXVIII.

This Defendant denies the allegations contained in Paragraph XXVIII of the Plaintiff's Original Complaint.

## XXIX.

This Defendant denies the allegations contained in Paragraph XXIX of the Plaintiff's Original Complaint.

## XXX.

This Defendant denies the allegations contained in Paragraph XXX of the Plaintiff's Original Complaint.

## XXXI.

This Defendant denies the allegations contained in Paragraph XXXI of the Plaintiff's Original Complaint.

## XXXII.

This Defendant denies the allegations contained in Paragraph XXXII of the Plaintiff's Original Complaint.

## XXXIII.

This Defendant denies the allegations contained in Paragraph XXXIII of the Plaintiff's Original Complaint.

## XXXIV.

This Defendant denies the allegations contained in Paragraph XXXIV of the Plaintiff's Original Complaint.

## XXXV.

This Defendant denies the allegations contained in Paragraph XXXV of the Plaintiff's Original Complaint.

## XXXVI.

This Defendant denies the allegations contained in Paragraph XXXVI of the Plaintiff's Original Complaint.

## XXXVII.

This Defendant denies the allegations contained in Paragraph XXXVII of the Plaintiff's Original Complaint.

## XXXVIII.

This Defendant denies the allegations contained in Paragraph XXXVIII of the Plaintiff's Original Complaint.

## XXXIX.

This Defendant denies the allegations contained in Paragraph XXXIX of the Plaintiff's Original Complaint.

## XXXX.

This Defendant denies the allegations contained in Paragraph XXXX of the Plaintiff's Original Complaint.

## XXXXI.

This Defendant denies the allegations contained in Paragraph XXXXI of the Plaintiff's Original Complaint.

## XXXXII.

This Defendant denies the allegations contained in Paragraph XXXXII of the Plaintiff's Original Complaint.

## XXXXIII.

This Defendant denies the allegations contained in Paragraph XXXXIII of the Plaintiff's Original Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

Defendant contends that it is not a proper party.

## SECOND AFFIRMATIVE DEFENSE

Defendant expressly denies that the "sworn account" referenced in Paragraphs XXVII through XXIX of the Plaintiff's Original Complaint is just, true, and due.

### THIRD AFFIRMATIVE DEFENSE

Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted against this Defendant. Further, the matters about which Plaintiff complains involve alleged acts, omissions, and breaches of obligations by "F" Street Investments. Defendant is not responsible for the alleged acts, omissions, and breaches of obligations by "F" Street Investments.

### FOURTH AFFIRMATIVE DEFENSE

No cause of action exists or is available under Texas law for allegedly having "aided, abetted, encouraged and counselled," and/or for allegedly accepting and returning the benefits of the alleged breach of fiduciary duty of Lee Richards.

### FIFTH AFFIRMATIVE DEFENSE

No cause of action exists or is available under Texas law for constructive fraud as alleged by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

No cause of action exists or is available under Texas law for imposition of a constructive trust or an equitable lien as alleged by the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Any and all transactions made the subject of the Plaintiff's pleadings were fair to the Plaintiff at the time they were made.

## EIGHTH AFFIRMATIVE DEFENSE

Lee Richards was a disinterested director for purposes of the transactions made the subject of the Plaintiff's pleadings.

## NINTH AFFIRMATIVE DEFENSE

All transactions made the subject of the Plaintiff's pleadings were validated and/or ratified by the Plaintiff and/or its directors, officers, or representatives.

## TENTH AFFIRMATIVE DEFENSE

The damages claimed by the Plaintiff were proximately caused, in whole or in part, by its negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Material facts regarding the transactions made the subject of the Plaintiff's pleadings were timely disclosed and/or known by the Plaintiff.

## COUNTERCLAIM - USURY

A business relationship existed between Plaintiff Quality Chek'd Dairies, Inc. ("Quality Chek'd") and Co-Defendant "F" Street Investments ("F" Street). For a period of time during this business relationship, no contract existed between the parties, including no agreement relating to interest on unpaid accounts. In 1998, Quality Chek'd and "F" Street entered into a contract wherein the parties agreed that interest on unpaid obligations would be charged at the rate of twelve percent per annum or the maximum interest rate allowed by law, which ever was lower. Subsequently, Quality Chek'd charged and collected interest in an amount in excess of the rate allowed by law and also in excess of the contractual rate. Quality Chek'd's actions were in breach of the agreement with "F" Street. In addition, these actions constitute usury under the Texas statutory and common law.

47527:938461.1:092800

In addition to charging the usurious rate of interest to "F" Street, Quality Chek'd also made a claim and is attempting to charge and collect interest from Cohyco, Inc. at a usurious rate. These actions constitute usury under Texas law. As such, Cohyco, Inc. is entitled to statutory and common law damages from Quality Chek'd including a cancellation of any debt claimed to be owed, attorneys' fees, and other damages allowed by statutory and common law.

## COUNTERCLAIM - BREACH OF CONTRACT

Plaintiff has alleged that Cohyco, Inc. and Lee Richards are liable for the debt incurred by Hygeia Dairy Company and/or "F" Street Investments ("Hygeia") resulting from Hygeia's alleged failure to pay the Plaintiff under the terms of Hygeia's contract with the Plaintiff. Assuming the Plaintiff prevails on its contentions, which is not admitted but rather denied, this Defendant is entitled to an offset, setoff, reduction, cancellation, rescission, or termination of the alleged contract and/or alleged debt due to the Plaintiff's overcharging interest, which constitutes a breach of the contract it is attempting to enforce.

WHEREFORE, PREMISES CONSIDERED, Defendant Cohyco, Inc. prays that the Plaintiff's Original Complaint be dismissed with costs taxed against the Plaintiff, that the Defendant's affirmative defenses be granted, that the judgment be entered on the Defendant's counterclaims against Quality Chek'd, and that the Defendant receive all other relief to which it is justly entitled.

Respectfully submitted,

Christopher Lowrance
Attorney-in-Charge
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile
ATTORNEY FOR DEFENDANTS COHYCO, INC.
AND H. LEE RICHARDS

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via

the means indicated to counsel of record on this the 28th day of September, 2000.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Lee Hamel
Law Office of Lee Hamel & Associates
1200 Smith, Suite 2900
Houston, Texas 77002
Attorney in Charge for Quality Chek'd Dairies, Inc.

Mr. Nathaniel Peter Holzer
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Attorney in Charge for F Street Investments, Inc.

Of Royston, Rayzor, Vickery & Williams, L.L.P.