IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUALITY CHECKD DAIRIES, INC., § § | |
| Plaintiff § | |
| vs. § § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, § d/b/a SOUTHWEST ICE CREAM § SPECIALTIES (f/k/a HYGEIA DAIRY § COMPANY), and H. LEE RICHARDS § Defendants § | B-02-048 |

**RESPONSE OF F STREET INVESTMENTS, INC.,
TO PLAINTIFF'S OPPOSITION TO REFERRAL OF CASE
And
MOTION FOR REFERENCE OF CASE TO BANKRUPTCY COURT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW F Street Investments, Inc., a Texas Corporation, f/k/a Hygeia Dairy Company ("Hygiea" or "F Street"), debtor and debtor-in-possession in bankruptcy case No. 00-20953-B-11, currently pending in the Brownsville Division of the Southern District of Texas, and files this its Response to the Plaintiff's Opposition to Referral of Case, and its Motion For Specific Reference of Case to Bankruptcy Court and would show the Court as follows:

1. F Street adopts the Statement of Facts and Procedural History contained in the Motion filed contemporaneously herein by Cohyco and Lee Richards.

2. F Street files this pleading because no order of dismissal has been entered and it is thus still a party in this case. At a hearing before the honorable Magistrate Judge on January 22, 2001, the Court indicated that the dispute between F Street and Quality Checkd belongs in the Bankruptcy Court. F Street agrees. However, the Magistrate Judge ordered Quality Checkd to work with F Street on terms of an order of dismissal pursuant to Rule 41. Quality Checkd has

made no effort to comply with the Court's directive. Additionally, in its pleading entitled "Plaintiff's Opposition to Referral of the Case," Quality Checkd states as the bottom of page 2 that its "Motion to Sever and Transfer was granted," but this is also unclear to F Street as the honorable Magistrate Judge also indicated that all motions were denied and should be re-filed.

## SPECIFIC MOTION FOR REFERENCE

3. F Street moves for a specific reference of this case to the Bankruptcy Court[1]. All claims in this case are either claims to which F Street is a necessary party, or they are inextricably intertwined with the bankruptcy, where there are currently numerous claims and pending claims involving F Street, Cohyco, and Quality Checkd (which is the chairman of the unsecured creditor's committee).

4. More importantly, the First Amended Complaint of Quality Checkd pleads causes of action for imposition of a constructive trust, for an accounting, and for imposition of an equitable lien, all directed at property that, according to the First Amended Complaint, Quality Checkd claims is property recoverable by F Street's bankruptcy estate. As stated in its First Amended Complaint, Quality Checkd seeks to recover for itself, by these causes of action (i) real property formerly owned by F Street that was deeded to Cohyco in lieu of foreclosure, (ii) any proceeds thereof, (iii) goods that F Street purchased from Quality Checkd, and (iv) compensation being paid to Richards by the purchaser of F Street's dairy business.

---

[1] Judge Gilmore previously withdrew the reference to the bankruptcy court that had occurred automatically pursuant to the Standing Order of Reference on the filing of bankruptcy by F Street. This motion is not an attempt to revisit that ruling. Instead, as invited by Judge Gilmore at the initial pretrial conference in this case, F Street requests a specific reference of this case to the bankruptcy court.

[2] F Street as Debtor in Possession has the rights, powers and duties of a Trustee. 11 U.S.C. § 1107.

5. All these causes of action belong solely to F Street in its capacity as trustee of the bankruptcy estate.[2] Quality Checkd has no standing to pursue them. The case law in the 5th Circuit is clear on this issue. *See Randall v. Blake (In Re: Canion)*, 196 F.3d 579, 593 n. 9 (1999); *Matter of Educators Group Health Trust*, 25 F.3d 1281 (5th Cir. 1994); *Whalen v. Carter*, 954 F.2d 1087 (5th Cir. 1992); *see also In re Van Dresser Corp.*, 128 F.3d 945, 947 (6th Cir. 1997); *Larson v. Groos Bank, N.A.*, 204 B.R. 500, 502 (W.D.Tex.1996). By its First Amended Complaint, Quality Checkd has thus, again, placed F Street placed squarely into this case as a necessary Plaintiff, as only the trustee in bankruptcy has standing to bring claims for monies claimed to be owed to the bankruptcy estate or property claimed to have been wrongfully removed from the estate. *See, also, Matter of Barnett v. Stern*, 93 B.R. 962 (N.D. Ill 1988) *rev'd on other grounds* (7th Cir. 1990). Regardless of Quality Checkd's strained argument to the contrary, any recovery of assets allegedly received by others from F Street can only be recovered by F Street for the benefit of all its creditors, not just the biggest pig at the trough. From the beginning, this lawsuit has been a mechanism by which Quality Checkd has sought to take for itself what must be shared. That the Congress, the Supreme Court, and the 5th Circuit forbid.

## COMPLAINTS ABOUT LOST JURY TRIAL RIGHTS ARE A RED HERRING

6. The arguments by Quality Checkd concerning jury trial rights are entirely misplaced. They assume the impossible likelihood that a bankruptcy judge would actually engage in a jury trial in this lawsuit without the consent of all parties. That will not happen. Judge Schmidt knows better than anyone, and has so ruled in the past, that, without consent of all parties, he has no authority to conduct a jury trial in a lawsuit on a claim where a party has a

perfected right to a jury trial. *See In re Clay*, 35 F.3d 190 (5th Cir. 1994)(bankruptcy Court has no jurisdiction to conduct jury trial absent consent of all parties).

7.　As argued by Cohyco, referral to the bankruptcy court is similar to the referral to the magistrate. If there is a jury trial to be conducted, it will be done in the District Court—either before Judge Gilmore if Cohyco and Richard's motion to transfer venue is denied, or before one of the District Courts in Brownsville if the motion to transfer venue is granted.

## THE BANKRUPTCY COURT HAS EXCLUSIVE JURISDICTION TO RULE ON AN ISSUE THAT MAY BE DISPOSITIVE TO THIS LAWSUIT

8.　What Quality Checkd would have this Court ignore is that Quality Checkd waived any right to a jury trial on the issue of the amount and existence of F Street's obligation to Quality Checkd. Quality Checkd filed a proof of claim in the bankruptcy and so the bankruptcy court will decide whether any obligation is owed at all, without a jury, as part of the claims objection process. That ruling may very well control the outcome of this case, for if F Street is found by the bankruptcy court to owe nothing, Quality Checkd's claims against Cohyco and Richards, all of which are premised on the existence of a debt from F Street to Quality Checkd, necessarily fail.

9.　In the case of *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the United States Supreme Court held that the bankruptcy court had equitable jurisdiction to order a creditor who had filed a claim against the bankruptcy estate to surrender avoidable preferences without affording the creditor a jury trial. *Id.* at 325, 336, 86 S.Ct. at 470, 476. Katchen, an officer of the bankrupt corporation, had made payments from corporate funds within four months of bankruptcy on corporate notes on which he was an accommodation maker. *Id.* at 325, 86 S.Ct. at 470. After Katchen had filed a claim against the bankruptcy estate, the trustee

sued Katchen to avoid the payments as voidable preferences. *Id.* The Supreme Court concluded that because the preference action arose "as part of the process of allowance and disallowance of claims, it is triable in equity," which allows for an adjudication before the bankruptcy court. *Id.* at 336, 86 S.Ct. at 476.

10. In the case of *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court held that a creditor who had not filed a claim against the estate was entitled to a jury trial on a claim against him for a fraudulent transfer. Quality Checkd has filed a proof of claim. *Granfinanciera* highlights the distinction between creditors that have and have not filed a proof of claim.

11. In *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court held that "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,'" a process within the bankruptcy court's core jurisdiction pursuant to 157(b)(2)(B), citing *Granfinanciera*, 492 U.S. at 58-59 & n.14, 109 S.Ct. at 2799 & n.14.

12. As the Second Circuit has held, "the *Katchen, Granfinanciera,* and *Langenkamp* line of Supreme Court cases stand for the proposition that by filing a proof of claim a creditor forsakes its right to adjudicate before a jury any issue that bears directly on the allowance of that claim." *Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1329 (2nd Cir. 1993); *see Gulf States Exploration v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d 1384, 1389-90 (2d Cir. 1990) (rejecting argument that claim must be adjudicated by Article III court because creditor filed proof of claim). "[A] creditor ... who submits to the equity jurisdiction of the bankruptcy court thereby waives any right to a jury trial for the resolution of disputes vital to the bankruptcy process, such as those involving the determination of *who is a*

*valid creditor."* Germain, 988 F.2d at 1329 (emphasis added); *see also Atassi v. McLaren (In re McLaren)*, 990 F.2d 850, 853 (6th Cir. 1993) ("A suit by a third party creditor ... against the debtor [and thus the bankruptcy estate] is a core proceeding under 157(b)(2)(B)."); *Southeastern Sprinkler Co., Inc. v. Meyertech Corp. (In re Meyertech Corp.)*, 831 F.2d 410, 417-18 (3d Cir.1987) (holding state court action was core proceeding because creditor filed proof of claim).

13. Like the Second Circuit, the Fifth Circuit focuses on whether the creditor has filed a proof of claim to determine whether that creditor's state court action is a core proceeding. *See, In re Wood*, 825 F.2d 90, 97-98 (5th Cir.1987) (holding that state court action was non-core proceeding because creditor had not filed proof of claim). Clearly, Quality Checkd's claims against F Street are core. Its claims against Richards and Cohyco are "related to" its claims against F Street. Some of its claim are, by law, F Street's claims. In the interest of judicial efficiency they should all be considered by the same court.

14. The allowance of the claim of Quality Check in the F Street Bankruptcy will be determined by the bankruptcy court. As part of the claims allowance process, the bankruptcy court will consider F Street's usury claim against Quality Checkd, and one possible outcome is that Quality Check will have no claim. In that situation, this case goes away, as Quality Check will have suffered no damages. It is pointless and wasteful to have two different Courts consider all these closely interrelated issues.

15. Finally, F Street and Quality Checkd are also engaged in litigation over other matters in a suit that is currently pending in the Brownsville bankruptcy court, where F Street has sued Quality Checkd for the return of fraudulent and preferential transfers and for turnover of property of the estate, statutory causes of action that are within the "core" jurisdiction of the

RESPONSE OF F STREET INVESTMENTS, INC., TO PLAINTIFF'S OPPOSITION TO REFERRAL OF CASE
And MOTION FOR REFERENCE OF CASE TO BANKRUPTCY COURT          page 6

bankruptcy court, and for which no jury trial right is involved. Taken all together, the bankruptcy court is the single most convenient and logical forum to resolve all these disputes.

## CONCLUSION

16.    The claims and controversies between F Street, Quality Checkd, Cohyco, and Lee Richards are all so closely connected that they beg for adjudication in a single forum. Given that some of those claims are claims that the 5th Circuit says only F Street can pursue, and that Congress and the Supreme Court have clearly indicated that the bankruptcy court hear others, it is logical and appropriate to allow the bankruptcy court to consider all related claims as part of the same proceeding.

WHEREFORE, PREMISES CONSIDERED, Debtor F Street prays that the Motion to refer this case to the bankruptcy Court be granted, and that the Debtor receive all relief to which it is entitled.

Respectfully submitted,

*/s/ Nathaniel Peter Holzer*
Nathaniel Peter Holzer, Attorney in Charge
State Bar No. 00793971/Admissions No. 21503
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
ATTORNEY FOR DEBTOR/DEFENDANT F STREET INVESTMENTS, INC.

OF COUNSEL:
***Jordan, Hyden, Womble & Culbreth, P.C.***

Harlin C. Womble, Jr.
State Bar No. 21880300/Admissions No. 8959
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555

## CERTIFICATE OF SERVICE

I, Nathaniel Peter Holzer, do hereby certify that a true and correct copy of the foregoing document was served by U.S. First Class Mail on this 20th day of March, 2001 on the following:

Ms. Diane Sanders
One Shoreline Plaza
800 N. Shoreline, Suite 320
Corpus Christi, Texas 78401

C. Leland Hamel
William L. Bowers, Jr.
Lee Hamel & Associates
1200 Smith Street, Suite 2900
Houston, Texas 77002

Christopher Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476

_____
Nathaniel Peter Holzer

RESPONSE OF F STREET INVESTMENTS, INC., TO PLAINTIFF'S OPPOSITION TO REFERRAL OF CASE
And MOTION FOR REFERENCE OF CASE TO BANKRUPTCY COURT                            page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHECKD DAIRIES, INC., | § § § | |
| Plaintiff | § | |
| vs. | § § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC., F STREET INVESTMENTS, d/b/a SOUTHWEST ICE CREAM SPECIALTIES (f/k/a HYGEIA DAIRY COMPANY), and H. LEE RICHARDS Defendants | § § § § § § | |

## ORDER GRANTING
## MOTION OF F STREET INVESTMENTS, INC.,
## FOR REFERENCE OF CASE TO BANKRUPTCY COURT

Came on to be considered the captioned motion and the Court, having considered the motion and responses, and the arguments of counsel, is of the opinion that the captioned motion should be granted; it is therefore

ORDERED that the captioned motion is granted;

ORDERED that this case is referred to the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division;

ORDERED that Notice of this Order is to be given to the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, by the U.S. District Clerk.

SIGNED this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

ORDER SUBMITTED BY:
Nathaniel Peter Holzer
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Fax (361) 888-5555