UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 0 4 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| QUALITY CHEK'D DAIRIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-0943 |
| | § | |
| COHYCO, INC., "F" STREET | § | B-02- 040 |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS COHYCO, INC.'S AND H. LEE RICHARDS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Cohyco, Inc. and H. Lee Richards ("the Cohyco Defendants") and file this their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. In support thereof, the Cohyco Defendants respectfully represent that Plaintiff Quality Chek'd Dairies, Inc. ("Quality Chek'd") fails to allege any material facts sufficient to defeat summary judgment as a matter of law.

### I.
### CAN'T CONSPIRE WITH ONESELF UNDER TEXAS LAW

Quality Chek'd cannot recover as a matter of law for any alleged conspiracy charges because its case lacks at least one vital element: a meeting of the minds between two persons. In order for a conspiracy cause of action to exist as a matter of law, at least two persons must have "a meeting

47527:965710.1:050301



of the minds" to specifically intend to accomplish an unlawful purpose. *See Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995). In the present case, Quality Chek'd is asking the Court to ignore precedent and establish a cause of action for allegedly conspiring with oneself.

Quality Chek'd's only support for its conspiracy allegation is that Richards was an officer and/or director of Cohyco while simultaneously acting as an officer of Hygeia.[1] There is nothing in the record to indicate that any other person was involved in the alleged conspiracy. In fact, Quality Chek'd concedes that there were no other actors or individuals who could have participated in the alleged conspiracy.[2] Thus, Richards is the only party who could have conceivably been involved in any alleged wrongdoing and, pursuant to Texas law, his alleged actions alone are insufficient to establish conspiracy. Therefore, partial summary judgment is proper.

---

[1] The following language appears in Quality Chek'd's First Amended Complaint:

> "At all relevant times, Cohyco owned and controlled Hygeia and caused, aided and abetted Hygeia and its officers, directors, agents, and employees to commit the wrongful acts alleged herein. Further at all relevant times, Richards was Chairman of the Board of Cohyco and controlled the activities of both corporations. Through Richards, Cohyco had full knowledge of Richards' conduct alleged herein."

*See* Quality Chek'd's First Amended Complaint at Para. 28.

[2] *See* Quality Chek'd's Responses and Opposition to Defendants' Motion for Summary Judgment at pages 9-10. Quality Chek'd alleges that a "key fact is that Richards was, at all times, the controlling person of Cohyco, Hygeia, . . . and all of the other subsidiaries." *Id.*

## II.
## CORPORATION AND ITS EMPLOYEE
## CANNOT CONSPIRE AS A MATTER OF LAW

Texas courts have outlined the necessary elements for a civil conspiracy cause of action and have addressed whether a corporation and its employee can conspire within one another as a matter of law. Their answer has been simple: No. A corporation and its employee cannot conspire with one another as matter of law. *See Griffin v. CK Intelligent Systems*, 87 F. Supp. 2d 684, 689 (S.D. Tex. 1999) (agent of a corporation cannot conspire to commit fraud as matter of law because a corporation cannot conspire with itself); *Atlantic Richfield Co. v. Misty Products, Inc.*, 820 S.W.2d 414, 420 (Tex. App.-Houston [14th Dist.] 1991, *writ denied*) (parent corporation cannot conspire with its wholly owned subsidiary as a matter of law because a wholly-owned subsidiary is under the complete control of the parent and, therefore, is incapable of constituting a separate entity for conspiracy purposes).[3]

In the present case, Cohyco and Richards are not separate persons capable of forming a "meeting of the minds" as required to form a civil conspiracy. At all relevant times, Richards was an agent or employee of Cohyco and, thus, was incapable of conspiring with Cohyco as a matter of law. Therefore, no conspiracy cause of action can exist as a matter of law against Cohyco and summary judgment is proper.

---

[3] It logically follows, then, that an agent of a parent corporation cannot conspire within the course and scope of his agency relationship with an agent of a wholly-owned subsidiary. *Misty*, 820 S.W.2d at 421.

## II.
## CORPORATION AND ITS EMPLOYEE
## CANNOT CONSPIRE AS A MATTER OF LAW

Texas courts have outlined the necessary elements for a civil conspiracy cause of action and have addressed whether a corporation and its employee can conspire within one another as a matter of law. Their answer has been simple: No. A corporation and its employee cannot conspire with one another as matter of law. *See Griffin v. CK Intelligent Systems*, 87 F. Supp. 2d 684, 689 (S.D. Tex. 1999) (agent of a corporation cannot conspire to commit fraud as matter of law because a corporation cannot conspire with itself); *Atlantic Richfield Co. v. Misty Products, Inc.*, 820 S.W.2d 414, 420 (Tex. App.-Houston [14th Dist.] 1991, *writ denied*) (parent corporation cannot conspire with its wholly owned subsidiary as a matter of law because a wholly-owned subsidiary is under the complete control of the parent and, therefore, is incapable of constituting a separate entity for conspiracy purposes).[3]

In the present case, Cohyco and Richards are not separate persons capable of forming a "meeting of the minds" as required to form a civil conspiracy. At all relevant times, Richards was an agent or employee of Cohyco and, thus, was incapable of conspiring with Cohyco as a matter of law. Therefore, no conspiracy cause of action can exist as a matter of law against Cohyco and summary judgment is proper.

---

[3] It logically follows, then, that an agent of a parent corporation cannot conspire within the course and scope of his agency relationship with an agent of a wholly-owned subsidiary. *Misty*, 820 S.W.2d at 421.

### III.
### CORPORATION CANNOT CONSTITUTE A "THIRD PARTY"

Quality Chek'd fails to provide any support for the proposition that a corporation can constitute a "third party" for establishing a cause of action for aiding, abetting, or knowingly benefitting from its employee's fraud or breach of a fiduciary duty. In fact, Quality Chek'd concedes that no such cause of action can exist against Cohyco as a matter of law. In its Response Brief, Quality Chek'd admits that pursuant to Texas law, the "normal rule" is that "a corporation and its officers may not conspire with each other because the officer's acts are deemed to be that of the corporation."[4] Just as a corporation and its employees are not separate entities for purposes of forming a conspiracy, they are not separate entities capable of being a "third party" in relation to each other for purposes of "aiding and abetting" fraud or breach of a fiduciary duty. Therefore, as a matter of law, Cohyco cannot be a "third party" who aided, abetted, or knowingly benefitted from Richards' alleged fraud or breach of a fiduciary duty.

### IV.
### *RESPONDEAT SUPERIOR* DOES NOT APPLY

Quality Chek'd attempts to salvage some cause of action against Cohyco by now alleging for the first time a *respondeat superior* claim.[5] Nowhere in Quality Chek'd's prior pleadings has Quality Chek'd alleged that Cohyco is liable under a *respondeat superior* cause of action.[6] This Court

---

[4]     *See* Quality Chek'd's Responses and Opposition to Defendants' Motion for Summary Judgment at page 10.

[5]     *Id.* at pages 2 and 10.

[6]     The only causes of action that Quality Chek'd alleged in its First Amended Complaint are as follows:

(continued...)

expressly granted Quality Chek'd the opportunity to replead to allege any new causes of action it felt it had against Cohyco, and Quality Chek'd filed a response indicating that it had no other causes of action.[7] Thus, Quality Chek'd has waived any ability it may have had to add a *respondeat superior* cause of action.

The doctrine of *respondeat superior* does not apply to Richards and his relationship to Quality Chek'd. The basis of the present lawsuit is the trade debt incurred with Quality Chek'd by Cohyco's subsidiary, Hygeia Dairy Company. Quality Chek'd is an association of dairy companies. Other than owning Hygeia stock, Cohyco is not in the dairy business. It was not a member of Quality Chek'd and it purchased nothing from or through Quality Chek'd. Understandably, Quality Chek'd has failed to produce any evidence that Richards was acting in his capacity as an officer of Cohyco when interacting with Quality Chek'd, as Cohyco would not have any business reason to communicate with a vendor of its subsidiary. A necessary element of a *respondeat superior* theory is the actions of the employee in question have to be performed in the course and scope of his employment **with the defendant**. No evidence or pleading has been presented to this Court stating

---

[6](...continued)

    (1)    Breach of Fiduciary Duty by Richards;

    (2)    Fraud;

    (3)    Conspiracy; and

    (4)    Application for an Accounting and Imposition of a Constructive Trust or an Equitable Lien.

See Quality Chek'd's First Amended Complaint at pages 13, 14, 15 and 16.

[7] See Quality Chek'd's Opposition to Referral of Case.

that it was part of the course and scope of Richards' duties for Cohyco to communicate with and/or perform other business dealings with Quality Chek'd.

Quality Chek'd is simply attempting to manufacture liability against a corporation (Cohyco), which does not enjoy the protections of Texas homestead laws, for the allegedly fraudulent acts of its individual shareholder, officer, and director. Quality Chek'd makes this attempt despite the undisputed fact that Richards' purported wrongful conduct was done in the course and scope of his duties as a director and officer of Cohyco's subsidiary. Indeed, Quality Chek'd wants this Court to help it make an "end run" around the statutory prohibition against finding a parent corporation liable for the business debts of its subsidiaries absent the parent using the subsidiary form for the purpose of perpetrating an actual fraud on the debtor. *See* TEX. BUS. CORP. ACT art. 2.21A(2) (Vernon Supp. 2000).

WHEREFORE, PREMISES CONSIDERED, the Cohyco Defendants move for summary judgment dismissing all of Quality Chek'd's claims against Cohyco. The Cohyco Defendants also move for referral of the pre-trial handling of the remaining causes of action to the related case filed in the Bankruptcy Court in the Brownsville Division, and for such other and further relief to which they are entitled.[8]

---

[8] *See* Defendants' Motion for Summary Judgment, Motion for Referral to the Bankruptcy Court and Motion to Transfer. Defendants' Motion for Referral and Motion to Transfer will not be addressed in this reply as both issues have been extensively briefed.

Respectfully submitted,

*Christopher Lowrance w/permission*
OJS

Christopher Lowrance
Attorney-in-Charge
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile

**ATTORNEY FOR DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the means indicated to counsel of record on this the 3rd day of May, 2001.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Lee Hamel
Law Office of Lee Hamel & Associates
1200 Smith, Suite 2900
Houston, Texas 77002

Mr. Harlin Womble
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline, Suite 900
Corpus Christi, Texas 78471

*Christopher Lowrance w/permission*
OJS
Of Royston, Rayzor, Vickery & Williams, L.L.P.