

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEK'D DAIRIES, INC., | § | |
| | § | |
| Plaintiff, | § | B-02- 040 |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-0943 |
| | § | |
| COHYCO, INC., "F" STREET | § | |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS COHYCO, INC.'S AND H. LEE RICHARDS' SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Cohyco, Inc. and H. Lee Richards ("the Cohyco Defendants") and file this their Supplemental Brief in Support of Summary Judgment. In support thereof, the Cohyco Defendants respectfully provide the following:

### I.
### RECENT TEXAS SUPREME COURT DECISION: AGENT CAN'T CONSPIRE WITH EMPLOYER

The Texas Supreme Court in *Bradford et al. v. Vento et al.*,[1] recently reaffirmed the proposition that an agent and his employer cannot conspire with one another as a matter of law because they are **not** separate entities for purposes of a civil conspiracy cause of action. In *Bradford*, Roell and Debra Vento sued defendants Bruce Bradford, Simon Property Group, and Golden Ring

---

[1]   44 Tex. Sup. Ct. Jour. 655, 662 (Tex. April 26, 2001).

47527:967492.1:051001



Mall Company for various causes of action including fraud, tortious interference with prospective contractual relations, intentional infliction of emotional distress, DTPA violations, and civil conspiracy arising out of an attempted purchase of a sports memorabilia store.[2] Bradford was the manager of the Valle Vista Mall in Harlingen, Texas, and Simon Property Group ("Simon") and Golden Ring Mall ("Golden Ring") were the owners of the mall.[3] Plaintiff Roel Vento was a sports memorabilia collector who established a business relationship with an owner of a sports memorabilia store in the mall.[4] After several business decisions, disputes, and altercations, Vento became the owner of the memorabilia store, but was indebted to the mall for failure to pay proper rent amounts. As a result, Vento was locked out from entering his business and made arrangements for a buyer to purchase his business and satisfy his debts. The purchase was unsuccessful.

Vento alleged that Bradford, Simon, and Golden Ring conspired with one another in demanding a release from Vento of his claims against the mall before acceptance of the buyer's check in satisfaction of Vento's debt. The Texas Supreme Court rejected such allegation, holding that:

---

[2] *Id.* at 655.

[3] *Bradford v. Vento*, 997 S.W.2d 713, 720 (Tex. App.-Corpus Christi 1999), *aff'd in part, rev'd in part*, 44 Tex. Sup. Ct. Jour. 655 (Tex. 2001).

[4] *Id.* at 720-21. Tom Taylor operated Tom's Sports Cards in the mall and plaintiff Roel Vento established a business relationship with Taylor, selling memorabilia on consignment at Taylor's store. *Id.*

> [T]he Ventos failed to produce any evidence that Simon and Golden Ring were **separate entities**, and accordingly, Bradford, Simon, and Golden Ring **could not have conspired because Bradford was the agent of Simon and Golden Ring**.[5]

As in *Bradford*, Cohyco and Richards are not separate entities capable of forming a "meeting of the minds" as required to form a civil conspiracy. At all relevant times, Richards was an agent or employee of Cohyco and, thus, could not have conspired with Cohyco as a matter of law. Therefore, no conspiracy cause of action can exist as a matter of law against Cohyco and summary judgment is proper. Moreover, just as a corporation and its employees are not separate entities for purposes of forming a civil conspiracy, they are not separate entities capable of being a "third party" in relation to each other for purposes of "aiding and abetting" fraud or breach of a fiduciary duty. Therefore, as a matter of law, Cohyco cannot be a "third party" who aided, abetted, or knowingly

---

[5]   *Id.* at 662 (emphasis added). The Texas Supreme Court further stated that it "agreed with the court of appeals' analysis and judgment" on the civil conspiracy issue. *Id.* The Corpus Christi Court of Appeals noted:

> All parties concede that Bradford was the agent of Simon and Golden . . . However, as the plaintiffs, appellees had the burden of providing adequate evidence to support their conspiracy cause of action. Therefore, they had the burden of proving that Simon and Golden were separate entities (and therefore could conspire together) . . . Appellees failed to meet this burden.

*Bradford*, 997 S.W.2d at 729 (citing *Fojtik v. First Nat'l Bank*, 752 S.W.2d 669, 673 (Tex. App.-Corpus Christi 1988, *writ denied per curiam*, 775 S.W.2d 632 (Tex. 1989), and *Atlantic Richfield Co. v. Misty Prod., Inc.*, 820 S.W.2d 414, 420 (Tex. App.-Houston [14th Dist.] 1991, *writ denied*).

benefitted from Richards' alleged fraud or breach of a fiduciary duty and summary judgment is proper.

WHEREFORE, PREMISES CONSIDERED, the Cohyco Defendants move for summary judgment dismissing all of Quality Chek'd's claims against Cohyco. The Cohyco Defendants also move for referral of the pre-trial handling of the remaining causes of action to the related case filed in the Bankruptcy Court in the Brownsville Division, and for such other and further relief to which they are entitled.

        Respectfully submitted,

Christopher Lowrance
Attorney-in-Charge
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile

**ATTORNEY FOR DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the means indicated to counsel of record on this the ____ day of _May_____, 2001.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Lee Hamel
Law Office of Lee Hamel & Associates
1200 Smith, Suite 2900
Houston, Texas 77002

Mr. Harlin Womble
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline, Suite 900
Corpus Christi, Texas 78471

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.