UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| QUALITY CHEK'D DAIRIES, INC., | § | |
| | § | |
| Plaintiff, | § | B-02- 040 |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-0943 |
| | § | |
| COHYCO, INC., "F" STREET | § | |
| INVESTMENTS, d/b/a SOUTHWEST | § | |
| ICE CREAM SPECIALTIES (f/k/a | § | |
| HYGEIA DAIRY COMPANY), and | § | |
| H. LEE RICHARDS, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS COHYCO, INC.'S AND H. LEE RICHARDS' RESPONSE TO PLAINTIFF'S MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Cohyco, Inc. and H. Lee Richards ("the Cohyco Defendants") and file this their Response to Plaintiff's Motion for Continuance. In support thereof, the Cohyco Defendants respectfully object to Quality Chek'd's Motion for Continuance on the following grounds:

(1)   the motion is not supported by affidavits;

(2)   the motion fails to explain what information the alleged additional discovery would elicit; and

(3)   the motion does not describe Quality Chek'd's due diligence in retrieving the alleged needed discovery prior to its filing for a continuance.

47527:969353.1:052401



1

## I. BACKGROUND FACTS

Plaintiff Quality Chek'd Dairies, Inc. ("Quality Chek'd") filed its Original Complaint against the Cohyco Defendants and Defendant "F" Street Investments over a year ago, on March 17, 2000. The Cohyco Defendants filed their Original Answers on April 10, 2001 and, in June 2000, filed their Rule 26 Disclosures. In their Rule 26 Disclosures, the Cohyco Defendants listed seventeen (17) individuals believed to have discoverable information relevant to the case.

On June 26, 2000, the Court entered a Scheduling Order setting forth a four (4) day jury trial for August, 2001, along with various discovery and motion deadlines. Quality Chek'd did not object to the entering of the Scheduling Order, nor did it object to any of the deadlines set forth therein.

## II. ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 16(b) states that a court's scheduling order "shall not be modified except upon a showing of **good cause**."[1] Quality Chek'd fails to demonstrate "good cause" and, consequently, its Motion for Continuance should be appropriately denied.

A. **No continuance for party who, in an effort to avoid costs, has failed to diligently prosecute its claim.**

> "District judges have the power to control their docket by refusing to give ineffective litigants a second chance to develop their case."[2]

---

[1] FED R. CIV. P. 16(b) (emphasis added); *see Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257-258 (5th Cir. 1997) (setting forth several factors that a district court can consider when denying a motion for continuance).

[2] *Reliance Ins. Co.*, 110 F.3d at 258.

Throughout its Motion for Continuance, Quality Chek'd emphasizes its desire to avoid "expensive trial preparation" and cites this as its sole reason for requesting a continuance.[3] Indeed Quality Chek'd states that further "preparation for trial of this case will require substantial, expensive, further discovery and detail to pre-trial preparations."[4] However, Quality Chek'd fails to provide an explanation, other than cost, as to why any of its "substantial" pre-trial preparations were not performed prior to its filing for a continuance. Quality Chek'd has had over a year to develop its case and attain the alleged necessary discovery and depositions, but has failed to act diligently in retrieving the same. Moreover, Quality Chek'd fails to describe the facts which would be elicited from the alleged additional discovery and how the lack of the same would prejudice its case. Quality Chek'd vaguely references the need for "additional depositions and some third-party document discovery" but does not identify the name of a single person or representative whose deposition is required for the just litigation of this matter.[5] Likewise, Quality Chek'd fails to identify any specific document or correspondence which has yet to be produced through discovery and which would be required for the prosecution of its case. As such, Quality Chek'd's Motion for Continuance should be denied.

**B.    Quality Chek'd's Motion for Continuance is not supported by affidavit.**

Quality Chek'd fails to support its Motion for Continuance with any affidavit. Neither Quality Chek'd's counsel, nor a representative of Quality Chek'd, attests to any of the alleged

---

[3] *See* Quality Chek'd's Motion for Continuance attached as Exhibit "1" and fully incorporated herein.

[4] *Id.*

[5] *Id.*

facts referenced in the Motion for Continuance.[6] Thus, Quality Chek'd's Motion for Continuance should be denied.

### III. CONCLUSION

Although Quality Chek'd claims that the Motion for Continuance is not filed for delay, it is apparent that any delay in the preparation of its case has been for the sole reason to "preserve resources" and avoid the costs of litigating the very case it initiated. Therefore, the Cohyco Defendants respectfully request that Plaintiff's Motion for Continuance be in all things denied. The Cohyco Defendants further request such other relief, both special and general, to which they may be entitled.

---

[6] *See Martin v. Ford Motor* Co., 914 F. Supp 1449 (S.D. Tex. 1996) (party not entitled to continuance absent explanation as to why it was unable to present evidence which would create a genuine issue of material fact and on how continuance would enable party to present such evidence); *see also RTC v. BVS Dev., Inc.*, 42 F.3d 1206, 1216 (9th Cir. 1994) (denying continuance where plaintiffs did not submit affidavit describing facts which they hoped to elicit from additional discovery). In the present case, the Cohyco Defendants have previously filed a motion asking the Court to grant summary judgment in favor of Cohyco, Inc. against the civil causes of action brought against it by Quality Chek'd. Although Quality Chek'd does not specifically allege that it needs more time to appropriately respond to the motion for summary judgment in its motion for continuance, it must attest to so by affidavit if it intends to assert the same.

Respectfully submitted,

*Chris Lowrance w/permission CJS*

Christopher Lowrance
Attorney-in-Charge
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile
**ATTORNEY FOR DEFENDANTS COHYCO, INC. AND H. LEE RICHARDS**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the means indicated to counsel of record on this the 6ᵀᴴ day of June, 2001.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Lee Hamel
Law Office of Lee Hamel & Associates
1200 Smith, Suite 2900
Houston, Texas 77002

Mr. Harlin Womble
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline, Suite 900
Corpus Christi, Texas 78471

_____Chris Lournance w/ permission OJS_____
**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEK'D DAIRIES, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-0943 |
| | § | |
| COHYCO, INC., et al. | § | |

## MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Quality Chekd Dairies, Inc. ("Quality Chekd") respectfully asks this Court to enter a new scheduling order, resetting the trial of this case for either October or November of 2001 and as cause therefore would show:

1.  A mediator has been proposed for three different proceedings: 1) this case, involving Plaintiff and Defendants, Cohyco, Inc. and H. Lee Richards; 2) Case No. 00-20953-B-11, *In re: F Street Investments, Inc. a Texas Corporation f/k/a Hygeia Dairy Company vs. Quality Chekd Dairies*, in the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division ("the bankruptcy") involving F Street Investments, Inc.; and 3) an adversary proceeding in the bankruptcy involving F Street Investments, Inc. and Quality Chekd Dairies, Inc. The Plaintiff and Defendants in this case, the debtor in possession, and the Unsecured Creditor's Committee have agreed to mediate all of the issues in both this case and the bankruptcy and have agreed on a mediator in Houston, Texas, former State District Judge Ruby Sondock. The mediation date is set for June 19, 2001. Conflicting schedules of the mediator and the five counsel involved prevented

-1-

an earlier mediation date.

2. In this case, the depositions of a representative of Plaintiff Quality Chekd and the deposition of H. Lee Richards were completed on May 14 and 16, 2001. This limited discovery permits the parties to conduct a meaningful mediation of this case and all of the issues between them in this case and in the bankruptcy.

3. Further preparation for trial of this case will require substantial, expensive, further discovery and detailed pretrial preparations. Progress has been made on discovery needed to develop this case; however, several additional depositions and some third party document discovery will be necessary before trial, including depositions of expert witnesses; the pretrial order and its attachments must be prepared; and other pretrial steps must taken. All of this work will be both time consuming and expensive. This work has been postponed in order to conserve resources in the event mediation is successful. The Court's present scheduling order has set the trial for August, 2001, and a discovery cutoff of June 27, 2001.

4. If the present trial date and scheduling order deadlines are kept, it is necessary to move forward immediately with expensive trial preparation which ultimately may be unnecessary. If the trial of this case is postponed until either late November or early December of this year, and the scheduling order adjusted accordingly, the parties will have adequate time for an efficient preparation for trial, should mediation not be successful. If the mediation is successful, the result will be a saving of both the Court's time and resources and the resources of all parties.

5. A proposed scheduling order is attached for the Court's convenience.

6. This motion is not filed for delay, but so that justice may be done.

WHEREFORE, the Plaintiff and Defendants ask that this case be continued until November or December, 2001 and that the pretrial deadlines be modified as proposed on the attached, or upon such other schedule as the Court deems appropriate.

Respectfully submitted,

HAMEL BOWERS & CLARK L.L.P.

*[signature]*

Lee Hamel
SBN: 08818000
William L. Bowers, Jr.
SBN: 02740000
1200 Smith, Suite 2900
Houston, Texas 77002
Tel:   (713) 659-2000
Fax:   (713) 659-3809
*Attorneys for Quality Chekd Dairies, Inc.*

## CERTIFICATE OF CONFERENCE

I spoke with Christopher Lowrance, attorney for defendants, on May 23, 2001 and discussed this motion. Mr. Lowrance advised that the defendants oppose this motion.

*[signature]*
Lee Hamel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by U.S. Mail and/or fax to counsel of record on this the 23 day of May, 2001.

Christopher Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476
   *Attorneys for Cohyco, Inc. and H. Lee Richards*

*[signature]*
Lee Hamel

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEK'D DAIRIES, INC. | § § § | |
| VS. | § § | CIVIL ACTION NO. H-00-0943 |
| COHYCO, INC. and H. LEE RICHARDS | § § § | |

## ORDER

The Plaintiff Quality Chekd Dairies, Inc.'s Motion for Continuance is GRANTED and the scheduling order is amended as follows:

| | |
|---|---|
| Discovery Cutoff | September 1, 2001 |
| Motions Deadline | September 15, 2001 |
| Joint Pretrial Order | September 15, 2001 |
| Plaintiff Files Pretrial Order | September 27, 2001 |
| TRIAL | November, 2001 |
| Estimated days to try | 4 |
| Trial to be jury or non jury | Jury |

SIGNED in Houston, Texas on April _____, 2001.

Vanessa D. Gilmore
United States District Judge