United States Courts
Southern District of Texas
FILED

FEB 07 2002

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-0943 |
| | § | B-02-040 |
| COHYCO, INC. and | § | |
| H. LEE RICHARDS. | § | |

## OBJECTIONS TO MAGISTRATE'S FINDINGS AND CONCLUSIONS
## AND MOTION FOR CLARIFICATION

The Plaintiff in this case, Quality Chekd Dairies, Inc.("Quality Chekd"), pursuant to 28 U.S.C. 636, files the following Objections and Motion for Clarification with respect to Magistrate Judge Mary Milloy's Memorandum and Order (the "Order") filed January 28, 2002, on the following grounds:

### I. Objections to the Magistrate Judge's Order

1.  In the last paragraph on page 2 of the Order, the Magistrate Judge stated:

    > Quality Chekd has also filed suit against Cohyco, claiming that Richards' wrongful conduct was committed on behalf of Cohyco and Hygeia F Street [1] its subsidiary.

An examination of the complaint reveals that in the first cause of action, alleging breach of fiduciary duty by Richards, in paragraph 32 of that cause, Quality Chekd also alleged that Cohyco was also liable because:

> Cohyco . . . caused, aided and abetted Richards to so act and knowingly accepted and retained benefits from such wrongful conduct.

---

[1] F Street Investments, Inc ("F Street) was formerly named Hygeia Dairy Company. It will be referred to as F Street in this pleading.

1

Mr. Michael Milby
February 7, 2002
Page 2


cc: *(By Facsimile)*

    Nathaniel Peter Holzer
    Jordan, Hyden, Womble & Culbreth, P.C.
    500 North Shoreline, Sutie 900
    Corpus Christi, Texas 78471

    Christopher Andrew Lowrance
    Royston, Rayzor, Vickery & Williams
    606 N. Carancahua, Suite 1700
    Corpus Christi, Texas 78476


    *(Courtesy Copy by Hand)*

    Magistrate Judge Mary Milloy

    Hon. Vanessa B. Gilmore

2. In Quality Chekd's second cause of action for fraud, in paragraph 35, in addition to the language cited in the Order, Quality Chekd also alleged:

> ...Richards wrongful conduct...was done on Cohyco['s]...behalf, and Cohyco, individually and through Richards caused, aided and abetted his actions, and accepted and has knowingly retained benefits from such wrongful conduct. (Emphasis supplied).

In view of the language just quoted, the last paragraph of page two of the Order incompletely characterizes the causes of action alleged by Quality Chekd against Cohyco, and Quality Chekd respectfully submits that such language in the order should be amended to accurately reflect the reasons why Quality Chekd contends that Cohyco is liable in its own right for the defendant Richards wrongful conduct in the nature of fraud and breach of fiduciary duty.

3. On page 8 of the memorandum, beginning on line 5, the court the makes the following findings:

> Plaintiff claims that Cohyco, as well as Richards, is liable for both fraud and breach of fiduciary duty "because Richards' wrongful conduct was committed in the course and scope of his employment with Hygeia and Cohyco, . . . on. . . [their] behalf. (Emphasis supplied).

Further, the express language in the First Amended Complaint, in paragraph 32, alleges that Cohyco is liable to Quality Chekd because Cohyco caused, aided and abetted Richards conduct and knowingly accepted and retained benefits from it. The allegations in paragraph 35 on page 15 of the Amended Complaint contain similar language. Accordingly, Quality Chekd respectfully objects to the order's characterization of the complaint as described above, and asks that this matter be referred to the Magistrate Judge to amend such findings to completely reflect the reasons why Quality Chekd contends that Cohyco is liable in its own right for Richards conduct.

4. With respect to the Order's recommendations regarding the civil conspiracy count, Quality Chekd makes the following objections:

    a. There is an issue of material fact as to whether or not, in the course of the relevant conduct, Richards was acting not only on behalf on Cohyco and Hygeia but also on behalf of himself and his family. The summary judgment evidence submitted reflects that Richards personally benefitted from the sale of Hygeia's assets in the form of a substantial payment for a "covenant not to complete;" that his sister, Merry Kay Richards, also a director of both companies, likewise received a substantial consideration for her covenant not to compete; that the Richards family were the principal shareholders of Cohyco and, that Richards' own debt to the Harlingen National Bank was paid off by the proceeds of the sale of Hygeia's assets.

    b. The defendant Cohyco did not offer any Summary Judgment evidence to contradict these facts. The allegations of fact in the complaint do state a civil conspiracy under Texas law. They allege that Richards, with the assistance consent and knowledge of Cohyco, and its aid, breached his fiduciary duty and committed fraud upon the plaintiff by continuing to obtain credit, to which Hygeia was not entitled, by failing to provide Quality Chekd with a candid disclosure of Hygeia's finances or Cohyco's interests in the matter. It further alleges, and all the summary judgment evidence, taken together supports the contention that this was done to keep F Street in business until its assets could be sold from a going concern in order to obtain a price for Hygeia's assets that would pay the obligations that Cohyco and Richards have guaranteed or incurred for F Street and leave the real estate and other assets for Cohyco and its shareholders. Accordingly, Quality Chekd respectfully asks this court reject this recommendation .

5. Quality Chekd objects to the recommendation relating to referral to the Bankruptcy

3

Court. Quality Chekd made clear in its responses to the motion to refer this matter to the Bankruptcy Court, that the Bankruptcy Court does not have jurisdiction to conduct a Fifth Amendment jury trial as an Article III Court on the issues in this case. In view of their request for a limited referral, the defendant Cohyco and Richards apparently agree with this analysis. Likewise, Quality Chekd agrees with Magistrate Judge that a piece meal referral to the Bankruptcy Court would not be in the interest of justice. Accordingly, Quality Chekd respectfully asks that the recommendation to transfer this cause to the Bankruptcy Court be rejected.

## II. Motion to Remand the Proceeding to Clarify the Order

6. The Magistrate Judge recognizes that causes other than conspiracy have been alleged against the defendants Cohyco and Richards. While the terms of the Order so imply, it is not clear whether the recommendations with respect to the conspiracy cause of action were intended to result in the dismissal of Cohyco as a party. Quality Chekd respectfully contends that even if the District Court adopts the Magistrate Judge's recommendations to dismiss the conspiracy cause of action, Cohyco must continue as a defendant to answer for the fraud and breach of fiduciary duty that Richards committed because of Cohyco's conduct in causing, aiding and abetting, and knowingly benefitting from this misconduct. Therefore, this part of the Order should be referred back to the Magistrate Judge to clarify her recommendations as to Cohyco's status as a party.

7. The Magistrate Judge's refers to F Street as a "former party." In addition, the Order notes that leave was granted for Quality Chekd to file its amended pleading, which did not ask for relief against F Street. Further, F Street's pleading, in which it attempted to join in the motion to refer this case to the Bankruptcy Court, was stricken based on Quality Chekd's contention that F Street was no longer a party.

8. Since the motion conference, F Street has contended that it is still a party to this case. Quality Chekd has disputed this assertion. In an attempt to resolve this dispute Quality Chekd filed a motion asking this court to confirm its dismissal of F Street effective as of the date of the motion hearing.

9. In view of the matters discussed above, Quality Chekd respectfully asks this court to refer this aspect of the case back to the Magistrate Judge to enter an order dismissing F Street as of the date of the motion hearing.

**WHEREFORE, PREMISES CONSIDERED,** Quality Chekd respectfully asks that the foregoing objections be sustained and that this matter be referred back to the Magistrate Judge to modify her findings and rulings accordingly; that the Magistrate Judge modify and clarify her recommendations to the District Court with respect to the causes of actions alleged other than the conspiracy count; to appropriately modify the recommendations with respect to the transfer to the Bankruptcy Court; and clarify the order to reflect that it does not apply to the causes of action other than the conspiracy count and that even should the recommendations be adopted, Cohyco should not be dropped as a party to these proceedings because of the claims that it is liable for Richard's breach of fiduciary duty and fraud based on the allegations that Cohyco caused, aided and abetted and knowingly benefitted from such conduct.

Respectfully submitted,

_[signature]_

Lee Hamel, SBN: 08818000
William L. Bowers, Jr., SBN: 02740000
Hamel Bowers & Clark, L.L.P.
5300 Memorial Drive, Suite 900
Houston, Texas 77007
Tel:   (713) 869-0557/Fax:   (713) 869-0677

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by U.S. mail and/or facsimile on this the 7th day of February, 2002 to the following:

Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

Christopher Andrew Lowrance
Royston, Rayzor, Vickery & Williams
606 North Carancahua, Suite 1700
Corpus Christi, Texas 78476

*Attorneys for Cohyco, Inc. and H. Lee Richards*

William L. Bowers, Jr.