

United States District Court
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**JUN 1 0 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| QUALITY CHEKD DAIRIES, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 02-CV-40 |
| | § | |
| COHYCO, INC. and | § | |
| H. LEE RICHARDS | § | |

## PROPOSED DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Quality Chekd Dairies, Inc. ("Quality Chekd") and files its proposal for a

Joint Discovery and Case Management Plan (the "Plan") under Rule 26 (f), Fed. R. Civ. Proc.

1.      Quality Chekd files the Plan without the joinder of the parties Cohyco, Inc.

("Cohyco") and H. Lee Richards ("Richards") because it has a dispute with another entity, F Street

Investments, Inc. ("F Street") over whether F Street is or should be a party to this case. Quality

Chekd contends that F Street has been dismissed from this suit as a party defendant and should not

be allowed to re-enter the case, and objects to F Street being a party to the Plan.

2.      The majority of the Plan is in agreement with that proposed in a draft submitted to

Plaintiff by the Defendants Cohyco and Richards. The parts on which there is a disagreement or

additional material proposed by Quality Chekd are subtitled, "Plaintiff Contends," in some cases

followed by the language suggested by counsel for Cohyco and Richards subtitled, "Defendants

Richards and Cohyco Contend."

3.      The substance of the Plan is set out in subparagraphs corresponding to the paragraphs

in the draft of the Plan submitted to Quality Chekd's attorneys by Cohyco and Richards, and is as

follows:

(1)     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**Plaintiff Contends:**

**The meeting was held telephonically on May 29, 2002. Counsel present at the meeting were William L. Bowers, Jr., attorney for Plaintiff, Christopher Lowrance, attorney for Cohyco and H. Lee Richards. Mr. Lowrance conferred separately with Mr. Holzer, attorney for F Street Investments. Plaintiff contends that F Street is no longer a party to this civil action and objects to its joinder in this plan.**

(2)     List the cases related to this one that are pending in any state or federal court with the case number and court.

**Plaintiff Contends:**

**Plaintiff contends that there are no other cases pending related to this civil action. The only relationship of Case No. 00-20953-B-11, *In Re "F" Street Investments, Inc.* (the "Bankruptcy"), has to this civil action is that the amount by which the Plaintiff receives that is less than it is owed on F Street's account from the bankruptcy is an element of damages in this case. Plaintiff does not seek any recovery from F Street or from any of the debtor's property or any judgement against the debtor here. Quality Chekd contends that the debtor neither is, nor should be a party to this case. Further, F Street has not sought recovery of any judgement against or any assets from either Richards or Cohyco.**

**Defendants Richards and Cohyco Contend:**

**Case No. 00-20953-B-11; *In Re "F" Street Investments, Inc., a Texas Corporation f/k/a Hygeia Dairy Company, Debtor*; In the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division.**

(3)     <u>Briefly</u> describe what this case is about.

**Plaintiff Contends:**

**This civil action was originally filed in the Houston Division of this court, and is here on an order transferring it to this Division. The case is pending on the Plaintiff's First Amended Complaint, which alleges that the Defendants H. Lee Richards ("Richards") and Cohyco are liable to it because their own misconduct. In Richards' case, the misconduct is fraud, breach of fiduciary duty and conspiracy. Cohyco is accused of**

causing, participating in, and aiding and abetting both Richards' fraud and breach of fiduciary duty and knowingly benefitting from such misconduct. The Amended Complaint also alleges that Richards and Cohyco conspired for Richards to commit the wrongful conduct. In summary, Quality Chekd contends that Richards, while a director of Quality Chekd and also the Chairman of the Board of Directors of both Cohyco and F Street, caused Quality Chekd to extend approximately $1,600,000 of credit which Richards knew could not be repaid. He did this in part by failing to disclose material facts about F Street's financial condition so that he could keep F Street, a wholly owned subsidiary of Cohyco, in business long enough to sell F Street's assets as a going concern. Richards knew that the price he could get for F Street's assets was insufficient to pay the unsecured debt, which included that of Quality Chekd, but was enough to pay F Street's secured debt to its banker and discharge Cohyco's guarantee of F Street's debt to its banker.

The Defendants, Richards and Cohyco, deny that Richards committed the wrongful conduct alleged, that Cohyco in any way participated in it, and claims that Richards and Cohyco cannot, as a matter of law, conspire because Richards is and was at the time in question an officer and director of Cohyco. The Defendants have counter-claimed against the Plaintiff, alleging that certain interest charges on F Street's account were usurious. In addition, Richards claims that he is entitled to be indemnified by Quality Chekd for any claims it brings against him.

Quality Chekd contends that its interest charges were not usurious, or in the alternative, that neither Richards nor Cohyco have standing to assert any claim arising from them, and that the damages sought do not include any claim for usurious interest. Defendants contend that Richards and Cohyco can conspire because Richards was also acting on behalf of himself and others besides Cohyco. Plaintiff also contends that Richards is not entitled to indemnity from Quality Chekd for his misconduct

This suit was brought before F Street filed the Bankruptcy and originally named F Street as a defendant on a claim based on its account. F Street moved to have this Civil Action referred to the Bankruptcy Court, and its motion was denied. Quality Chekd moved to dismiss F Street as a party and to amend its complaint to seek damages only against F Street. The initial defendants all moved to transfer this case to this division. The Magistrate Judge allowed Quality Cheka to file its Amended Complaint, naming only Richards and Cohyco as parties, and ruled that the other motions were moot.

Thereafter, Richards and Cohyco filed their Motion for Summary Judgment on the conspiracy issue and renewed their motion to transfer the case to this Division and refer it to the Bankruptcy Court. The Motion to Transfer was granted and the Magistrate Judge who has recommended granting the Motion for Summary Judgment on the conspiracy issue. In her Memorandum Order the Magistrate Judge referred to F Street as a former party. Quality Chekd has objected to this recommendation and

-3-

contends that the motion should be denied. It further contends that in any event, Cohyco is liable on the other causes of action which were not addressed in the Motion for Summary Judgment.

F Street contends that it is still a party to this case because of the relationship of this case to the bankruptcy case. Quality Chekd has filed a motion challenging this position. For the reasons set out above, Quality Chekd contends that F Street is not and should not be a party to this cause.

**Defendants Richards and Cohyco Contend:**

Plaintiff was a trade creditor of Hygeia Dairy Company, n/k/a F Street Investments. Hygeia Dairy Company is in bankruptcy, and Plaintiff is attempting to collect the debt owed by Hygeia Dairy Company from Defendants Cohyco and H. Lee Richards. The Plaintiff claims that Richards is individually liable for the debt because of his alleged acts of fraud and breach of fiduciary duty in his capacity of director of the Plaintiff. The Plaintiff alleges that Cohyco, which was the parent corporation of Hygeia Dairy Company, is liable for Hygeia's debt because it conspired with and/or aided and abetted Richards in committing his alleged acts of fraud and breach of fiduciary duty. The Plaintiff is also seeking to recover on its debt in the related bankruptcy proceedings, and to eliminate Cohyco's entitlement to any assets in the estate of Hygeia Dairy Company in the related bankruptcy proceeding, due to Cohyco's alleged conspiracy with Richards. "F" Street contends that it is the only party with standing to bring the Plaintiff's claims against these defendants. "F" Street has also brought a counter-claim for usury against the Plaintiff. Defendant Richards has brought counter-claims for indemnity against the Plaintiff arising from his agreement to act as a director for the Plaintiff.

(4)     Specify the allegation of federal jurisdiction.

**Plaintiff Contends:**

The Plaintiff alleges jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. In addition, the Defendants claim jurisdiction also exists under 28 U.S.C. §1334 because there are bankruptcy issues in this case. Plaintiff denies jurisdiction under §1334.

**Defendants Richards and Cohyco Contend:**
Diversity of citizenship under 28 U.S.C. § 1332, bankruptcy, pursuant to 28 U.S.C. § 1334.

(5)     Name the parties who disagree and the reasons.

**Quality Chekd disagrees that there are no bankruptcy issues in this case. This is because this civil action is a suit for damages against parties who are not in bankruptcy and seeks recovery only from them and from assets that are not part of the bankruptcy estate. The first amended complaint only seeks recovery from the defendants Richards and Cohyco. The only relationship that the Bankruptcy, discussed *supra,* has to this civil action is that a calculation of the damages recoverable from Richards and Cohyco includes as an element, the amount by which any recovery from the bankrupt estate is less than the amount owed by F Street to the Plaintiff.**

(6)     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None anticipated at this time.**

(7)     List anticipated interventions.

**None.**

(8)     Describe class-action issues.

**None.**

(9)     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Initial Disclosures have been exchanged.**

(10)    Describe the proposed agreed discovery plan, including:

(a)     Responses to all matters raised in Rule 26(f).

**The parties agree that no changes should be made in limitation of discovery proposed pursuant to the Federal Rules of Civil Procedure.**

(b)     When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff may serve interrogatories, requests for production and request for admissions within the deadlines established by this Court.**

(c)     When and to whom the defendant anticipates it may send interrogatories.

**Defendants may serve interrogatories, requests for production, and request for admissions after a ruling on Cohyco, Inc.'s Motion for Partial Summary Judgment has**

been entered.

(d)    Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates deposing the following persons:**

**Jimmie K. Stephens, bookkeeper for Hygeia, the custodian of records for Southern Foods, Kathy Kirk, expert witness designated by Cohyco and Richards, custodian of records for Hygeia, custodian of records for Cohyco, and relevant persons from Deloitte & Touche, L.L.P., accountants for Cohyco and Hygeia.**

(e)    Of whom and by when the defendant anticipates taking oral depositions.

**Defendants anticipate deposing Tom Bruce, Plaintiff's experts (Ronald Cohen, Craig Funkhouser, William Comiskey, Morton L. Susman and Lee Hamel), a corporate representative for the Plaintiff, Lynn Oller, Don Smith and Doug Parr.**

(f)    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Experts have already been designated and preliminary reports exchanged by the parties.**

(g)    List expert depositions the plaintiff (or the party with the burden of proof on an issue anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates deposing experts designated by the Defendants within the deadline established by this Court.**

(h)    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants anticipate deposing all experts designated by the Plaintiff within the deadline established by this Court.**

(11)    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**None.**

(12)    Specify the discovery beyond initial disclosures that has been undertaken to date.

**Extensive written discovery has been exchanged. Depositions have been taken of the following persons:**

**H. Lee Richards, Doug Purl, Merry K. Richards, Peter Schenkel, Pat Ford, the audit manager from Deloitte & Touche, Mel Rapp and Tom Bruce.**

(13)    State the date the planned discovery can reasonably be completed.

**Planned discovery can reasonably be completed within 120 days after receiving the Court's ruling on Cohyco, Inc.'s Motion for Partial Summary Judgment.**

(14)    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Counsel for the respective parties agree to revisit the possibility of resolution of the case after receiving the Court's ruling on Cohyco, Inc.'s Motion for Partial Summary Judgment, or at such other reasonable time as is mutually agreeable.**

(15)    Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have attempted to negotiate a settlement and have participated in mediation.**

(16)    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**The parties have previously mediated this case without success. The parties believe that further mediation will not be successful at this time.**

(17)    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not consent to trial before a U.S. Magistrate Judge.**

(18)    State whether a jury demand has been made and if it was made on time.

**Yes.**

(19)    Specify the number of hours it will take to present the evidence in this case.

**Plaintiff Contends:**

**80.**

**Defendants Richards and Cohyco Contend:**

**65.**

(20)    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Cohyco, Inc.'s Motion for Partial Summary Judgment; Defendants' Motion to Refer this Case to the Bankruptcy Court; Plaintiff's Motion to Confirm Dismissal of F Street Investments, Inc.**

(21)    List other motions pending.

**None.**

(22)    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Quality Chekd contends that F Street is no longer, and should not be a party to this case, and objects to its being a party to this Joint Discovery and Case Management Plan.**

(23)    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, both in Houston, Texas and Brownsville, Texas as follows:**

| | | |
|---|---|---|
| **Quality Chekd** | **Houston Division** | **05/23/00** |
| **Cohyco and Richards** | **Houston Division** | **05/26/00** |
| **Quality Chekd** | **Brownsville Division** | **03/25/02** |

(24)     List the names, bar numbers, addresses and telephone numbers of all counsel.

**Plaintiff contends that the attorney's properly before the court are:**

| | |
|---|---|
| **Lee Hamel** | **Christopher Lowrance** |
| **SBN:  08818000** | **SBN: 00784502** |
| **William L. Bowers, Jr.** | **Royston Rayzor Vickery & Williams, L.L.P.** |
| **SBN: 02740000** | **606 N. Carancahua, Suite 1700** |
| **Hamel Bowers & Clark, L.L.P.** | **Corpus Christi, Texas 78476** |
| **5300 Memorial Drive, Suite 900** | **(361) 884-8808** |
| **Houston, Texas 77007** | **(361) 884-7261 (fax)** |
| **(713) 869-0557/869-0677 (fax)** | *Counsel for Cohyco, Inc. and H. Lee Richards* |
| *Counsel for Plaintiff* | |

William L. Bowers, Jr.
Lee Hamel
Counsel for Plaintiff

_____June 7, 2002_____
Date

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by facsimile on June __7__, 2002 to:

Christopher Lowrance
Royston, Rayzor, Vickery & Williams
606 N. Carancahua, Suite 1700
Corpus Christi, Texas 78476-1702

William L. Bowers, Jr.