IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| QUALITY CHECKD DAIRIES, INC. | § | |
| Plaintiff | § | |
| | § | |
| COHYCO, INC. and H. LEE RICHARDS | § | CIVIL ACTION NO. 02-CV-40 |
| Defendants | § | |

## UNOPPOSED MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants COHYCO, Inc. and H. Lee Richards, and file this their UNOPPOSED MOTION TO DISMISS ALL DEFENDANTS WITH PREJUDICE, and in support thereof would show as follows:

I.

The parties have settled all claims which were brought or could have been brought in this litigation, and the settlement has been confirmed by the United States Bankruptcy Court for the Southern District of Texas. See the attached Order Confirming Joint Plan (as modified) of Debtor, Cohyco, Inc., and Official Committee of Unsecured Creditors for Reorganization of "F" Street Investments, Inc. f/k/a Hygeia Dairy Company.

II.

The settlement ends the litigation between the parties, and therefore the parties respectfully request that the Court enter an Order dismissing all claims and counter-claims made between the parties with prejudice.

WHEREFORE PREMISES CONSIDERED, the parties move the court to dismiss all claims and counter-claims made between them in this case with prejudice, with each party to bear their own costs, and for such other and further relief to which the parties may be justly entitled.

47527:1035934.1:010303

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
Christopher Lowrance
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile

**ATTORNEYS FOR DEFENDANTS
COHYCO, INC. AND H. LEE RICHARDS**

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the means indicated to counsel of record listed below on this ___3rd___ day of January, 2003.

**FACSIMILE TO: 713-659-3809**
Mr. Lee Hamel
Hamel, Bowers & Clark, L.L.P.
5300 Memorial Dr., Suite 900
Houston, Texas 77007

**FACSIMILE TO: 888-5555**
Mr. Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

47527:1035934.1:010303

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE: § 
F STREET INVESTMENTS, INC., § CASE NO. 00-20953-B-11
A TEXAS CORPORATION F/K/A § 
HYGEIA DAIRY COMPANY, § CHAPTER 11
             DEBTOR §

ORDER CONFIRMING JOINT PLAN [AS MODIFIED] OF DEBTOR, COHYCO, INC.,
AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
REORGANIZATION OF F STREET INVESTMENTS, INC. F/K/A HYGEIA DAIRY
COMPANY

Came on for confirmation the 5th day of November 2002, The Joint Plan [As Modified] Of Debtor, Cohyco, Inc., And Official Committee Of Unsecured Creditors For Reorganization Of F Street Investments, Inc. f/k/a Hygeia Dairy Company (hereinafter the "Plan"). Further came on for hearing the objections to confirmation of the Plan filed by Quality Chekd Dairies, Inc., the Texas Comptroller of Public Accounts, Diego Moreno, and Cameron County et. al. The Court, after considering the evidence presented at the hearing, the settlements and agreements reflected in this Order, and the argument of counsel finds and rules as set forth below.

I.
FINDINGS

1.    The Debtor timely transmitted the Plan to all creditors, equity security holders, and parties-in-interest, as required by the Bankruptcy Code.

2.    The Debtor timely transmitted the Joint Disclosure Statement [As Modified] Of Debtor, Cohyco, Inc., And The Official Committee Of Unsecured Creditors to all creditors, equity security holders, and parties-in-interest, as required by the Bankruptcy Code.

3.    The Debtor gave timely and proper notice to all creditors and parties-in-interest regarding this hearing on confirmation of the Plan as required under the Bankruptcy Code. The Debtor has in all respects afforded adequate and sufficient due process to all creditors, equity security holders, and parties-in-interest.

v.3
Order Confirming Joint Plan For F Street Investments, Inc.                                   Page 1

---

4.    The Plan complies with all applicable provisions of Chapter 11 pursuant to 11 U.S.C. § 1129.

5.    The proponents of the Plan have complied with all applicable provisions of Chapter 11 pursuant to 11 U.S.C. § 1129.

6.    The Debtor proposed the Plan in good faith, not by any means forbidden by law.

7.    All payments made or promised by the Debtor, or any persons acquiring property under the Plan for services, costs, or expenses, in connection with the Plan or incident to the case, have been fully disclosed to the Court and are reasonable. If any such payments are related to pre-confirmation services, costs or expenses and are to be fixed after confirmation of the Plan, such payments will be subject to approval by this Court.

8.    The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as an officer, director, or voting trustee of the Debtor, or their successors, under the Plan. The members of Revested Debtor's Board of Directors shall be Lee Richards (chairman), Merry Richards, and Doug Purl. Doug Purl, and the Debtor's officers shall be Lee Richards, CEO, Doug Purl, President, and Merry Richards, Secretary. The appointment or continuance in such offices by such individuals is consistent with the interests of creditors, equity security holders, parties-in-interest, and public policy.

9.    There are no regulatory commissions with jurisdiction over the rates charged by the Debtor so the provisions of 11 U.S.C. § 1129 (a)(6) do not apply.

10.   Each impaired class of claims and interests has either accepted the Plan or will receive or retain property not less than the amount such holder would receive or retain should the Debtor be liquidated under Chapter 7 of the Bankruptcy Code as of the effective date of the Plan.

11.   With respect to a class of secured claims, the Plan provides:

      a.    that holders of such claims retain the liens securing such claims, whether property subject to such liens is retained by the Debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

v.3
Order Confirming Joint Plan For F Street Investments, Inc.                                   Page 2

b. that each holder of a claim of such class receive on account of such claim deferred cash payments with a value at least equal to the allowed amount of such secured claim, as of the effective date of the Plan; or if the claim was an undersecured claim, of at least the value of such holder's interest in the estate's interest in its collateral; and

c. for the sale, subject to 11 U.S.C. §§ 363(k) and 1129, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (a) and (d) of this section; or

d. for the realization by such holders of the indubitable equivalent of such claims.

12. With respect to a class of unsecured claims, the Plan provides:

a. that each holder of a claim of such class receive or retain, on account of such claim, property of a value equal to the allowed amount of such claim as of the Effective Date of the Plan; or

b. that the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan on account of such junior claim or interest any property.

13. Unless the holder of a particular claim has agreed to different treatment of such claim, treatment of all claims comply with 11 U.S.C. §1129(a)(9), and the Debtor requested that the Court allow it to proceed to confirmation of the Plan in accordance therewith.

14. The Plan does not discriminate unfairly and is fair and equitable with respect to each impaired class, whether or not such class has accepted the Plan.

15. At least one class of impaired claims has accepted the Plan, not including any insiders.

16. Quality Chekd Dairies, Inc. The objection filed by Quality Chekd Dairies was resolved as set forth below. The Plan is amended by this Order to Allow the claim of Quality Chekd at the face amount of its filed proof of claim, and to provide for a distribution on account

of that Allowed Claim of 13.5% on the eleventh day after the Effective Date of the Plan. Additionally, all litigation involving Quality Chekd that is related to the Debtor will be dismissed with prejudice. This includes all parties and all claims and counter claims in the following matters:

Civil Action No. 02-CV-40, styled Quality Chekd Dairies, Inc. v. Cohyco, Inc., F Street Investments d/b/a Southwest Ice Cream Specialties (f/k/a Hygeia Dairy Company), and H. Lee Richards, pending in the Southern District of Texas, Brownsville Division.

Adversary No. 00-2114-B, styled F Street Investments, Inc. v. Quality Chekd Dairies, Inc., pending in the Bankruptcy Court for the Southern District of Texas, Brownsville Division.

Adversary No. 02-2013; Official Committee of Unsecured Creditors v. Texas State Bank f/k/a Harlingen National Bank, Carahuanca, Inc., and Lee Richards; pending in the Bankruptcy Court for the Southern District of Texas, Brownsville Division (Quality Chekd's motion to intervene).

Adversary No. 01-2102; Quality Chekd v. Cohyco; pending in the Bankruptcy Court for the Southern District of Texas, Brownsville Division (consolidating Quality Chekd's objection, complaint to subordinate and motion to reclassify Cohyco's claim).

In addition, the parties will execute the Settlement Agreement that is attached to this Order as Exhibit "A" and the treatment of the Allowed Claim of Cohyco in Class 7 will be modified as set forth below. Pursuant to these agreements, Quality Chekd has withdrawn its objection to the Plan and changes its ballot to a vote in favor of confirmation. The settlement of the claims of Quality Chekd with respect to the Debtor complies with 11 U.S.C. §§ 1122, 1123, and 1125. Settlement of the claims does not materially or adversely affect the interests of any Creditor or any Class of Creditors and no additional disclosure is needed.

17. Texas Comptroller. The objection filed by the State of Texas, Texas Comptroller of Public Accounts, through the office of the Attorney General of Texas (hereinafter "Comptroller") was resolved as set forth below.

(a) The Comptroller's unsecured priority claim for franchised taxes for tax year 2000 shall be allowed as a priority claim in the amount of $15,000.00 and in all other

respects will be denied. Payment on the claim will be made in cash on the 11th day after the Effective Date of the Plan.

(b)    The Comptroller's claim for state and city sales tax liability for the period of February 1, 2000, through February 29, 2000, shall be Allowed as a priority claim in the amount of $2,064.10, which shall be paid in full on the 11th day after the Effective Date of the Plan.

Pursuant to these agreements, the Comptroller has withdrawn its objection to the Plan and changes its ballot to a vote in favor of confirmation. The settlement of the claims of the Comptroller with respect to the Debtor complies with 11 U.S.C. §§ 1122, 1123, and 1125. Settlement of the claims does not materially or adversely affect the interests of any Creditor or any Class of Creditors and no additional disclosure is needed.

19.    **Diego Moreno.** The objection filed by Diego Moreno was resolved as set forth below. The Claim of Diego Moreno will be classified as a Claim in Class 6A along with the general unsecured claims of Trade Creditors. Once his claim is liquidated he will be entitled to a distribution of 13.5% of any portion of his Allowed Claim that is not covered by insurance, up to the total on his proof of claim, which is $200,000. Until such time as the final resolution of the Allowed amount of his claim, if any, F Street will maintain in escrow the sum of $27,000.00 (13.5% x $200,000). Pursuant to these agreements, Diego Moreno has withdrawn his objection to the Plan and changes his ballot to a vote in favor of confirmation. The settlement of the claims of the Diego Moreno with respect to the Debtor complies with 11 U.S.C. §§ 1122, 1123, and 1125. Settlement of the claim does not materially or adversely affect the interests of any Creditor or any Class of Creditors and no additional disclosure is needed.

20.    **Juanita Barrearas.** Pursuant to the provisions of paragraph 4.6.3 of the Plan, the Class 6-C Claim of Juanita Barrearas is Allowed by agreement between the claimant and the Debtor for a distribution on the claim of $5,000.00, and is in all other respects denied. The Debtor does not waive its claim against its insurer for indemnity and the cost of defense of the claim.

v.3
Order Confirming Joint Plan For F Street Investments, Inc.                        Page 5

21.    **Committee v. Texas State Bank.** The terms of the Plan reflect a settlement and dismissal with prejudice of all claims in Adversary No. 02-2013; Official Committee of Unsecured Creditors v. Texas State Bank f/k/a Harlingen National Bank, Carahuanca, Inc., and Lee Richards. The Court finds that the compromise reflected by the Plan is in the best interest of creditors and the Debtor's bankruptcy estate. As in all litigation the probability of success for either party is uncertain. Both Cohyco and the Committee feel strongly that they would prevail in the litigation if it was continued to its conclusion. There are uncertainties as to both facts in the litigation and the application of those facts to the controlling law. As such, the eventual outcome is uncertain. The litigation is complex, involves numerous documents, and if continued will require substantial expense for expert testimony and attorneys fees. Counsel for the Committee has estimated that continuation of the litigation will require expenditure of an additional $100,000.00 of the estate's resources, not considering the costs and expenses of any possible appeals. With appeals there could be a delay of several years before any distributions were made to creditors with Allowed claims. From the Committee's perspective the other factors supporting the compromise include an earlier payment to creditors with Allowed claims, and the payment to those creditors of a sum certain. Cohyco is relieved from the need to continue litigation on the matters being settled. Finally, continued litigation would serve only to further deplete the Debtor's estate, and thus regardless of the outcome the estate would be diminished if litigation is allowed to continue. The Committee believed that its decision to settle this litigation and propose this Plan reflected the reasonable views of the vast majority of the Debtor's creditors, as its belief was confirmed by the overwhelming majority of votes cast in favor of the Plan. Cohyco, as the Debtor's largest creditor, believes that the settlement is a reasonable settlement. There is no question that the settlement reflects an arms length agreement, reached after extensive research and investigation by the Committee and after a Court ruling adverse to the Committee's position.

22.    **Ad Valorem Taxing Authorities.** The objection of Cameron County, Cleveland ISD, Hidalgo County, and City of McAllen ("Ad Valorem Taxing Authorities") was resolved

v.3
Order Confirming Joint Plan For F Street Investments, Inc.                        Page 6

as set forth below. All Allowed Claims of the Ad Valorem Taxing Authorities that were filed on or before October 31, 2002, shall be paid in full, with interest at 6.75% from the Petition Date, on the later of the 11th day after the Effective Date of the Plan or the date the Claims are Allowed. Pursuant to these agreements, the Ad Valorem Taxing Authorities have withdrawn their objection to the Plan and cast ballots in favor of confirmation. The settlement of these claims with respect to the Debtor complies with 11 U.S.C. §§ 1122, 1123, and 1125. Settlement of these claims does not materially or adversely affect the interests of any Creditor or any Class of Creditors and no additional disclosure is needed.

## II.
## APPROVED SETTLEMENTS, COMPROMISES, AND REVISIONS TO PLAN

**A.** SETTLEMENT WITH QUALITY CHEKD DAIRIES, INC

23. Paragraph 4.5 of the Plan concerning the claim of Quality Chekd Dairies is deleted in its entirety and replaced with the following:

"Class 5 - General Unsecured Claim of Quality Chekd Dairies"

Class 5 consists of the general unsecured claim of Quality Chekd Dairies.

(a) The Claim of Quality Chekd Dairies is Allowed in the amount of $1,655,502.47, and will receive a distribution of 13.5% of the Allowed Amount of the Claim, or $223,492.83. The distribution shall be made on the 11th day after entry of a Final Order confirming the Plan.

(b) All other claims, litigation, lawsuits or adversaries as between or among Quality Chekd, F Street, Cobyco, Carshanca, Lee Richards, and Texas State Bank are or shall be dismissed with prejudice, with each party bearing their own costs incurred. The parties will also execute a settlement agreement that contains releases of all such claims.

(c) This Class 5 is impaired and is entitled to vote to accept or reject the Plan."

**B.** SETTLEMENT WITH AD VALOREM TAXING AUTHORITIES

24. Paragraph 4.3.1 of the Plan concerning Secured Tax Claims is deleted in its entirety and replaced with the following:

"Class 3A - Secured Tax Claims"

(a) Class 3-A Allowed Secured Tax Claims shall receive on account of each such Allowed Claim cash in full upon the later of (i) the 11th day after the Effective Date of the Plan or (ii) the 11th day after the claims are Allowed by Final Order. Class 3-A Claims shall retain their security interest until the Secured Claim is paid in full.

(b) All Allowed Class 3-A Claims shall bear interest at 6.75% per annum from the Petition Date to the date they are paid, up to the value of any collateral securing the claims.

(c) This Class 3-A is impaired and is entitled to vote to accept or reject the Plan."

**C.** SETTLEMENT WITH STATE OF TEXAS, TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, THROUGH THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS.

25. Paragraph 4.3.2 of the Plan concerning the claim of the Comptroller is deleted in its entirety and replaced with the following:

"Class 3B - Priority Tax Claim For Texas State Franchise Taxes, and for state and city sales tax liability for the period of February 1, 2000, through February 29, 2000

(a) The Class 3-B Priority Tax Claim of the State of Texas, which was filed as a proof of claim in the amount of $21,819.20 for State Franchise Taxes, year 2000, year 2000, is Allowed as a Priority Claim in the amount of $15,000.00, and the remainder of the claim is denied. An order to this effect will be entered with respect to the Debtor's objection to the claim.

(b) In addition, The Comptroller shall have an Allowed Claim for state and city sales tax liability for the period of February 1, 2000, through February 29, 2000, as a priority claim in the amount of $2,064.10.

(c) This Class 3B Allowed Priority Tax Claim shall receive on account of its Allowed Claim cash in full, without interest, on the 11th day after entry of a Final Order confirming the Plan.

(d) This Class 3-B is impaired and is entitled to vote to accept or reject the Plan.

D. REVISION TO PLAN REGARDING CLAIM OF COHYCO, INC.

25. Due to the settlement with Quality Chekd, Paragraph 4.7 of the Plan concerning the claim of Cohyco is deleted in its entirety and replaced with the following:

"Class 7 - Allowed General Unsecured Claim of Cohyco

The Class 7 Claim of Cohyco, Inc., is Allowed in full in the amount of $12,543,905.83, and shall receive all cash and other assets of the estate as may come into the hands of Revested Debtor after payment of all amounts due under the terms of the Plan on Allowed Claims in Classes 1-6. Cohyco shall be entitled to partial distributions on its Allowed Claim subject only to the provisions of Section 12 of this Plan regarding the maintenance of reserves for Disputed Claims.

This Class accepts the Plan and is deemed unimpaired and not entitled to vote."

III.
ORDER

IT IS HEREBY ORDERED ADJUDGED AND DECREED AS FOLLOWS:

1. Plan Confirmed. The Plan, as amended by this Confirmation Order, is confirmed.

2. Further Documents. The Debtor and all parties-in-interest are hereby authorized and directed to execute all documents, instruments, agreements, transfers, releases, and other items necessary or helpful to carrying out the purposes of the Plan and this Confirmation Order.

3. Dismissal of Adversary No. 02-2013. All claims of all parties in Adversary No. 02-2013, styled Official Committee of Unsecured Creditors v. Texas State Bank f/k/a Harlingen National Bank, Carahuanca, Inc., and Lee Richards, are dismissed with prejudice, and the

attempted intervention by Quality Chekd as a plaintiff in that case is denied. The Court will enter by separate order a final order dismissing that case.

4. Dismissal of Adversary No. 00-2114-B. All claims of all parties in Adversary No. 00-2114-B, styled F Street Investments, Inc. v. Quality Chekd Dairies, Inc., are dismissed with prejudice. The Court will enter by separate order a final order dismissing that case.

5. Dismissal of Adversary No. 01-2102. All claims of all parties in Adversary No. 01-2102; Quality Chekd v. Cohyco, are dismissed with prejudice. The Court will enter by separate order a final order dismissing that case.

6. Dismissal of Adversary No. 02-CV-40. All Parties shall submit to the District Court a joint agreed motion to dismiss with prejudice all claims and counterclaims in Civil Action No. 02-CV-40, styled Quality Chekd Dairies, Inc. v. Cohyco, Inc., F Street Investments d/b/a Southwest Ice Cream Specialties (f/k/a Hygeia Dairy Company), and H. Lee Richards, currently pending in the U.S. District Court for the Southern District of Texas, Brownsville Division.

7. Settlements Approved. All settlements, compromises, and modifications and revisions to the Plan, previously filed or set forth in this Confirmation Order, are hereby approved in all respects and to the extent of payment of any Allowed Claims.

8. Non-Severable. The provisions of the Plan and this Confirmation Order, including the findings and facts and conclusions of law set forth herein, are nonseverable and mutually dependent.

9. Binding Effect. The provisions of the Plan and this Confirmation Order shall be and hereby are binding on, and enforceable by and against, the Debtor, the Creditors' Committee, each holder of a Claim or an Interest and each other party in interest in the Chapter 11 Case, including their successors and assigns, whether or not they accept the Plan.

10. **Objections Overruled**. All objections and responses to, and statements and comments in response to the Plan other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Confirmation Hearing, are hereby expressly overruled.

11. **Disputed Claims and Interests**. No Distribution shall be made in respect of a Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim.

12. **No Waiver**. Neither the entry of this Confirmation Order, the execution of any of the documents required or contemplated hereunder or by the Plan, nor any other action or inaction by the Debtor, the Estate Representative, any Creditor or any other party in interest in the Chapter 11 Case (including, without limitation, the failure of the Debtor and/or the Estate Representative to object to any proof of Claim) shall constitute a waiver, estoppel, res judicata, release, relinquishment, abandonment or any other abrogation of any objection, defense, offset or counterclaim with respect to any Disputed Claim asserted against the Debtor.

13. **Automatic Stay**. The automatic stay in effect with respect to the Chapter 11 Case pursuant to Section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date and at that time shall be dissolved and of no further force or effect, subject to the injunctions provided herein, in the Plan and in the Bankruptcy Code.

14. **Retention of Jurisdiction**. The Court shall retain jurisdiction over the Chapter 11 Case and related matters as and to the extent provided in the Plan and shall, without in any way limiting the generality of the foregoing, retain jurisdiction with respect to all matters arising out of, or related to, the Chapter 11 Case as necessary to ensure that the purpose and intent of the Plan are carried out and otherwise to the full extent provide herein.

15. **Termination of Committee**. The appointment of each official statutory committee appointed in the Chapter 11 Case shall terminate on the Effective Date.

16. **Release and Exculpations**. On the Effective Date the provisions of Paragraphs, 8.2; 9.5, 16.3.2.6, 16.3.2.7, 16.5 of the Plan are valid, binding and effective in all respects, and are hereby approved as integral parts of the Plan as fair, equitable, reasonable and in the best interests of the Debtor, the Estate, Creditors and all other parties in interests in the Chapter 11 Case, without the requirement of any further action by any party in interest in the Chapter 11 Case.

17. **Permanent Injunction Against Prosecution of Released Claims**. Except as otherwise expressly provided in this Plan, all Persons who have held, hold, or may hold Released Claims, whether known or unknown, and their respective agents, attorneys, and all others acting for or on their behalf, shall be permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner, any action or any other proceeding of any kind with respect to any Released Claim against the Debtor or the property of the Debtor, (b) seeking the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or property of the Estate with respect to any Released Claim, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or the property of the Estate with respect to any Released Claim, (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to the Debtor with respect to any Released Claim, and (e) taking any act, in any manner and in any place whatsoever, that does not conform to or comply with provisions of the Plan or this Confirmation Order. In the event any Person takes any action that is prohibited by, or is otherwise inconsistent with the provisions of the Plan, then, upon notice to the Court by an affected Released Party, the action or proceeding in which the Claim of such Person is asserted shall automatically be transferred to the Bankruptcy Court for enforcement of the provisions of this permanent injunction.

18. The claim of Cohyco, Inc., is Allowed in full and any basis to limit, reduce, modify, disallow, subordinate, or reclassify such claim is denied with prejudice.

19. So long as the case remains open, the Debtor is responsible for timely payment of all U.S. Trustee fees incurred in these cases and shall file with the Court and serve on the U.S. Trustee their monthly operating reports.

20. **Enforceability**. Pursuant to Sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and the Plan Documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

21. **Appeal**. This Confirmation Order is a Final Order and is subject to immediate appeal.

22. The Debtor is discharged of all dischargeable debts pursuant to 11 U.S.C § 1141, the terms of the Plan, and this Confirmation Order.

Signed: November 5, 2002

_____
UNITED STATES BANKRUPTCY JUDGE

ORDER SUBMITTED BY:
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
ATTORNEYS FOR DEBTOR

v.3
Order Confirming Joint Plan For F Street Investments, Inc.                                   Page 13

---

AGREED:

_____
William L. Bowers, Jr.
Hamel, Bowers & Clark, LLP
5300 Memorial Dr., Suite 900
Houston, Texas 77007
FAX - (713) 869-0677
-and-

Harrell Z. Browning
The Six Hundred Building, Suite 103
Corpus Christi, Texas 78473
FAX - (361) 883-3820
-and-

Diane Sanders
One Shoreline Plaza
800 N. Shoreline, Suite 320
Corpus Christi, Texas 78401
FAX - (361) 887-1043
COUNSEL FOR QUALITY CHEKD DAIRIES, INC.

_Antonio Villeda / by H. Holzer with permission_
Antonio Villeda
Law Office of Antonio Villeda
5414 North 10th Street
McAllen, Texas 78504
Phone: 956-631-9100
Fax: 956-631-9146
-and-

Arturo R. Cantu
7417 North 10th
McAllen, Texas 78504
Phone: 956-668-1346
Fax: 956-668-1347
ATTORNEYS FOR DIEGO G. MORENO

_Antonio Villeda / by H. Holzer with permission_
Antonio Villeda
Law Office of Antonio Villeda
5414 North 10th Street
McAllen, Texas 78504
Phone: 956-631-9100
Fax: 956-631-9146
-and-

v.3
Order Confirming Joint Plan For F Street Investments, Inc.                                   Page 14

Michael Cisneros
Cisneros, Cisneros & Cisneros
312 Lindberg
McAllen, Texas 78501
Phone: 956-682-1883
Fax: 956-682-0132
**ATTORNEYS FOR JUANITA BARRERA**

*Lori Robertson / by N.P.H.*
*with permission*

Lori Robertson
Linebarger, Heard, Goggan, Blair, Graham
Pena & Sampson, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
(512) 443-5114 FAX
**ATTORNEYS FOR AD VALOREM TAX AUTHORITIES**

*John Mark Stern / by N.P.H.*
*with permission*

John Mark Stern
Assistant Attorney General
Texas Attorney General's Office
Bankruptcy and Collections Division 008
PO Box 12548
Austin, Texas 78711-2548
(512) 475-4868
(512) 482-8341 fax
**COUNSEL FOR THE TEXAS CONTROLLER OF PUBLIC ACCOUNTS**

*Ron Simank* (signature)

Ron Simank
State Bar No. 18359400
Admissions No. 0359
SCHAUER & SIMANK, P.C.
615 Upper N. Broadway, Suite 2000
Telephone: 361-884-2800
Telecopier: 361-884-2822
**ATTORNEYS FOR COHYCO, INC.**

---

v.3
Order Confirming Joint Plan For F Street Investments, Inc.                    Page 15

---

## SETTLEMENT AGREEMENT AND RELEASE

THIS FULL AND FINAL, JOINT AND MUTUAL SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into by and among the following persons and/or entities, which may hereinafter sometimes be collectively referred to as the "Parties":

On the one hand,

Quality Chekd Dairies, Inc. a cooperative organized under the laws of Wisconsin, ("Quality Chekd"); and

On the other hand,

F Street Investments, Inc., formerly known as Hygeia Dairy Company ("F Street"), a Texas Corporation;
H. Lee Richards ("Richards"); and
Cohyco, Inc. ("Cohyco"), a Texas Corporation

the latter three, F Street, Richards and Cohyco, hereinafter collectively referred to as the "F Street Parties."

1. **RECITALS**

   A. Controversies have arisen between the Parties and various causes of action have been filed between the Parties arising out of a disputes relating to certain purchases made by F Street from Quality Chekd under the Purchasing Agreements entered into between Quality Chekd and F Street, F Street's former membership in Quality Chekd and other transactions. On March 28, 2000, F Street Investments, Inc. (formerly known as Hygeia Dairy Company) filed for Bankruptcy under Cause No. 00-20953. Quality Chekd filed a Proof of Claim, as did Cohyco and other creditors, for amounts alleged to be unpaid by F Street. Various related causes of action have been filed in conjunction with the matters in the Bankruptcy Case;

   B. The several claims and causes of action set forth have been filed between the Parties include, but are not limited to those which are more particularly described as follows:

1



Cause No. 02-CV-40; *Quality Chekd Dairies, Inc. v. Cobyco, Inc., et al.*; In the United States District Court for the Southern District of Texas, Brownsville Division (the "District Court Case");

Case No. 00-20953-B-11; *[Quality Chekd's Proof of Claim] In Re: F Street Investments A Texas Corporation f/k/a Hygeia Dairy Company*; In the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, (the "Chapter 11 Case");

Adversary No. 00-2114-B; *In re: F Street Investments, Inc. v. Quality Chekd's Investments, Inc. a Texas Corporation f/k/a Hygeia Dairy Company v. Quality Chekd Dairies*; In the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division (the "F Street Adversary Proceeding"); and

Adversary No. 01-2102-B; *Quality Chekd Dairies, Inc v Cobyco, H. Lee Richards and F Street Investments, Inc.*; In the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, (the "Quality Chekd Adversary Proceeding"), all cases and proceedings being collectively referred to as "The Litigation".

C.   F Street, Cobyco and the Official Unsecured Creditors' Committed have filed a plan of reorganization in the Bankruptcy Proceeding ( the "Plan") which entails, *inter alia*, settlement with and payment to the General Unsecured Creditors (excluding Quality Chekd) 13.5% of their approved claims. Quality Chekd filed its Objections to the Plan and cast its ballot against the Plan. The proceedings listed above involve complex issues which will be expensive to litigate, the outcomes of which are uncertain.

D.   The Parties desire to settle all claims and causes of action existing between the Parties, including, but not limited to, those specifically recited above in order to buy peace and avoid the uncertainty and expense of further litigation;

2.   **TERMS OF THE AGREEMENT**

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are

2

---

acknowledged by each person named and represented, the Parties agree as follows:

A.   **Terms of the Settlement**

(i)   F Street and Cobyco agree to dismiss their Objection to Quality Chekd's Proof of Claim. F Street agrees to request the Court to reclassify Quality Chekd's Claim so that Quality Chekd's Claim will be put into the same class as the other general unsecured creditors and paid at 13.5 % of the face amount of its claim of $1,665,502.45, during the course of the implementation of the Plan.

(ii)   Quality Chekd agrees to withdraw its Objection to the Plan, Objection to Cobyco's Claim and vote in favor of the Plan, joining the Official Unsecured Creditor's Committee in moving the Bankruptcy Court to approve the Plan.

(iii)   Upon the Bankruptcy Court's approval of the Plan becoming final and unappealable, the Parties will each move to dismiss with prejudice their respective claims, counterclaims, adversary proceedings and all other litigation as stated above and will execute and exchange all necessary releases of claims, counterclaims, demands, causes of action or other rights which have been or could have been asserted by, through or under the Parties to the Litigation, and the Agreement shall operate as a full and final release and discharge from any and all liability for any claim, demand or cause of action that Quality Chekd has against the F Street parties of that the F Street parties have against Quality Chekd. Such release and discharge of liability shall include all of the parties, officers, agents, employees, directors, members, shareholders and attorneys with respect to all such claims, demands or causes of action that are the subject of the Agreement.

(iv)   The F Street Parties expressly agree that they no longer assert any claim, right, title or interest in any part of the assets, of any kind or character whatsoever, of Quality Chekd by virtue of F Street's former status as a member in Quality Chekd and further agree that F Street's

3

termination from membership in Quality Chekd was effective as of March 3, 2000.

(v) The Parties, having exchanged through discovery and otherwise, documents and information which contain financial and other information of a confidential and propriety nature, mutually agree that they will keep confidential and not disclose, other than as may be necessary to conclude these proceedings or as may be required by law, any of the documents and/or information that is not part of the public records of the State of Texas or the United States, which was obtained through discovery or otherwise during the course of the Litigation.

(vi) Other than such steps as are taken by the Parties to support their request that the Bankruptcy Court approve this Settlement Agreement and the Plan, if the Plan is not approved in such a manner as to implement the terms of this Agreement, no duty or obligation shall inure to the Parties to go forward with dismissal of the Litigation. The Parties expressly agree, that in the event the Plan is not approved in such a manner as to implement the terms of this Agreement, the status of the Litigation shall remain unchanged.

B. General Provisions

(i) This settlement is entered into and agreed for the purpose of avoiding the expense and uncertainty of further litigation, in order to compromise disputed claims and to buy peace. By agreeing to its terms, neither Quality Chekd nor the F Street Parties shall be deemed to have made any declaration or admission against their interests or to acknowledge the merits of the other Party's claims, counterclaims or defenses. Nothing contained in this Settlement Agreement shall be deemed an admission of any liability of any of the Parties, such being expressly denied.

Litigation.

(ii) The Parties will bear their respective costs incurred in connection with the

4

(iii) The Parties represent and warrant that they have read and understand the foregoing document and all terms contained herein, that they are entering into the Agreement voluntarily, having consulted with their respective attorneys, that this Agreement contains the entire agreement relating to the subject matter hereof and hereby acknowledge that no other agreements or understandings with respect to the Litigation exist between the Parties, that no prior agreements, representations or warranties relating to the subject matter contained herein have been made between the Parties which are not set forth herein, that the Parties agree and intend to be bound by the Agreement and that it shall be binding on their heirs, executors, administrators and successors. The parties acknowledge that as a result of accepting this settlement, upon its approval and implementation by the Bankruptcy Court that they have no other rights or claims against each other, or their respective officers, agents, directors, employees, members, shareholders and attorneys, except as provided in the Agreement, the Plan, and the Order confirming the Plan, provided that in no event shall there be any right of any party inconsistent with those set out in this Agreement.

(iv) The Parties represent to each other that such approval from the Bankruptcy Court as is required for this Agreement and the Plan's final approval, they have full authority to enter into this agreement and that they are the owners of their respective claims and settled herein.

(v) The Parties stipulate that this Agreement cannot be altered or amended except by a document in writing signed by all of the parties.

(vi) This Agreement is executed in multiple originals and each counterpart shall be considered an original of this document but all of which taken together shall constitute one and the same agreement.

(vii) This Agreement shall not be binding on any party until signed by all parties hereto.

(viii) This Agreement shall be governed by the laws of the State of Texas.

5

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement effective as of the effective date of the Plan, as defined in the Plan.

QUALITY CHEKD DAIRIES, INC.

By: _____  Date: _____

F STREET INVESTMENTS, INC.

By: _____  Date: _____

COHYCO, INC.

By: _____  Date: _____

H. LEE RICHARDS

By: _____  Date: _____

6

ACKNOWLEDGMENT

THE STATE OF _____ §
                    §
COUNTY OF _____   §

Before me, the undersigned authority, on this day personally appeared _____, the _____ of QUALITY CHEKD DAIRIES, INC., a Wisconsin cooperative, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity stated, as the act of the corporation and for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, 2002.

_____
NOTARY PUBLIC
STATE OF _____


ACKNOWLEDGMENT

THE STATE OF TEXAS  §
                    §
COUNTY OF _____   §

Before me, the undersigned authority, on this day personally appeared _____, the _____ of F STREET INVESTMENTS, INC., a Texas corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity stated, as the act of the corporation and for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, 2002.

_____
NOTARY PUBLIC, STATE OF TEXAS

## ACKNOWLEDGMENT

THE STATE OF TEXAS §
                    §
COUNTY OF _____ §

Before me, the undersigned authority, on this day personally appeared _____, the _____ of CORYCO, INC., a Texas corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity stated, as the act of the corporation and for the purposes and consideration therein expressed.

Given under my hand and seal of office this ____ day of _____, 2002.

_____
NOTARY PUBLIC, STATE OF TEXAS

10

## ACKNOWLEDGMENT

THE STATE OF TEXAS §
                    §
COUNTY OF HARRIS §

Before me, the undersigned authority, on this day personally appeared H. Lee Richards, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ____ day of _____, 2002.

_____
NOTARY PUBLIC, STATE OF TEXAS

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| QUALITY CHECKD DAIRIES, INC. § | | |
| Plaintiff § | | |
| § | | |
| COHYCO, INC. and H. LEE RICHARDS § | | CIVIL ACTION NO. 02-CV-40 |
| Defendants § | | |

## ORDER

The Court, having been advised that the parties have settled their disputes and differences, hereby ORDERS, ADJUDGES AND DECREES that all claims by Plaintiff Quality Checkd Dairies, Inc. against the Defendants, as well as all counter-claims brought by the Defendants against the Plaintiff, are hereby DISMISSED WITH PREJUDICE to the refiling of same. Each party shall bear their own costs.

SIGNED this the _____ day of _____, 2002

_____
Honorable Andrew S. Hanen
United States District Judge

APPROVED AND ENTRY REQUESTED:

*Lee Hamel w/permission*
Lee Hamel
State Bar No. 02740000
Hamel, Bowers & Clark, L.L.P.
5300 Memorial Dr., Suite 900
Houston, Texas 77007
Attorneys for Plaintiff
Quality Chekd Dairies, Inc.


*Nathaniel Peter Holzer w/permission*
Nathaniel Peter Holzer
State Bar No. 00793971
Jordan, Hyden, Womble & Culbreth, P.C.
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Attorney for Defendant
"F" Street Investments, Inc.


*Chris Lowrance*
Christopher Lowrance
State Bar No. 00784502
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
Attorneys for Defendants
Cohyco, Inc. and H. Lee Richards